UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: GENERAL MOTORS LLC CHEVROLET
BOLT EV BATTERY PRODUCTS LIABILITY LITIGATION    MDL No. 2987

ORDER DENYING TRANSFER

**Before the Panel**:*  Plaintiffs in the Northern District of Illinois action move under 28 U.S.C. § 1407 to centralize this litigation in the Eastern District of Michigan or, alternatively, the Northern District of Illinois. This litigation consists of five actions—three pending in the Eastern District of Michigan and one each pending in the Central District of California and the Northern District of Illinois—as listed on Schedule A. Since the filing of the motion, the Panel has been notified of three potentially-related federal actions pending in the Eastern District of Michigan (two actions) and the Western District of Texas.[1]

All responding parties oppose centralization, including all plaintiffs in the remaining constituent actions and common defendant, General Motors LLC. General Motors alternatively requests the Panel defer its decision pending rulings on transfer motions it filed under Section 28 U.S.C. § 1404 in the Central District of California and the Northern District of Illinois. All responding parties support the Eastern District of Michigan as the transferee venue if this litigation is centralized.[2]

---

\*   Judge Catherine D. Perry took no part in the decision of this matter.

   Additionally, one or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] Two of the actions pending in the Eastern District of Michigan (one potential tag-along action and one constituent action) originally were filed in other districts and transferred under Section 1404 pursuant to the parties' stipulations.

[2] The Central District of California plaintiffs suggested the Central District of California as an alternative transferee district in their brief but later waived oral argument and represented that they support the Eastern District of Michigan.

- 2 -

On the basis of the papers filed and the hearing session held,[3] we conclude that centralization is not necessary at this time for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. These putative class actions share factual questions arising from (1) defendant's November 2020 recall of model year 2017-2019 Chevrolet Bolt EVs due to the risk of fire posed by the car batteries when charged at or near full capacity, and (2) its interim remedy, which plaintiffs allege results in a loss of battery mileage in affected vehicles. There are, however, only eight actions at issue (including the potentially-related actions), five of which already are in the same district. Pending and anticipated motions under Section 1404 to transfer the three outlying actions to the Eastern District of Michigan may significantly reduce or even eliminate the multidistrict character of this litigation.

General Motors has filed Section 1404 motions to transfer the Central District of California and Northern District of Illinois actions to the Eastern District of Michigan. At oral argument, counsel represented that the Central District of California plaintiffs intend to withdraw their opposition to Section 1404 transfer. Additionally, General Motors' counsel represented that the parties to the recently-filed Western District of Texas potential tag-along action are discussing the possibility of Section 1404 transfer, and that General Motors will file a Section 1404 motion in that action, if necessary.

We have held that, "where a reasonable prospect exists that resolution of Section 1404 motions could eliminate the multidistrict character of a litigation, transfer under Section 1404 is preferable to centralization." *In re Gerber Probiotic Prods. Mktg. & Sales Practices Litig.*, 899 F. Supp. 2d 1378, 1380 (J.P.M.L. 2012). The Panel does not judge the merits of defendant's pending or anticipated motions to transfer under Section 1404. *See id*. at 1379. But we find there is at least a reasonable prospect that the courts outside the Eastern District of Michigan will grant Section 1404 transfer to that court, where five related actions are and defendant is headquartered. The motion in the Northern District of Illinois is fully briefed, and the parties to the Central District of California action now agree to Section 1404 transfer. The history of this litigation suggests that the parties in any future related actions also may come to agreement on Section 1404 transfer to the Eastern District of Michigan.

Additionally, we have emphasized that "centralization under Section 1407 should be the last solution after considered review of all other options." *In re Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011). Among these options are voluntary cooperation and coordination among the parties and the involved courts to avoid duplicative discovery or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); see also Manual for Complex Litigation, Fourth, § 20.14 (2004). This litigation is in its nascent stages, and movants have not demonstrated consideration of alternatives to centralization aside from Section 1404 transfer. It

---

[3] In light of the concerns about the spread of the COVID-19 virus (coronavirus), the Panel heard oral argument by videoconference at its hearing session of March 25, 2021. *See* Suppl. Notice of Hearing Session, MDL No. 2987 (J.P.M.L. Mar. 8, 2021), ECF No. 34.

- 3 -

may be that informal cooperation among the relatively few involved parties and courts is another practicable alternative to centralization.

Movants argue that it is likely more related actions will be filed. The Panel has been "disinclined to take into account the mere possibility of future filings in [its] centralization calculus." *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods. Liab. Litig.*, 959 F. Supp. 2d 1375, 1376 (J.P.M.L. 2013). Movants' counsel represented at oral argument that unique counsel from various parts of the country have stated their intent to file several additional cases. But at present, there are just eight actions pending, and plaintiffs in any additional actions may be amenable to filing in or transferring their actions to the Eastern District of Michigan. Should additional actions materialize, the courts deny Section 1404 transfer of the pending actions, and informal cooperation prove unworkable, "the parties may file another Section 1407 motion, and the Panel will revisit the question of centralization at that time." *In re Gerber*, 899 F. Supp. 2d at 1381.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton          Matthew F. Kennelly
David C. Norton              Roger T. Benitez
Dale A. Kimball

**IN RE: GENERAL MOTORS LLC CHEVROLET
BOLT EV BATTERY PRODUCTS LIABILITY LITIGATION**          MDL No. 2987

## SCHEDULE A

<u>Central District of California</u>

PANKOW, ET AL. v. GENERAL MOTORS, LLC, C.A. No. 5:20-02479

<u>Northern District of Illinois</u>

TORRES v. GENERAL MOTORS LLC, C.A. No. 1:20-07109

<u>Eastern District of Michigan</u>

ALTOBELLI, ET AL. v. GENERAL MOTORS LLC, C.A. No. 2:20-13256
RANKIN v. GENERAL MOTORS LLC, C.A. No. 2:20-13279
ZAHARIUDAKIS v. GENERAL MOTORS, LLC, C.A. No. 2:21-10338