## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

*In re Chevrolet Bolt EV Battery Litigation*

Case No. 2:20-cv-13256-TGB-CI

Hon. Terrence G. Berg
Magistrate Judge Curtis Ivy

## GENERAL MOTORS LLC'S MOTION TO DISMISS THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

PLEASE TAKE NOTICE that upon the Memorandum of Law in Support of General Motors LLC's Motion to Dismiss the Amended Consolidated Class Action Complaint and all prior proceedings herein, Defendant General Motors LLC will move this Court, before the Honorable Terrence G. Berg, United States District Judge, in Courtroom 110, 231 West Lafayette Boulevard, Detroit, Michigan 48226, on a date and time designated by the Court, for an Order dismissing the Consolidated Class Action Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Pursuant to Local Rule 7.1(a), counsel for GM conferred with plaintiffs' counsel and explained the nature of and legal bases for this Motion, but did not obtain concurrence in the relief sought.

Date: December 17, 2021

Respectfully submitted,

MAYER BROWN LLP

By:   /s/ John Nadolenco

John Nadolenco
MAYER BROWN LLP
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Tel: 213.229.9500
Fax: 213.625.0248
jnadolenco@mayerbrown.com

Archis A. Parasharami
MAYER BROWN LLP
1909 K Street, NW
Washington, DC 20006-1101
Tel: 202.263.3328
Fax: 202.263.3300
aparasharami@mayerbrown.com

Andrew S. Rosenman (P54869)
MAYER BROWN LLP
71 S. Wacker Driver
Chicago, IL 60606
Tel: 312.782.0600
Fax: 312.701.7711
arosenman@mayerbrown.com

Attorneys for Defendant
General Motors LLC

## THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| *In re Chevrolet Bolt EV Battery Litigation* | Case No. 2:20-cv-13256-TGB-CI |
| | Hon. Terrence G. Berg<br>Magistrate Judge Curtis Ivy |

## MEMORANDUM OF LAW IN SUPPORT OF GENERAL MOTORS LLC'S MOTION TO DISMISS THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

John Nadolenco
MAYER BROWN LLP
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Tel: 213.229.9500
Fax: 213.625.0248
jnadolenco@mayerbrown.com

Archis A. Parasharami
MAYER BROWN LLP
1909 K Street, NW
Washington, DC 20006-1101
Tel: 202.263.3328
Fax: 202.263.3300
aparasharami@mayerbrown.com

Andrew S. Rosenman (P54869)
MAYER BROWN LLP
71 S. Wacker Driver
Chicago, IL 60606
Tel: 312.782.0600
Fax: 312.701.7711
arosenman@mayerbrown.com

*Attorneys for Defendant*
*General Motors LLC*

# TABLE OF CONTENTS

STATEMENT OF ISSUES PRESENTED.......................................................... xxiii

STATEMENT OF CONTROLLING OR MOST APPROPRIATE
    AUTHORITY ..................................................................................... xxxiv

INTRODUCTION .................................................................................................1

BACKGROUND ..................................................................................................3

    A.    GM Voluntarily Recalls Bolt Vehicles ...............................................3

    B.    Plaintiffs And Their Claims ................................................................7

LEGAL STANDARD............................................................................................7

ARGUMENT .......................................................................................................8

I.    The Court Should Dismiss The Fraud And Consumer-Protection
    Claims .........................................................................................................8

    A.    Plaintiffs Do Not Adequately Allege GM's Pre-Sale
        Knowledge..........................................................................................8

        1.    The complaint fails to plausibly allege that GM had any
            knowledge of the alleged battery defect in 2017-2019
            Bolt vehicles before it concluded its product investigation
            on November 5, 2020...............................................................11

        2.    Plaintiffs allege no facts establishing GM's pre-sale
            knowledge of any battery defect in 2020-2022 Bolts..............15

    B.    Plaintiffs' Misrepresentation-Based Claims Fail For Additional
        Reasons..............................................................................................17

        1.    Plaintiffs have not identified any actionable
            misrepresentation ....................................................................17

        2.    Plaintiffs do not allege with particularity the purported
            misrepresentations on which they relied..................................20

    C.    Plaintiffs' New York GBL § 349 and Texas DTPA claims must
        be dismissed under those states' strict manifestation
        requirements .....................................................................................23

    D.    Certain Plaintiffs' Common-Law Fraud Claims Fail For
        Additional Reasons............................................................................24

        1.    Plaintiffs fail to establish a duty to disclose under
            Michigan, Texas, and Wisconsin law ......................................24

2. The economic loss doctrine bars common-law fraud claims under certain states' laws ...............................25

3. Choice-of-law rules bar two plaintiffs' fraud claims...............26

E. The Consumer-Protection Claims Of Certain Plaintiffs Fail For Additional Reasons..........................................................27

 1. Several states' consumer protection statutes exempt motor vehicle sales..................................................27

 2. Plaintiffs cannot pursue claims for equitable relief because they have adequate legal remedies.............................28

 3. Plaintiffs cannot seek injunctive relief.....................................29

 4. Plaintiffs' Illinois UDTPA Claim is legally barred ................31

 5. Plaintiff Strong's Georgia UDTPA Claim is legally barred......................................................................32

 6. The Georgia FBPA and Virginia CPA claims are barred as a matter of law ....................................................32

II. The Court Should Dismiss Plaintiffs' State-Law Breach Of Warranty Claims and Federal Magnuson-Moss Warranty Act Claims.......................33

A. The Court Should Dismiss Plaintiffs' Express Warranty Claims For Failure To Allege Breach Of Any Applicable Warranty.............33

 1. Plaintiffs have not adequately alleged any representation-based warranty ........................................................33

 2. Plaintiffs have not adequately alleged a breach of the Limited Warranty...................................................35

B. Some Plaintiffs' Express and Implied Warranty Claims Must Be Dismissed For Failure to Allege Pre-Suit Notice .........................40

C. Hickey, Kuchar, and Smith's Express and Implied Warranty Claims Under Illinois, Arizona, and Wisconsin Law Must Be Dismissed Under Michigan's Choice-Of-Law Principles ................41

D. Plaintiffs Fail To State A Claim For Breach of Implied Warranty For Additional Reasons.....................................................42

 1. Plaintiffs fail to allege their vehicles are unmerchantable.......42

 2. Plaintiffs fail to allege sufficient facts to show that their vehicles are still covered by the implied warranty .................44

iii

3.      State privity requirements bar certain plaintiffs' claims..........45

E.      Plaintiffs Fail To State A Claim Under The MMWA.......................47

III.    Plaintiffs' Unjust Enrichment Claims Must Be Dismissed.........................48

CONCLUSION ........................................................................................................50

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Acedo v. DMAX, Ltd.*,
  2015 WL 12696176 (C.D. Cal. Nov. 13, 2015) ................................................18

*Acedo v. DMAX, Ltd.*,
  2015 WL 12912365 (C.D. Cal. July 31, 2015)...................................................42

*Adams v. Nissan N. Am., Inc.*,
  395 F. Supp. 3d 838 (S.D. Tex. 2018).........................................................45, 48

*Albanese v. WCI Comtys., Inc.*,
  530 F. Supp. 2d 752 (E.D. Va. 2007) ...................................................................9

*Allan v. Guaranty RV Ctrs.*,
  2006 WL 1050548 (D. Or., Apr. 15, 2006) ........................................................36

*Amin v. Mercedes-Benz USA, LLC*,
  301 F. Supp. 3d 1277 (N.D. Ga. 2018)...............................................................20

*Argentum Int'l LLC v. Woods*,
  634 S.E.2d 195 (Ga. Ct. App. 2006).....................................................................9

*In re Arizona Theranos, Inc., Litig.*,
  256 F. Supp. 3d 1009 (D. Ariz. 2017) ................................................................10

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...........................................................................................7, 8

*Ashmore v. Herbie Morewitz, Inc.*,
  475 S.E.2d 271 (Va. 1996) .................................................................................10

*Atl. Waste Servs., Inc. v. Mack Trucks, Inc.*,
  2016 WL 1248942 (S.D. Ga. Mar. 25, 2016)......................................................39

*Baldwin v. Star Sci., Inc.*,
  78 F. Supp. 3d 724 (N.D. Ill. 2015).....................................................................20

*Barrio v. Gisa Invs. LLC*,
  2020 WL 6081495 (D. Ariz. Oct. 15, 2020)........................................................25

*Beausoleil v. Peterbilt Motors Co.*,
   2010 WL 2365567, at *3 (June 11, 2010) ..........................................38

*Beck v. FCA US LLC*,
   273 F. Supp. 3d 735 (E.D. Mich. 2017) ......................................*passim*

*Becker v. Continental Motors, Inc.*,
   709 F. App'x 263 (5th Cir. 2017) ....................................................36

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ......................................................................7, 8

*Bennett v. MIS Corp.*,
   607 F.3d 1076 (6th Cir. 2010) ........................................................10

*Berg v. Invacare Corp.*,
   2020 WL 8408966 (E.D. Mich. Feb. 25, 2020) ..............................34

*Bolinger v. First Mulitple Listing Serv., Inc.*,
   838 F. Supp. 2d 1340 (N.D. Ga. 2012) ......................................32, 35

*Boston Helicopter Charter, Inc. v. Agusta Aviation Corp.*,
   767 F. Supp. 363 (D. Mass. 1991) ..................................................39

*Bradford v. Vento*,
   48 S.W.3d 749 (Tex. 2001) .............................................................10

*Brett v. Toyota Motor Sales, U.S.A., Inc.*,
   2008 WL 4329876 (M.D. Fla. Sept. 15, 2008) ................................18

*Burrows v. 3M Company*,
   2021 WL 1171999 (W.D. Wash. March 29, 2021) ..........................34

*Callen v. Daimler AG*,
   2020 WL 10090879 (N.D. Ga. June 17, 2020) ................................48

*Carroll v. Stryker Corp.*,
   658 F.3d 675 (7th Cir. 2011) ..........................................................48

*Cataldo v. U.S. Steel Corp.*,
   676 F.3d 542 (6th Cir. 2012) .............................................................8

*Chapman v. Gen. Motors LLC*,
   531 F. Supp. 3d 1257 (E.D. Mich. 2021) .....................................................*passim*

*Chaurasia v. Gen. Motors Corp.*,
   126 P.3d 165 (Ariz. Ct. App. 2006)................................................................45, 47

*Cheng v. BMW of N. Am., LLC*,
   2013 WL 12133886 (C.D. Cal. Apr. 12, 2013) .................................................37

*Chicago's Pizza, Inc. v. Chicago's Pizza Franchise Ltd. USA*,
   893 N.E.2d 981 (Ill. App. 2008)........................................................................31

*CHMM, LLC v. Freeman Marine Equip., Inc.*,
   2013 WL 3025137 (D. Or. June 14, 2013) ........................................................34

*City of Tyler v. Likes*,
   962 S.W.2d 489 (Tex. 1997) ..............................................................................23

*Clark v. Am. Honda Motor Co.*,
   2021 WL 1186338 (C.D. Cal. Mar. 25, 2021).............................................*passim*

*Clark v. Lynch*,
   213 F. Supp. 3d 1347 (D. Kan. 2016).................................................................30

*Corwin v. Conn. Valley Arms, Inc.*,
   74 F. Supp. 3d 883 (N.D. Ill. 2014)....................................................................42

*Costa v. FCA US LLC*,
   2021 WL 2338963 (D. Mass. June 8, 2021)........................................................36

*Cox v. Porsche Fin. Servs., Inc.*,
   337 F.R.D. 426 (S.D. Fla. 2020).........................................................................30

*Cummings v. FCA US LLC*,
   401 F. Supp. 3d 288 (N.D.N.Y. 2019)...........................................................20, 46

*Cyr v. Ford Motor Co.*,
   2019 WL 7206100 (Mich. Ct. App. Dec. 26, 2019)...........................................27

*Danielkiewicz v. Whirlpool Corp.*,
   426 F. Supp. 3d 426 (E.D. Mich. 2019) .............................................................32

*Darne v. Ford Motor Co.*,
    2017 WL 3836586 (N.D. Ill. Sept. 1, 2017) ..................................................35, 45

*Dash v. Seagate Tech. (U.S.) Holdings, Inc.*,
    27 F. Supp. 3d 356 (E.D.N.Y. 2014) ...............................................................20

*David v. American Suzuki Motor Corp.*,
    629 F. Supp. 2d 1309 (S.D. Fla. 2009) ............................................................38

*Davis v. Homasote Co.*,
    574 P.2d 1116 (Or. 1978) (en banc) ................................................................46

*Del Mar Land Partners, LLC v. Stanley Consultants, Inc.*,
    2012 WL 1019066 (D. Ariz. Mar. 26, 2012) ....................................................25

*Derbabian v. Bank of Am., N.A.*,
    587 F. App'x 949 (6th Cir. 2014) ....................................................................20

*Dodona I, LLC v. Goldman, Sachs & Co.*,
    847 F. Supp. 2d 624 (S.D.N.Y. 2012) .............................................................10

*Doe v. Boys Clubs of Greater Dallas, Inc.*,
    907 S.W.2d 472 (Tex. 1995) ...........................................................................10

*Donohue v. Apple, Inc.*,
    871 F. Supp. 2d 913 (N.D. Cal. 2012) .............................................................21

*Dragoslavic v. Ace Hardware Corp.*,
    274 F. Supp. 3d 578 (E.D. Tex. 2017) .............................................................30

*Drake v. Toyota Motor Corp.*,
    2021 WL 2024860 (C.D. Cal. May 17, 2021) ............................................29, 31

*Ducat v. Ethicon, Inc.*,
    2021 WL 1408120 (D. Mass. Apr. 14, 2021) ...................................................42

*Echols v. Beauty Built Homes, Inc.*,
    647 P.2d 629 (Ariz. 1982) ...............................................................................10

*Everett v. TK-Taito, L.L.C.*,
    178 S.W.3d 844 (Tex. App. 2005) ...................................................................43

*F.L. Davis Builders Supply, Inc. v. Knapp*,
    853 S.W.2d 288 (Ark. Ct. App. 1993) ................................................................ 42

*In re FCA US LLC Monostable Electronic Gearshift Litig.*,
    280 F. Supp. 3d 975 (E.D. Mich. 2017) ............................................................ 43

*Flaherty v. CNH Indus. Am., LLC*,
    56 Kan. App. 2d 1317 (2019) .............................................................................. 34

*Flores v. FCA*,
    2021 WL 1122216 (E.D. Mich. 2021) ................................................................ 32

*Flowers-Carter v. Braun Corp.*,
    2021 WL 1208973 (D. Ariz. Mar. 31, 2021) ..................................................... 39

*Floyd v. Am. Honda Motor Co.*,
    966 F.3d 1027 (9th Cir. 2020) ............................................................................ 48

*In re Ford Fusion*,
    2015 WL 7018369 ................................................................................................ 18

*In re Ford Fusion and C-Max Fuel Economy Litig.*,
    2017 WL 3142078 (S.D.N.Y. July 24, 2017) ................................................... 48

*In re Ford Motor Co. Speed Control Deactivation Switch Prod. Liab.
Litig.*,
    2007 WL 2421480 (E.D. Mich. Aug. 24, 2007) ............................................... 21

*Fox v. Heimann*,
    872 N.E. 2d 126 (Ill. App. Ct. 2007) ................................................................ 10

*Francis v. Gen. Motors, LLC*,
    504 F. Supp. 3d 659, 677–78 (2020) ........................................................... 46, 47

*Frank v. DaimlerChrysler Corp.*,
    741 N.Y.S.2d 9 (2002) ........................................................................................ 23

*Fravel v. Ford Motor Co.*,
    973 F. Supp. 2d 651 (W.D. Va. 2013) .............................................................. 21

*Gale v. Int'l. Bus. Machs. Corp.*,
    781 N.Y.S.2d 45 (App. Div. 2004) .................................................................... 21

*Gant v. Ford*,
　　517 F. Supp. 3d 707 (E.D. Mich. 2021) .............................................................27

*Garcia v. Chrysler Grp. LLC*,
　　127 F. Supp. 3d 212 (S.D.N.Y. 2015) ......................................................31, 32, 45

*In re Gen. Motors Air Conditioning Mktg. and Sales Pracs. Litig.*,
　　406 F. Supp. 3d 618 (E.D. Mich. 2019) .........................................................35, 36

*In re Gen. Motors Corp. Anti-Lock Brake Prod. Liab. Litig.*,
　　966 F. Supp. 1525 (E.D. Mo. 1997) ..................................................................21

*In re: Gen. Motors LLC Ignition Switch Litig.*,
　　2016 WL 3920353 (S.D.N.Y. July 15, 2016) (FL) ......................................25, 48

*In re Gen. Motors LLC Ignition Switch Litig.*,
　　257 F. Supp. 3d (S.D.N.Y. 2017) ......................................................23, 24, 48

*Gentry v. Hyundai Motor Am., Inc.*,
　　2017 WL 354251 (W.D. Va. Jan. 23, 2017) .......................................................34

*Gertz v. Toyota Motor Corp.*,
　　2011 WL 13142144 (C.D. Cal. Apr. 28, 2011) ..................................................42

*Gibson v. Jaguar Land Rover North America, LLC*,
　　2020 WL 5492990 (C.D. Cal. Sept. 9, 2020) .....................................................29

*Gooley v. Mobil Oil Corp.*,
　　851 F. 2d 513 (1st Cir. 1988) ..............................................................................10

*Gordon v. Ford Motor Co.*,
　　239 A.D.2d 156 (N.Y. App. Div. 1997) .............................................................46

*Gordon v. Sig Sauer, Inc.*,
　　2019 WL 4572799 (S.D. Tex. Sept. 20, 2019) ...................................................25

*Gray v. Toyota Motor Sales, USA*,
　　2012 WL 313703 (C.D. Cal. Jan. 23, 2012) .......................................................18

*Gray v. Toyota Motor Sales, USA, Inc.*,
　　554 F. App'x 608 (9th Cir. 2014) .......................................................................18

*Gregorio v. Ford Motor Co.*,
   522 F. Supp. 3d 264 (E.D. Mich. 2021) .......................................................*passim*

*Guaranty Trust Co. of New York v. York*,
   326 U.S. 99 (1945)..........................................................................................28

*Gutter v. Wunker*,
   631 So. 2d 1117 (Fla. Ct. App. 1994)..............................................................9

*Haag v. Hyundai Motor Am.*,
   969 F. Supp. 2d 313 (W.D.N.Y. 2013)..........................................................48

*Hall v. Gen. Motors LLC*,
   2020 WL 1285636 (E.D. Mich. March 18, 2020) .....................................*passim*

*Hallmark Indus., Inc. v. Truseal Techs., Inc.*,
   2015 WL 13626029 (D. Ariz. Sept. 30, 2015) ..............................................42

*Hamilton v. Boddie-Noell Enterps., Inc.*,
   88 F. Supp. 3d 588 (W.D. Va. 2015)..............................................................10

*Hange v. City of Mansfield, Ohio*,
   257 F. App'x 887 (6th Cir. 2007) ...................................................................30

*Hebert v. Vantage Travel Serv., Inc.*,
   444 F. Supp. 3d 233 (D. Mass. 2020)............................................................48

*Heil Co. v. Polar Corp.*,
   191 S.W.3d 805 (Tex. App. 2006)..................................................................26

*Helpling v. Rheem Mfg. Co.*,
   2016 WL 1222264 (N.D. Ga. Mar. 23, 2016) ...............................................45

*Herremans v. BMW of North America, LLC*,
   2014 WL 5017843 (C.D. Cal. Oct. 3, 2014)..................................................10

*Hevey v. Ford Motor Co.*,
   2013 WL 4496255 (E.D. Mich. Aug. 21, 2013).............................................20

*Hickman v. Wells Fargo Bank N.A.*,
   683 F. Supp. 2d 779 (N.D. Ill. 2010)..............................................................48

*Huntzinger v. Aqua Lung Am., Inc.*,
  2015 WL 8664284 (S.D. Cal. Dec. 10, 2015) ....................................................47

*Huu Nguyen v. Nissan N. Am., Inc.*,
  2017 WL 1330602 (N.D. Cal. Apr. 11, 2017)....................................................30

*J.M. v. Major*,
  2018 WL 7104882 (D. Or. 2018) ........................................................................30

*Johnson v. Jos. A. Bank Clothiers, Inc.*,
  2015 WL 12698066 (S.D. Ohio June 9, 2015)....................................................31

*Jovine v. Abbott Lab'ys, Inc.*,
  795 F. Supp. 2d 1331 (S.D. Fla. 2011) ...............................................................42

*JSB Indus. v. Nexus Payroll Servs., Inc.*,
  463 F. Supp. 2d 103 (D. Mass. 2006)....................................................................9

*In re Juul Labs, Inc., Antitrust Litig.*,
  2021 WL 3675208 (N.D. Cal. Aug. 19, 2021) ....................................................29

*Kaloti Enters. v. Kellogg Sales Co.*,
  699 N.W.2d 205 (Wis. 2005)..................................................................................9

*Kampuries v. American Honda Motor Co., Inc.*,
  204 F. Supp. 3d 484 (E.D.N.Y. 2016) .................................................................10

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) .............................................................................21

*Kirkham v. Smith*,
  23 P.3d 10 (Wash. Ct. App. 2001)..........................................................................9

*Kirsopp v. Yamaha Motor Co.*,
  2015 WL 11197829 (C.D. Cal. Jan. 7, 2015) .....................................................45

*Knopke v. Ford Motor Co.*,
  2014 WL 5817326 (D. Kan. Nov. 10, 2014) .......................................................35

*Kraft Reinsurance Ireland, Ltd. v. Pallets Acquisitions, LLC*,
  845 F. Supp. 2d 1342 (N.D. Ga. 2011)................................................................42

*Kuns v. Ford Motor Co.*,
543 F. App'x 572 (6th Cir. 2013) ........................................................48

*Lama Holding Co. v. Smith Barney Inc.*,
668 N.E.2d 1370 (N.Y. 1996) ...............................................................9

*Lidstrand v. Silvercrest Indus.*,
623 P.2d 710 (Wash. Ct. App. 1981) ...................................................40

*Lohr v. Nissan N. Am., Inc.*,
2017 WL 1037555 (W.D. Wash. March 17, 2017) .............................47

*Loo v. Toyota Motor Sales, USA, Inc.*,
2020 WL 4187918 (C.D. Cal. Apr. 10, 2020) .....................................46

*Loomis v. Slendertone Distribution, Inc.*,
420 F. Supp. 3d 1046 (S.D. Cal. 2019) ...............................................47

*Lucas v. Awaad*,
830 N.W.2d 141 (Mich. Ct. App. 2013) ................................................9

*M.F. v. ADT, Inc.*,
357 F. Supp. 3d 1116 (D. Kan. 2018) ..................................................20

*M&D, Inc.v .W.B. McConkey*,
585 N.W.2d 33 (Mich. Ct. App. 1998) .................................................24

*MacDonald v. Thomas M. Cooley Law School*,
724 F.3d 654 (6th Cir. 2013) ...............................................................24

*Maitland v. Mitchell (In re Harris Pine Mills)*,
44 F.3d 1431 (9th Cir. 1995) ...............................................................10

*Marin* v. *Wells Fargo, N.A.*,
2021 WL 5049111 (D.S.D. Sept. 27, 2021) .........................................28

*Marshall v. Hyundai Motor Am.*,
51 F. Supp. 3d 451 (S.D.N.Y. 2014) ....................................................48

*Martell v. Gen. Motors LLC*,
492 F. Supp. 3d 1131 (D. Or. 2020) .....................................................20

*Martin v. LG Elecs. USA, Inc.*,
　2015 WL 1486517 (W.D. Wis. March 31, 2015)........................................26, 48

*Matanky v. Gen. Motors LLC*,
　370 F. Supp. 3d 772 (E.D. Mich. 2019) ......................................................*passim*

*McCabe v. Daimler AG*,
　948 F. Supp. 2d 1347 (N.D. Ga., 2013)........................................................36, 45

*McCracken v. Thor Motor Coach Inc.*,
　2015 WL 13566934 (D. Ariz. 2015) ...................................................................36

*McFadden v. Dryvit Sys., Inc.*,
　2004 WL 2278542 (D. Or. Oct. 8, 2004)............................................................42

*McKay v. Novartis Pharms. Corp.*,
　934 F. Supp. 2d 898 (W.D. Tex. 2013) ..............................................................41

*McKee v. Gen. Motors LLC*,
　376 F. Supp. 3d 751 (E.D. Mich. 2019) ..........................................10, 14, 46, 48

*Mexia v. Rinker Boat Co.*,
　174 Cal. App. 4th 1297 (2009) ...........................................................................40

*Milisits v. FCA US LLC*,
　2021 WL 3145704 (E.D. Mich. July 26, 2021)..................................................48

*Miller v. Gen. Motors LLC*,
　2018 WL 2740240 (E.D. Mich. June 7, 2018) ..........................................*passim*

*Miller v. William Chevrolet/Geo, Inc.*,
　762 N.E.2d 1 (Ill. App. Ct. 2001) ................................................................10, 20

*Minger v. Green*,
　239 F.3d 793 (6th Cir. 2001) ...............................................................................7

*In re Monat Hair Care Prod. Mktg., Sales Pracs., & Prod. Liab.
Litig.*,
　2019 WL 5423457 (S.D. Fla. Oct. 23, 2019) .....................................................30

*Moscinski v. Bristol-Myers Squibb Co.*,
　2009 WL 5216962 (D.N.J. Dec. 30, 2009)........................................................21

*Moss v. Infinity Ins. Co.*,
  197 F. Supp. 3d 1191 (N.D. Cal. 2016) ............................................................10

*In re MyFord Touch Consumer Litig.*,
  2015 WL 5118308 (N.D. Cal. Aug. 31, 2015) ...................................................39

*In re MyFord Touch Consumer Litig.*,
  46 F. Supp. 3d 936 (N.D. Cal. May 30, 2014) ...................................................37

*Naparala v. Pella Corp.*,
  153 F. Supp. 3d 884 (D.S.C. 2015) ....................................................................25

*Nemes v. Dick's Sporting Goods, Inc.*,
  521 F. Supp. 3d 328 (S.D.N.Y. 2021) ................................................................42

*Nielson v. Flashberg*,
  419 P.2d 514 (Ariz. 1966) ....................................................................................9

*Nordstrom v. Miller*,
  605 P.2d 545 (Kan. 1980) .....................................................................................9

*O'Hara v. Diageo-Guinness, USA, Inc.*,
  306 F. Supp. 3d 441 (D. Mass. 2018) ...........................................................20, 30

*O'Shea v. Ford Motor Co.*,
  2011 WL 12876170 (C.D. Cal. Dec. 28, 2011) ..................................................15

*O'Shea v. Littleton*,
  414 U.S. 488 (1974) .............................................................................................30

*Or. Pub. Emps. Ret. Bd. v. Simat, Helliesen & Eichner*,
  83 P.3d 350 (Or. Ct. App. 2004) ...........................................................................9

*Orica N.Z. Ltd. v. Searles Valley Minerals Operations Inc.*,
  2005 WL 387659 (D. Kan. Feb. 17, 2005) .........................................................48

*Orlando v. Novurania of Am., Inc.*,
  162 F. Supp. 2d 220 (S.D.N.Y. 2001) ...............................................................26

*Padilla v. Porsche Cars N. Am., Inc.*,
  391 F. Supp. 3d 1108 (S.D. Fla. 2019) ...............................................................47

*Paduano v. Am. Honda Motor Co.*,
    169 Cal. App. 4th 1453 (2009) ............................................................34

*Park-Kim v. Daikin Indus., Ltd.*,
    2016 WL 59558251 (C.D. Cal. Aug. 3, 2016) ...................................41

*Parkinson v. Novartis Pharms. Corp.*,
    5 F. Supp. 3d 1265 (D. Or. 2014) .......................................................41

*Partipilo v. Hallman*,
    510 N.E.2d 8 (Ill. App. Ct. 1987) .......................................................49

*Paulk v. Thomasville Ford Lincoln Mercury*,
    732 S.E.2d 297 (Ga. Ct. App. 2012)...................................................10

*Pearson v. Philip Morris, Inc.*,
    361 P.3d 3 (Or. 2015) ........................................................................20

*Philippine Nat'l Oil Co. v. Garrett Corp.*,
    724 F.2d 803 (9th Cir. 1984) .............................................................38

*Pinon v. Daimler AG*,
    2019 WL 11648560 (N.D. Ga. Nov. 4, 2019) .............................26, 48

*Raymo v. FCA US LLC*,
    475 F. Supp. 3d 680 (E.D. Mich. 2020) .......................................49, 50

*Republic Bank & Tr. Co. v. Bear Stearns Co.*,
    683 F.3d 239 (6th Cir. 2012) ...............................................................8

*Resnick v. Hyundai Motor Am., Inc.*,
    2016 WL 9455016 (C.D. Cal. Nov. 14, 2016) .............................14, 15

*Resnick v. Hyundai Motor Am., Inc.*,
    2017 WL 6549931 (C.D. Cal. Aug. 21, 2017) .............................20, 48

*Rivera v. Ford Motor Co.*,
    2017 WL 3485815 (E.D. Mich. Aug. 15, 2017)................................36

*Robinson Helicopter Co., Inc. v. Dana Corp.*,
    102 P.3d 268 (Cal. 2004) .....................................................................9

*Robinson v. Gen. Motors LLC*,
    2021 WL 3036353 (D. Del. July 19, 2021) .......................................................25

*Rockford Mem'l Hosp. v. Havrilesko*,
    858 N.E.2d 56 (Ill. App. Ct. 2006) ...................................................................10

*Roe v. Ford Motor Co.*,
    2021 WL 2529825 (E.D. Mich. June 21, 2021) ..........................................36, 45

*Roe v. Ford Motor Co.*,
    2019 WL 3564589 (E.D. Mich. Aug. 6, 2019)................................10, 14, 36, 38

*Romero v. Securus Tech., Inc.*,
    216 F. Supp. 3d 1078 (S.D. Cal. 2016).............................................................10

*Rosenbaum v. Toyota Motor Sales, USA, Inc.*,
    2016 WL 9775018 (E.D. Mich. Oct. 21, 2016)...........................................42, 44

*State ex rel. Rosenblum v. Johnson & Johnson*,
    362 P.3d 1197 (Or. Ct. App. 2015)...................................................................10

*Rosipko v. FCA US, LLC*,
    2015 WL 8007649 (E.D. Mich. Dec. 7, 2015) ..................................................47

*Ross Neely Sys., Inc. v. Navistar, Inc.*,
    2015 WL 12939110 (N.D. Tex. May 28, 2015).................................................38

*Rozell v. Kaye*,
    197 F. Supp. 733 (S.D. Tex. 1961)....................................................................24

*Sabo v. Wellpet, LLC*,
    250 F. Supp. 3d 332 (N.D. Ill. 2017).................................................................30

*In re Seagate Technology LLC Litigation*,
    233 F. Supp. 3d 776 (N.D. Cal. 2017)...............................................................38

*In re Sears, Roebuck & Co. Tools Mktg. & Sales Practices Litig.*,
    2009 WL 937256 (N.D. Ill. Apr. 6, 2009).........................................................20

*Sharma v. Volkswagen AG*,
    524 F. Supp. 3d 891 (N.D. Cal. 2021)...............................................................29

*Short v. Hyundai Motor Co.*,
  444 F. Supp. 3d 1267 (W.D. Wash. 2020) ........................................................10

*Simpson v. Woodbridge Properties, LLC*,
  153 S.W.3d 682 (Tex. App. 2004)....................................................................20

*In re Sling Media Slingbox Advert. Litig.*,
  202 F. Supp. 3d 352 (S.D.N.Y. 2016) ..............................................................10

*Sloan v. Gen. Motors LLC*,
  287 F. Supp. 3d 840 (N.D. Cal. 2018)...............................................................47

*Smith v. Gen. Motors LLC*,
  988 F.3d 873 (6th Cir. 2021) .........................................................9, 12, 13, 14

*Snyder v. TAMKO Building Prods.*,
  2019 WL 4747950 (E.D. Cal. Sept. 30, 2019) ...........................................37, 38

*Solutioneers Consulting, Ltd. v. Gulf Greyhound Partners, Ltd.*,
  237 S.W.3d 379 (Tex. App. 2007).......................................................................9

*Sonner v. Premier Nutrition Corporation*,
  971 F.3d 834 (9th Cir. 2020) .................................................................28, 29, 49

*Stevenson v. Mazda Motor of Am., Inc.*,
  2015 WL 3487756 (D.N.J. June 2, 2015)....................................................16, 17

*Stockinger v. Toyota Motor Sales USA Inc.*,
  2017 WL 10574372 (C.D. Cal. July 7, 2017)....................................................37

*In re Subaru Battery Drain Prod. Liab. Litig.*,
  2021 WL 1207791 (D.N.J. Mar. 31, 2021) ...........................................24, 25, 28

*Sud v. Costco Wholesale Corp.*,
  229 F. Supp. 3d 1075 (N.D. Cal. 2017)..............................................................20

*Sullivan v. McGill & Hassan, PA*,
  2019 WL 8918903 (E.D. Va. Sept. 30, 2019) ...................................................47

*Superwood Co. v. Slam Brands, Inc.*,
  2013 WL 6008489 (W.D. Wash. Nov. 13, 2013)...............................................43

*Taizhou Yuanda Inv. Grp. Co. v. Z Outdoor Living, LLC*,
  2021 WL 797017 (W.D. Wis. Mar. 2, 2021) ........................................43

*Taliaferro v. Samsung Telecomms. Am., LLC*,
  2012 WL 169704 (N.D. Tex. Jan. 19, 2012) .......................................37

*Tan v. Boyke*,
  508 N.E.2d 390 (Ill. App. Ct. 1987) .........................................................9

*Terrill v. Electrolux Home Prods., Inc.*,
  753 F. Supp. 2d 1272 (S.D. Ga. 2010) ...............................................32

*Tershakovec v. Ford Motor Co.*,
  2018 WL 3405245 (S.D. Fla. July 12, 2018) .......................................45

*TIBCO Software, Inc. v. Gordon Food Serv., Inc.*,
  2003 WL 21683850 (W.D. Mich. July 3, 2003) ...................................26

*Tietsworth v. Harley-Davidson, Inc.*,
  677 N.W.2d 233 (Wis. 2004) .........................................................25, 26

*In re Toyota Motor Corp.*,
  790 F. Supp. 2d 1152 (C.D. Cal. 2011) ..............................................37

*In re Toyota RAV4 Hybrid Fuel Tank Litig.*,
  2021 WL 1338949 (N.D. Cal. Apr. 16, 2021) ......................................37

*Tracker Marine, L.P. v. Ogle*,
  108 S.W.3d 349 (Tex. App. 2003) .......................................................23

*Troup v. Toyota Motor Corp.*,
  545 F. App'x 668 (9th Cir. 2013) ..................................................43, 44

*Tufts v. Newmark Corp.*,
  53 F. Supp. 2d 1171 (D. Kan. 1999) ...................................................10

*Tyler v. Michaels Stores, Inc.*,
  984 N.E.2d 737 (Mass. 2013) ..............................................................20

*Valenti v. Hewlett Packard Co.*,
  2004 WL 1277490 (Wis. Ct. App. 2004) .............................................21

*Victorino v. FCA US LLC,*
  2018 WL 1083395 (S.D. Cal. Feb. 27, 2018) .......................................................12

*Weaver v. Chrysler Corp.,*
  172 F.R.D. 96 (S.D.N.Y. 1997) ..............................................................................23

*WESI, LLC v. Compass Env't, Inc.,*
  509 F. Supp. 2d 1353 (N.D. Ga. 2007) ...................................................................10

*Williams v. Yamaha Motor Co.,*
  851 F.3d 1015 (9th Cir. 2017) ................................................................................10

*Wilson v. Hewlett-Packard Co.,*
  668 F.3d 1136 (9th Cir. 2012) ........................................................................*passim*

*Winzler v. Toyota Motor Sales U.S.A., Inc.,*
  681 F.3d 1208 (10th Cir. 2012) ................................................................................5

*Withrow v. FCA US LLC,*
  2021 WL 2529847 (E.D. Mich. June 21, 2021) ......................................26, 41, 50

*Wozniak v. Ford Motor Co.,*
  2019 WL 108845 (E.D. Mich. Jan. 4, 2019) ....................................................*passim*

*Wright v. Publishers Clearing House, Inc.,*
  372 F. Supp. 3d 61 (E.D.N.Y. 2019) ......................................................................20

*Yeager v. Innovus Pharms., Inc.,*
  2019 WL 447743 (N.D. Ill. Feb. 5, 2019) ..............................................................31

*Young v. Hessel Tractor & Equip. Co.,*
  782 P.2d 164 (Or. 1989) ..........................................................................................39

## Statutes, Rules and Regulations

Ariz. Rev. Stat. § 47-2314 .........................................................................................42

Ariz. Rev. Stat. § 47-2316 .........................................................................................44

Cal. Com. Code § 2314 ..............................................................................................42

Cal. Com. Code § 2316 ..............................................................................................44

Fl. Stat. § 672.314 .....................................................................................................42

Fla. Stat. § 672.316 ................................................................44

Ga. Code § 10-1-373(a) .........................................................32

Ga. Code § 11-2-314 ..............................................................42

Ga. Code § 11-2-316 ..............................................................44

Ill. Comp. Stat. 5/2-314 ..........................................................42

810 Ill. Comp. Stat. 5/2-316 ...................................................44

Kan. Stat. § 50-626(b)(1) .......................................................10

Kan. Stat. § 84-2-314(2)(c) .....................................................42

Mass. Gen. Laws Chapter 106 § 2-314 ...................................42

Mass. Gen. Laws Chapter 106 § 2A-214 ................................44

Mich. Comp. Laws § 440.2314 ...............................................42

Mich. Comp. Laws § 440.2316 ...............................................44

Mich. Comp. Laws § 445.904(1) .............................................27

N.Y. U.C.C. § 2-314 ...............................................................42

N.Y. U.C.C. § 2-316 ...............................................................45

Or. Rev. Stat. § 72.3140 .........................................................42

Or. Rev. Stat. § 72.3160 .........................................................45

Tex. Bus & Com. Code § 2.314 ..............................................43

Tex. Bus. & Com. Code § 2.316(b) .........................................45

Va. Code § 8.2-314 ................................................................43

Va. Code § 8.2-316 ................................................................45

Wash. Rev. Code § 62A.2-314 ...............................................43

Wash. Rev. Code § 62A.2-316 ...............................................45

Wis. Stat. § 402.314 ...............................................................................................43

Wis. Stat. § 402.316 ...............................................................................................45

## STATEMENT OF ISSUES PRESENTED

The plaintiffs allege a defect in the batteries of model year 2017-2022 Chevrolet Bolt electric vehicles. When the issues first arose, GM promptly initiated an investigation into the issue and launched an ongoing recall process aimed at remedying any battery defects. In the meantime, plaintiffs have filed this consolidated lawsuit, asserting 81 causes of action sounding in fraud, breach of warranty, and unjust enrichment.

GM's motion to dismiss the lawsuit presents a number of issues:

1. Whether  the consumer protection and common-law fraud claims brought by plaintiffs who purchased or leased a Bolt from the original recall population (2017, 2018, and certain 2019 Bolt vehicles) should be dismissed because plaintiffs do not allege that GM knew that the alleged battery defect existed before any plaintiff purchased or leased his or her vehicle or at the time of any alleged misrepresentation. (*See* Section I.A.1, *infra*.)

| Count(s) | Nature of Claim | Affected Plaintiffs |
|---|---|---|
| 6, 11-13, 19, 24-25, 30-31, 36, 41, 46, 51-52, 57, 62, 67, 72, 77 | State consumer protection | Altobelli, Andersen, Cannon, Mary Carr and Jan Wyers, Chitra, Chung, V. Corry, DeRosa, William Dornetto and Russel Ives, Kevin Harris and Pamela Duprez, Hickey, Kass, Khorey, Kotchmar, Kuchar, Poletti, Schulz, Smith, Sterba, Strong, Vaaler, Taylor, Walker, and Thomas and Carol Whittaker |
| 1 | Fraudulent misrepresentation | Altobelli, Andersen, Cannon, Mary Carr and Jan Wyers, Chitra, Chung, V. Corry, DeRosa, William Dornetto and Russel Ives, Kevin Harris and |

| | | Pamela Duprez, Hickey, Kass, Khorey, Kotchmar, Kuchar, Poletti, Schulz, Smith, Sterba, Strong, Vaaler, Taylor, Walker, and Thomas and Carol Whittaker |
|---|---|---|
| 2, 9, 18, 22, 28, 34, 39, 44, 49, 55, 60, 65, 70, 75, 80 | Fraud by concealment | Altobelli, Andersen, Cannon, Mary Carr and Jan Wyers, Chitra, Chung, V. Corry, DeRosa, William Dornetto and Russel Ives, Kevin Harris and Pamela Duprez, Hickey, Kass, Khorey, Kotchmar, Kuchar, Poletti, Schulz, Smith, Sterba, Strong, Vaaler, Taylor, Walker, and Thomas and Carol Whittaker |

2.  Whether the consumer protection and common-law fraud claims brought by plaintiffs who purchased or leased a Bolt from the expanded recall population (certain 2019 Bolts and 2020-2022 Bolts) should be dismissed because plaintiffs do not allege that GM knew that the alleged battery defect existed before any plaintiff purchased or leased his or her vehicle or at the time of any alleged misrepresentation. (*See* Section I.A.2, infra.)

| Count(s) | Nature of Claim | Affected Plaintiffs |
|---|---|---|
| 6, 11-13, 19, 24-25, 30-31, 36, 41, 46, 51-52, 57, 62, 67, 72, 77 | State consumer protection | Barrett, Connelly, D. Corry, V. Corry, William Dornetto and Russell Ives, the Holbrooks, Kass, the Rocks, Vaaler, and Verzura. |

| | | |
|---|---|---|
| 1 | Fraudulent misrepresentation | Barrett, Connelly, D. Corry, V. Corry, William Dornetto and Russell Ives, the Holbrooks, Kass, the Rocks, Vaaler, and Verzura |
| 2, 9, 18, 22, 28, 34, 39, 44, 49, 55, 60, 65, 70, 75, 80 | Fraud by concealment | Barrett, Connelly, D. Corry, V. Corry, William Dornetto and Russell Ives, the Holbrooks, Kass, the Rocks, Vaaler, and Verzura |

3. Whether plaintiffs' misrepresentation claims should be dismissed because plaintiffs do not identify any actionable representations by GM. (*See* Section I.B.1, *infra*.)

| Count(s) | Nature of Claim | Affected Plaintiffs |
|---|---|---|
| 1 | Fraudulent misrepresentation | All plaintiffs |
| 6, 9, 11-13, 19, 24-25, 30, 31, 36, 41, 46, 51, 52, 57, 62, 67, 72, 77, to the extent they are based on a misrepresentation theory. | State consumer protection | All plaintiffs |

4. Whether certain plaintiffs' misrepresentation-based claims should be dismissed because plaintiffs do not identify which (if any) representation each plaintiff relied upon or which (if any) representation caused each plaintiff's alleged injury. (See Section I.B.2, infra.)

| Count(s) | Nature of Claim | Affected Plaintiffs |
|---|---|---|
| 1 | Fraudulent misrepresentation | Altobelli, Andersen, Barrett, Cannon, Carr and Wyers, Chitra, Connelly, D. Corry, V. |

| | | Corry, DeRosa, Harris and Duprez, Hickey, the Holbrooks, Kass, Khorey, Kotchmar, Kuchar, Poletti, Schulz, Smith, Sterba, Strong, Taylor, Vaaler, Verzura, Walker, and the Whittakers. |
| --- | --- | --- |
| 6, 9, 11-13, 19, 24-25, 30, 31, 36, 41, 46, 51, 52, 57, 62, 67, 72, 77, to the extent they are based on a misrepresentation theory. | State consumer protection | Altobelli, Andersen, Barrett, Cannon, Carr and Wyers, Chitra, Connelly, D. Corry, V. Corry, DeRosa, Harris and Duprez, Hickey, the Holbrooks, Kass, Khorey, Kotchmar, Kuchar, Poletti, Schulz, Smith, Sterba, Strong, Taylor, Vaaler, Verzura, Walker, and the Whittakers. |

5. Whether plaintiffs' consumer-protection act and common-law fraud claims under New York and Texas law should be dismissed because plaintiffs fail to plead that the alleged battery defect manifested in their vehicles. (*See* Section I.C, *infra*.)

| Count(s) | Nature of Claim | Affected Plaintiffs |
| --- | --- | --- |
| 51 | New York GBL § 349 | Kotchmar |
| 55 | New York common-law fraud | Kotchmar |
| 62 | Texas DTPA | Barrett, the Rocks, Vaaler |
| 65 | Texas common-law fraud | Barrett, the Rocks, Vaaler |

6. Whether plaintiffs' common-law fraud claims under the laws of Michigan, Texas, and Wisconsin should be dismissed for failure to allege the requisite duty to disclose. (*See* Section I.D.1, *infra*.)

| Count(s) | Nature of Claim | Affected Plaintiffs |
|---|---|---|
| 49 | Fraud by concealment (MI) | The Holbrooks |
| 65 | Fraud by concealment (TX) | Barrett, the Rocks, Vaaler |
| 80 | Fraud by concealment (WI) | Smith |

7. Whether the economic loss doctrine bars plaintiffs' common-law fraud claims under the laws of Arizona, California, Florida, Illinois, Michigan, New York, Texas, and Wisconsin. (*See* Section I.D.2, *infra*.)

| Count(s) | Nature of Claim | Affected Plaintiffs |
|---|---|---|
| 1 | Fraudulent misrepresentation | Altobelli, Poletti, Kuchar, Walker, Cannon, Chitra, Chung, Connelly, D. Corry, V. Corry, Kass, Khorey, Kuchar, Sterba, Schulz, Verzura, the Whittakers, Hickey, the Holbrooks, Kotchmar, Barrett, Rock, Vaaler, Smith |
| 9, 18, 22, 34, 49, 55 65, 80 | Fraud by concealment | Altobelli, Poletti, Kuchar, Walker, Cannon, Chitra, Chung, Connelly, D. Corry, V. Corry, Kass, Khorey, Kuchar, Sterba, Schulz, Verzura, the Whittakers, Hickey, the Holbrooks, Kotchmar, Barrett, Rock, Vaaler, Smith |

8. Whether plaintiffs Kuchar and Hickey's common-law fraud claims under California and Kansas law should be dismissed because neither plaintiff resides in those states. (*See* Section I.D.3, *infra*.)

| Count(s) | Nature of Claim | Affected Plaintiffs |
|---|---|---|
| 18 | Fraud by concealment (CA) | Kuchar |
| 39 | Fraud by concealment (KS) | Hickey |

9. Whether plaintiffs' claim under the Michigan consumer-protection statute, as well as the Arizona Consumer Fraud Act, Florida Unfair and Deceptive Trade Practices Act, Georgia Fair Business Practices Act, Illinois Consumer Fraud and Deceptive Business Practices Act, Massachusetts Act, and Virginia Consumer Protection Act, should be dismissed because those statutes do not cover claims involving the sale or lease of motor vehicles. (*See* Section I.E.1, *infra*.)

| Count(s) | Nature of Claim | Affected Plaintiffs |
|---|---|---|
| 46 | Michigan CPA | The Holbrooks |
| 6, 19, 24, 30, 41, and 67 | Arizona CFA, Florida UDTPA, Illinois CFA, Massachusetts Act, Virginia CPA | Altobelli, Poletti, Kuchar, Walker, Schulz, Verzura, the Whittakers, Hickey, Harris and Duprez, Dornetto and Ives |

10. Whether plaintiffs' claims for equitable relief should be dismissed because plaintiffs do not allege that they lack an adequate legal remedy, as federal equitable principles require. (*See* Section I.E.2, *infra*.)

| Count(s) | Nature of Claim | Affected Plaintiffs |
|---|---|---|
| 11, 12, 13, 19, 24, 25, 31, 36, 41, 49, 57, 60, 62, and 72 | CLRA, UCL, FAL, Florida UDTPA, Georgia FBPA, Georgia UDTPA, Illinois UDTPA, Kansas CPA, Massachusetts Act, | Cannon, Chitra, Chung, Connelly, D. Corry, V. Corry, Kass, Khorey, Kuchar, Sterba, Schulz, Verzura, Strong, the Whittakers, Hickey, |

xxviii

| | Oregon UTPA, Texas DTPA, Washington CPA | Harris, Duprez, Taylor, Carr, Wyers, Barrett, Rock, Vaaler, Andersen, DeRosa |
|---|---|---|
| 70 | Fraud by concealment (VA) | Dornetto, Ives |
| 75 | Fraud by concealment (WA) | Andersen, DeRosa |

11. Whether plaintiffs lack standing to seek an injunction against GM's alleged "deceptive and unfair" acts and practices because they do not sufficiently allege future harm caused by GM's alleged misrepresentations or omissions. (*See* Section I.E.3, *infra*.)

| Count(s) | Nature of Claim | Affected Plaintiffs |
|---|---|---|
| 11, 19, 24, 25, 31, 36, 41, 57, 62, 72 (to the extent these claims seek injunctive relief) | CLRA, Florida UDTPA, Georgia FBPA, Georgia UDTPA, Illinois UDTPA, Kansas CPA, Massachusetts Act, Oregon UTPA, Texas DTPA, Washington CPA | Cannon, Chitra, Chung, Connelly, D. Corry, V. Corry, Kass, Khorey, Kuchar, Sterba, Schulz, Verzura, Strong, Whittaker, Hickey, Smith, Harris and Duprez, Taylor, Carr, Wyers, Andersen, DeRosa |

12. Whether plaintiffs' claim under the Illinois Uniform Deceptive Trade Practices Act should be dismissed because the statute does not permit damages and plaintiffs cannot seek injunctive relief. (*See* Section I.E.4, *infra*.)

| Count(s) | Nature of Claim | Affected Plaintiffs |
|---|---|---|
| 31 | Illinois UDTPA | The Whittakers and Hickey |

13. Whether plaintiffs' claim under Georgia's Uniform Deceptive Trade Practices Act claim should be dismissed because the statute does not permit damages and plaintiffs cannot seek injunctive relief. (*See* Section I.E.5, *infra*.)

| Count(s) | Nature of Claim | Affected Plaintiffs |
|---|---|---|
| 25 | Georgia UDTPA | Strong |

14. Whether plaintiffs' claim under the Georgia Fair Business Practices Act and Virginia Consumer Protection Act should be dismissed because the statute substantively prohibits asserting claims under it as part of a putative class action. (*See* Section I.E.6, *infra*.)

| Count(s) | Nature of Claim | Affected Plaintiffs |
|---|---|---|
| 24 | Georgia FBPA | Strong |
| 67 | Virginia CPA | Dornetto and Ives |

15. Whether plaintiffs' express warranty claims should be dismissed because they do not plausibly allege a breach of the terms of the warranty, as no plaintiff alleges experiencing the defect during the warranty period. (*See* Section II.A.2, *infra*.)

| Count(s) | Nature of Claim | Affected Plaintiffs |
|---|---|---|
| 7, 14, 16, 20, 26, 32, 37, 42, 47, 53, 58, 63, 68, 73, 78 | Breach of express warranty | All plaintiffs |

16. Whether certain plaintiffs' express warranty claims should be dismissed because they did not present their vehicles for repair and so cannot allege a breach of warranty. (*See* Section II.A.2, *infra*.)

| Count(s) | Nature of Claim | Affected Plaintiffs |
|---|---|---|
| 7, 14, 16, 42, 58, 63 | Breach of express warranty | Altobelli, Barrett, Cannon, Connelly, Harris and Duprez, the Rocks, and Taylor |

17. Whether plaintiffs' express warranty claims should be dismissed because they do not plausibly allege a breach of the terms of the warranty, in light of GM's commitment to replace battery modules in any affected vehicles. (*See* Section II.A.2, *infra*.)

| Count(s) | Nature of Claim | Affected Plaintiffs |
|---|---|---|
| 7, 14, 16, 20, 26, 32, 37, 42, 47, 53, 58, 63, 68, 73, 78 | Breach of express warranty | All plaintiffs |

18. Whether certain plaintiffs' warranty claims should be dismissed for failure to adequately allege pre-suit notice. (*See* Section II.B, *infra.*)

| Count(s) | Nature of Claim | Affected Plaintiffs |
|---|---|---|
| 14, 58, 63 | Breach of express warranty | Cannon, V. Corry, Taylor, Barret, the Rocks, Vaaler |
| 15, 59, 64 | Breach of implied warranty | Cannon, V. Corry, Taylor, Barret, the Rocks, Vaaler |

19. Whether Kuchar's, Hickey's, and Smith's express and implied warranty claims under Arizona, Illinois, and Wisconsin law should be dismissed because the law applicable to their warranty claims is the state where the transaction occurred, not the state of their residence. (*See* Section II.C., *infra*.)

| Count(s) | Nature of Claim | Affected Plaintiffs |
|---|---|---|
| 7-8 | Breach of express and implied warranty (AZ) | Kuchar |
| 32-33 | Breach of express and implied warranty (IL) | Hickey |
| 78-79 | Breach of express and implied warranty (WI) | Smith |

20. Whether plaintiffs' implied warranty claims should be dismissed because they cannot plausibly allege that their vehicles were unmerchantable at the time they left GM's control. (*See* Section II.D.1, *infra.*)

| Count(s) | Nature of Claim | Affected Plaintiffs |
|---|---|---|
| 8, 15, 17, 21, 27, 33, 38, 43, 48, 54, 59, 64, 69, 74, 79 | Breach of implied warranty | All plaintiffs except Chung and Chitra |

21. Whether plaintiffs' implied warranty claims, with the exception of the claim under Kansas law, should be dismissed for failure to allege that their vehicles fell within the applicable mileage limitation. (*See* Section II.D.2, *infra*.)

| Count(s) | Nature of Claim | Affected Plaintiffs |
|---|---|---|
| 8, 15, 17, 21, 27, 33, 43, 48, 54, 59, 64, 69, 74, 79 | Breach of implied warranty | All plaintiffs |

22. Whether plaintiffs' implied warranty claims under Arizona, California, Florida, Georgia, Illinois, New York, Oregon, Virginia, Washington, and Wisconsin law should be dismissed because they fail to allege privity with GM. (*See* Section II.D.3, *infra*.)

| Count(s) | Nature of Claim | Affected Plaintiffs |
|---|---|---|
| 8, 15, 21, 27, 33, 54, 59, 69, 74, 79 | Breach of implied warranty | Altobelli, Poletti, Kuichar, Walker, Cannon, Connelly, D. Corry, V. Corry, Kass, Khorey, Kuchar, Sterba, Schulz, Verzura, Strong, the Whittakers, Hickey, Kotchmar, Taylor, Carr, Wyers, Dornetto and Ives, Andersen and DeRosa, and Smith |

23. Whether plaintiffs' Magnuson-Moss Warranty Act claim should be dismissed because plaintiffs fail to allege any viable underlying state express-warranty claim? (*See* Section II.E, *infra*.)

| Count(s) | Nature of Claim | Affected Plaintiffs |
|---|---|---|
| 4 | MMWA | All plaintiffs |

24. Whether plaintiffs' unjust-enrichment claims should be dismissed under each state's law because the New Vehicle Limited Warranty is a binding contract that supplies plaintiffs with the relief they bargained for and because adequate legal remedies exist. (*See* Section III, *infra*.)

| Count(s) | Nature of Claim | Affected Plaintiffs |
|---|---|---|
| 5, 10, 23, 29, 35, 40, 45, 50, 56, 61, 66, 71, 76, 81. | Unjust enrichment | All plaintiffs but Cannon, Chitra, Chung, Connelly, D. Corry, V. Corry, Kass, Khorey, Kuchar, and Sterba, who do not bring an unjust enrichment claim |

25. Whether plaintiffs' equitable unjust-enrichment claims should be dismissed under the federal equitable principles articulated in *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020), because adequate legal remedies exist. (*See* Section III, *infra*.)

| Count(s) | Nature of Claim | Affected Plaintiffs |
|---|---|---|
| 5, 10, 23, 29, 40, 45, 50, 56, 61, 66, 71, 76, 81. | Unjust enrichment<br><br>(all states but IL) | Altobelli, Andersen, Barrett, Carr, Wyers, DeRosa, Dornetto, Ives, Harris, Duprez, Hickey, the Holbrooks, Kotchmar, Poletti, the Rocks, Schulz, Smith, Strong, Taylor, Vaaler, Verzura, Walker |

26. Whether plaintiffs Kuchar's, Hickey's, and Smith's unjust enrichment claims under Arizona, Illinois, and Wisconsin law should be dismissed because the law applicable to their unjust enrichment claims is the state where the transaction occurred, not the state of their residence. (*See* Section III, *infra*.)

| Count(s) | Nature of Claim | Affected Plaintiffs |
|---|---|---|
| 10 | Unjust enrichment (AZ) | Kuchar |
| 35 | Unjust enrichment (IL) | Hickey |
| 77 | Unjust enrichment (WI) | Smith |

## STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITY

The controlling or most appropriate authority for the relief that GM seeks includes:

## **Cases**

1. *Beck v. FCA US LLC*, 273 F. Supp. 3d 735 (E.D. Mich. 2017)

2. *Chapman v. Gen. Motors LLC*, 531 F. Supp. 3d 1257 (E.D. Mich. 2021)

3. *Gray v. Toyota Motor Sales, U.S.A., Inc.*, 554 F. App'x 608 (9th Cir. 2014)

4. *Gregorio v. Ford Motor Co.*, 522 F. Supp. 3d 264, 277 (E.D. Mich. 2021)

5. *Hall v. Gen. Motors LLC*, 2020 WL 1285636 (E.D. Mich. March 18, 2020)

6. *In re Ford Motor Co. Speed Control Deactivation Switch Prod. Liab. Litig.*, 2007 WL 2421480 (E.D. Mich. Aug. 24, 2007)

7. *Matanky v. Gen. Motors LLC*, 370 F. Supp. 3d 772 (E.D. Mich. 2019)

8. *Rosenbaum v. Toyota Motor Sales, USA, Inc.*, 2016 WL 9775018 (E.D. Mich. Oct. 21, 2016)

9. *Smith v. Gen. Motors LLC*, 988 F.3d 873, 875 (6th Cir. 2021)

10. *Sonner v. Premier Nutrition Corporation*, 971 F.3d 834 (9th Cir. 2020)

11. *Withrow v. FCA US LLC*, 2021 WL 2529847 (E.D. Mich. June 21, 2021)

12. *Wozniak v. Ford Motor Co.*, 2019 WL 108845 (E.D. Mich. Jan. 4, 2019)

## **Rules**

1. Fed. R. Civ. P. 12(b)(6)
2. Fed. R. Civ. P. 9(b)
3. Fed. R. Civ. P. 8

## INTRODUCTION

This case represents an attempt to second-guess and supplant General Motors LLC's ongoing voluntary recall, in connection with the National Highway Traffic Safety Administration, of model year (MY) 2017-2022 model year Bolt electric vehicles (EVs). The recall addresses two rare manufacturing defects that, if present in the same battery cell, can result in a battery fire. Sixteen suspected battery fires have occurred worldwide to date, out of a recall population of over 140,000 vehicles.

From the time GM first suspected the possibility that Bolt batteries could possess a defect, it has conducted a diligent and timely investigation to diagnose and remedy the issue, including sending regular reports to NHTSA. GM identified the root cause of the battery fires as quickly as possible: two rare manufacturing defects—a torn anode and a folded separator—present simultaneously in the same battery cell. GM's voluntary recall provides for replacement of battery modules in the recall population, and GM began shipping replacement batteries to dealerships in early October.

The recall process is working. But the plaintiffs are unsatisfied with that process and instead seek to pursue this lawsuit. For the reasons below, the 81 causes of action asserted in the Amended Consolidated Class Action Complaint, ECF No. 27 ("FACC") are all flawed and should be dismissed as a matter of law.

Most significantly, GM did not know of the battery defect at the time the

plaintiffs purchased or leased their vehicles, or at the time that GM made any challenged statement. This lack of knowledge is fatal to plaintiffs' consumer-protection and common-law fraud claims.

Specifically, GM had no cognizable knowledge of the battery defect in the original recall population—MY 2017-2019 Bolt EVs with batteries manufactured by LG Chem in Ochang, Korea—until November 5, 2020, when GM concluded the product investigation leading to the recall. Not a single plaintiff alleges purchasing or leasing a Bolt from the original recall population or encountering an alleged misrepresentation after that investigation concluded. Likewise, GM had no reason to suspect that the battery defect could manifest in the expanded recall population—2019 Bolts manufactured by LG Chem in Holland, Michigan and 2020-2022 Bolt EVs, which use a different battery that is also manufactured by LG Chem in Holland Michigan—until, at the earliest, August 6, 2021, when GM first learned of a suspected battery fire in that population. No plaintiff alleges purchasing or leasing a 2020-2022 Bolt or encountering an alleged misrepresentation after that date either.

Plaintiffs' misrepresentation-based claims fail for multiple additional reasons, including that plaintiffs identify no actionable misrepresentation at all, and they also don't identify the representation on which each plaintiff supposedly relied.

Plaintiffs' warranty claims also are subject to dismissal. As a threshold matter, plaintiffs fail to allege, as they must, that they presented their vehicles for repair

during the warranty period. In addition, plaintiffs have not adequately alleged breach of any express warranty. The Chevrolet New Vehicle Limited Warranty (the "Limited Warranty") states that performance of repairs and needed adjustments within a reasonable time is the exclusive warranty remedy, and GM's recall provides just that, by replacing battery modules in the recall population free of charge.

Plaintiffs' implied warranty claims fail for an additional reason: all but two plaintiffs do not plausibly allege that their vehicles are unmerchantable. Plaintiffs say that GM's interim software remedy and guidance to limit the vehicles' charging capacity until defective batteries are replaced has led to a "roughly 40% reduction"—which will soon be 20% and ultimately removed—in driving range. But this temporary reduction falls within the normal reduction of a vehicle's mileage range over time, as detailed in the Limited Warranty, and lets plaintiffs continue to use their vehicles consistent with average daily driving needs.

For these reasons, among others, plaintiffs' claims should be dismissed. GM incorporates by reference in support of this motion the arguments made by LG Electronics USA Inc. and LG Energy Solution Michigan Inc. ("LG Michigan") in their respective motions to dismiss.

## BACKGROUND

### A. GM Voluntarily Recalls Bolt Vehicles

The Chevrolet Bolt is an all-electric vehicle that is part of GM's commitment

to offering an all-electric lineup of vehicles by 2035. Model year 2017-2019 Bolts contain a type of lithium ion battery—called design level N2.1—manufactured by LG Chem and provided to GM by LG Electronics, Inc. Those vehicles have an EPA-estimated range of 238 miles. *See, e.g.*, FACC Ex. BF (ECF No. 27-59, PageID.2088-2091); Ex. AA (ECF No. 27-28, PageID.1695-1703); Ex. AG (ECF No. 27-34, PageID.1774-1782); Ex. AM (ECF No. 27-40, PageID.1838-184). Model year 2020-2022 Bolts contain a newer type of lithium ion battery also manufactured by LG Chem—design level N2.2—and those cars have an EPA-estimated range of 259 miles. Ex. BF (PageID.2091); *see, e.g.*, FACC ¶ 44.

Between July 20, 2020 and August 26, 2020, GM received four customer complaints alleging that the battery in a 2017, 2018, or 2019 Bolt had caused a fire. Ex. BF (PageID.2090); FACC ¶ 353. In response, GM took swift action: It started an investigation and, on November 13, 2020, voluntarily recalled all 2017-2019 Bolt vehicles with design level N2.1 batteries manufactured at LG Chem's Ochang, Korea plant—the source of the batteries that had led to customer complaints. Ex. BF (PageID.2089); FACC ¶¶ 7, 366. GM released an interim software remedy on November 17, 2020, that would limit the vehicle's charging capacity to 90%, since the battery fires that had occurred as of that date all took place when the battery neared full charge. FACC ¶¶ 368–369; Ex. BF (PageID.2088-2091). GM made this interim remedy available to customers while it worked towards a final fix that would

restore the battery to its full capacity. *Id.*

After GM's first repair attempts in April and May 2021 (collectively covering 2017-2019 Bolts), two additional suspected battery fires occurred. FACC ¶¶ 372, 377. GM promptly provided updated guidance to customers (Ex. A (ECF No. 27-2, PageID.1495-1497)) and through its continued investigation identified the root cause of the issue: two rare defects in some batteries manufactured by LG Chem— a torn anode and a folded separator—that must present simultaneously in a single battery cell (one of about 288 cells contained in each battery) to cause a fire. Ex. 2.[1] GM then issued a further recall, under which GM will replace batteries in vehicles covered by the original recall with newly manufactured N2.2 batteries. Ex. 2.

After a suspected battery fire reportedly occurred for the first time in a single Bolt vehicle outside of the originally recalled vehicles, GM issued a separate recall for all remaining 2019-2022 Bolt vehicles that provides for replacement of battery modules in the recall population. Ex. I (ECF No. 27-10, PageID.1551); FACC ¶ 388.

Because manufacturing the new batteries and shipping them to dealers will

---

[1] The recall report attached as Exhibit 2 is incorporated by reference in the complaint. FACC ¶ 382 (PageID.1280). In addition, this report is publicly available on the NHTSA website, and "[t]he contents of an administrative agency's publicly available files . . . traditionally qualify for judicial notice." *Winzler v. Toyota Motor Sales U.S.A., Inc.*, 681 F.3d 1208, 1212-13 (10th Cir. 2012); *Gregorio v. Ford Motor Co.*, 522 F. Supp. 3d 264, 279 n.5 (E.D. Mich. 2021) (taking judicial notice of a report filed on the NHTSA website as a "public record"). Thus, this report is properly considered in a Rule 12(b)(6) motion.

take time, GM advised customers to take certain precautionary steps until their vehicles can be repaired, including setting their vehicles to a 90% state-of-charge limitation, avoiding depleting their batteries below an estimated remaining 70-mile range where possible, parking vehicles outside after charging, and avoiding leaving vehicles charging overnight. FACC ¶ 382; Ex. C (ECF No. 27-4, PageID.1512-1515); Ex. D (ECF No. 27-5, PageID.1516, 1523). GM has now announced a new interim software update that will set the vehicle's maximum state of charge to 80% and remove the need for GM's other recommended precautions.[2] Once the vehicles' battery modules are replaced, customers can stop taking these temporary precautions and may resume fully charging their battery. In addition, batteries repaired or replaced under the recall will receive an extended 8-year/100,000-mile limited warranty.

GM began shipping replacement battery packs to dealerships in early October, and it has worked to increase battery production so that GM can provide replacements to affected customers as soon as possible.[3]

---

[2] Bolt EV and Bolt EUV Recall Information, Bolt Software Update (December 15, 2021), https://www.chevrolet.com/electric/bolt-recall (last visited December 16, 2021) (Ex. 10). This software became available to 2019 Bolt owners November 19, 2021 and 2017-2018 Bolt owners December 15, 2021 and should become available to 2020-2022 Bolt owners by December 29, 2021. *Id.*

[3] Global Safety Field Investigations DCS5937, Chevrolet Bolt Battery Safety Recall Update (September 20, 2021), *available at* https://static.nhtsa.gov/odi/rcl/2021/RCMN-21V560-5921.pdf (last visited

**B.     Plaintiffs And Their Claims**

Plaintiffs purchased or leased new or used 2017-2022 model year Chevrolet Bolts from local dealerships or other third-party retailers in one of fourteen states between March 17, 2017 and July 26, 2021, as summarized in Exhibit 1.

Plaintiffs assert 81 causes of action, which can be divided into three categories: (1) claims for fraudulent concealment, fraudulent misrepresentation, and violation of state consumer protection statutes; (2) federal and state warranty law claims; and (3) unjust enrichment.  Plaintiffs seek to represent a putative nationwide class as to some claims and fourteen state subclasses.[4]

## LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 9(b) imposes an even more stringent requirement for claims grounded in fraud—including claims under state consumer-protection statutes. *See Minger v. Green*, 239 F.3d 793, 800 (6th Cir. 2001); *Wozniak v. Ford Motor Co.*, 2019 WL 108845, at *3 (E.D. Mich. Jan. 4, 2019); *Miller v. Gen. Motors*

---

December 16, 2021)  (Ex. 11). This update, available on the NHTSA website, is properly subject to judicial notice. *See Gregorio*, 522 F. Supp. 3d at 279 n.5.

[4] In a separate motion, GM explains why the Court should strike the putative nationwide class allegations.

*LLC*, 2018 WL 2740240, at *14 (E.D. Mich. June 7, 2018). For fraudulent misrepresentation claims, Rule 9(b) requires plaintiffs to "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 551 (6th Cir. 2012). For fraud by concealment, Rule 9(b) requires plaintiffs to specifically plead: "(1) precisely what was omitted; (2) who should have made a representation; (3) the content of the alleged omission and the manner in which the omission was misleading; and (4) what [defendant] obtained as a consequence of the alleged fraud." *Republic Bank & Tr. Co. v. Bear Stearns Co.*, 683 F.3d 239, 256 (6th Cir. 2012).

## ARGUMENT

### I.    The Court Should Dismiss The Fraud And Consumer-Protection Claims

Plaintiffs' common-law fraud claims and statutory consumer protection claims fail as a matter of law.[5]

#### A.    Plaintiffs Do Not Adequately Allege GM's Pre-Sale Knowledge

All of the fraud and consumer-protection claims are fatally flawed for a simple reason: **GM did not know about the battery defect prior to the sale or lease of the vehicles**—as a close reading of the complaint reveals. As the Sixth Circuit

---

[5] Although Rule 9(b) applies to each of plaintiffs' fraud and consumer-protection claims, Exhibit 9, these claims remain deficient even under the *Iqbal* and *Twombly* standard.

explained, "Plaintiffs must show that GM had sufficient knowledge of the [alleged] defect to render its sales fraudulent." *Smith v. Gen. Motors LLC*, 988 F.3d 873, 875 (6th Cir. 2021). This Court recently recognized that principle, explaining that fraud and consumer-protection claims "that involve purchases made before GM had knowledge of the defect do not survive." *Chapman v. Gen. Motors LLC*, 531 F. Supp. 3d 1257, 1300, at 1288, 1300  (E.D. Mich. 2021) (Berg, J.).

Specifically, while states have varying fraud doctrines and consumer-protection statutes, one consistent element of fraudulent misrepresentation is that the defendant must have made a misrepresentation knowing (or believing) it was false.[6] The same rule applies for alleged fraudulent omissions: "Liability cannot attach for a fraudulent omission theory under any state fraud or consumer protection law without" properly pleading defendant's pre-sale "knowledge of the . . . defect,"

---

[6] **AZ:** *Nielson v. Flashberg*, 419 P.2d 514, 517-18 (Ariz. 1966); **CA:** *Robinson Helicopter Co., Inc. v. Dana Corp.*, 102 P.3d 268, 274 (Cal. 2004); **FL:** *Gutter v. Wunker*, 631 So. 2d 1117, 1118 (Fla. Ct. App. 1994); **GA:** *Argentum Int'l LLC v. Woods*, 634 S.E.2d 195, 200 (Ga. Ct. App. 2006); **IL:** *Tan v. Boyke*, 508 N.E.2d 390, 393 (Ill. App. Ct. 1987); **KS:** *Nordstrom v. Miller*, 605 P.2d 545, 551-52 (Kan. 1980); **MA:** *JSB Indus. v. Nexus Payroll Servs., Inc.*, 463 F. Supp. 2d 103, 107 (D. Mass. 2006); **MI:** *Lucas v. Awaad*, 830 N.W.2d 141, 152 (Mich. Ct. App. 2013); **NY:** *Lama Holding Co. v. Smith Barney Inc.*, 668 N.E.2d 1370, 1373 (N.Y. 1996); **OR:** *Or. Pub. Emps. Ret. Bd. v. Simat, Helliesen & Eichner*, 83 P.3d 350, 359 (Or. Ct. App. 2004); **TX:** *Solutioneers Consulting, Ltd. v. Gulf Greyhound Partners, Ltd.*, 237 S.W.3d 379, 385 (Tex. App. 2007); **VA:** *Albanese v. WCI Comtys., Inc.*, 530 F. Supp. 2d 752, 771 (E.D. Va. 2007); **WA:** *Kirkham v. Smith*, 23 P.3d 10, 13 (Wash. Ct. App. 2001); **WI:** *Kaloti Enters. v. Kellogg Sales Co.*, 699 N.W.2d 205, 211 (Wis. 2005).

*Wozniak*, 2019 WL 108845, at *3. And that rule makes sense:  No duty to disclose could exist unless a defendant knew about the alleged defect, *Roe v. Ford Motor Co.*, 2019 WL 3564589, at *5-6 (E.D. Mich. Aug. 6, 2019). *See also Gregorio*, 522 F. Supp. 3d at 277; *Hall v. Gen. Motors LLC*, 2020 WL 1285636, at *2-3 (E.D. Mich. March 18, 2020); *McKee v. Gen. Motors LLC*, 376 F. Supp. 3d 751, 761 (E.D. Mich. 2019).[7]

---

[7] **AZ:** *In re Arizona Theranos, Inc., Litig.*, 256 F. Supp. 3d 1009, 1023 (D. Ariz. 2017); *Echols v. Beauty Built Homes, Inc.*, 647 P.2d 629, 631 (Ariz. 1982); **CA:** *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1025-26 & n.6 (9th Cir. 2017) (CLRA, UCL); *Moss v. Infinity Ins. Co.*, 197 F. Supp. 3d 1191, 1199 (N.D. Cal. 2016) (FAL); *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1145 (9th Cir. 2012) (CLRA); *Herremans v. BMW of North America, LLC*, 2014 WL 5017843, at *16-17 (C.D. Cal. Oct. 3, 2014); *Romero v. Securus Tech., Inc.*, 216 F. Supp. 3d 1078, 1092 (S.D. Cal. 2016); **FL:** *Wozniak*, 2019 WL 108845, at *3; **GA:** *WESI, LLC v. Compass Env't, Inc.*, 509 F. Supp. 2d 1353, 1358 (N.D. Ga. 2007); *Paulk v. Thomasville Ford Lincoln Mercury*, 732 S.E.2d 297, 301 (Ga. Ct. App. 2012); **IL:** *Miller v. William Chevrolet/Geo, Inc.*, 762 N.E.2d 1, 14 (Ill. App. Ct. 2001); *Fox v. Heimann*, 872 N.E. 2d 126, 138 (Ill. App. Ct. 2007); *Rockford Mem'l Hosp. v. Havrilesko*, 858 N.E.2d 56, 62-63 (Ill. App. Ct. 2006); **KS:** Kan. Stat. § 50-626(b)(1); *Tufts v. Newmark Corp.*, 53 F. Supp. 2d 1171, 1179 (D. Kan. 1999); **MA:** *Gooley v. Mobil Oil Corp.*, 851 F. 2d 513, 515 (1st Cir. 1988); **MI:** *Bennett v. MIS Corp.*, 607 F.3d 1076, 1101 (6th Cir. 2010); *Miller v. Gen. Motors, LLC*, 2018 WL 2740240, at *1 (E.D. Mich. June 7, 2018); **NY:** *In re Sling Media Slingbox Advert. Litig.*, 202 F. Supp. 3d 352, 359 (S.D.N.Y. 2016); *Kampuries v. American Honda Motor Co., Inc.*, 204 F. Supp. 3d 484, 493 (E.D.N.Y. 2016); *Dodona I, LLC v. Goldman, Sachs & Co.*, 847 F. Supp. 2d 624, 639 (S.D.N.Y. 2012); **OR:** *State ex rel. Rosenblum v. Johnson & Johnson*, 362 P.3d 1197, 1203–04 (Or. Ct. App. 2015); *Maitland v. Mitchell (In re Harris Pine Mills)*, 44 F.3d 1431, 1438-39 (9th Cir. 1995); **TX:** *Bradford v. Vento*, 48 S.W.3d 749, 754–55 (Tex. 2001); *Wozniak*, 2019 WL 108845, at *3; *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 479 (Tex. 1995); **VA:** *Hamilton v. Boddie-Noell Enterps., Inc.*, 88 F. Supp. 3d 588, 591 (W.D. Va. 2015); *Ashmore v. Herbie Morewitz, Inc.*, 475 S.E.2d 271, 274-75 (Va.

To allege viable common-law fraud and statutory consumer-protection claims, plaintiffs therefore must allege facts sufficient to show GM knew about the battery defect at the time each plaintiff purchased or leased his or her vehicle. That pre-sale knowledge requirement applies to all of their claims, based on either omissions or affirmative misrepresentations, including because plaintiffs must have relied on (or as explained further in LGEUS' motion, prove some causal nexus to) any alleged omission or misrepresentation at the time of their purchase or lease. Because plaintiffs cannot plausibly allege that GM had pre-sale knowledge of battery defects, their fraud-based claims should be dismissed in full.[8]

### 1. The complaint fails to plausibly allege that GM had any knowledge of the alleged battery defect in 2017-2019 Bolt vehicles before it concluded its product investigation on November 5, 2020

GM lacked knowledge of the alleged battery defect in 2017-2019 Bolts in the original recall population until it concluded its product investigation on November 5, 2020. Plaintiffs' attempt to allege that GM had knowledge earlier is implausible.

The complaint asserts in conclusory fashion that "GM has been aware of Battery-related problems in the Bolt since at least late 2016." FACC ¶ 336. But the "Battery-related problems" that plaintiffs cite as factual support for that assertion

---

1996);  **WA**: *Short v. Hyundai Motor Co.*, 444 F. Supp. 3d 1267, 1282-83 (W.D. Wash. 2020); **WI:** *Wozniak*, 2019 WL 108845, at *3.

[8] Counts 1-2, 6, 9, 11-13, 18, 19, 22, 24-25, 28, 30-31, 34, 36, 39, 41, 44, 46, 49, 51, 52, 55, 57, 60, 62, 65, 67, 70, 72, 75, 77, 80.

are either far too general to have alerted GM to the specific defect at issue or entirely unrelated to that defect. Plaintiffs must allege facts to support the defendant's knowledge of both the specific defect at issue *and* the defendant's "knowledge about the safety risk alleged by [the] plaintiffs." *Smith*, 988 F.3d at 885. And the defendant must have pre-sale "knowledge of the *specific* defect alleged, not a general defect." *Victorino v. FCA US LLC*, 2018 WL 1083395, at *8 (S.D. Cal. Feb. 27, 2018) (emphasis added). In *Hall*, for example, Judge Leitman concluded that allegations that merely suggest that "GM was aware of *some* problem with the wheel sensors on the Class Vehicles . . . do not plausibly establish that GM was aware of the specific StabiliTrak Defect" alleged in the complaint, and were therefore insufficient to establish GM's knowledge. *Hall*, 2020 WL 1285636, at *6.

Here, plaintiffs allege that there have been fire issues with lithium ion batteries in other contexts. FACC ¶¶ 326-28. General awareness that fires *can* occur does not equate to pre-sale knowledge of *any* defect, let alone the specific defects at issue. As plaintiffs recognize (*id.* ¶ 326), lithium ion batteries are used in most electric vehicles; they are also used in other commonplace items like cell phones and computers. The devices that use this widespread technology are not per se defective.

Plaintiffs also point to irrelevant customer satisfaction programs and bulletins involving low-voltage conditions in 2017-2018 Bolts. FACC ¶¶ 339-46. Recognizing that a risk of fire is never even mentioned in any of these programs or

12

notices, plaintiffs allege "*[o]n information and belief*" that "the same issue that causes the low-voltage condition . . . can cause high-voltage conditions in certain cell groups" and lead to "dangerous overheating of the battery while charging, resulting in [vehicle] fires." FACC ¶ 349 (emphasis added). But the Sixth Circuit has expressly held that plaintiffs "cannot escape a motion to dismiss by resting on information and belief without supporting facts." *Smith*, 988 F.3d at 885.

More fundamentally, plaintiffs' speculation fails to connect any of these prior programs or notices with the specific manufacturing defects at issue here. In *Smith*, the Sixth Circuit upheld the dismissal of the plaintiffs' fraud-based claims because, although customer complaints supported the inference that GM knew about a cracked dashboard condition, they did *not* show that GM knew about the specific defect alleged: namely, "the [alleged] potential for cracked dashboards in its vehicles to explode and emit dangerous shrapnel." *Id.* at 886; *see also Hall*, 2020 WL 1285636, at *6 (holding that service bulletins that "do not mention any of the 'safety hazards' that lie at the core of Plaintiffs' definition of the [] Defect" do not support an inference of pre-sale knowledge). Here, plaintiffs allege no facts to suggest that these earlier events were tied to a torn anode tab or folded separator (the two rare manufacturing defects at issue) or that they were linked to batteries charged to full, or nearly full, capacity—much less that they involved a fire risk.

The complaint next alleges that GM "has been aware of the Defective

Battery . . . since at least July 2019," when GM "received the first complaint of a spontaneous fire when charging a Chevy Bolt." FACC ¶¶ 392, 421. That allegation does not assist most of the named plaintiffs here, as only five plaintiffs purchased or leased a 2017-2019 Bolt after July 2019.[9] Ex. 1. Accordingly, the claims of the remaining 23 plaintiffs who purchased or leased a 2017-2019 Bolt,[10] should be dismissed for this independent reason alone. And even as to those five plaintiffs, a single event does not establish GM's knowledge of a defect. There must have been an unusual number of complaints regarding a specific problem—courts routinely hold that a handful of complaints do not suffice. *See Smith*, 988 F.3d at 885; *Gregorio*, 522 F. Supp. 3d at 281 (36 NHTSA complaints from a nine-year period); *Roe*, 2019 WL 3564589, at *7 (14 NHTSA complaints from a three-year period); *Wozniak*, 2019 WL 108845, at *3 (negative reviews on third-party forum websites and complaints filed with NHTSA do not support knowledge); *McKee*, 376 F. Supp. 3d at 761 ^(generalized allegations about testing and "consumer complaints online or to the NHTSA are insufficient to support a finding of GM's knowledge"). That is because a few "complaints merely establish that several customers had issues with

---

[9] Plaintiffs Chung, Hickey, Vaaler (first vehicle), Taylor, and Walker. *See* Ex. 1.

[10] Plaintiffs Altobelli, Andersen, Cannon, Mary Carr and Jan Wyers, Chitra, V. Corry (first vehicle), DeRosa, Dornetto and Ives (first vehicle), Harris and Duprez, Kass (first vehicle), Khorey, Kotchmar, Kuchar, Poletti, Schulz, Smith, Sterba, Strong, and Thomas and Carol Whittaker. *See* Ex. 1.

their specific vehicles, not that there was a widespread defect." *Resnick v. Hyundai Motor Am., Inc.*, 2016 WL 9455016, at *13 (C.D. Cal. Nov. 14, 2016).

Next, plaintiffs allege that, from July 20, 2020 to August 26, 2020, GM received four claims alleging that the battery pack in 2017-2019 Bolts had caused a fire. FACC ¶¶ 353, 357; Ex. BF (PageID.2090). Upon receiving these complaints, GM promptly investigated the matter. *Id.* Even if these four events could establish GM's knowledge of a defect (they cannot), only two plaintiffs allege purchasing or leasing a 2017-19 Bolt after August 26, 2020. Ex. 1. Moreover, as a matter of law, a manufacturer does not have knowledge of a defect when its "investigation into the cause" of an alleged issue is "still ongoing." *O'Shea v. Ford Motor Co.*, 2011 WL 12876170, at *5 (C.D. Cal. Dec. 28, 2011). The earliest GM could have known of the alleged battery defect in 2017-2019 Bolt vehicles is November 5, 2020, when its investigation concluded. Yet not a single plaintiff alleges purchasing or leasing a 2017-2019 Bolt *after* GM's investigation concluded in November 2020. Ex. 1. Plaintiffs thus have not established GM's pre-sale knowledge as to *any* plaintiff who purchased or leased a 2017-2019 Bolt, and so their common-law fraud and consumer-protection claims fail (notes 8-10, *supra*).

### 2.   Plaintiffs allege no facts establishing GM's pre-sale knowledge of any battery defect in 2020-2022 Bolts

Here, the eleven plaintiffs who purchased or leased vehicles falling within the

expanded recall group (certain 2019 Bolts and all 2020-2022 Bolts)[11] allege no facts to suggest that GM knew of any issue with the batteries in those vehicles before it announced the expanded recall in August 2021. Before then, GM was aware of only a limited number of incidents in batteries with design-level N2.1 cells manufactured at LG Chem's Ochang, Korea facility. *See* Ex. I (ECF No. 27-10, PageID.1551). The 2019 Bolts in the expanded recall were built using battery cells produced *outside* of LG Chem's Ochang, Korea, facility. Ex. BF (PageID.2089). And the 2020-2022 Bolts do not use design level N2.1 battery cells at all; they use a newer battery cell with a different design. *Id.* (PageID.2091).

Because these eleven plaintiffs purchased or leased their 2020-2022 vehicles prior to August 2021, they have not plausibly alleged GM's pre-sale knowledge either. *See Matanky v. Gen. Motors LLC*, 370 F. Supp. 3d 772, 792-93 (E.D. Mich. 2019). And these plaintiffs cannot rely on complaints about earlier model year Bolts to overcome that fundamental problem with their claims: "In order to show knowledge of a defect, consumers cannot rely on general allegations that a manufacturer had received complaints about similar makes and models of vehicles." *Stevenson v. Mazda Motor of Am., Inc.*, 2015 WL 3487756, at *6 (D.N.J. June 2, 2015). In *Matanky*, for example, Judge Roberts agreed that a plaintiff "cannot

---

[11] Plaintiffs Barrett, Connelly, D. Corry, V. Corry, Dornetto and Ives (second and third vehicles), the Holbrooks, Kass (second vehicle), the Rocks, (second vehicle), and Vaaler (second vehicle), and Verzura.

plausibly allege [GM] had knowledge about defects in the 2017 [model year cars] based on complaints about the 2015 and 2016 cars, because the 2017 model had design changes." *Matanky*, 370 F. Supp. 3d at 792-93. Judge Roberts concluded that a plaintiff cannot rely on statements "concern[ing] the 2015-2016 models" to establish knowledge of a defect in the 2017 model year vehicle. *Id.* at 793; *see also Stevenson*, 2015 WL 3487756, at *7 (dismissing fraud-based claims where none of the allegations connected the alleged defect to the model-year plaintiff owned). Plaintiffs thus have not established GM's pre-sale knowledge as to *any* plaintiff who purchased or leased a 2020-2022 Bolt, and the Court should dismiss their common-law fraud and consumer-protection claims (notes 8 & 11, *supra*).

### B.   Plaintiffs' Misrepresentation-Based Claims Fail For Additional Reasons

Plaintiffs' misrepresentation-based claims fail for the additional reasons that the complaint does not identify any actionable representation, much less tie any specific GM representation to any specific plaintiff. [12]

### 1.   Plaintiffs have not identified any actionable misrepresentation

Plaintiffs claim that the risk of fire posed by the alleged battery defect means that GM misrepresented that the 2017-2019 Bolt vehicles can achieve the EPA-

---

[12] Counts 1, 6, 9, 11-13, 19, 24-25, 31, 36, 41, 46, 52, 57, 62, 67, 72, and 77, and in Counts 30 and 51 (to the extent based on a misrepresentation theory).

estimated range of 238 miles. FACC ¶ 325. But none of the statements that plaintiffs cite is an actionable representation (and none pertains to the MY 2020-2022 Bolts).

First, plaintiffs point primarily to advertisements of the EPA-estimated range. FACC ¶¶ 313, 316, 319-324. But courts regularly hold that state-law claims based on the "mere disclosure—with appropriate caveats—of the estimated fuel economy" are not actionable as a matter of law. *In re Ford Fusion*, 2015 WL 7018369, at *26. As the Ninth Circuit has put it, "no misrepresentation occurs when a manufacturer merely advertises EPA estimates." *Gray v. Toyota Motor Sales, USA, Inc.*, 554 F. App'x 608, 609 (9th Cir. 2014); *see also*, *e.g.*, *Gray v. Toyota Motor Sales, USA*, 2012 WL 313703, at *6 (C.D. Cal. Jan. 23, 2012)), *aff'd sub nom. Gray*, 554 F. App'x at 609; *Brett v. Toyota Motor Sales, U.S.A., Inc.*, 2008 WL 4329876, at *7 (M.D. Fla. Sept. 15, 2008). Relatedly, "GM's . . . explicit disclaimer" that the "vehicle owner's 'range may be less' than the EPA mileage estimate" confirms that there is no misrepresentation as a matter of law. *Acedo v. DMAX, Ltd.*, 2015 WL 12696176, at *12 (C.D. Cal. Nov. 13, 2015). As the exhibits attached to the complaint confirm, GM included these caveats, stating, for example, "[y]our actual range may vary based on several factors, including temperature, terrain, and driving technique." *See* Ex. AH (ECF No. 27-35, PageID.1785); FACC Exs. AI-AK (ECF No. 27-36–38); FACC Ex. AM (ECF No. 27-40).

Second, plaintiffs rely on a 2016 *Car and Driver* article describing a 240-mile

test drive. FACC ¶ 316; Ex. AB (ECF No. 27-29, PageID.1707). Plaintiffs' reliance on the article is misplaced for the obvious reason that it is not a representation attributable to GM: a journalist from *Car and Driver*—a magazine independent from GM—wrote it. Moreover, plaintiffs' allegations about the article fail to support a claim for the same reason as their other allegations about the EPA-estimated 238 miles of range: advertisements or other disclosures of the EPA-estimated range are not actionable. In fact, the article notes that the vehicle "has been officially certified *by the EPA* at 238 miles," and caveats that the test driver's trip was dependent upon factors such as driving style and weather. Ex. AB (PageID.1707) (emphasis added). Finally, no plaintiff alleges actually reading the article. For all of these reasons, the *Car and Driver* article cannot support plaintiffs' misrepresentation claims.

Third, plaintiffs quote a handful of pre-release statements describing the Bolt as *designed* to offer 200 miles of range. FACC ¶¶ 305-306, 319. They also allege that on or around October 31, 2019, an engineer said that GM "engineered the battery system so that you can charge to 100% and maximize range. If you want maximum range, charge to 100%." FACC ¶ 358. Yet the complaint fails to allege how these statements are inherently misleading, because they are not: the sources made clear that the 200-mile range was a preliminary estimate, the system is designed to be fully charged, and charging to 100% will maximize range. *See*, *e.g.*, Ex. M (PageID.1578). Plaintiffs also cannot sufficiently allege that the statements

19

were misleading *when made*: As explained above (pages 11-17, *supra*), GM was not aware of the risk of fire from a fully-charged battery at those times.

In short, plaintiffs fail to identify a single actionable misrepresentation, and so the Court should dismiss their misrepresentation-based fraud and consumer-protection claims (note 12, *supra*).

### 2. Plaintiffs do not allege with particularity the purported misrepresentations on which they relied

To assert misrepresentation-based claims, plaintiffs not only must identify the content of the allegedly false representations and why they were false or misleading when made, but *also* must specify which representation each plaintiff relied upon or that caused that plaintiff's injury.[13] Here, plaintiffs have largely failed to do so.

---

[13] *See* **AZ:** *Hevey v. Ford Motor Co.*, 2013 WL 4496255, at *4 (E.D. Mich. Aug. 21, 2013); **CA:** *Sud v. Costco Wholesale Corp.*, 229 F. Supp. 3d 1075, 1084 (N.D. Cal. 2017), *aff'd*, 731 F. App'x 719 (9th Cir. 2018); *Resnick v. Hyundai Motor Am., Inc.*, 2017 WL 6549931, at *17 (C.D. Cal. Aug. 21, 2017) **FL:** *Resnick*, 2017 WL 6549931, at *18 (applying Florida law); **GA:** *Amin v. Mercedes-Benz USA, LLC*, 301 F. Supp. 3d 1277, 1289 (N.D. Ga. 2018); **IL:** *In re Sears, Roebuck & Co. Tools Mktg. & Sales Practices Litig.*, 2009 WL 937256, at *6 (N.D. Ill. Apr. 6, 2009); *Miller*, 762 N.E.2d at 14; *Baldwin v. Star Sci., Inc.*, 78 F. Supp. 3d 724, 738 (N.D. Ill. 2015); **KS:** *M.F. v. ADT, Inc.*, 357 F. Supp. 3d 1116, 1137-38 (D. Kan. 2018); **MA:** *Tyler v. Michaels Stores, Inc.*, 984 N.E.2d 737, 745 (Mass. 2013); *Cf. O'Hara v. Diageo-Guinness, USA, Inc.*, 306 F. Supp. 3d 441, 461, 463 (D. Mass. 2018), *on reconsideration*, 370 F. Supp. 3d 204 (D. Mass. 2019); **MI:** *Derbabian v. Bank of Am., N.A.*, 587 F. App'x 949, 953 (6th Cir. 2014); **NY:** *Wright v. Publishers Clearing House, Inc.*, 372 F. Supp. 3d 61, 67 (E.D.N.Y. 2019); *Cummings v. FCA US LLC*, 401 F. Supp. 3d 288, 304-05 (N.D.N.Y. 2019); *Dash v. Seagate Tech. (U.S.) Holdings, Inc.*, 27 F. Supp. 3d 356, 361 (E.D.N.Y. 2014); **OR:** *Pearson v. Philip Morris, Inc*., 361 P.3d 3, 27-28 (Or. 2015); *Martell v. Gen. Motors LLC*, 492 F. Supp. 3d 1131, 1141, 1146 (D. Or. 2020); **TX:** *Simpson v. Woodbridge*

It is established that "where the complaint only states a conclusion that actual reliance existed and is void of any allegations that anyone actually read any of the misleading statements or knew of their existence, such an allegation fails the particularity requirement of Rule 9(b)." *In re Gen. Motors Corp. Anti-Lock Brake Prod. Liab. Litig.*, 966 F. Supp. 1525, 1535 (E.D. Mo. 1997), *aff'd sub nom. Briehl v. Gen. Motors Corp.*, 172 F.3d 623 (8th Cir. 1999) (dismissing claims where "plaintiffs do not state which statements each of them relied on").

Courts, including in this District, have routinely dismissed fraud or consumer protection claims when, as here, "Plaintiffs fail to identify the representation(s) . . . on which they allegedly relied with any specificity." *In re Ford Motor Co. Speed Control Deactivation Switch Prod. Liab. Litig.*, 2007 WL 2421480, at *9 (E.D. Mich. Aug. 24, 2007); *see also, e.g.*, *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (dismissing CLRA and UCL claims for failure to "specify when [the plaintiff] was exposed to" the alleged representations or "which sales material he relied upon"). A plaintiff who was never exposed to the challenged statements cannot plausibly allege reliance (or causation under Rule 8, *see, e.g.*, *Gale v. Int'l. Bus. Machs. Corp.*, 781 N.Y.S.2d 45, 47 (App. Div. 2004)).

---

*Properties, LLC*, 153 S.W.3d 682, 684 (Tex. App. 2004); **VA:** *Fravel v. Ford Motor Co.*, 973 F. Supp. 2d 651, 658 (W.D. Va. 2013); **WA:** *Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 924 (N.D. Cal. 2012); **WI:** *Moscinski v. Bristol-Myers Squibb Co.*, 2009 WL 5216962, at *8 (D.N.J. Dec. 30, 2009) (applying Wisconsin law); *Valenti v. Hewlett Packard Co.*, 2004 WL 1277490, at *1 (Wis. Ct. App. 2004).

Here, all but the 5 plaintiffs listed below never allege personally encountering or relying on *any* specific GM representation. That failure means that their misrepresentation-based claims cannot satisfy these standards. The complaint's "Factual Allegations" section describes various advertisements and articles regarding the Bolt's range and battery power, but it does not say that *any* plaintiff even viewed, let alone relied, on any of them. The FACC instead generally alleges that plaintiffs "made the decision to purchase the Chevrolet Bolt after considering GM's representations about the vehicle, including the reported 238-mile [or 259-mile] range." *See* FACC ¶¶ 29, 36, 44, 52, 60, 69, 76, 82, 90, 98, 112, 120, 132, 139, 147, 155, 164, 173, 181, 189, 198, 205, 221, 230, 240, 248, 259, 266, 274; *see also* FACC ¶¶ 212-13 (alleging only that plaintiff Smith purchased a Bolt, without any allegations about reliance). But this type of general pleading is insufficient, especially because the timing and reach of the representations cited in the complaint vary. For example, at least one asserted representation was made by a local dealer from which *no* plaintiff is alleged to have purchased a vehicle. Ex. AI (PageID.1799-1806) (Dublin Chevrolet).

The claims of the five plaintiffs who do attempt to identify a specific representation on which they relied also fail. Plaintiff Chung alleges that prior to leasing her 2019 Bolt on September 10, 2020, a sales representative said she "should charge [her] vehicle to maximum capacity." FACC ¶ 77. Plaintiffs Dornetto and

Ives allege that "GM reassured [them] that the newest fleet of Bolt Vehicles were unaffected by the Defect" on June 3, 2021, before they traded in their 2017 Bolt for a 2022 Bolt. FACC ¶ 125. And plaintiffs Janet and Edward Rock allege that, before they purchased their 2021 Bolt on April 8, 2021, they were "specifically assured that the batteries in their Bolt were NOT affected by the recall covering 2017-2019 Bolts," FACC ¶¶ 197-99. But as explained above (at pages 11-17), plaintiffs have not plausibly alleged that these were knowingly false representations *when made*. That is dispositive.

### C. Plaintiffs' New York GBL § 349 and Texas DTPA claims must be dismissed under those states' strict manifestation requirements

Both New York and Texas law require a manifested defect for a plaintiff to recover on any claim under GBL § 349 and the Texas DTPA, and for common law fraud. *In re Gen. Motors LLC Ignition Switch Litig.*, 257 F. Supp. 3d at 429, 452 (S.D.N.Y. 2017) (GBL § 349 and Texas DTPA); *Frank v. DaimlerChrysler Corp.*, 741 N.Y.S.2d 9, 14-15 (2002) (GBL § 349); *Weaver v. Chrysler Corp.*, 172 F.R.D. 96, 98, 100 (S.D.N.Y. 1997) (New York common-law fraud); *Tracker Marine, L.P. v. Ogle*, 108 S.W.3d 349, 362 (Tex. App. 2003) (noting Texas courts have rejected claims "for fear of future injury to property" (citing *City of Tyler v. Likes*, 962 S.W.2d 489, 500 (Tex. 1997)). Neither the New York plaintiff Kotchmar nor Texas plaintiffs Barrett, the Rocks, and Vaaler allege that they experienced a battery fire or that GM's diagnostic software detected any abnormalities in their batteries. The

Court should dismiss Counts 51, 55, 62, and 65.

> **D.   Certain Plaintiffs' Common-Law Fraud Claims Fail For Additional Reasons**
>
> > **1.   Plaintiffs fail to establish a duty to disclose under Michigan, Texas, and Wisconsin law**

**Michigan.** In Michigan, allegations "that the seller knew there was a hidden defect and that the purchaser had no knowledge of it" are insufficient to establish a duty to disclose. *In re Gen. Motors LLC Ignition Switch Litig.*, 257 F. Supp. 3d at 424 (quoting *M&D, Inc.v .W.B. McConkey*, 585 N.W.2d 33, 39 (Mich. Ct. App. 1998)). Instead, "Michigan courts effectively require proof of 'statements by the vendor that were made in response to a *specific inquiry* by the purchaser, which statements were in some way incomplete or misleading.'" *Id.*; *see also, e.g.*, *MacDonald v. Thomas M. Cooley Law School*, 724 F.3d 654, 665 (6th Cir. 2013); *Matanky*, 370 F. Supp. 3d at 794. The Holbrooks' failure to allege "that they made any inquiries directly to [] GM regarding the safety of their vehicles or the existence of any potential defects" therefore "dooms" their fraud by concealment claim under Michigan law (Count 49). *In re GM LLC Ignition Switch*, 257 F. Supp. 3d at 425.

**Texas.** "Texas law does not recognize an independent cause of action for fraudulent concealment." *In re Subaru Battery Drain Prod. Liab. Litig.*, 2021 WL 1207791, at *30 (D.N.J. Mar. 31, 2021); *Rozell v. Kaye*, 197 F. Supp. 733, 735 (S.D. Tex. 1961) ("fraudulent concealment does not constitute a new and separate cause

of action in itself"). Thus, Count 65 must be dismissed. *Gordon v. Sig Sauer, Inc.*, 2019 WL 4572799, at *16 (S.D. Tex. Sept. 20, 2019).

**Wisconsin.** "Wisconsin does not recognize a common law duty to disclose in commercial transactions." *Naparala v. Pella Corp.*, 153 F. Supp. 3d 884, 892-93 (D.S.C. 2015) (noting that the Wisconsin Supreme Court in *Tietsworth v. Harley-Davidson, Inc.*, 677 N.W.2d 233, 239 (Wis. 2004), declined to decide whether the duty to disclose extends to sales of consumer goods, and explaining that, "sitting in diversity, a federal court should not create or expand a State's public policy" (citation omitted)). Thus, plaintiffs' Wisconsin fraud-by-concealment claim (Count 80) also fails.

### 2.    The economic loss doctrine bars common-law fraud claims under certain states' laws

The economic loss doctrine limits a contracting party to contractual remedies for the recovery of economic losses unaccompanied by physical injury to persons or other property; it precludes tort-based claims in those circumstances. Here, that doctrine bars fraud claims asserted under the laws of Arizona, California, Florida, Illinois, Michigan, New York, Texas, and Wisconsin. [14] Plaintiffs' theory of

---

[14] *See Barrio v. Gisa Invs. LLC*, 2020 WL 6081495, at *2 (D. Ariz. Oct. 15, 2020); *Del Mar Land Partners, LLC v. Stanley Consultants, Inc.*, 2012 WL 1019066, at *3 (D. Ariz. Mar. 26, 2012); *In re Subaru Battery Drain Prod. Liab. Litig.*, 2021 WL 1207791, at *30 (D.N.J. Mar. 31, 2021) (CA, FL, and IL); *Chapman*, 531 F. Supp. 3d at 1297 (CA and MI); *Robinson v. Gen. Motors LLC*, 2021 WL 3036353, at *11 (D. Del. July 19, 2021) (FL, MI, TX, and NY); *In re: Gen. Motors LLC Ignition*

damages is purely economic—they allege that GM's alleged fraud resulted in the loss of the "benefit of the bargain" and "overpayment." FACC ¶¶ 512, 610, 667, 804, 980, 1040, 1163, 1329. Accordingly, because plaintiffs have alleged only economic loss, not personal injury or damage to other property, the Court should dismiss their fraud claims (Counts 9, 18, 22, 34, 49, 55 65, 80).

### 3. Choice-of-law rules bar two plaintiffs' fraud claims

Plaintiffs Hickey and Kuchar bring fraudulent concealment claims under the laws of their states of residence (Illinois and Arizona, respectively) *and* the states in which they allegedly purchased their Bolts (Kansas and California). FACC ¶¶ 137-38, 752, 796, 856 (Hickey); *id.* ¶¶ 179-80, 464, 502, 520, 602 (Kuchar). Under Michigan's choice-of-law principles,[15] however, only the law of the states in which these plaintiffs reside governs their fraud claims, because if they were exposed to GM's supposed deception at all, it would have been in those states. *See Withrow v. FCA US LLC*, 2021 WL 2529847, at *12 (E.D. Mich. June 21, 2021). Thus, Count 18 (California law) must be dismissed as to Kuchar, and, because it is brought only

---

*Switch Litig.*, 2016 WL 3920353, at *28 (S.D.N.Y. July 15, 2016) (FL); *Pinon v. Daimler AG*, 2019 WL 11648560, at *16 (N.D. Ga. Nov. 4, 2019) (FL); *TIBCO Software, Inc. v. Gordon Food Serv., Inc.*, 2003 WL 21683850, at *3-5 (W.D. Mich. July 3, 2003); *Orlando v. Novurania of Am., Inc.*, 162 F. Supp. 2d 220, 226 (S.D.N.Y. 2001); *Heil Co. v. Polar Corp.*, 191 S.W.3d 805, 815 (Tex. App. 2006); *Martin v. LG Elecs. USA, Inc.*, 2015 WL 1486517, at *5 (W.D. Wis. March 31, 2015); *Tietsworth*, 677 N.W. 2d at 241, 244.

[15] A more complete choice-of-law analysis is provided in GM's concurrently filed motion to strike.

by Hickey, Count 39 (Kansas law) must be dismissed in full.

### E.   The Consumer-Protection Claims Of Certain Plaintiffs Fail For Additional Reasons

#### 1.   Several states' consumer protection statutes exempt motor vehicle sales

As this Court recently recognized, Michigan's consumer protection statute "contains a broad exception: it does not apply to any transactions or conduct 'specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of [Michigan] or the United States." *Chapman*, 531 F. Supp. 3d at 1301 (citing Mich. Comp. Laws § 445.904(1)). "[T]he extensive regulatory and licensing framework of the automotive industry under state and federal law explicitly sanctions the manufacture, sale, and lease of automobiles." *Cyr v. Ford Motor Co.*, 2019 WL 7206100, at *3 (Mich. Ct. App. Dec. 26, 2019). Thus, "automobile sales . . . qualify for the MCPA exception" and plaintiffs' MCPA claim (Count 46) must be dismissed. *Chapman*, 531 F. Supp. 3d at 1302 (citing *Cyr*, 2019 WL 7206100, at *1-3); *accord, e.g.*, *Matanky*, 370 F. Supp. 3d at 799.

In fact, as described more fully in LG Michigan's motion, Judge Cox recently held that all consumer-protection statutes that "closely track[] the scheme in Michigan that provides an exemption for automobile sales" should be interpreted in line with the MCPA. *Gant v. Ford*, 517 F. Supp. 3d 707, 719-20 (E.D. Mich. 2021). Because the Arizona CFA, Florida UDTPA, Georgia FBPA, Illinois CFA,

Massachusetts Act, and Virginia CPA each exempt conduct that is permitted, authorized or required by state or federal law, they should likewise be read as exempting claims based on the manufacture, sale and advertisement of automobiles, and Counts 6, 19, 24, 30, 41, and 67 should be dismissed.

### 2. Plaintiffs cannot pursue claims for equitable relief because they have adequate legal remedies

Plaintiffs cannot pursue equitable relief because they do not allege that they lack adequate remedies at law. To the contrary, plaintiffs seek damages for the same alleged conduct via their breach of warranty, fraud, and consumer-protection claims.

The Ninth Circuit's recent decision in *Sonner v. Premier Nutrition Corporation*, 971 F.3d 834 (9th Cir. 2020) is highly persuasive. In *Sonner*, the plaintiff sought equitable relief under California's UCL and CLRA, in addition to a claim for damages under the CLRA that the plaintiff later voluntarily dismissed. *Id.* at 844. The Ninth Circuit held that a federal court applying any state law claim remains restricted by "the traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies." *Id.* (citing *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 105-06 (1945)). The Ninth Circuit accordingly dismissed the plaintiffs' equitable UCL and CLRA claims, because their abandoned CLRA damages claim was an adequate remedy at law. *Id.*

Courts outside the Ninth Circuit have applied *Sonner*'s reasoning. *See In re Subaru Battery Drain Prods. Liab. Litig.*, 2021 WL 1207791, at *28; *Marin v. Wells*

28

*Fargo, N.A.,* 2021 WL 5049111, at *7 (D.S.D. Sept. 27, 2021). Neither the Sixth Circuit nor any other court of appeals has adopted a different view. Those courts that have applied *Sonner* have held that it bars claims for restitution and injunctive relief brought under state laws when the plaintiff fails to allege that there is no adequate remedy at law.[16]

Here, as in *Sonner*, "the operative complaint does not allege that [plaintiffs] lack[] an adequate legal remedy." 971 F.3d at 844. Quite the opposite: Plaintiffs allege that they have adequate remedies at law, as they are pursuing breach of warranty, fraud, and consumer protection damages claims for the same alleged harm. Thus, their state-law claims seeking equitable relief fail.[17]

### 3. Plaintiffs cannot seek injunctive relief

A number of plaintiffs seek "an order enjoining" GM's alleged "unfair, unlawful, and/or deceptive practices," under the CLRA, Florida UDTPA, Georgia

---

[16] *Drake v. Toyota Motor Corp.*, 2021 WL 2024860, at *7 (C.D. Cal. May 17, 2021) (dismissing requests for equitable relief under the CLRA, UCL, and the Illinois UDTPA); *Clark v. Am. Honda Motor Co.*, 2021 WL 1186338, at *7-9 (C.D. Cal. Mar. 25, 2021) (applying *Sonner* to bar claims for restitution and injunctive relief under the UCL and CLRA); *Sharma v. Volkswagen AG*, 524 F. Supp. 3d 891, 907 (N.D. Cal. 2021) (same); *Gibson v. Jaguar Land Rover North America, LLC*, 2020 WL 5492990, at *4 (C.D. Cal. Sept. 9, 2020) (same); *see also In re Juul Labs, Inc., Antitrust Litig.*, 2021 WL 3675208, at *23 (N.D. Cal. Aug. 19, 2021) (applying *Sonner* to equitable "unjust enrichment claims under California, Massachusetts, Michigan, and New York law").

[17] Counts 11, 12, 13, 19, 24, 25, 31, 36, 41, 49, 57, 60, 62, 70, 72, and 75.

FBPA and UDTPA, Illinois UDTPA, Kansas CPA, Massachusetts Act, Oregon UTPA, Texas DTPA, and Washington CPA (Counts 11, 19, 24, 25, 31, 36, 41, 57, 62, and 72). But to state a claim seeking injunctive relief, plaintiffs must allege a likelihood of future harm. "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974); *Hange v. City of Mansfield, Ohio*, 257 F. App'x 887, 892 (6th Cir. 2007) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)).[18]

Plaintiffs have not adequately alleged a likelihood of future harm from GM's alleged unfair and deceptive practices, *i.e.* the alleged failure to disclose the defective battery. They make no attempt to do so in connection with their CLRA and Oregon UDTPA claims. FACC ¶¶ 532, 1058. Plaintiffs otherwise make only the conclusory allegation that GM's "violations present a continuing risk" or "continue[] to occur." FACC ¶¶ 625, 685, 701, 771-773, 823, 885, 1115, 1237. That is not enough. "[A]fter having already purchased the product at issue, 'deceptive

---

[18] *Huu Nguyen v. Nissan N. Am., Inc.*, 2017 WL 1330602, at *5 (N.D. Cal. Apr. 11, 2017); *Cox v. Porsche Fin. Servs., Inc.*, 337 F.R.D. 426, 434 (S.D. Fla. 2020); *In re Monat Hair Care Prod. Mktg., Sales Pracs., & Prod. Liab. Litig.*, 2019 WL 5423457, at *5 (S.D. Fla. Oct. 23, 2019); *Matanky*, 370 F. Supp. 3d at 801; *Sabo v. Wellpet, LLC*, 250 F. Supp. 3d 332, 337 (N.D. Ill. 2017); *Clark v. Lynch*, 213 F. Supp. 3d 1347, 1352–53 (D. Kan. 2016); *O'Hara v. Diageo-Guinness, USA, Inc.*, 306 F. Supp. 3d 441, 466 (D. Mass. 2018) (reconsideration allowed on other grounds); *J.M. v. Major*, 2018 WL 7104882, at *4 (D. Or. 2018); *Dragoslavic v. Ace Hardware Corp.*, 274 F. Supp. 3d 578, 583 (E.D. Tex. 2017).

trade practices' [can] not cause future harm." *Chapman*, 531 F. Supp. 3d at 1274, n.3 (citing *Matanky*, 370 F. Supp. 3d at 801–02). Here, each plaintiff has "already bought" a Bolt and at minimum is "now aware of the alleged defect," so they cannot sufficiently allege that they are "likely to be damaged again" by the challenged disclosures or omissions. *Matanky*, 370 F. Supp. 3d at 801 (quotation marks omitted); *see also, e.g.*, *Garcia v. Chrysler Grp. LLC*, 127 F. Supp. 3d 212, 238 (S.D.N.Y. 2015); *Johnson v. Jos. A. Bank Clothiers, Inc.*, 2015 WL 12698066 (S.D. Ohio June 9, 2015). And "an injunction would not prevent the reoccurrence" of any "ongoing or future harm" arising from plaintiffs' *prior* purchase of a Bolt; any such harm would be "the result of GM's previous" conduct. *Matanky*, 370 F. Supp. 3d at 801. Thus, plaintiffs cannot obtain injunctive relief targeted at GM's disclosures.

### 4.    Plaintiffs' Illinois UDTPA Claim is legally barred

Plaintiffs cannot seek damages, FACC ¶ 773, because the Illinois UDTPA provides for only injunctive relief. *Chicago's Pizza, Inc. v. Chicago's Pizza Franchise Ltd. USA*, 893 N.E.2d 981, 996 (Ill. App. 2008); *Yeager v. Innovus Pharms., Inc.*, 2019 WL 447743, at *7 (N.D. Ill. Feb. 5, 2019). And for the reasons just discussed (pages 28-31, *supra*), plaintiffs cannot obtain injunctive relief. *Drake*, 2021 WL 2024860, at *7 (dismissing requests for equitable relief under the Illinois UDTPA).The UDTPA claim (Count 31) therefore must be dismissed.

### 5. Plaintiff Strong's Georgia UDTPA Claim is legally barred

Plaintiff Strong cannot seek damages under Georgia's UDTPA (FACC ¶ 704), because "[i]njunctive relief is the only remedy available." *Matanky*, 370 F. Supp. 3d at 800 (citing *Bolinger v. First Mulitple Listing Serv., Inc.*, 838 F. Supp. 2d 1340, 1364 (N.D. Ga. 2012); Ga. Code § 10-1-373(a)). And Strong cannot obtain injunctive relief under the statute because she has not alleged a likelihood of future harm. *See Terrill v. Electrolux Home Prods., Inc.*, 753 F. Supp. 2d 1272, 1291-92 (S.D. Ga. 2010). For the reasons just discussed, Strong's conclusory allegation that GM's "violations present a continuing risk," FACC ¶ 701, in insufficient to support a claim for injunctive relief. *Matanky*, 370 F. Supp. 3d at 801; *Garcia*, 127 F. Supp. 3d at 238. Thus, Strong's Georgia UDTPA claim (Count 25) fails.

### 6. The Georgia FBPA and Virginia CPA claims are barred as a matter of law

As this Court explained in *Chapman*, the Georgia FBPA "do[es] not allow state consumer protection claims to be brought as part of a class action lawsuit," and this bar is "best understood as a substantive policy choice" that is not displaced by federal Rule 23. *Chapman*, 531 F. Supp. 3d at 1301; *see also Matanky*, 370 F. Supp. 3d at 798-99 (same); *Danielkiewicz v. Whirlpool Corp.*, 426 F. Supp. 3d 426, 438 (E.D. Mich. 2019) (same). Judge Murphy recently held that class VCPA claims are barred for similar reasons. *Flores v. FCA*, 2021 WL 1122216, *18-22 (E.D. Mich. 2021). Thus, the Court should dismiss the Georgia FBPA claim (Count 24) as it did

in *Chapman*, as well as the VCPA claim (Count 67).

## II.   The Court Should Dismiss Plaintiffs' State-Law Breach Of Warranty Claims and Federal Magnuson-Moss Warranty Act Claims

Plaintiffs' express and implied warranty claims fail for several reasons.

### A.   The Court Should Dismiss Plaintiffs' Express Warranty Claims For Failure To Allege Breach Of Any Applicable Warranty

Plaintiffs' express-warranty claims[19] fail because plaintiffs have not alleged any representation-based warranty other than the Limited Warranty and have not plausibly alleged that GM breached the terms of that warranty.

#### 1.   Plaintiffs have not adequately alleged any representation-based warranty

Plaintiffs' attempt to plead a warranty-by-representation claim[20] fails because they have not plausibly alleged that GM "made an affirmation of fact or promise or provided a description of its good" that "formed part of the basis of the bargain." *Clark*, 2021 WL 1186338, at *6; *Beck v. FCA US LLC*, 273 F. Supp. 3d 735, 758 (E.D. Mich. 2017).

In every state at issue but Virginia, a marketing or advertising representation can form "the basis of the bargain" only if the plaintiff relied at least to some extent

---

[19] Counts 7, 14, 16, 20, 26, 32, 37, 42, 47, 53, 58, 63, 68, 73, and 78.

[20] FACC ¶¶ 484, 558, 589, 637, 712, 780, 834, 895, 954, 1013, 1128, 1067, 1195, 1298.

on the statement.[21] Here, however, plaintiffs allege only that they considered "the reported 238-mile range." *See e.g.*, FACC ¶ 81. Statements about the EPA-estimated range do not create a warranty as a matter of federal law. Congress specifically provided that "disclosure about fuel economy or estimated annual fuel costs under this section does not establish a warranty under a law of the United States or a State." 49 U.S.C. § 32908(d).  For good reason.  EPA-estimates are merely that: estimates. They are the results of specific tests to approximate the range or fuel economy of the vehicle under specific conditions.[22] That is why Congress provided that they are not warranties, and why courts routinely hold that warranty claims based on advertising of EPA estimates cannot proceed.[23] And as explained above, pages 18–20, *supra*, plaintiffs have not alleged—nor could they—that GM has made

---

[21] *See, e.g.*, *Clark*, 2021 WL 1186338, at *1, 6, 11 (AZ, CA, FL, GA, IL, MA, NY, TX, and WI); *Flaherty v. CNH Indus. Am., LLC*, 56 Kan. App. 2d 1317, 1343 (2019); *Berg v. Invacare Corp.*, 2020 WL 8408966, at *2 (E.D. Mich. Feb. 25, 2020); *CHMM, LLC v. Freeman Marine Equip., Inc.*, 2013 WL 3025137, at *3 (D. Or. June 14, 2013); *Burrows v. 3M Company*, 2021 WL 1171999, at *10 (W.D. Wash. March 29, 2021).

[22] The EPA explains this on its website: "Note: The EPA estimates, including EV range, are meant to be a general guideline for consumers when comparing vehicles. Just like 'your mileage may vary' for gasoline vehicles, your range will vary for EVs." EPA, Explaining Electric & Plug-In Hybrid Electric Vehicles, https://www.epa.gov/greenvehicles/explaining-electric-plug-in-hybrid-electric-vehicles (last visited December 16, 2021) (Ex. 12).

[23] *See, e.g.*, *Paduano v. Am. Honda Motor Co.*, 169 Cal. App. 4th 1453, 1467 (2009); *Gentry v. Hyundai Motor Am., Inc.*, 2017 WL 354251, at *5 (W.D. Va. Jan. 23, 2017).

statements that go "beyond" the mere disclosure of the EPA-estimated range. Plaintiffs otherwise identify no "specific and measurable" statements, and it is well-established that "[g]eneralized, vague, and unspecified assertions constitute 'mere puffery' upon which a reasonable consumer could not rely, and hence are not actionable." *Clark*, 2021 WL 1186338, at *6; *Beck*, 273 F. Supp. 3d at 750.

Accordingly, plaintiffs do not identify any representation-based warranty. And as next discussed, they do not plausibly allege that GM has breached the terms of its express Limited Warranty.

### 2.     Plaintiffs have not adequately alleged a breach of the Limited Warranty

None of the plaintiffs have pled viable claims for breach of the terms of GM's 8-year/100,000 mile Limited Warranty.

***First***, the Limited Warranty "covers repairs to correct any vehicle defect . . . occurring during the warranty period," which is "8 years or 100,000 miles, whichever comes first."  Exs. 3-6 at 4, 13; Ex. 7 at 4, 11; Ex. 8 at 5, 7. Every plaintiffs' warranty claim must be dismissed simply because they fail to allege "the mileage on their vehicles at the time of presentment." *Wozniak*, 2019 WL 108845, at *2; *Miller*, 2018 WL 2740240, at *6; *In re Gen. Motors Air Conditioning Mktg. and Sales Pracs. Litig.*, 406 F. Supp. 3d 618, 628 (E.D. Mich. 2019); *Knopke v. Ford Motor Co.*, 2014 WL 5817326, at *4 (D. Kan. Nov. 10, 2014); *Darne v. Ford Motor Co.*, 2017 WL 3836586, at *6 (N.D. Ill. Sept. 1, 2017). Although plaintiffs

attempt to allege that these durational limitations are unconscionable (FACC ¶¶ 488, 562, 641, 716, 784, 838, 899, 1017, 1071, 1139, 1199, 1302), courts in this District have consistently rejected similar arguments. *See*, *e.g.*, *Roe v. Ford Motor Co.*, 2021 WL 2529825, at *16 (E.D. Mich. June 21, 2021); *In re Gen. Motors Air Conditioning Mktg. & Sales Pracs. Litig.*, 406 F. Supp. 3d at 629-30; *Rivera v. Ford Motor Co.*, 2017 WL 3485815, at *3 (E.D. Mich. Aug. 15, 2017). Thus, plaintiffs fail to allege breach and their express warranty claims fail (note 19, *supra*).

**Second**, some plaintiffs cannot allege breach of warranty because they fail to allege that they presented their vehicles for repair. The Limited Warranty provides that customers must "take the vehicle to a Chevrolet dealer facility within the warranty period and request the needed repairs." Exs. 3-7 at 4; Ex. 8 at 5. Several plaintiffs—Altobelli, Barrett, Cannon, Connelly, Harris and Duprez, the Rocks, and Taylor—do not allege that they ever brought their vehicles in to a dealership for inspection or repair. FACC ¶¶ 32, 48, 56, 86, 108, 135, 201, 244. These plaintiffs have not alleged presentment, and therefore they cannot bring a warranty claim.[24]

These plaintiffs cannot cure this deficiency by arguing that it would have been

---

[24] *See* **AZ** (Altobelli): *McCracken v. Thor Motor Coach Inc.*, 2015 WL 13566934, at *4 (D. Ariz. 2015); **CA** (Cannon & Connelly): *McCabe v. Daimler AG*, 948 F. Supp. 2d 1347, 1354-59 (N.D. Ga., 2013) *Beck*, 273 F. Supp. 3d at 758; MA (Harris & Duprez): *Costa v. FCA US LLC*, 2021 WL 2338963, at *12 (D. Mass. June 8, 2021); **OR** (Taylor): *Allan v. Guaranty RV Ctrs.*, 2006 WL 1050548, at *4 (D. Or., Apr. 15, 2006); **TX** (Barrett & the Rocks): *McCabe*, 948 F. Supp. 2d at 1354-59; *Becker v. Continental Motors, Inc.*, 709 F. App'x 263, 267 (5th Cir. 2017).

futile to give GM an opportunity to repair their vehicle. Courts have routinely rejected any "futility exception" to the presentation requirement. *In re MyFord Touch Consumer Litig.*, 46 F. Supp. 3d 936, 970-71 (N.D. Cal. May 30, 2014).[25] Plaintiffs do not allege futility beyond conclusory terms, and thus come nowhere close to meeting the "heavy" burden required to plead it. *In re Toyota RAV4 Hybrid Fuel Tank Litig.*, 2021 WL 1338949, at *9 n.9 (N.D. Cal. Apr. 16, 2021). The Court therefore should dismiss Counts 7, 14, 16, 42, 58, and 63 as to these plaintiffs.

***Third***, "[p]erformance of repairs and needed adjustments is the *exclusive* remedy under this written warranty" (Exs. 3-6, 8 at 13; Ex. 7 at 11) (emphasis added), and "[r]easonable time must be allowed for the dealer to perform necessary repairs" (Ex. 3-7 at 4; Ex. 8 at 5). No plaintiff alleges that GM has refused to repair their vehicles or improperly charged them for repairs. To the contrary, GM has worked in good faith to provide repairs and needed adjustments for the batteries since it first learned of the potential defect. In less than one year and after just one other repair attempt, GM identified the root cause of the issue. And as of mid-October, GM began providing replacement battery modules at no cost and with an

---

[25] *Snyder v. TAMKO Building Prods.*, 2019 WL 4747950, at *4 (E.D. Cal. Sept. 30, 2019); *Taliaferro v. Samsung Telecomms. Am., LLC*, 2012 WL 169704, at *3-7 (N.D. Tex. Jan. 19, 2012); *Gregorio*, 522 F. Supp. 3d at 289; *Cheng v. BMW of N. Am., LLC*, 2013 WL 12133886, at *4 (C.D. Cal. Apr. 12, 2013); *In re Toyota Motor Corp.*, 790 F. Supp. 2d 1152, 1174 (C.D. Cal. 2011); *Stockinger v. Toyota Motor Sales USA Inc.*, 2017 WL 10574372, at *7 (C.D. Cal. July 7, 2017).

extended battery warranty. For this additional reason, no plaintiff adequately alleged breach and their express warranty claims must be dismissed (note 19, *supra*).

Plaintiffs' conclusory allegations that GM failed to restore the vehicles "to their advertised qualities within a reasonable time" do not suffice to show that the Limited Warranty failed its essential purpose. FACC ¶¶ 486, 560, 639, 714, 782, 836, 897, 1015, 1069, 1197, 1300. In California, Florida, Illinois, New York, Virginia, and Texas, "a warranty fails of its essential purpose only after the vehicle has been presented for repair *several* times." *Clark*, 2021 WL 1186338, at *5 (emphasis added).[26] None of the plaintiffs alleges bringing his or her vehicle in "several times" for repairs. The most any plaintiff from any of these states alleges is that he or she brought the vehicle to a GM dealer *once*, to install software to limit the battery charge capacity. FACC ¶¶ 94, 102, 108, 123-124, 168, 175-76, 185, 209, 225, 251, 262, 277-78. This is insufficient under applicable law.

In Georgia, "an express warranty only fails of its essential purpose where it

---

[26] *See Roe*, 2019 WL 3564589, at *11; *see also* **CA:** *Philippine Nat'l Oil Co. v. Garrett Corp.*, 724 F.2d 803, 808 (9th Cir. 1984); *Snyder v. TAMKO Building Prods.*, 2019 WL 4747950, at *4 (E.D. Cal. Sep. 30, 2019); **FL:** *David v. American Suzuki Motor Corp.*, 629 F. Supp. 2d 1309, 1319 n. 11 (S.D. Fla. 2009); **IL/NY:** *In re Seagate Technology LLC Litigation*, 233 F. Supp. 3d 776, 783–84 (N.D. Cal. 2017) (two repair attempts not enough under California, Florida, Illinois, and New York law); **TX:** *Ross Neely Sys., Inc. v. Navistar, Inc.*, 2015 WL 12939110, at *2 (N.D. Tex. May 28, 2015); **VA:** *Beausoleil v. Peterbilt Motors Co.*, 2010 WL 2365567, at *3 (E.D. Va. June 11, 2010) (finding failure of essential purpose where defendant failed to repair vehicle after seven attempts).

leaves a plaintiff with either no remedy or one illusory in nature." *Atl. Waste Servs., Inc. v. Mack Trucks, Inc.*, 2016 WL 1248942, at *5 (S.D. Ga. Mar. 25, 2016). The "inability of a party to successfully repair a product defect" is not, by itself, sufficient to establish the failure of the warranty's essential purpose. *Id.* This is because the manufacturer may still "replace[] . . . the system in question." *Id.* Georgia plaintiff Strong has not alleged that she has given GM the opportunity to repair her vehicle, much less that GM is unwilling to make repairs. Nor could she: GM has already committed to—and indeed has begun—providing replacement batteries at no cost to consumers.

Similarly, in Arizona, Michigan, Massachusetts, and Oregon, "[t]o prove that a repair and replacement remedy failed in its essential purpose, the buyer must show that the seller was either unwilling or unable to repair the vehicle." *Miller*, 2018 WL 2740240, at *6 (citing *Boston Helicopter Charter, Inc. v. Agusta Aviation Corp.*, 767 F. Supp. 363, 373 (D. Mass. 1991); *Young v. Hessel Tractor & Equip. Co.*, 782 P.2d 164, 167 (Or. 1989); *In re MyFord Touch Consumer Litig.*, 2015 WL 5118308, at *4 (N.D. Cal. Aug. 31, 2015)). *See also Flowers-Carter v. Braun Corp.*, 2021 WL 1208973, at *26 (D. Ariz. Mar. 31, 2021). None of the plaintiffs from these states can argue that GM was "unwilling or unable" to repair their vehicles: GM voluntarily recalled the vehicles (agreeing to repair them at no cost to consumers) and has now provided for the replacement of battery modules.

Finally, in Washington, a warranty fails its essential purpose only where there are "[u]nreasonable delays in repairing or inability to adequately repair a product" subject to the warranty. *Lidstrand v. Silvercrest Indus.*, 623 P.2d 710, 714 (Wash. Ct. App. 1981). Plaintiffs have alleged no facts to establish that there was any "unreasonable delay" on the part of GM. To the contrary, GM has actively investigated the source of the problem, issued guidance on the issue multiple times, and has now provided for replacement of all of the defective battery modules.

The Court should dismiss plaintiffs' express-warranty claims (note 19, *supra*).

## B.   Some Plaintiffs' Express and Implied Warranty Claims Must Be Dismissed For Failure to Allege Pre-Suit Notice

As this Court has explained, "[i]f a court finds that no notice has been alleged, the Court will have to examine state-specific standards to determine whether that claim can still survive." *Chapman*, 531 F. Supp. 3d at 1279. Here, six of the plaintiffs—Cannon (CA), V. Corry, as to his 2021 Bolt (CA), Taylor (OR), Barrett (TX), Rock (TX), and Vaaler, as to his 2020 Bolt (TX)— do not allege that they ever contacted or otherwise provided notice to a local authorized dealer, let alone GM. FACC ¶¶ 48, 56, 108, 201, 244, 254. Instead, they filed suit first. That is improper under Texas, Oregon, and California[27] law, under which buyers must notify the

---

[27] The pre-suit notice requirement applies to the California plaintiffs' warranty claims under the UCC only, and not to their claims under the Song-Beverly Act. *Mexia v. Rinker Boat Co.*, 174 Cal. App. 4th 1297, 1307 (2009).

defendant of the alleged breach of express or implied warranty *before* bringing suit. *See, e.g.*, *Park-Kim v. Daikin Indus., Ltd.*, 2016 WL 59558251, at *20 (C.D. Cal. Aug. 3, 2016); *Parkinson v. Novartis Pharms. Corp.*, 5 F. Supp. 3d 1265, 1277 (D. Or. 2014); *McKay v. Novartis Pharms. Corp.*, 934 F. Supp. 2d 898, 914 (W.D. Tex. 2013), *aff'd sub nom. McKay v. Novartis Pharm. Corp.*, 751 F.3d 694 (5th Cir. 2014). Thus, the Court should dismiss these plaintiffs' warranty claims (Counts 14-15, 58-59, and 63-64).

### C.   Hickey, Kuchar, and Smith's Express and Implied Warranty Claims Under Illinois, Arizona, and Wisconsin Law Must Be Dismissed Under Michigan's Choice-Of-Law Principles

Hickey and Kuchar  purport to bring breach of warranty claims under the laws of both their states of residence and purchase, and Smith purports to bring breach of warranty claims under the laws of the state in which he resides rather than his state of purchase. FACC ¶¶ 137-38, 752, 775, 790, 828, 844 (Hickey); *Id.* ¶¶ 179-80, 464, 478, 494, 520, 553, 568, 583, 594 (Kuchar); *Id.* ¶¶ 211-12, 752, 1292, 1308 (Smith). However, under Michigan's choice-of-law principles, the law of state with "the most significant relationship to the transaction and the parties" applies: for warranty claims, that is the state where each plaintiff allegedly purchased or leased his vehicle. *Withrow*, 2021 WL 2529847, at *11-12. Thus, none of these plaintiffs can pursue claims under the states of their respective residences, and accordingly Counts 7-8, 32-33, and 78-79 must be dismissed as to these plaintiffs.

### D.   Plaintiffs Fail To State A Claim For Breach of Implied Warranty For Additional Reasons

Plaintiffs' claims for breach of implied warranty fail for several additional reasons: (1) plaintiffs do not plausibly allege that their vehicles are unfit for their ordinary purpose; (2) they fail to allege facts sufficient to establish that their vehicles are still covered by an implied warranty; and (3) certain plaintiffs fail to allege that they have met state-law privity requirements.

### 1.   Plaintiffs fail to allege their vehicles are unmerchantable

Warranty laws vary from state to state, but any plaintiff seeking to state a claim for breach of implied warranty of merchantability must show that, at the time of purchase, the goods were not "fit for the ordinary purpose for which such goods are used." *Rosenbaum v. Toyota Motor Sales, USA, Inc.*, 2016 WL 9775018, at *2 (E.D. Mich. Oct. 21, 2016).[28] "In order to plead a viable claim for breach of the

---

[28] **AZ:** Ariz. Rev. Stat. § 47-2314; *Hallmark Indus., Inc. v. Truseal Techs., Inc.*, 2015 WL 13626029, at *5 (D. Ariz. Sept. 30, 2015); *F.L. Davis Builders Supply, Inc. v. Knapp*, 853 S.W.2d 288, 290 (Ark. Ct. App. 1993); **CA:** Cal. Com. Code § 2314; *Acedo v. DMAX, Ltd.*, 2015 WL 12912365, at *21 (C.D. Cal. July 31, 2015); *Gertz v. Toyota Motor Corp.*, 2011 WL 13142144, at *12 (C.D. Cal. Apr. 28, 2011); **FL:** Fl. Stat. § 672.314; *Jovine v. Abbott Lab'ys, Inc.*, 795 F. Supp. 2d 1331, 1340 (S.D. Fla. 2011); **GA:** Ga. Code § 11-2-314; *Kraft Reinsurance Ireland, Ltd. v. Pallets Acquisitions, LLC*, 845 F. Supp. 2d 1342, 1356 (N.D. Ga. 2011); **IL:** 810 Ill. Comp. Stat. 5/2-314; *Corwin v. Conn. Valley Arms, Inc.*, 74 F. Supp. 3d 883, 891 (N.D. Ill. 2014); **KS:** Kan. Stat. § 84-2-314(2)(c); **MI:** Mich. Comp. Laws § 440.2314; Miller, 2018 WL 2740240, at *9; **MA:** Mass. Gen. Laws ch. 106 § 2-314; *Ducat v. Ethicon, Inc.*, 2021 WL 1408120, at *5 (D. Mass. Apr. 14, 2021); **NY:** N.Y. U.C.C. § 2-314; *Nemes v. Dick's Sporting Goods, Inc.*, 521 F. Supp. 3d 328, 341-42 (S.D.N.Y. 2021); **OR:** Or. Rev. Stat. § 72.3140; *McFadden v. Dryvit Sys., Inc.*, 2004 WL 2278542,

---

implied warranty, the plaintiff must allege that the defect rendered the car 'unfit for its intended purpose [by] compromis[ing] the vehicle's safety, render[ing] it inoperable, or *drastically* reduc[ing] its mileage range.'" *In re FCA US LLC Monostable Electronic Gearshift Litig.*, 280 F. Supp. 3d 975, 1015 (E.D. Mich. 2017) (emphasis added) (quoting *Troup v. Toyota Motor Corp.*, 545 F. App'x 668, 669 (9th Cir. 2013)).

Here, plaintiffs complain about the inconvenience of "being left with a Vehicle with reduced range" under GM's interim remedy. FACC ¶¶ 33, 41, 49, 57, 66, 95, 109, 117, 136, 152, 161, 169, 178, 186, 195, 202, 210, 218, 227, 237, 245, 256, 271, 279. But as plaintiffs admit, the interim precautions that GM recommends until a final remedy is available result in at most a "roughly 40% reduction" of the vehicles' range. FACC ¶ 383. This temporary reduction (which will soon just be 20% and ultimately removed (note 2, *supra*)) falls within the normal reduction of a vehicle's mileage range over time,[29] and it leaves customers with a merchantable

---

at *5 (D. Or. Oct. 8, 2004), *report and recommendation adopted*, 2004 WL 2852554 (D. Or. Dec. 10, 2004); **TX:** Tex. Bus & Com. Code § 2.314; *Everett v. TK-Taito, L.L.C.*, 178 S.W.3d 844, 853-54 (Tex. App. 2005); **VA:** Va. Code § 8.2-314; **WA:** Wash. Rev. Code § 62A.2-314; *Superwood Co. v. Slam Brands, Inc.*, 2013 WL 6008489, at *14 (W.D. Wash. Nov. 13, 2013); **WI:** Wis. Stat. § 402.314; *Taizhou Yuanda Inv. Grp. Co. v. Z Outdoor Living, LLC*, 2021 WL 797017, at *7 (W.D. Wis. Mar. 2, 2021).

[29] *See* Exs. 3-6 at 14 ("Depending on use, the battery may degrade as little as 10% to as much as 40% capacity over the warranty period"); Ex. 7 at 12 (same); Ex. 8 at 7 ("[t]he battery will be replaced/repaired if the capacity falls below 60% of its original value during the warranty period").

vehicle able to meet daily driving needs. *See Rosenbaum*, 2016 WL 9775018, at *2. Plaintiff Vaaler admits as much, stating he is able to charge his vehicle "up to the number of miles that he anticipates needing for the day." FACC ¶ 262. And the inconvenience of needing to recharge more often does not render the vehicles unmerchantable. *Cf. Troup*, 545 F. App'x at 669 (alleged defect that "merely required the [plaintiffs] to refuel more often" does not support an implied warranty claim).

Moreover, aside from Chitra, Chung, and Connelly, no plaintiff has alleged abandoning the use of his or her vehicle. This further supports dismissal of their claims. *See*, *e.g.*, *Beck*, 273 F. Supp. 3d at 762 (dismissing implied warranty claim where "there is no indication in the complaint that, despite [alleged] safety concerns, he has actually stopped driving his vehicle"). Thus, Counts 8, 21, 27, 33, 38, 43, 48, 54, 59, 64, 69, 74, and 79 should be dismissed in full; Counts 15 and 17 should be dismissed except as to Chitra and Chung.

### 2. Plaintiffs fail to allege sufficient facts to show that their vehicles are still covered by the implied warranty

With the exception of Kansas and California's Song-Beverly Act, the relevant states' laws permit express and conspicuous limits on the implied warranty of merchantability.[30] In this case, GM has placed such a limit on the implied warranty

---

[30] Ariz. Rev. Stat. § 47-2316; Cal. Com. Code § 2316; Fla. Stat. § 672.316; Ga. Code § 11-2-316; 810 Ill. Comp. Stat. 5/2-316; Mass. Gen. Laws ch. 106 § 2A-214; Mich.

of merchantability, in bold text, in the Limited Warranty: "**Any implied warranty of merchantability or fitness a particular purpose applicable to this vehicle is limited in duration to the duration of this written warranty**." Ex. 3 at 12-13; Exs. 4-6 & 8 at 13; Ex. 7 at 11. Accordingly, "[t]o maintain a claim for breach of an implied warranty, a plaintiff must, among other things, 'seek warranty service within the [ ] period contained in the . . . [w]arranty.'" *Hall*, 2020 WL 1285636, at *11 (quotation omitted). As discussed above with respect to the express warranty claims, (pages 36-37, *supra*), plaintiffs implied warranty claims[31] fail because they have not adequately alleged that they "presented their vehicles to a [] dealership" within the mileage limitation. *Wozniak*, 2019 WL 108845, at *2 (FL, IL, MA, MI, NY).[32]

### 3. State privity requirements bar certain plaintiffs' claims

The implied warranty laws of several states require privity of contract between a purchaser and manufacturer to state a viable claim for breach of implied warranty.[33]

---

Comp. Laws § 440.2316; N.Y. U.C.C. Law § 2-316; Or. Rev. Stat. § 72.3160; Tex. Bus. & Com. Code § 2.316(b); Va. Code § 8.2-316; Wash. Rev. Code § 62A.2-316; Wis. Stat. § 402.316.

[31] Counts 8, 15, 21, 27, 33, 43, 48, 54, 59, 64, 69, 74, and 79.

[32] *See also, e.g., Roe*, 2021 WL 2529825, at *19 (CA, IL, WA); *Adams v. Nissan N. Am., Inc.*, 395 F. Supp. 3d 838, 853 (S.D. Tex. 2018) (TX); *Darne*, 2017 WL 3836586, at *6 (IL); *Garcia*, 127 F. Supp. 3d at 224, 227-28 (AZ, FL, GA, NY); *McCabe*, 948 F. Supp. 2d at 1360–61 (CA, FL, GA, VA).

[33] **AZ:** *Chaurasia v. Gen. Motors Corp.*, 126 P.3d 165, 171 (Ariz. Ct. App. 2006) **CA:** *Kirsopp v. Yamaha Motor Co.*, 2015 WL 11197829, at *5 (C.D. Cal. Jan. 7, 2015) (commercial code, not Song-Beverly Act); **FL:** *Tershakovec v. Ford Motor Co.*, 2018 WL 3405245, at *10 (S.D. Fla. July 12, 2018); **GA:** *Helpling v. Rheem Mfg. Co.*, 2016 WL 1222264, at *5 (N.D. Ga. Mar. 23, 2016); **IL:** *Matanky*, 370 F.

Each named plaintiff alleges that they purchased their vehicles from third-party distributors, and, as explained below, do not adequately allege any exception to the privity requirement.

To begin with, the implied warranty claims under Arizona, Illinois and New York law (Counts 8, 33, and 54) must be dismissed because the plaintiffs alleging claims under those states' laws makes no attempt whatsoever to allege either that privity exists or that any exception applies. FACC ¶¶ 493-500, 789-94, 1022-30.

As to the implied warranty claims under California, Florida, Georgia, Oregon, Virginia, and Wisconsin law (Counts 15, 21, 27, 59, 69, 74, and 79), plaintiffs offer only the conclusory allegation that they had "sufficient dealings with Defendants or its agents to establish privity of contract." FACC ¶¶ 579, 655, 732, 1086, 1217, 1317. But courts have repeatedly held that, without supporting facts, merely incanting the word "agent" isn't good enough. *See, e.g.*, *McKee*, 376 F. Supp. 3d at 760 (holding the "conclusory allegation" that a local dealership "was an agent of GM and under its control . . . is insufficient."); *Cummings*, 401 F. Supp. 3d at 310 (similar).

These plaintiffs cannot sidestep privity by insisting that they "are intended

---

Supp. 3d at 787 (applying Illinois law); **NY:** *Cummings*, 401 F. Supp. 3d at 310; *Gordon v. Ford Motor Co.*, 239 A.D.2d 156, 156 (N.Y. App. Div. 1997); **OR**: *Davis v. Homasote Co.*, 574 P.2d 1116, 1117 (Or. 1978) (en banc); **VA:** *Loo v. Toyota Motor Sales, USA, Inc.,* 2020 WL 4187918, at *7 (C.D. Cal. Apr. 10, 2020); **WA:** *Short*, 444 F. Supp. 3d at 1286; **WI:** *Francis v. Gen. Motors, LLC*, 504 F. Supp. 3d 659, 677–78 (E.D. Mich. 2020) (applying Wisconsin law).

third-party beneficiaries of contracts between [GM] and its authorized dealers and are intended beneficiaries of [GM's] implied warranties." FAC ¶¶ 579, 655, 732, 1086, 1217, 1256, 1317. Courts have repeatedly confronted, and rejected, similar allegations as unsupported legal conclusion.[34] Even worse, Georgia plaintiff Strong admits that she did not purchase her vehicle at an authorized dealership, but through the e-commerce company Carvana. *See* FACC ¶ 229; *see also Helpling*, 2016 WL 1222264, at *5 (dismissing Georgia implied warranty claim where plaintiff "fail[ed] to allege that [he] purchased his Rheem Unit from a Rheem-authorized dealer"). Accordingly, any potential third-party beneficiary exception is inapplicable here.

### E.    Plaintiffs Fail To State A Claim Under The MMWA

The MMWA adopts state-law warranty standards, and so plaintiffs' MMWA claim stands or falls with their state-law claims. *Beck*, 273 F. Supp. 3d at 762; *see also Rosipko v. FCA US, LLC*, 2015 WL 8007649, at *5 (E.D. Mich. Dec. 7, 2015). Because plaintiffs have failed to state a warranty claim under any of the relevant

---

[34] **CA:** *Loomis v. Slendertone Distribution, Inc.*, 420 F. Supp. 3d 1046, 1088-89 (S.D. Cal. 2019); *Huntzinger v. Aqua Lung Am., Inc.*, 2015 WL 8664284, at *10 (S.D. Cal. Dec. 10, 2015); **FL:** *Padilla v. Porsche Cars N. Am., Inc.*, 391 F. Supp. 3d 1108, 1119 (S.D. Fla. 2019); **OR:** *Sloan v. Gen. Motors LLC*, 287 F. Supp. 3d 840, 881 (N.D. Cal. 2018) (applying Oregon law); **VA:** *Sullivan v. McGill & Hassan, PA*, 2019 WL 8918903, at *4 (E.D. Va. Sept. 30, 2019) **WA:** *Lohr v. Nissan N. Am., Inc.*, 2017 WL 1037555, at *7 (W.D. Wash. March 17, 2017); **WI:** *Francis*, 504 F. Supp. 3d at 678).

states' laws, their MMWA claim (Count 4) must also be dismissed.[35]

## III.   Plaintiffs' Unjust Enrichment Claims Must Be Dismissed

Under the relevant state laws, unjust enrichment claims are unavailable when

an adequate legal remedy exists or if a contract governs the dispute.[36] Applying that

principle, courts have "regularly dismissed unjust enrichment claims filed against

automobile manufacturers where a valid, enforceable express warranty covers the

same subject matter as plaintiffs' unjust enrichment claims." *Gregorio*, 522 F. Supp.

3d at 294 (citation omitted); *see also, e.g.*, *Milisits v. FCA US LLC*, 2021 WL

---

[35] In addition, GM preserves the argument that plaintiffs' MMWA claims must be
dismissed because plaintiffs do not meet the statutory jurisdictional requirements,
including the requirement for at least one hundred named plaintiffs. *See Floyd v.
Am. Honda Motor Co.*, 966 F.3d 1027, 1034 (9th Cir. 2020); *but see Kuns v. Ford
Motor Co.*, 543 F. App'x 572, 574 (6th Cir. 2013); *Chapman*, 531 F. Supp. 3d at
1305.

[36] **AZ:** *In re Ford Fusion and C-Max Fuel Economy Litig.*, 2017 WL 3142078, at
*15 (S.D.N.Y. July 24, 2017); **FL:** *McKee*, 376 F. Supp. 3d at 762; *In re Gen. Motors
LLC Ignition Switch Litig.*, 2016 WL 3920353, at *28 (S.D.N.Y. July 15, 2016);
**GA:** *Pinon v. Daimler AG*, 2019 WL 11648560, at *13 (N.D. Ga. Nov. 4, 2019); **IL:**
*Hickman v. Wells Fargo Bank N.A.*, 683 F. Supp. 2d 779, 797 (N.D. Ill. 2010);
*Resnick*, 2017 WL 6549931, at *20; **KS:** *Orica N.Z. Ltd. v. Searles Valley Minerals
Operations Inc.*, 2005 WL 387659, at *3 (D. Kan. Feb. 17, 2005); **MA:** *Hebert v.
Vantage Travel Serv., Inc.*, 444 F. Supp. 3d 233, 245 (D. Mass. 2020),
*reconsideration denied*, 2021 WL 2516076 (D. Mass. June 18, 2021); **NY**: *In re Gen.
Gen. Motors LLC Ignition Switch Litig.*, 257 F. Supp. 3d at 433; *Marshall v. Hyundai
Motor Am.*, 51 F. Supp. 3d 451, 471-72 (S.D.N.Y. 2014); *Haag v. Hyundai Motor
Am.*, 969 F. Supp. 2d 313, 317 (W.D.N.Y. 2013); **OR & WA:** *Miller*, 2018 WL
2740240, at *3, *15 (applying Washington and Oregon law); **TX:** *Adams*, 395 F.
Supp. 3d at 854; **VA:** *Callen v. Daimler AG*, 2020 WL 10090879, at *13 (N.D. Ga.
June 17, 2020) (applying Virginia law); **WI:** *Carroll v. Stryker Corp.*, 658 F.3d 675,
682 (7th Cir. 2011); *Martin v. LG Elecs. USA, Inc.*, 2015 WL 1486517, at *7-8
(W.D. Wis. Mar. 31, 2015).

3145704, at *13-14 (E.D. Mich. July 26, 2021); *Matanky*, 370 F. Supp. 3d at 803; *Miller*, 2018 WL 2740240, at *15. And "[p]laintiffs may not plead their unjust enrichment claim in the alternative" when "an express limited warranty governs the subject matter of [p]laintiffs' claims," because they have not stated a viable unjust enrichment claim to begin with. *Hall*, 2020 WL 1285636, at *10.

To be sure, this Court in *Chapman* declined to dismiss unjust enrichment claims at the pleading stage, citing the Court's prior *Raymo* decision. 531 F. Supp. 3d at 1304. But in both *Chapman* and *Raymo*, the parties had not addressed any particular state's unjust enrichment laws, and the Court therefore found it sufficient that the plaintiffs had generally alleged the "essence of" an unjust enrichment claim. *Raymo v. FCA US LLC*, 475 F. Supp. 3d 680, 709 (E.D. Mich. 2020); *Chapman*, 531 F. Supp. 3d at 1304. Here, by contrast, GM has cited case law demonstrating that, under the law of each of the states at issue, plaintiffs fail to allege a viable unjust enrichment claim. The Court should therefore dismiss plaintiffs' unjust enrichment claims.[37]

In addition, in the majority of states unjust enrichment is an equitable claim.[38] For the reasons explained by the Ninth Circuit in *Sonner*, federal equitable principles bar a federal court from hearing equitable unjust enrichment claims when there is

---

[37] Counts 5, 10, 23, 29, 35, 40, 45, 50, 56, 61, 66, 71, 76, 81.

[38] One exception is Illinois (Count 35), which treats unjust enrichment as "an action at law." *Partipilo v. Hallman*, 510 N.E.2d 8, 11 (Ill. App. Ct. 1987).

an adequate remedy at law. *See* pages 28-29, *supra*. This issue was not raised in *Raymo* or *Chapman*, and so the Court had no reason to consider the question, but it should do so now if it does not dismiss the unjust-enrichment claims under state law.

At minimum, the Texas unjust enrichment claim (Count 66) must be dismissed because, as this Court previously recognized, Texas law "do[es] not recognize unjust enrichment as a cause of action." *Raymo*, 475 F. Supp. 3d at 709.

Finally, under Michigan's choice-of-law principles, Hickey, Kuchar, and Smith's unjust enrichment claims are governed by the law of the states where they purchased their vehicles, not the law of the their states of residence. *Withrow*, 2021 WL 2529847, at *11-12. Thus, Counts 10, 35, and 77 fail as to these plaintiffs.

## CONCLUSION

For these reasons, the complaint should be dismissed.

Respectfully submitted,

December 17, 2021

MAYER BROWN LLP

/s/ John Nadolenco
John Nadolenco
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Tel: 213.229.9500
jnadolenco@mayerbrown.com

Archis A. Parasharami
1909 K Street, NW
Washington, DC 20006-1101
Tel: 202.263.3328
aparasharami@mayerbrown.com

Andrew S. Rosenman (P54869)
71 S. Wacker Driver
Chicago, IL 60606
Tel: 312.782.0600
arosenman@mayerbrown.com

*Counsel for Defendant General Motors LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2021, I electronically filed the foregoing paper with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.


Date: December 17, 2021             Respectfully submitted,


By: /s/ John Nadolenco
    John Nadolenco

    MAYER BROWN LLP
    350 South Grand Avenue, 25th Floor
    Los Angeles, CA 90071
    Tel: 213.229.9500
    Fax: 213.625.0248
    jnadolenco@mayerbrown.com