## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| In re Chevrolet Bolt EV Battery Litigation | ) ) ) ) ) | Case No. 2:20-cv-13256-TGB-CI |
| | | **Judge Terrence G. Berg** |
| | | **Magistrate Judge Curtis Ivy** |

## MOTION OF LG MICHIGAN
## TO COMPEL ARBITRATION

Defendant LG Energy Solution Michigan, Inc. ("LG Michigan"), by its counsel, hereby moves to compel arbitration of the claims of the following persons: Andrew Barrett, Christine Chung, Linda Connelly, Daniel Corry, Vincent Corry, John DeRosa, William Dornetto and Russell Ives, Michael and Denise Holbrook, Frederic Kass, Keith Khorey, Robert Kuchar, Evi Schulz, Jeanne Sterba and Tony Verzura (collectively referred to herein as "Plaintiffs").

The grounds and legal authority for compelling arbitration are set forth in the attached memorandum of law. As addressed in that memorandum, LG Michigan also incorporates the motions to compel arbitration and supporting memoranda being submitted today by Defendant General Motors LLC ("GM") and Defendant LG Electronics USA, Inc. ("LG Electronics"). See GM's Mot. to Compel Arbitration (Dkt. 35); LG Electronics' Mot. to Compel Arbitration.

As required by Local Rule 7.1(a), counsel for LG Michigan sought concurrence from Plaintiffs' counsel with respect to this motion. Plaintiffs' counsel, however, did not concur in the relief sought.

WHEREFORE, LG Michigan respectfully requests that the Court issue an order granting LG Michigan's motion to compel arbitration.

Date:  December 17, 2021

Respectfully submitted,

*/s/  Mark S. Mester*
Mark S. Mester, One of the Attorneys for
Defendant LG Energy Solution
Michigan, Inc.

Mark S. Mester (Illinois Bar No. 6196140)
   mark.mester@lw.com
Robert C. Collins III (Illinois Bar No. 6304674)
   robert.collins@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois  60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767

Jason R. Burt (D.C. Bar No. 980862)
   jason.burt@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C.  20004-1304
Telephone:  (202) 637-2200
Facsimile:  (202) 637-2201

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| In re Chevrolet Bolt EV Battery Litigation | ) ) ) ) ) | Case No. 2:20-cv-13256-TGB-CI<br><br>Judge Terrence G. Berg<br><br>Magistrate Judge Curtis Ivy |

## MEMORANDUM IN SUPPORT OF LG MICHIGAN'S
## MOTION TO COMPEL ARBITRATION

Date:  December 17, 2021

Mark S. Mester (Illinois Bar No. 6196140)
    mark.mester@lw.com
Robert C. Collins III (Illinois Bar No. 6304674)
    robert.collins@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois  60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767

Jason R. Burt (D.C. Bar No. 980862)
    jason.burt@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C.  20004-1304
Telephone:  (202) 637-2200
Facsimile:  (202) 637-2201

## **TABLE OF CONTENTS**

**Page**

STATEMENT OF ISSUES ........................................................................ ii

TABLE OF AUTHORITIES ....................................................................iv

MOST APPROPRIATE AUTHORITIES ...............................................vi

I.      INTRODUCTION ........................................................................1

II.     FACTUAL BACKGROUND.......................................................1

       A.     LG Michigan's Limited Role ...........................................1

       B.     The Arbitration Agreements.............................................2

III.    ARGUMENT .................................................................................2

       A.     Plaintiffs' Claims Are Plainly Subject To Arbitration........................3

       B.     Request For Leave To File Supplemental Briefing ............................6

IV.     CONCLUSION..............................................................................7

i

### STATEMENT OF ISSUES

In the Amended Consolidated Class Action Complaint ("Amended Complaint" or "ACC"), Named Plaintiffs Andrew Barrett, Christine Chung, Linda Connelly, Daniel Corry, Vincent Corry, John DeRosa, William Dornetto and Russell Ives, Michael and Denise Holbrook, Frederic Kass, Keith Khorey, Robert Kuchar, Evi Schulz, Jeanne Sterba and Tony Verzura (collectively, "Plaintiffs") bring 33 fraud-related claims against LG Michigan concerning an alleged defect in the Chevrolet Bolt. Plaintiffs represent 16 of the 36 individuals making claims against Defendant LG Energy Solution Michigan, Inc. ("LG Michigan") in the Amended Complaint, and each of the Plaintiffs agreed to arbitrate, in purchase agreements they executed when purchasing or leasing a Chevy Bolt, claims such as those they are pursuing against LG Michigan. LG Michigan is, in turn, moving to compel arbitration of Plaintiffs' claims in this suit on an individual, non-class basis.

This memorandum is submitted in support of LG Michigan's motion to compel arbitration, and the motion itself presents the following issues:

1.    Whether Plaintiffs agreed to have the issue of arbitrability decided by the arbitrator:

2.    Whether Plaintiffs agreed to arbitrate the claims they are pursuing in this case;

3.    Whether the Court should compel arbitration of Plaintiffs' claims against LG Michigan on an individual, non-class basis in the event it elects to decide arbitrability in the first instance; and

4.    Whether the class waivers to which Plaintiffs agreed preclude them from pursuing the class claims raised in the Amended Complaint.

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

### CASES

26th St. Hospitality v. Real Builders,
  879 N.W.2d 437 (N.D. 2016)...................................................................5

Agnew v. Honda,
  2009 WL 1813783 (S.D. Ind. 2009) ..................................................5, 7

Arnold v. Arnold Corp.,
  920 F.2d 1269 (6th Cir. 1990)................................................................4

Blanton v. Domino's Pizza,
  962 F.3d 842 (6th Cir. 2020)..................................................................3

Ciccio v. SmileDirectClub,
  2 F.4th 577 (6th Cir. 2021) ....................................................................3

City of Detroit Police & Fire Ret. Sys. v. GSC CDO Fund,
  2010 WL 1875758 (Mich. Ct. App. 2010)..............................................5

Decisive Analytics v. Chikar,
  75 Va. Cir. 337 (Va. Cir. Ct. 2008) .......................................................5

Flint v. Bank of Am.,
  2016 WL 1444505 (E.D. Mich. 2016)....................................................4

High Sierra Energy v. Hull,
  259 P.3d 902 (Okla. Civ. App. 2011) ....................................................5

In re Apple & AT&T Mobility Antitrust Litig.,
  826 F. Supp. 2d 1168 (N.D. Cal. 2011) .................................................5

In re DirecTV,
  2009 WL 2912656 (C.D. Cal. 2009).......................................................4

In re Palm Harbor Homes,
  195 S.W.3d 672 (Tex. 2006)..................................................................5

In re StockX,
  2020 WL 7645597 (E.D. Mich. 2020).....................................................3

**Page(s)**

In re Wyze,
   2020 WL 6202724 (W.D. Wash. 2020) ...................................................4

Johnmohammadi v. Bloomingdale's,
   755 F.3d 1072 (9th Cir. 2014) ..............................................................4

Koechli v. BIP Int'l,
   870 So. 2d 940 (Fl. Ct. App. 2004) ........................................................5

Ranzy v. Extra Cash,
   2011 WL 13257274 (S.D. Tex. 2011) ....................................................4

Reed Elsevier, Inc. ex rel. LexisNexis Div. v. Crockett,
   734 F.3d 594 (6th Cir. 2013) .............................................................3, 4

Roman v. Spirit Airlines,
   482 F. Supp. 3d 1304, 1315 (S.D. Fla. 2020), aff'd,
   2021 WL 4317318 (11th Cir. 2021) ......................................................4

Straub v. Ford,
   2021 WL 5085830 (E.D. Mich. 2021) ...................................................4

## <u>MOST APPROPRIATE AUTHORITIES</u>

<u>Cases</u>:

1.  <u>Agnew v. Honda</u>,
      2009 WL 1813783 (S.D. Ind. 2009)

2.  <u>Arnold v. Arnold Corp.</u>,
      920 F.2d 1269 (6th Cir. 1990)

3.  <u>Blanton v. Domino's Pizza</u>,
      962 F.3d 842 (6th Cir. 2020)

4.  <u>Ciccio v. SmileDirectClub</u>,
      2 F.4th 577 (6th Cir. 2021)

5.  <u>City of Detroit Police & Fire Ret. Sys. v. GSC CDO Fund</u>,
      2010 WL 1875758 (Mich. Ct. App. 2010)

6.  <u>Decisive Analytics v. Chikar</u>,
      75 Va. Cir. 337 (Va. Cir. Ct. 2008)

7.  <u>In re Apple & AT&T Mobility Antitrust Litig.</u>,
      826 F. Supp. 2d 1168 (N.D. Cal. 2011)

8.  <u>In re Palm Harbor Homes</u>,
      195 S.W.3d 672 (Tex. 2006)

9.  <u>In re StockX</u>,
      2020 WL 7645597 (E.D. Mich. 2020)

10. <u>Koechli v. BIP Int'l</u>,
      870 So. 2d 940 (Fl. Ct. App. 2004)

11. <u>Reed Elsevier, Inc. ex rel. LexisNexis Div. v. Crockett</u>,
      734 F.3d 594 (6th Cir. 2013)

12. <u>Straub v. Ford</u>,
      2021 WL 5085830 (E.D. Mich. 2021)

LG Michigan submits this memorandum of law in support of its motion to compel arbitration of Plaintiffs' claims on an individual, non-class basis:

## I.   INTRODUCTION

Sixteen of the Plaintiffs in this action purchased, leased or financed a Chevrolet Bolt Electric Vehicle under agreements that require arbitration of the claims they now seek to pursue before this Court against LG Michigan and the other Defendants.  LG Michigan is, however, entitled to compel Plaintiffs to honor their agreements to arbitrate their claims on an individual, non-class basis. Therefore, LG Michigan joins the motions of General Motors LLC ("GM") and LG Electronics USA, Inc. ("LG Electronics") being filed today to compel arbitration of the claims of these Plaintiffs and submits this memorandum in support of its motion to compel arbitration.[1]

## II.   FACTUAL BACKGROUND

The factual background for this memorandum is set forth below.  See disc. infra at 2-6.

### A.   LG Michigan's Limited Role

As set forth in LG Michigan's motion to dismiss being filed contemporaneously herewith, LG Michigan began supplying battery cells to an affiliate of LG Electronics in mid-2018 for use in battery packs that same affiliate

---

[1] As discussed below, LG Michigan only received this week the agreements and related materials addressed in this memorandum.  See disc. infra at 6 n.6.  As a result, LG Michigan was somewhat constrained with respect to the breadth of the submission it could make under the circumstances.  See id.

provides directly to GM.[2]  <u>See</u> LG Michigan's Mem. in Supp. of Mot. to Dismiss at 4.  Those battery cells supplied to the affiliate of LG Electronics were used by GM in Chevrolet Bolts beginning with Model Year 2019, and beginning in late 2020, LG Michigan began supplying battery packs to that same affiliate, which then sold those packs directly to GM.[3]  <u>See</u> ACC ¶¶ 7, 332; <u>id.</u> Ex. G at 1; <u>id.</u> Ex. BU at 3.

### B.   The Arbitration Agreements

<u>All</u> of the claims made by Plaintiffs in this litigation relate to Chevy Bolts that Plaintiffs allegedly purchased or leased from various car dealerships pursuant to contracts that contain an agreement to arbitrate.  <u>See</u> ACC at <u>passim</u>.  And but for the agreement executed by Andrew Barrett, a class waiver is also included in each of the agreements Plaintiffs signed (collectively, the "Arbitration Agreements"). <u>See</u>, <u>e.g.</u>, <u>id.</u> ¶¶ 43, 75, 81, 89, 97, 111, 119, 146, 154, 163, 180, 204, 220, 258.

### III.  <u>ARGUMENT</u>

As more fully set forth in GM's motion to compel arbitration, all of the Arbitration Agreements delegate the question of arbitrability to the arbitrator, which

---

[2] The affiliate of LG Electronics to which LG Michigan supplied parts beginning in mid-2018 for Model Year 2019 Bolts is <u>not</u> named as a party in this litigation, although it is referenced in one or more exhibits to Plaintiffs' current pleading.  <u>See</u>, <u>e.g.</u>, ACC (Dkt. 27) at Ex. S.  Prior to providing battery cells to that affiliate for inclusion in battery packs it supplies to GM, however, LG Michigan provided <u>no</u> components or parts for <u>any</u> Chevy Bolt, meaning, <u>inter alia</u>, that LG Michigan supplied <u>no</u> components or parts to anyone for Model Year 2017 and 2018 Bolts. <u>See</u> ACC ¶¶ 7, 332.

[3] The proposed class in the Amended Complaint encompasses Model Year 2017 through 2022 of the Chevy Bolt.  <u>See</u> ACC ¶ 404.  As noted, however, LG Michigan did not become a Tier 2 supplier to the aforementioned affiliate of LG Electronics until Model Year 2019, and it has <u>never</u> provided battery cells or battery packs directly to GM for inclusion in Chevy Bolts sold to consumers.  <u>See id.</u> Ex. S at 1.

requires the arbitrator to decide whether the claims in the Amended Complaint fall within the scope of the arbitration clause and whether the Defendants (including LG Michigan) can enforce the arbitration clause.  <u>See</u> GM's Mem. in Supp. of Mot. to Compel (Dkt. 35) at 8-12.  For these reasons, the Court should order the claims of Plaintiffs to arbitration on a non-class basis and allow the issue of arbitrability to be decided by the arbitrator, as Plaintiffs previously agreed.  <u>See</u> <u>generally</u> <u>Blanton v. Domino's Pizza</u>, 962 F.3d 842, 845-46 (6th Cir. 2020); <u>see</u> <u>also</u>, <u>e.g.</u>, <u>Reed Elsevier, Inc. ex rel. LexisNexis Div. v. Crockett</u>, 734 F.3d 594, 600 (6th Cir. 2013); <u>Ciccio v. SmileDirectClub</u>, 2 F.4th 577, 583-84 (6th Cir. 2021); <u>In re StockX</u>, 2020 WL 7645597, *6 (E.D. Mich. 2020).

If the Court nonetheless elects to decide the question of arbitrability in the first instance, it should nevertheless find that each of Plaintiffs' claims against all Defendants are subject to arbitration for the reasons set forth below and also in the motions to compel arbitration of GM and LG Electronics.  <u>See</u> GM's Mem. in Supp. of Mot. to Compel (Dkt. 35) at 12-24; LG Electronics' Mem. in Supp. of Mot. to Compel at Section C.  To avoid duplicative briefing, however, and given time constraints, LG Michigan incorporates by reference herein each of the foregoing arguments in those motions and memoranda of GM and LG Electronics.  <u>See</u> <u>id.</u>

### A.  Plaintiffs' Claims Are Plainly Subject To Arbitration

<u>First</u>, as GM sets forth in its motion, Plaintiffs' claims are plainly within the scope of the Arbitration Agreements.  <u>See</u> GM's Mem. in Supp. of Mot. to Compel (Dkt. 35) at 13-16.  <u>Second</u>, as more fully explained by GM and LG Electronics, the Defendants (including LG Michigan) are entitled to enforce the arbitration

3

provisions under the doctrine of equitable estoppel.  See <u>id.</u>; LG Electronics' Mem.
in Supp. of Mot. to Compel at Section C; <u>see also</u>, <u>e.g.</u>, <u>Arnold v. Arnold Corp.</u>, 920
F.2d 1269, 1281-82 (6th Cir. 1990) (non-signatories are entitled to enforce
arbitration agreements against signatories).

Regarding equitable estoppel, "whether a nonsignatory to an agreement
containing an arbitration clause may compel a signatory to arbitrate pursuant to
equitable estoppel is governed by state law." <u>Straub v. Ford</u>, 2021 WL 5085830, *8
(E.D. Mich. 2021).  The Arbitration Agreements here are, in turn, governed by the
laws of the following states:  California, Texas, Florida, Michigan, Virginia and
Washington, respectively.[4]  <u>See</u> GM's Mem. in Supp. of Mot. to Compel (Dkt. 35)
at Exs. 2-16.

---

[4] Each of those agreements contains provisions waiving class claims and/or requiring
individual arbitration, all of which are enforceable under governing state law.  <u>See</u>,
<u>e.g.</u>, <u>Flint v. Bank of Am.</u>, 2016 WL 1444505, *8 (E.D. Mich. 2016) (rejecting
plaintiff's argument that class waiver is unconscionable under Michigan law and
enforcing waiver); <u>Ranzy v. Extra Cash</u>, 2011 WL 13257274, *7-8 (S.D. Tex. 2011)
(observing that the court could not find any Texas cases that found a class waiver
unconscionable and enforcing class waiver); <u>Roman v. Spirit Airlines</u>, 482 F. Supp.
3d 1304, 1315 (S.D. Fla. 2020), <u>aff'd</u>, 2021 WL 4317318 (11th Cir. 2021); <u>Reed
Elsevier</u>, 734 F.3d at 599 ("The principal reason to conclude that this arbitration
clause does not authorize classwide arbitration is that the clause nowhere mentions
it."); <u>In re DirecTV</u>, 2009 WL 2912656, *6 (C.D. Cal. 2009) (class action waiver
enforceable under Virginia law, because unconscionability is a "narrow doctrine that
invalidates only the most inequitable of contracts"); <u>In re Wyze</u>, 2020 WL 6202724,
*2-3 (W.D. Wash. 2020) (enforcing class action waiver under Washington law);
<u>Johnmohammadi v. Bloomingdale's</u>, 755 F.3d 1072, 1074 (9th Cir. 2014) (enforcing
class action waiver under California law).  Accordingly, LG Michigan incorporates
by reference herein the discussion and arguments made by GM regarding class
waivers in GM's motion to strike and supporting memorandum.  <u>See</u> GM's Mem. in
Supp. of Mot. to Strike (Dkt. 37).

And the laws of each of these states enable a non-signatory like LG Michigan to enforce an arbitration agreement pursuant to the theory of equitable estoppel under the circumstances presented here.  See, e.g., In re Apple & AT&T Mobility Antitrust Litig., 826 F. Supp. 2d 1168, 1177-78 (N.D. Cal. 2011) (holding that non-signatory device manufacturer could compel arbitration with a consumer signatory based on the arbitration agreement between the signatories (the service provider and the user) under California law regarding equitable estoppel); In re Palm Harbor Homes, 195 S.W.3d 672, 679 (Tex. 2006) (holding that non-signatory manufacturer could compel arbitration with a purchaser signatory based on the arbitration agreement between the signatories (i.e., the retailer and the purchaser) under Texas law); Koechli v. BIP Int'l, 870 So. 2d 940, 946 (Fl. Ct. App. 2004) ("non-signatories to the contract[] may invoke the arbitration provision of the refurbishment agreement" under Florida law); City of Detroit Police & Fire Ret. Sys. v. GSC CDO Fund, 2010 WL 1875758, *7 (Mich. Ct. App. 2010) (finding "plaintiff should be estopped from arguing that its claims against any non-signatories to the arbitration agreement are not subject to arbitration" under Michigan law); Decisive Analytics v. Chikar, 75 Va. Cir. 337, 347-48 (Va. Cir. Ct. 2008) (granting motion of non-signatory to compel arbitration under Virginia law); see also, e.g., Agnew v. Honda, 2009 WL 1813783, *4 (S.D. Ind. 2009).[5]

---

[5] Apart from the states listed above for the 16 Plaintiffs whose claims are subject to this motion, the law in many other states also recognizes the ability of a non-signatory to compel arbitration under the theory of equitable estoppel.  See, e.g., Agnew, 2009 WL 1813783, *5 (applying Indiana law); High Sierra Energy v. Hull, 259 P.3d 902, 908 (Okla. Civ. App. 2011) (applying Oklahoma law); 26th St. Hospitality v. Real Builders, 879 N.W.2d 437, 448 (N.D. 2016) (applying North

For these reasons and those more fully set forth in the motions to compel and supporting memoranda being submitted by GM and LG Electronics, the Court should compel the claims of Plaintiffs to arbitration on a non-class basis.  See GM's Mem. in Supp. of Mot. to Compel (Dkt. 35) at 7-8; LG Electronics' Mem. in Supp. of Mot. to Compel at Section C.

### B.    Request For Leave To File Supplemental Briefing

While the law and arguments set forth above and in the memoranda of GM and LG Electronics contain a more than sufficient reason to compel arbitration now, LG Michigan respectfully requests the opportunity to file supplemental briefing on this issue as necessary.  LG Michigan did not receive <u>any</u> arbitration materials until December 13, 2021 and did not receive <u>all</u> of the Arbitration Agreements and related materials until December 14, 2021, just three days before the deadline for filing its motion to dismiss, which LG Michigan is filing today subject to this motion.  See LG Michigan's Mot. to Dismiss at 1 n.1.  As such, LG Michigan has not yet had an adequate opportunity to review what has been provided to it and to consider all available grounds for (a) compelling arbitration or other relief against Plaintiffs as well as (b) potential grounds for enforcing against the other individuals who are

---

Dakota law).  Although beyond the scope of this memorandum, this fact obviously impacts the suitability of any remaining claims in the Amended Complaint for class treatment.  See id.; see also ACC ¶¶ 433-42 (pursuing claims on behalf of a proposed nationwide class).

pursuing claims against LG Michigan in this litigation any other agreements to arbitrate and/or class waivers.[6]

## IV.   CONCLUSION

WHEREFORE, LG Michigan respectfully requests that the Court issue an order compelling arbitration of Plaintiffs' claims.  LG Michigan further requests leave to file a supplemental memorandum and additional motions to compel arbitration or for other relief (as necessary) once LG Michigan has had a full opportunity to review each of the purchase agreements and related materials provided to it this week.

Date:  December 17, 2021

Respectfully submitted,

*/s/  Mark S. Mester*
Mark S. Mester, One of the Attorneys for
Defendants LG Energy Solution
Michigan, Inc.

Mark S. Mester (Illinois Bar No. 6196140)
   mark.mester@lw.com
Robert C. Collins III (Illinois Bar No. 6304674)
   robert.collins@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois  60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767

---

[6] We understand that GM and LG Electronics are moving today to compel arbitration of the claims of 16 of the 36 persons who filed the Amended Complaint.  See GM's Mem. in Supp. of Mot. to Compel (Dkt. 35) at 1; LG Electronics' Mem. in Supp. of Mot. to Compel at 1.  Accordingly, LG Michigan respectfully requests leave to review the agreements (which as noted it only received this week) signed by all persons bringing suit against LG Michigan in order to determine whether a motion to compel arbitration and/or for enforcement of any class waiver should be brought by LG Michigan against those remaining individuals as well.  See, e.g., Agnew, 2009 WL 1813783, *4.

Jason R. Burt (D.C. Bar No. 980862)
    jason.burt@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C.  20004-1304
Telephone:  (202) 637-2200
Facsimile:  (202) 637-2201

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 17, 2021, I electronically filed a copy of the foregoing MOTION OF LG MICHIGAN TO COMPEL ARBITRATION and MEMORANDUM IN SUPPORT OF LG MICHIGAN'S MOTION TO COMPEL ARBITRATION with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated:  December 17, 2021

*/s/  Mark S. Mester*
Mark S. Mester (Illinois Bar No. 6196140)
   mark.mester@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois  60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767