## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| In re Chevrolet Bolt EV Battery Litigation | ) ) ) ) ) | Case No. 2:20-cv-13256-TGB-CI |
| | | Judge Terrence G. Berg |
| | | Magistrate Judge Curtis Ivy |

### STIPULATED PROTECTIVE ORDER

WHEREAS, to facilitate the production and receipt of information during discovery in the above-captioned litigation (the "Litigation"), the parties agree and stipulate, through their respective counsel, to the entry of the following Protective Order (the "Order") for the protection of Confidential and Highly Confidential - Attorney's Eyes Only Materials (as defined herein) that may be produced or otherwise disclosed during the course of this Litigation by or on behalf of any party or non-party.  The Court has been fully advised in the premises and has found good cause for its entry.

Accordingly, IT IS HEREBY ORDERED that, pursuant to Federal Rule of Civil Procedure 26(c), the terms and conditions of this Order shall govern the handling of discovery materials in the Litigation:

1.    **Applicability of Order**: This Order will be applicable to and govern the handling of documents, depositions, deposition exhibits, deposition videos, interrogatory responses, responses to subpoenas, responses to requests for admissions, responses to requests for production of documents, and all other

discovery obtained pursuant to the Federal Rules of Civil Procedure by or from, or produced on behalf of a party in connection with the Litigation (this information hereinafter referred to as "Discovery Material").  As used herein, "Producing Party" or "Disclosing Party" shall refer to the parties in this Litigation that give testimony or produce documents or other information, non-parties for purposes of Section 10, and "Designating Party" shall refer to parties whose Confidential and Highly Confidential – Attorney's Eyes Only information is disclosed in documents produced by other parties or third parties, in which case the affected party may designate such information as Confidential or Highly Confidential – Attorney's Eyes Only under this Order.  "Receiving Party" shall refer to the parties in this Litigation that receive such information.  "Authorized Recipient" shall refer to any person or entity authorized by Sections 11 and 12 of this Order to obtain access to Confidential Material, Highly Confidential – Attorney's Eyes Only Material, or the contents of such Material.

2.    **Designation of Material**:  Any party may designate Discovery Material that is in its possession, custody, or control to be produced to a Receiving Party, or Discovery Material that is produced by another party (including a third party) but qualifies for protection under this Order, as "Confidential" or "Highly Confidential – Attorney's Eyes Only" under the terms of this Order if the party in good faith reasonably believes that such Discovery Material contains non-public,

confidential material as defined in Sections 3 and 4 below (hereinafter "Confidential Material" or "Highly Confidential – Attorney's Eyes Only Material").

**3.     Confidential Material**:  For purposes of this Order, Confidential Material is any information that a party believes in good faith to be confidential or competitively sensitive information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, private or confidential personal information, customer information, or commercial information, as such terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and any applicable case law interpreting Rule 26(c)(1)(G) or the former Rule 26(c)(7).  This Section 3 pertains only to a party's designation of documents in discovery and does not affect the requirements of filing documents under seal.

**4.     Highly Confidential – Attorney's Eyes Only Material**:  For purposes of this Order, Highly Confidential – Attorney's Eyes Only Material is any Protected Data (defined below) and/or Confidential Material as defined in Section 3 which also includes non-public product design and testing information or extremely sensitive, highly confidential, non-public information, consisting either of trade secrets or proprietary or other highly confidential business, financial, regulatory, or strategic information (including information regarding business plans, technical data, and non-public designs), the disclosure of which would create a substantial risk of competitive or business injury to the Producing or Designating Party.  Certain

Protected Data (such as certain commercially sensitive design data, including data provided in a 3D electronic format) may compel alternative or additional protections beyond those afforded Highly Confidential – Attorney's Eyes Only Material, in which event the parties shall meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief.

5. **Protected Data**:  Protected Data shall refer to any information that a party believes in good faith to be subject to federal, state, or foreign Data Protection Laws or other privacy obligations.  Designating material as Protected Data does not preclude the parties from designating that same material, as appropriate, for Confidentiality and Privilege.

6. **Designating Confidential Material, Highly Confidential – Attorney's Eyes Only Material, or Protected Data**:  The designation of Discovery Material as Confidential Material, Highly Confidential – Attorney's Eyes Only Material, or Protected Data (collectively, "Protected Material") for purposes of this Order shall be made in the following manner:

6.1. **Documents**:  The parties shall label each page of a designated document as "Confidential" or "Highly Confidential – Attorney's Eyes Only."  Pursuant to the terms of Section 7, however, failure to do so shall not be considered a waiver of such designation, and shall not deem such information to not qualify as "Confidential" or "Highly Confidential –

Attorney's Eyes Only."   A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved pursuant to Section 19.

**6.2.   Deposition Transcripts**:  Within thirty (30) days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate the transcript or sections thereof as "Confidential" or "Highly Confidential – Attorney's Eyes Only."   Unless otherwise agreed, or designated otherwise on the record at the deposition, all rough and final deposition transcripts shall be treated as "Confidential" until the expiration of the thirty (30) day period.

**7.   Failure to Designate**:  The failure to designate Discovery Material as Confidential or Highly Confidential – Attorney's Eyes Only does not constitute a waiver of such claim and may be remedied by prompt supplemental written notice upon discovery of any such disclosure (inadvertent or otherwise), with the effect that such Discovery Material will be subject to the protections of this Order.  Designation of information or documents as "Confidential" or "Highly Confidential – Attorney's Eyes Only," or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets or that such information or documents may not be entitled to further protection under the law.

      **8.**    **Copies**:  The Receiving Party may make copies of Discovery Material, but such copies shall become Confidential Material or Highly Confidential – Attorney's Eyes Only Material to the same extent, and subject to the same protections, as the Discovery Material from which those copies were made.  The Receiving Party shall exercise good faith efforts to ensure that copies it makes of Discovery Material produced to it, and copies made by others who obtained such Discovery Material directly or indirectly from the Receiving Party, include the appropriate confidentiality legend, to the same extent that the Discovery Material has been marked with the appropriate confidentiality legend by the Producing or Designating Party.  In the event that the Receiving Party receives notice in accordance with Section 7 of this Order that Discovery Material was inadvertently or unintentionally disclosed without being designated as Confidential or Highly Confidential – Attorney's Eyes Only Material, the Receiving Party shall exercise good-faith efforts to notify the Producing Party, ensure that copies it makes of Discovery Material produced to it, and copies made by others who obtained such Discovery Material directly or indirectly from the Receiving Party, are marked with the appropriate confidentiality legend, are made available in whole or in part only to persons set forth in Sections 11 or 12 as authorized to receive Confidential or Highly Confidential  – Attorney's Eyes Only Material (as the case may be), and are at all times handled and used only in the manner that this Order

permits or requires Confidential or Highly Confidential – Attorney's Eyes Only Material (as the case may be) to be handled and used.

9. **Derivative Works**: Any notes, lists, memoranda, indices, compilations prepared or based on an examination of Confidential Material or Highly Confidential – Attorney's Eyes Only Material, or any other form of work product or information (including electronic forms), that quote from, paraphrase, copy, or disclose Confidential Material or Highly Confidential – Attorney's Eyes Only Material with such specificity that the Confidential Material or Highly Confidential – Attorney's Eyes Only Material can be identified, or by reasonable logical extension can be identified, shall be accorded the same status of confidentiality as the underlying Confidential Material or Highly Confidential – Attorney's Eyes Only Material from which they are made and shall be subject to all of the terms of this Order.

10. **Notice to Non-Parties**: Any party issuing a subpoena to a non-party shall enclose a copy of this Order with a request that the non-party either request the protection of this Order or notify the issuing party that the non-party does not need the protection of this Order or wishes to seek different protection.

11. **Persons Authorized to Receive Confidential Material**: Access to Protected Material shall be restricted, and may only be shown, disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part, solely to the following persons, who agree to be bound by the

terms of this Order, unless additional persons are stipulated by counsel or authorized by the Court:

**11.1.**  Outside counsel of record for the parties, and the administrative staff of outside counsel's firms;

**11.2.**  In-house counsel for the parties, and the administrative staff for each in-house counsel;

**11.3.**  Any party in this Litigation who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this Litigation;

**11.4.**  Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this Litigation, but only to the extent necessary to further the interest of the parties in this Litigation, and only after executing the agreement attached hereto as Exhibit A;

**11.5.**  The Court and its personnel, including, but not limited to, transcription/recording services engaged by the Court or the parties during this Litigation;

**11.6.** The custodian(s), author(s), or recipient(s) of a document containing the Protected Material;

**11.7.** In connection with their depositions, non-party witnesses in this Litigation to whom disclosure is reasonably necessary and who have signed the agreement attached hereto as Exhibit A;

**11.8.** Any mediator(s), arbitrator(s), or settlement officer(s) mutually agreed upon by the parties;

**11.9.** Mock trial/focus group participants provided they have signed the agreement attached hereto as Exhibit A;

**11.10.** Employees of discovery or copy services, microfilming or database services, trial support firms and/or translators or other litigation support vendors who are engaged by the parties during this Litigation, but only after such service or support firm executes the agreement attached hereto as Exhibit A; and

**11.11.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered, but only after such service or support firm executes the agreement attached hereto as Exhibit A.

**12.     Persons Authorized to Receive Highly Confidential – Attorney's Eyes Only Material:** Access to or use of any information, documents, or portions

9

of documents marked, "Highly Confidential – Attorney's Eyes Only" shall be restricted, and may only be shown, disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part, solely to the persons listed in Sections 11.1, 11.2, 11.4, 11.5, 11.6, 11.7, 11.8, 11.9, and 11.10, unless additional persons are stipulated by counsel or authorized by the Court. Persons listed in Section 11.3 may also view any Highly Confidential Material that is filed/submitted by either Party which are: (1) attached as an unsealed exhibit to a public filing; (2) submitted in conjunction with a Party's mediation statement; or (3) used by a Party during trial.

13. **Agreement to Be Bound**: All persons described in Sections 11.4, 11.7, 11.9, 11.10, and 11.11 above shall not have access to the Protected Documents without having first read, acknowledged, and agreed to be bound by this Order by executing the attached Exhibit A. Plaintiffs' counsel shall retain each such executed "Exhibit A" and shall keep a list identifying (a) all persons to whom Protected Documents have been disclosed, and (b) all Protected Documents disclosed to such persons. Each executed "Exhibit A" shall not be made available to the Designating Party during the pendency of the litigation but shall be available for an *in-camera* inspection by the Court if good cause for review is demonstrated by the Designating Party. During the pendency of the litigation or after the termination of the litigation, subject to the attorney work product doctrine/attorney-client privilege and for good

10

cause shown, the Court may order any party to provide to the Designating Party the list referenced above and any executed "Exhibit A". However, upon request, each such executed "Exhibit A" and list shall be submitted to counsel for the Designating Party at the conclusion of this litigation.

14.     **Qualification of Outside Experts and Consultants**:  In the event that a party in this Litigation utilizes retained and/or testifying experts or consultants who are current employees of a direct competitor to any Defendant in this Litigation, the parties shall meet and confer prior to a party disclosing any Confidential or Highly Confidential – Attorney's Eyes Only Material to those experts or consultants.  No Confidential or Highly Confidential – Attorney's Eyes Only Material shall be disclosed to such experts or consultants except upon written agreements of the parties or order of Court.

15.     **Use of Discovery Material**:     Discovery Material containing Confidential and/or Highly Confidential – Attorney's Eyes Only Material shall be used solely for purposes of the Litigation, including any appeal and retrial. Disclosure or dissemination outside of this Litigation and/or contrary to the terms of this Order is a violation of this Order and is strictly prohibited.

16.     **Exclusion of Individuals from Depositions**:  Whenever Protected Material is to be disclosed in a virtual, face-to-face, or hybrid deposition, the Designating Party may exclude from the room (or virtual room, as the case may be)

any person, other than persons designated in Sections 11 and 12, as appropriate, for that portion of the deposition.  Any person not authorized to access Protected Materials pursuant to Sections 11 and 12 shall similarly be prevented from accessing any real-time deposition transcription software for that portion of the deposition and must be prohibited from accessing any draft or final deposition transcripts for which that portion of the deposition testimony has not been redacted or sealed.

If Protected Material is to be disclosed in a judicial proceeding, the parties will endeavor to meet and confer in good faith about steps that can be taken, if any, to limit the disclosure of Protected Material to only those authorized under Sections 11 and 12, as appropriate and to permit the Producing Party the opportunity to seek appropriate relief from the Court, if necessary.

**17.** **Storage of Confidential Material or Highly Confidential –** **Attorney's Eyes Only Material**:  The recipient of any Confidential Material or Highly Confidential – Attorney's Eyes Only Material that is provided under this Order shall maintain such information in a reasonably secure and safe manner that satisfies the data security requirements of Section 27, *infra*, for electronically stored information, shall ensure that access is limited to the persons authorized under this Order, and shall further exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

**18.    Filing of Confidential Material or Highly Confidential – Attorney's Eyes Only Material**:  Without written permission from the Designating Party or permission from the Court, a party may not file any Confidential Material or Highly Confidential – Attorney's Eyes Only Material in the public record of this action.

**18.1.**  If the Designating Party desires to file Confidential Material or Highly Confidential – Attorney's Eyes Only Material in this action (including but not limited to documents that refer to, summarize, quote from, or attach Confidential Material or Highly Confidential – Attorney's Eyes Only Material), the Designating Party shall file electronically via CM/ECF a motion to file under seal that complies with E.D. Mich. LR 5.3 – Civil Material Filed Under Seal.

**18.2.**  Unless the Designating Party grants express written permission for the non-designating party to file the Confidential Material or Highly Confidential – Attorney's Eyes Only Material in the public record, the non-designating party shall not file the Confidential Material or Highly Confidential – Attorney's Eyes Only Material in the public record.  Instead, the non-designating party must take appropriate action to ensure that the document receives proper protection from public disclosure which may include: (i) filing a redacted document with the consent of the Designating Party; (ii) submitting the document solely for in camera review where

13

appropriate (<u>e.g.</u>, in relation to discovery and evidentiary motions); or (iii) obtaining permission to file the document under seal pursuant to the procedures set forth in E.D. Mich. LR 5.3. For the avoidance of doubt, under all circumstances the Designating Party bears the burden to file any joint or unilateral motion to seal under E.D. Mich. LR 5.3 pursuant to Section 18.3.

18.3.   In the event a non-designating party anticipates filing material that has been designated as Confidential Material or Highly Confidential – Attorney's Eyes Only Material, the non-designating party must provide notice five (5) business days prior to the date of the anticipated filing of a brief related to a party's motion for class certification or a party's motion for summary judgment,[1] of the specific documents/materials/information, so that the Designating Party may, if it so chooses, file a motion that asks the Court to have the Confidential Material or Highly Confidential – Attorney's Eyes Only Material filed under seal.  The parties shall then meet and confer within three (3) business days of the anticipated filing date in a good faith attempt to reach an agreement regarding the filing of a joint motion for leave to file under seal

---

[1] For filings not related to class certification or summary judgment, the parties agree to provide notice at least three (3) business days prior to the date of the anticipated filing. This provision shall not preclude a party from providing notice less than five (5) or three (3) business days in advance of a filing if a party decides to reasonably supplement the list of documents / materials / information it plans to include in the filing, as long as the party provides reasonable notice of such supplementation.

and/or other appropriate measures to protect the Confidential Information from public disclosure. If an agreement is reached, then the parties may file a joint motion for leave to file under seal, in conformance with E.D. Mich. LR 5.3. If an agreement is not reached, then the Designating Party may file a motion for leave to file under seal in compliance with E.D. Mich. LR 5.3. If a motion for leave to file under seal is filed but not ruled upon by the Court before the intended filing date, the non-designating party may proceed with the planned filing but, pursuant to E.D. Mich. LR 5.3(b)(3)(B), must exclude or redact any Confidential Material or Highly Confidential – Attorney's Eyes Only Material from the public filing pending a ruling on the motion for leave to file under seal.

**19.     Challenging Designation of Materials**: A party shall not be obligated to challenge the propriety of a Confidential Material or Highly Confidential – Attorney's Eyes Only Material designation at the time made, or upon initially receiving the documents, and failure to do so shall not preclude a subsequent, good faith challenge thereto during the pendency of this Litigation.

**19.1.  Challenge**: If a Receiving Party disagrees in good faith with the propriety of the Producing or Designating Party's designation of any document(s) or other discovery materials under this Order, counsel for the Receiving Party shall serve written notice upon the Producing or Designating

Party's counsel, specifying the document(s) in question by Bates number or other specific identifier.

**19.2.  Meet and Confer and Motion**:  Upon receipt of written notice challenging the designation of any Protected Document(s), the parties shall meet and confer within fourteen (14) days to attempt to reach an agreement on the designation of the document(s) in question.  If an agreement cannot be reached between the parties concerning the propriety of the designation, the Producing or Designating Party shall file a motion within twenty-one (21) days of the meet and confer seeking Court adjudication of the propriety of the designation under applicable court rules or statutes.  Nothing in this Section 19.2 shall preclude a party from filing or opposing a motion to seal pursuant to E.D. Mich. LR 5.3 and Section 18 of this order.

**19.3. Status of Challenged Designation Pending Judicial Determination**:  Any such document or documents shall at all times continue to be treated as designated by the designating party subject to this Order until such motion has been decided.

**20.    No Application to Public or Otherwise Available Information**: This Order shall not limit or restrict a Receiving Party's use of information that the Receiving Party can demonstrate:  (i) was lawfully in the Receiving Party's possession prior to such information being designated as Confidential or Highly

Confidential – Attorney's Eyes Only Material in the Litigation and that the Receiving Party is not otherwise obligated to treat as confidential; (ii) was obtained without any benefit or use of Confidential or Highly Confidential – Attorney's Eyes Only Material from a third party having the right to disclose such information to the Receiving Party without restriction or obligation of confidentiality; (iii) was independently developed by it after the time of disclosure by personnel who did not have access to the Producing or Designating Party's Confidential or Highly Confidential Material; or (iv) has been independently published to the general public, and relevant Data Protection Laws do not apply.  If the Receiving Party believes that the Disclosing Party has designated information that is covered by any of the preceding categories as Confidential Material or Highly Confidential – Attorney's Eyes Only Material, the Receiving Party may challenge the propriety of such designation using the procedure outlined in Section 19 above.  Any challenged designation remains in force until the propriety of such designation has been decided as outlined above.  This Order shall not limit or restrict any Party's use of documents or production of documents it is required to produce by legal process in other matters.

**21.    No Waiver of Privilege (FRE 502(d))**:  This Order is entered pursuant to and invokes the protections of Federal Rule of Evidence 502(d).  Accordingly, the provisions in Rule 502(b) will not apply to the disclosure of documents or

information in this Litigation.  In order to allow for expeditious production of documents, a Producing Party may, at its sole option, produce such materials without detailed, or any, review to determine whether the production includes materials protected from disclosure by a privilege or other immunity from discovery, including, without limitation, the attorney-client privilege, the work product immunity, or the joint defense or common interest privilege ("Privileged Material").

21.1.  In accordance with Federal Rule of Evidence 502(d) and other applicable Rules, any such production or disclosure of Privilege Material shall not be deemed to waive—in this Litigation or in any other federal or state proceeding—any applicable privilege or immunity (including, without limitation, the attorney-client privilege, the work product immunity, or the joint defense or common interest privilege) that would otherwise attach to the disclosed materials or their subject matter.  The Parties shall not argue, in this forum or any other, that any privilege or protection was waived as a result of inadvertent disclosure in this Litigation, regardless of the procedures used to identify Privileged Material prior to production.

21.2.  If a Party identifies Discovery Material that appears on its face to be Privileged Material belonging to another Party or non-party, the identifying Party is under a good-faith obligation to notify that other Party or non-party.  Such notification shall not waive the identifying Party's ability to

18

subsequently contest any assertion of privilege or protection with respect to the identified discovery material in accordance with the terms of Section 22.6. If the Party or non-party to which the disclosed Privileged Material belongs wishes to assert a claim of privilege or protection, that Party or non-party shall notify the Receiving Party of its assertion of privilege within seven (7) calendar days of receiving the identifying party's notification of potentially Privileged Material. Nothing in this Order limits or otherwise modifies an attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be Privileged Material and to inform the Producing Party that such Privileged Material has been produced.

**21.3.** This Order does not preclude a Party from intentionally waiving any claims of privilege or protection, however production shall not operate as an intentional waiver unless the Producing Party states in writing that it is making an intentional waiver of a claim of privilege or protection.

**21.4.** The provisions of Rule 502(a) of the Federal Rules of Evidence apply when a Party used Privileged Material or Protected Material to support a claim or defense, when a Party used Privileged Material or Protected Material during a deposition without the assertion of a contemporaneous objection, when a Party intentionally discloses Privileged Material or Protected Material to a third party, including the Court (e.g., in

connection with or support of a filing), or when a Party makes selective disclosures of documents for any other purpose.  This Section 21.4 does not preclude a Party from arguing that waiver was made under any applicable rule of law.

22. **Clawback of Disclosure.**  A Producing Party that determines that it made an inadvertent disclosure of Protected Material without proper designation or Privileged Material in this Litigation shall promptly notify the Receiving Party following discovery of the production, and the Receiving Party shall:

22.1. In the case of Privileged Material:  (i) immediately cease the review and use of the disclosed document or information, except to the extent necessary to determine and/or contest the privilege or protection; (ii) if the Receiving Party does not challenge the assertion, return or destroy the disclosed document or information forthwith, as well as any and all copies thereof; and (iii) if the Receiving Party does not challenge the assertion, destroy any references to the erroneously or inadvertently disclosed document or its contents, to the extent such references exist in other materials prepared by the Receiving Party; or

22.2. In the case of Protected Material, shall mark it and all copies "Confidential" or "Highly Confidential – Attorney's Eyes Only" as applicable and treat the document as Protected Material under the terms of

20

the Order. A party may sequester a document if challenging a clawback request.[2]

**22.3.** Upon request of the Producing Party, the Receiving Party must provide to the Producing Party a certification of counsel that the disclosed discovery has been returned, sequestered, or destroyed subject to the terms of this Order. The Receiving Party must sequester any discovery item claimed to be Privileged Material even if the Receiving Party intends to ask the Court for a ruling that the document was never privileged or protected, unless and until the Court determines the document is not privileged or protected.

**22.4.** If any produced Privilege Material or Protected Material has been provided to a non-party by a Receiving Party, the Receiving Party will use all reasonable efforts to secure the return of the Privileged Material (and the destruction of any references thereto) and/or proper designation of the Protected Material, including reminding the non-party of its obligation to adhere to the terms of this Order that non-party agreed to by executing the executing the agreement attached hereto as Exhibit A.

---

[2] Copies of Protected Material or Privileged Material that have been stored on electronic media that are not reasonably accessible, such as disaster recovery backup media, are adequately sequestered as long as they are not restored. If such data is restored, the Receiving Party must take steps to return, destroy, or re-sequester the restored Protected Material or Privileged Material.

**22.5.** Notice of disclosure shall apply to all copies of the document disclosed.

**22.6.** If a Receiving Party disputes the Producing Party's privilege claim, the Receiving Party shall notify the Producing Party of the dispute and the basis therefore in writing within seven (7) business days of receipt of the notification of produced Privileged Material.  However, to the extent that a Producing Party seeks to claw back more than one hundred (100) documents within a seven (7) day period, the Receiving Party shall be provided an additional seven (7) business days, or additional time as the parties agree, to review such documents and dispute the privilege claims asserted over them. The Producing Party and Receiving Party thereafter shall meet and confer in good faith regarding the disputed claim within seven (7) business days.  In the event that the Producing Party and Receiving Party do not resolve their dispute, the Party claiming privilege must bring a motion for a determination of whether a privilege applies within seven (7) days of the determination that no resolution will be achieved.  If such a motion is made, the moving party shall submit to the Court for *in camera* review a copy of the produced Privileged Material in connection with its motion papers.

**22.7.** A Party is not precluded by this Order from arguing that a privilege or protection has been waived for reasons other than the production

of a document or information subsequently clawed back in accordance with the terms of this Order.

23.     **Order Remains in Force**:  This Order shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court made upon reasonable written notice.  Unless otherwise ordered, or agreed upon by the parties, this Order shall survive the termination of this Litigation.  The Court retains jurisdiction even after termination of this Litigation to enforce this Order and to make such amendments, modifications, deletions, and additions to this Order as the Court may from time to time deem appropriate.

24.     **No Waiver of Grounds for Producing Material**:  This Order shall not be construed to limit a party's right or require a party to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

25.     **Confidential or Highly Confidential – Attorney's Eyes Only Material Subpoenaed or Ordered Produced in Other Actions**:  If any person receiving or otherwise in possession, custody, or control of documents or material governed by this Order (the "Receiver") is served with a subpoena, order, interrogatory, document request, or civil investigative demand (collectively, a "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks Discovery Material that was produced or designated as Confidential

Material or Highly Confidential – Attorney's Eyes Only Material by someone other than the Receiver, the Receiver shall give prompt written notice by email within ten (10) business days of receipt of such Demand to the party or non-party who produced or designated the material as Confidential Material or Highly Confidential – Attorney's Eyes Only Material, and shall object to and refrain from the production of such materials on the grounds of the existence of this Order.  The burden of opposing the enforcement of the Demand shall fall upon the party or non-party who produced or designated the material as Confidential Material or Highly Confidential – Attorney's Eyes Only Material.  Unless the party or non-party who produced or designated the Confidential Material or Highly Confidential – Attorney's Eyes Only Material seeks an order directing that the Demand not be complied with, and serves such request upon the Receiver prior to production pursuant to the Demand, the Receiver shall be permitted to produce documents responsive to the Demand on the Demand response date.  If, however, a party seeks such an order, the Receiving Party will not produce documents responsive to the Demand until a court of competent jurisdiction resolves the dispute or the parties otherwise agree that the production can be made.  The Receiver will ensure that Confidential Material or Highly Confidential – Attorney's Eyes Only Material is adequately secured during transfer and will include with the production a copy of this

Order.  Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena or court order issued in another action.

26.   **Certain Redactions Allowed**:  Any Producing or Designating Party may redact from the documents and materials it produces information that the Producing or Designating Party claims is subject to attorney-client privilege, work product immunity, or a legal prohibition against disclosure, or any other privilege or immunity, as well as any information which is Highly Confidential – Attorney's Eyes Only information in the following two instances. ***First***, if it is (1) irrelevant and nonresponsive (i.e., the information is not related in any way to the batteries in the Class Vehicles) and (2) the information involves confidential proprietary information of a non-party that Defendants are bound by agreement, order, or law to protect, and (3) it is readily apparent that the information falls within (1) and (2).  If it is not readily apparent to the Receiving Party that redacted information is protected under this criteria, the Parties must meet and confer before bringing any dispute under this Section 26 before the Court. ***Second***, in the event the Producing Party wishes to redact a document that contains allegedly irrelevant information due to concerns that the document will be used as a basis for the Receiving Party to file a separate, unrelated lawsuit, the Producing Party shall produce redacted versions of those documents and indicate, at the time of production, that the documents are being temporarily redacted pursuant to this provision. The Parties will meet-and-confer

within 10 days following the production to the Receiving Party to discuss whether the redactions should remain in place or whether the documents should be reproduced without redactions. The Producing or Designating Party shall mark each thing where information has been redacted with a legend stating "REDACTED," and specify the basis for the redaction (e.g., privilege, work product, non-party confidential information, etc.), as appropriate, or a comparable notice. When a document consists of more than one (1) page, at least each page on which information has been redacted shall be so marked. The Producing or Designating Party shall preserve an unredacted version of each such document. In addition to the foregoing, the following shall apply to redactions of Protected Data:

26.1. Any party may redact Protected Data as defined in Section 5 that it claims, in good faith, requires protection under the terms of this Order.

26.2. Protected Data shall be redacted from any public filing not filed under seal.

26.3. The right to challenge and process for challenging the designation of redactions shall be the same as the right to challenge and process for challenging the designation of Confidential Material and Highly Confidential – Attorney's Eyes Only Material as set forth in Section 19.

27. **Data Security**: Any person in possession of Confidential Material or Highly Confidential – Attorney's Eyes Only Material shall maintain reasonable

administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Confidential Material or Highly Confidential – Attorney's Eyes Only Material, protect against any reasonably anticipated threats or hazards to the security of such Confidential Material or Highly Confidential – Attorney's Eyes Only Material, and protect against unauthorized access to Confidential Material or Highly Confidential – Attorney's Eyes Only Material.  If a Receiving Party or Authorized Recipient discovers any loss of Confidential Material or Highly Confidential – Attorney's Eyes Only Material or a breach of security, including any potential or suspected unauthorized access, relating to another party's Confidential Material or Highly Confidential – Attorney's Eyes Only Material, the Receiving Party or Authorized Recipient shall:  (1) immediately provide written notice to the Producing or Designating Party of such breach; (2) investigate and make reasonable efforts to remediate the effects of the breach, and provide the Producing or Designating Party with assurances reasonably satisfactory to the Producing or Designating Party that such breach shall not recur; and (3) provide sufficient information about the breach that the Producing or Designating Party can reasonably ascertain the size and scope of the breach.  The Receiving Party or Authorized Recipient agrees to cooperate with the Producing or Designating Party or law enforcement, as applicable, in investigating any such security incident.  In

any event, the Receiving Party or Authorized Recipient shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

28.    **End-of-Matter Data Disposition**: Within ninety (90) days of final resolution of this Litigation, including any appeals, the Parties will certify that a good-faith effort has been made that all Confidential Material and/or Highly Confidential – Attorney's Eyes Only Material has been returned to the Producing or Designating Party and/or been destroyed in a secure manner, at the discretion and direction of the Producing or Designating Party.  If a party elects to destroy Confidential Material and/or Highly Confidential – Attorney's Eyes Only Material upon final resolution of this Litigation, that party will provide an affidavit to the Producing or Designation Party attesting to secured destruction.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Counsel need not purge their email or delete their work product on their own internal systems, provided, however, that any Protected Material contained in such email or work product retained by Counsel shall remain subject to the provisions of this Protective Order.

**29.**    Nothing in this Order should be construed as precluding Defendants from reporting any alleged safety defect or concerns to the National Highway Traffic Safety Administration ("NHTSA") or any governmental agency with the authority to study public safety issues pertinent to the product at issue.  However, a party may not share a Producing Party's Confidential or Highly Confidential – Attorney's Eyes Only documents or other discovery materials with NHTSA or any governmental agency without prior consent of the Producing Party, except as required to comply with a court order.  Any request for disclosure of a Producing Party's Confidential or Highly Confidential – Attorney's Eyes Only documents or other discovery materials should be directed to the Producing Party.  The terms of this Protective Order do not preclude GM from providing confidential and/or protected information and documents to the National Highway Traffic Safety Administration ("NHTSA"), either voluntarily or in connection with GM's obligations under the National Traffic and Motor Vehicle Safety Act of 1966 ("Safety Act"), 49 U.S.C. § 30101, et seq., so long as documents are provided consistent with the terms of this Section 29.

**30.    Violations of this Order**:  If any person or party should violate the terms of this Order, the aggrieved Producing or Designating Party may apply to the Court to obtain relief against any such person or party violating or threatening to violate any of the terms of this Order. The parties and any other person subject to

the terms of this Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Order.

**31.     Reservation of Rights and Obligations Under Korean Law**:  In the event that a discovery response or the production of responsive documents would be impacted by federal, state, or Korean Data Protection Laws or other privacy obligations, including, but not limited to, (1) the Personal Information Protection Act of 2011, Act No. 16930 as amended February 4, 2020 ("PIPA"); (2) The Act on Special Measures for Strengthening the Competitiveness of National High-Tech Strategic Industries, Act No. 18813, February 3, 2022; (3) The Act on Prevention of Divulgence and Protection of Industrial Technology, Act No. 19166, as amended January 3, 2023; and (4) The Foreign Trade Act, Act No. 18885, as amended June 10, 2022, the Responding Party shall raise this provision in response to the specific discovery requests affected.  The Parties agree to meet and confer in good faith about the status of the Responding Party's efforts to obtain the necessary consents, approvals, or other conditions precedent for the disclosure of information or production of documents sought that are affected by these laws and obligations.  The Parties reserve their rights to take any issue not agreed upon to the Court.

**IT IS SO ORDERED.**

Dated: April 21, 2023                /s/Terrence G. Berg
                                           Hon. Terrence G. Berg
                                           Senior United States District Judge

Stipulated and Agreed To:

*/s/ John Nadolenco (w/consent)*
John Nadolenco
**MAYER BROWN LLP**
333 South Grand Avenue, 47th Floor
Los Angeles, CA 90071
Tel: 213.229.9500
Fax: 213.625.0248
jnadolenco@mayerbrown.com

Archis A. Parasharami
**MAYER BROWN LLP**
1999 K Street, NW
Washington, DC 20006
Tel: 202.263.3328
Fax: 202.263.3300
aparasharami@mayerbrown.com

Andrew S. Rosenman (P54869)
**MAYER BROWN LLP**
71 S. Wacker Drive
Chicago, IL 60606
Tel: 312.782.0600
Fax: 312.701.7711
arosenman@mayerbrown.com

*Attorneys for Defendant*
*General Motors LLC*

*/s/ Catherine Rizzoni (w/consent)*
Jason R. Burt (D.C. Bar No. 980862)
jason.burt@lw.com
Catherine Anne Rizzoni
cat.rizzoni@lw.com
**LATHAM & WATKINS LLP 555**
Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

Dated: April 18, 2023

*Dennis A. Lienhardt*
E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)
Dennis A. Lienhardt (P81118)
**THE MILLER LAW FIRM, P.C.**
950 West University Dr., Suite 300
Rochester, MI 48307
(248) 841-2200
Fax (248) 652-2852
epm@millerlawpc.com
ssa@millerlawpc.com
dal@millerlawpc.com

Lynn Lincoln Sarko
Gretchen Freeman Cappio (P84390)
Ryan McDevitt (P84389)
Emma Wright
**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101
(206) 623-1900
Fax (206) 623-3384
lsarko@kellerrohrback.com
gcappio@kellerrohrback.com
rmcdevitt@kellerrohrback.com
ewright@kellerrohrback.com

***Interim Co-Lead Counsel***

David C. Wright
Mark I. Richards
Richard D. McCune
Steven A. Haskins
**MCCUNE WRIGHT ARAVELO, LLP**
3281 East Guasti Road, Suite 100
Ontario, CA 91761
(909) 557-1250

Mark S. Mester (Ill. Bar No. 6196140)
mark.mester@lw.com
Robert C. Collins III (Ill. Bar No. 6304674)
robert.collins@lw.com
**LATHAM & WATKINS LLP 330**
North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

*Attorneys for Defendant LG Chem, Inc., LG Energy Solution, Inc., and LG Energy Solution Michigan, Inc.*

*/s/ Samuel L. Zimmerman (w/consent)*
Phoebe A. Wilkinson
Samuel L. Zimmerman
**HOGAN LOVELLS LLP**
390 Madison Avenue
New York, NY 10024
Tel: 212.918.3000
Fax: 21.918.3010
phoebe.wilkinson@hoganlovells.com
samuel.zimmerman@hoganlovells.com

A. Michael Palizzi (P47262)
**MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.**
150 West Jefferson Avenue, Suite 2500
Detroit, Michigan 48226
T: (313) 496-7645
F: (313) 496-7500
palizzi@millercanfield.com

*Attorneys for Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc.*

Fax (909) 557-1275
dcw@mccunewright.com
mir@mccunewright.com
rdm@mccunewright.com
sah@mccunewright.com

Roberta Liebenberg
Gerard A. Dever
Mary L. Russell
**FINE, KAPLAN AND BLACK, RPC**
1 South Broad St., Suite 2300
Philadelphia, PA 19107
(215) 567-6565
rliebenberg@finekaplan.com
gdever@finekaplan.com
mrussell@finekaplan.com

Nicholas A. Migliaccio (P29077)
Jason S. Rathod (P18424)
**MIGLIACCIO & RATHOD LLP**
412 H St. NE, Suite 302
Washington D.C. 20002
(202) 470-3520
nmigliaccio@classlawdc.com
jrathod@classlawdc.com

Todd Friedman
David B. Levin
**LAW OFFICES OF TODD M. FRIEDMAN, PC**
21550 Oxnard Street Suite 780
Woodland Hills, CA 91367
(224) 218-0882
Fax (866) 633-0228
dlevin@toddflaw.com
tfriedman@toddflaw.com

Benjamin F. Johns
Beena M. McDonald
Samantha E. Holbrook

Alex M. Kashurba
**CHIMICLES SCHWARTZ
KRINER& DONALDSON-SMITH
LL**
361 West Lancaster Ave
One Haverford Centre
Haverford, PA 19041
(610) 642-8500
bmm@chimicles.com
bfj@chimicles.com
seh@chimicles.com

***Plaintiffs' Steering Committee***

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| **In re Chevrolet Bolt EV Battery Litigation** | ) ) ) ) ) | **Case No. 2:20-cv-13256-TGB-CI**<br><br>**Judge Terrence G.  Berg**<br><br>**Magistrate Judge Curtis Ivy** |

**AGREEMENT CONCERNING INFORMATION**
**COVERED BY STIPULATED PROTECTIVE ORDER**

I,_____, hereby acknowledge that I have received a copy of the Stipulated Protective Order entered in the above-captioned action by the United States District Court for the Eastern District of Michigan (hereinafter, the "Protective Order").

I have either read the Protective Order or have had the terms of the Protective Order explained to me by my attorney.

I understand the terms of the Protective Order and agree to comply with and to be bound by such terms.

If I receive documents or information designated as Confidential Material or Highly Confidential – Attorney's Eyes Only Material (as those terms are defined in the Protective Order), I understand that such information is provided to me pursuant to the terms and restrictions of the Protective Order.

I agree to hold in confidence and not further disclose or use for any purpose (other than is permitted by the Protective Order) any information disclosed to me pursuant to the terms of the Protective Order.  I agree to maintain and abide by the Data Security provisions and End-of-Matter Data Disposition provisions set forth in the Protective Order.

I hereby submit myself to the jurisdiction of the United States District Court for the Eastern District of Michigan for resolution of any matters pertaining to the Protective Order.

My address is:_____

My present employer is:_____

Dated:_____

Signed:_____