# Exhibit A

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

*In re Chevrolet Bolt EV Battery Litigation*

No. 2:20-13256-TGB-CI

Honorable Terrence G. Berg
Magistrate Judge Curtis Ivy

## STIPULATION AND AGREEMENT OF SETTLEMENT

# TABLE OF CONTENTS

I.     RECITALS ................................................................................1

II.    DEFINITIONS ........................................................................7

III.   PRELIMINARY CERTIFICATION OF SETTLEMENT
     CLASS ..................................................................................21

IV.   SETTLEMENT APPROVAL – PRELIMINARY APPROVAL
     ORDER AND FINAL ORDER AND JUDGMENT ................................23

     A.    Preliminary Approval Order ............................................23

     B.    Final Order And Judgment ..............................................30

V.    SETTLEMENT CONSIDERATION ........................................35

     A.    Payment To Settlement Class Members Who Received
          The Software Final Remedy ............................................35

     B.    Payment To Settlement Class Members Whose Vehicles
          Are Eligible For The Battery Replacement Final Remedy .............36

     C.    Remaining Settlement Fund ............................................37

VI.   NOTICE AND ADMINISTRATION OF THE SETTLEMENT..............38

     A.    Establishment And Administration Of The Cash Fund As
          A Qualified Settlement Fund ............................................38

     B.    Duties Of The Settlement Administrator ........................................42

     C.    CAFA Notice ..................................................................43

     D.    Notice Deadline ..............................................................43

     E.    Individual Class Notice Methods ..................................43

     F.    Submission Of Claims ....................................................46

VII.   ATTORNEYS' FEES AND EXPENSES, AND SERVICE
       AWARDS ....................................................................................49

       A.   Attorneys' Fees And Expenses .......................................49

       B.   Service Award For Named Plaintiffs ...............................50

VIII.  RELEASES ..................................................................................51

IX.    REQUEST FOR EXCLUSION BY CLASS MEMBERS .........................54

X.     OBJECTIONS BY CLASS MEMBERS .....................................56

XI.    NOTICES ....................................................................................59

XII.   NO ADMISSION OF LIABILITY AND PRESERVATION OF
       ALL DEFENSES ..........................................................................61

XIII.  REPRESENTATIONS, WARRANTIES, AND COVENANTS ...............62

XIV.   WITHDRAWAL AND TERMINATION ....................................62

XV.    MISCELLANEOUS PROVISIONS ........................................66

ii

This settlement agreement ("Agreement" or "Settlement Agreement") is made and entered into between Plaintiffs and Defendants General Motors LLC (hereinafter "General Motors" or "GM"); LG Chem, Ltd., LG Energy Solution, LTD. and LG Energy Solution Michigan Inc. (collectively, "LG Energy"); and LG Electronics, Inc., and LG Electronics USA, Inc. (collectively, "LGE"). The Agreement is intended to fully, finally and forever resolve, discharge and settle the claims in the lawsuit styled *In re Chevrolet Bolt EV Battery Litigation*, Case No. 2:20-13256-TGB-CI, pending in the United States District Court for the Eastern District of Michigan (the "Action") and all matters raised or that could have been raised therein, subject to the terms and conditions set forth below as well as approval by the Court. Capitalized terms shall have the meaning ascribed to them in Section II hereof to the extent such terms are defined therein.

## I.     RECITALS

1.1.    WHEREAS, in late 2020 and early 2021, eight putative class actions were filed in various United States District Courts against General Motors relating to the manufacture and sales of 2017-2022 Chevrolet Bolt vehicles. Those cases were consolidated in the United States District Court for the Eastern District of Michigan on June 1, 2021, interim class counsel was appointed on June 2, 2021, and an Amended Consolidated Class Action Complaint was filed on September 17, 2021, naming LG Energy and LGE as additional defendants;

1.2.    WHEREAS, the Amended Consolidated Class Action Complaint asserts a nationwide common law fraud claim as well as common law fraud and statutory consumer protection claims under the laws of various states against all Defendants and breach of warranty claims against GM and seeks to recover monetary damages and equitable relief from all Defendants on behalf of a proposed nationwide class and fourteen (14) state subclasses of owners or lessees of model year 2017-2022 Chevrolet Bolt vehicles;

1.3.    WHEREAS, Defendants GM, LG Electronics USA Inc., and LG Energy Solutions Michigan Inc. (the "US Defendants") filed Motions to Dismiss the Amended Consolidated Class Action Complaint and Motions to Compel certain claims to arbitration on December 17, 2021, which the parties briefed and argued, and which the Court granted in part and denied in part on September 30, 2022;

1.4.    WHEREAS, Defendants LG Electronics, Inc, LG Chem, Ltd, and LG Energy Solutions, LTD (the "Korean Defendants") filed Motions to Dismiss the Amended Consolidated Class Action Complaint and Motions to Compel certain claims to arbitration on July 8, 2022, which motions the Court struck as moot as part of its September 30, 2022 ruling;

1.5.    WHEREAS, on December 22, 2022, the US Defendants filed their Answers and Affirmative Defenses to Plaintiffs' Consolidated Class Action Complaint, denying all material allegations therein and asserting a variety of

affirmative defenses.  Defendants continue to deny all of the allegations in Plaintiffs'

Amended Consolidated Class Action Complaint and specifically deny that they have

engaged in any wrongdoing whatsoever and that the Action can properly be

maintained as a class action for litigation purposes;

    1.6.    WHEREAS, the Korean Defendants were in the process of preparing

Answers and Affirmative Defenses to Plaintiffs' Consolidated Class Action

Complaint, which were put on hold pending the outcome of the mediation sessions

described below.  Nevertheless, the Korean Defendants likewise deny all material

allegations in the Amended Consolidated Class Action Complaint and specifically

deny that they have engaged in any wrongdoing whatsoever and that the Action can

properly be maintained as a class action for litigation purposes;

    1.7.    WHEREAS, National Highway Traffic Safety Administration Recall

No. 21V-560 identifies an alleged defect relating to motor vehicle safety in

approximately 57,000 model year 2017-2019 Chevrolet Bolt EV vehicles. National

Highway Traffic Safety Administration Recall No. 21V-650 expanded Recall No.

21V-560 to include approximately 52,000 model year 2020-2022 Chevrolet Bolt EV

vehicles;

    1.8.    WHEREAS, the Part 573 Safety Recall Reports submitted to NHTSA

under Recall Nos. 21V-560 and 21V-650 currently state that General Motors will

replace defective battery modules in the recall population with components produced

after manufacturing process changes implemented by its battery supplier LG Energy Solution Michigan Inc. In October 2021, General Motors began providing replacement battery modules for vehicles in the recall population as a final recall remedy;

1.9.    WHEREAS, for approximately 22,560 of the vehicles within the model year 2020-2022 vehicle population, the final recall remedy is the installation of software that continually monitors the high voltage battery in the Vehicles. If this software update detects an anomaly in a vehicle's high voltage battery within the first 6,214 miles (10,000 km) of use, during which time the state-of-charge is capped at 80%, the driver will be alerted via a warning in the driver information center, and General Motors will replace the battery pack or module(s) in the vehicle;

1.10.   WHEREAS, the Parties have engaged in extensive arm's-length settlement negotiations, including three formal mediation sessions on October 28, 2022, December 2, 2022, and May 9, 2023, before Judge Jay C. Gandhi (Ret.) and Lexi Myer-Wolfe of JAMS. In addition, the Parties have participated in numerous telephone conferences and many email exchanges with the mediators and with each other and have exchanged, debated, and discussed significant data and information pertaining to the claims in this Action, the Battery Replacement Final Remedy, the Software Final Remedy and the terms of this Settlement;

1.11.   WHEREAS, those negotiations were informed by the Parties' exchange of information and supervised by Judge Gandhi. After carefully considering the facts and applicable law and the risks, expense, and uncertainty of continued litigation, and after having engaged in extensive negotiations, the Parties agree that it is in their mutual best interests to conclusively resolve the claims in this Action on fair, reasonable, and adequate terms without the uncertainty, expense, and delay of further litigation pursuant to the terms set forth in this Settlement Agreement;

1.12.   WHEREAS, Plaintiffs and Class Counsel have examined the benefits to be obtained under the terms of this Settlement Agreement, have considered the risks associated with the continued prosecution of this case and the likelihood of success on the merits and believe that, after considering all of the circumstances, the proposed Settlement set forth in this Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class;

1.13.   WHEREAS, Defendants recognize and acknowledge the expense and length of continued proceedings that would be necessary to defend the Action through trial and any appeals, and in agreeing to enter this Settlement have taken into account the uncertainties of further litigation as well as the difficulties and delays inherent in such litigation;

1.14.   WHEREAS, the Parties agree that neither this Settlement Agreement nor the Settlement it represents shall be construed in this Action or any other

litigation or proceeding as an admission by Defendants or any of them of any wrongdoing whatsoever, including an admission of a violation of any statute or law or regulation or of liability on the claims or allegations in this Action;

1.15. WHEREAS, the Parties agree and understand that neither this Settlement Agreement nor the Settlement it represents shall be construed or be admissible as an admission or acknowledgement by Defendants or any of them in this Action or in any other proceedings that Plaintiffs' claims or any similar claims are or would be suitable for class treatment if this Action proceeded through both litigation and trial; and

1.16. WHEREAS, the Parties desire to compromise and settle all issues and claims arising out of or related to the claims that were asserted or could have been asserted in this Action against Defendants.

NOW, THEREFORE, in consideration of the mutual covenants and agreements herein, the Parties hereto agree as follows, subject to preliminary and final approval by the Court and the resolution of any and all appeals, that the Action and the Released Claims shall be fully and finally compromised, settled and released and that the Action shall be dismissed with prejudice as set forth herein subject to and upon the terms and conditions described below:

## II.   DEFINITIONS

As used in this Agreement, the following terms not defined above shall have the meanings set forth below:

2.1.   "Action" means *In re Chevrolet Bolt EV Battery Litigation*, Case No. 2:20-13256-TGB-CI (E.D. Mich.), including all actions consolidated therein.

2.2.   "Attorneys' Fees and Expenses" means those amount(s) awarded to Class Counsel for attorneys' fees and reimbursement of litigation expenses, in amount(s) to be determined by the Court. Any award of Attorneys' Fees and Expenses shall be paid entirely and exclusively from the Settlement Fund.

2.3.   "Attorneys' Fee and Expense Application" means any application that Class Counsel may submit for Attorneys' Fees and Expenses and/or for Service Awards.

2.4.   "Administrator" or "Claims Administrator" or "Settlement Administrator" means a third-party agent or administrator to be selected by Class Counsel and Defendants' Counsel and approved by the Court to help implement and effectuate this Agreement.

2.5.   "Battery Replacement Final Remedy" means the battery replacement recall remedy under which Defendants have made available battery replacements for approximately 87,000 of the Class Vehicles. Each replacement battery provided through the Battery Replacement Final Remedy includes an extended 8-

year/100,000-mile limited battery warranty, running from the date of replacement. GM has reserved the right, for those owners who have been notified that a battery replacement is available but fail to accept a battery replacement within 60 days of receiving that notice, to provide that the 8-year period for the extended warranty will begin to run starting 60 days after receipt of the notice, regardless of whether the battery has been replaced. Defendants are providing this remedy and the warranty as part of the recall and not as part of the Settlement. For the avoidance of doubt, Vehicles which have battery replacements performed under the Software Final Remedy do not fall into the Battery Replacement Final Remedy group of Vehicles.

2.6.   "Claim Form" means the form that members of the Settlement Class must complete and submit on or before the Claim Form Deadline in order to be eligible for the benefits under this Settlement, which document shall be substantially in the form of Exhibit 4 hereto.  The Claim Form shall be signed under penalty of perjury.  Claim Forms will be processed after the Effective Date.

2.7.   "Claim Form Deadline" shall mean the deadline to be set in the Preliminary Approval Order and included in the Class Notice by which any Claim Form must be received by the Claims Administrator.

2.8.   "Class Counsel" shall mean Keller Rohrback L.L.P. and The Miller Law Firm, P.C.

2.9.   "Class Members" shall mean all persons within the United States who purchased (whether new or used) or leased, other than for resale, a model year 2017, 2018, 2019, 2020, 2021 or 2022 Chevrolet Bolt built and shipped to a dealer on or before August 19, 2021 and who have not received a buyback of their vehicle from General Motors or a General Motors authorized dealer, and who do not fall within the exclusions listed in Paragraph 3.2. For the avoidance of doubt, each Plaintiff is also a Class Member.

2.10.   "Class Notice" shall mean the Court-approved form of notice to the Settlement Class, in substantially the same form as Exhibits 1-3, which will notify the Settlement Class of the Preliminary Approval of the Settlement and the scheduling of the Fairness Hearing, among other things, and will be mailed directly to members of the Settlement Class and posted on the Settlement Website.

2.11.   "Class Vehicles" shall mean the model year 2017, 2018, 2019, 2020, 2021 and 2022 Chevrolet Bolt vehicles built and shipped to dealers on or before August 19, 2021 (tracking NHTSA Recall Nos. 21V-560 and 21V-650, which are limited to "vehicles built and shipped to dealers as of August 19, 2021").

2.12.   "Court" refers to the United States District Court for the Eastern District of Michigan.

2.13. "Defendants" shall mean General Motors LLC, LG Chem, Ltd., LG Energy Solution, Ltd., LG Energy Solution Michigan Inc., LG Electronics, Inc. and LG Electronics U.S.A., Inc.

2.14. "Defendants' Counsel" shall mean Mayer Brown LLP, Latham & Watkins LLP and Hogan Lovells US LLP.

2.15. "Distribution Amount" means an amount of money payable to a Settlement Class Member as the distribution of the Settlement Class Member's share of the Settlement Fund pursuant to Section V of this Settlement Agreement. The Claims Administrator shall cause claims to be paid electronically or issue and mail checks or other payments to the Settlement Class Members as identified on the Summary Final Distribution Report in the amounts shown thereon.

2.16. "Distribution Date" means the date on which the Distribution Amounts are first sent or mailed to Settlement Class Members. Except as to any interim distributions for class notice and settlement administration costs and payments made in connection with the E-Card Program as outlined below, no distributions shall be made to Settlement Class Members until the Effective Date.

2.17. "E-Card Program" means the program offered to Class Members who had the Software Final Remedy installed by December 31, 2023 and registered for the E-Card Program by December 31, 2023 (including by signing an individual release) in return for a $1400 e-card payment, made in part or in full prior to final

approval of the Settlement. The total amount of payments made through the E-Card Program, as well as associated administrative costs, which were part of the negotiated Settlement Amount, will be deducted from the amount due to be paid into the Settlement Fund but will be treated as part of the Settlement Fund for all other purposes. **In the event that the Settlement is not finally approved or is terminated, those Class members who received pre-approval payments under the E-Card Program shall be entitled to retain those payments so long as they honor the terms of the releases they have executed.**

2.18.  "Effective Date" shall mean forty-five (45) days after the Court's entry of the Final Order and Judgment if no document is filed within that time period or request made seeking appeal, review, or any other relief in connection with the Agreement, certification of the Settlement Class and/or the Final Order and Judgment. If any such document is filed or request is made, then the Effective Date shall be forty-five (45) days after the date upon which all proceedings related to such appeal, review, and other relief have fully and finally terminated in such a manner so as to permit full implementation of the Agreement and the Final Order and Judgment without any further risk that the Agreement and/or the Final Order and Judgment could be further challenged, modified and/or reversed. Nothing herein shall be construed or interpreted as barring any award of Attorneys' Fees and

Expenses from being paid to Class Counsel prior to the Effective Date, subject to Paragraph 7.2 below.

2.19.   "Escrow Amount" means the interest-bearing account controlled by the Escrow Agent into which the Defendants shall deposit or cause their insurance carriers to deposit the total sum of $5,000,000 on behalf of the Defendants within forty-five (45) calendar days of the Court's order granting preliminary approval of the Settlement.

2.20.   "Escrow Agent" means Citibank, N.A. ("Citibank").

2.21.   "Fairness Hearing" means the final hearing, held after the Preliminary Approval order is issued, to be held before the Court to determine whether the Settlement should be approved as fair, reasonable and adequate pursuant to Rule 23(e)(2); whether the Judgment should be entered; and whether the motion for award of Attorneys' Fees and Expenses should be granted in whole or in part.

2.22.   "Final and Non-Appealable" means that the Judgment approving this Settlement Agreement and the proposed class settlement contemplated under this Settlement Agreement are "Final and Non-Appealable" when thirty (30) days have passed after the date of entry of the Judgment without the filing in any court of: (i) any motion that would legally extend the time to appeal the Judgment or which challenges or seeks reconsideration, modification or vacation of the Judgment; or (ii) if an appeal is filed, the Judgment becomes Final and Non-Appealable when the

appellate court enters an order or judgment dismissing or overruling in its entirety the relief requested and that order or judgment itself becomes final and no longer subject to further review in any court, including but not limited to the issuing court.

2.23. "Final Order and Judgment" and "Final Approval" and "Judgment" shall refer to the Final Order and Judgment issued by the Court as defined in Section IV.B that gives full and final approval to the Agreement, and all aspects of the class settlement therein, and dismissing the Action with prejudice.

2.24. "Notice and Administrative Costs" means the reasonable and authorized costs and expenses of disseminating and publishing Class Notice in accordance with the Preliminary Approval Order and all reasonable and authorized costs and expenses incurred by the Settlement Administrator in administering the Settlement, including but not limited to the fees of the Settlement Administrator and its costs and expenses incurred in mailing of the settlement consideration described below to Class Members. Payment of any expenses of the Settlement Administrator in excess of $385,000 shall require application and approval by the Court (that is, costs in excess of 110% of the Settlement Administrator's estimate for the implementation of the notice plan, distribution of class member payments, and other tasks set forth in this Agreement, but not including costs associated with dissemination of residual funds). All Notice and Administrative Costs, however, shall be paid out of the Settlement Fund, and Defendants and each of them shall have

no further responsibility with respect to such costs except with respect to their respective obligations to fund the Settlement Fund.

2.25. "Notice Date" means the date by which the Settlement Administrator completes the mailing of a copy of the Short-Form Notice by first class mail, postage prepaid, to each Settlement Class Member. The Notice Date shall be no later than ninety (90) days after the Court enters the Preliminary Approval Order.

2.26. "Notice of Intention to Appear" shall mean the document that any Class Member must file with the Court if the Class Member has an Objection to the Agreement and wishes to appear at the hearing on the Final Order and Judgment.

2.27. "Objection" shall mean a written notice of objection to any aspect of the Agreement submitted by or on behalf of a Settlement Class Member by following the procedures set forth herein and in the Class Notice.

2.28. "Objection Deadline" shall mean the deadline to be set in the Preliminary Approval Order by which an Objection must be filed with the Court.

2.29. "Opt Out" or "Request for Exclusion" shall mean a request by a Class Member to be excluded from the Settlement Class and from the settlement provisions set forth in this Agreement by following the procedures set forth herein and in the Class Notice.

2.30. "Opt-Out Deadline" or "Request for Exclusion Deadline" means the last date on which a Class Member may request to be excluded from the Settlement

Class and thereafter not be bound by the Settlement Agreement or any aspect thereof, but also not be entitled to share in any of the compensation available to Settlement Class Members pursuant to the Settlement Agreement.

2.31. "Opt-Out List" means the list compiled by the Settlement Administrator identifying those members of the Settlement Class who properly Opt Out.

2.32. "Parties" shall refer collectively to Plaintiffs and Defendants.

2.33. "Party" shall mean any one of the "Parties."

2.34. "Person" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their respective spouses, heirs, affiliates, attorneys, predecessors, successors, representatives, insurers and/or assignees.

2.35. "Plaintiffs" means Robin Altobelli, F. Dayle Andersen, Bruce James Cannon, Mary Carr and Jan G. Wyers, Yohanes Chitra, Christine Chung, Daniel Corry, John DeRosa, William Dornetto and Russell Ives, Kevin Harris and Pamela Duprez, Michael Hickey, Michael and Denise Holbrook, Fred Kass, James Kotchmar, Robert Kuchar, Joseph Poletti, Edward and Janet Rock, Evi Schulz,

Michael Smith, Ashley Strong, Alucard Taylor, Jason Vaaler, Tony Verzura, Shawn Walker, and Thomas and Carol Whittaker.

2.36.  "Preliminary Approval Date" means the date on which the Court enters the Preliminary Approval Order.

2.37. "Preliminary Approval Order" shall mean the order of the Court preliminarily approving this Agreement as defined in Section IV.A.

2.38. "Released Claims" shall mean the claims released under this Agreement as set forth in more detail in Section VIII below. Without otherwise limiting the foregoing, Released Claims do not include any claims for personal injury and/or property damage.

2.39. "Released Parties" shall mean Defendants, any individual or entity, including authorized GM dealerships, involved in any way in the design, manufacture, advertising, marketing, distribution, sale, and/or service of any of the Class Vehicles purchased or leased by the Class Members, as well as all of these individuals' and entities' past, present, and future employees, officers, directors, shareholders, owners, partners, members, joint venturers, managers, representatives, adjusters, attorneys, agents, consultants, insurers, excess insurers, reinsurers, indemnitors, contractors, employers, affiliates, divisions, partnerships, independent contractors, servants, parents, subsidiaries, related entities, predecessors, successors, assignors, assignees, including but not limited to, successors or predecessors by

merger, and any other person or entity who has, had, or could have legal responsibility relating to the Released Claims.

2.40. "Remaining Settlement Fund" means that portion of the Settlement Fund that remains after all distributions pursuant to Sections V.A and V.B, after payment of all Attorneys' Fees and Expenses, Service Awards to the Plaintiffs, Notice and Administrative Costs, Taxes, and Tax Expenses, and after all other Court-approved deductions.

2.41. "Second Distribution Amount" means an amount of money payable to a Class Member from the Remaining Settlement Fund as described in Section V.C of this Settlement Agreement.

2.42. "Service Awards" means the amount sought by application to and approved by the Court and that is payable from the Settlement Fund to Plaintiffs solely from the amount approved by the Court as described in Section VII.B of this Settlement Agreement for commencing this action and subjecting him or herself to the loss of privacy, discovery, and potential appearance at trial.

2.43. "Settlement" means the agreement by the Parties to resolve, on a class-wide basis, the Litigation and all Released Claims as set forth in Section VIII, the terms of which have been memorialized and provided for in this Settlement Agreement.

17

2.44. "Settlement Agreement" or "Agreement" means this Agreement, including its attached exhibits, which are incorporated herein by reference, duly executed by Class Counsel and Defendants' counsel, on behalf of the class representatives and Defendants respectively.

2.45. "Settlement Amount" means One Hundred Fifty Million Dollars ($150,000,000).  The Settlement Amount is non-reversionary. Once the Settlement becomes Final and Non-Appealable, the Defendants shall have no ability to get back any of the Settlement Amount, including any portion of the Remaining Settlement Fund.

2.46. "Settlement Class" or "Settlement Class Members" shall mean all persons within the United States who purchased (whether new or used) or leased, other than for resale, a model year 2017, 2018, 2019, 2020, 2021 or 2022 Chevrolet Bolt built and shipped to a dealer on or before August 19, 2021 and who have not received a buyback of their vehicle from General Motors or a General Motors authorized dealer, who do not fall within the exclusions listed in Paragraph 3.2, and/or who do not subsequently submit timely Requests for Exclusion. This definition is intended to exclude from the Settlement Class those customers who already received relief in the form of a buyback.

2.47. "Settlement Fund" means the non-reversionary Settlement Amount, plus all interest and accretions thereto. As explained further below, payments made

to Settlement Class Members through the E-Card Program will be treated as Distribution Amounts already distributed from the Settlement Fund.

2.48.   "Settlement Website" means the website created and maintained by the Settlement Administrator, which will contain, among other things, the Notice and Claim Forms and documents related to the Settlement.

2.49.   "Software Final Remedy" means the software recall remedy through which Defendants will provide advanced software for approximately 22,560 of the Settlement Class Members who have model year 2020-2022 Bolt vehicles.  Under the Software Final Remedy, GM dealers will install new advanced diagnostic software designed to detect potential anomalies that might indicate a potentially defective battery by monitoring the battery over 6,214-miles (10,000-kilometers) of use, with state-of-charge capped during that period at 80%. If an anomaly is identified, the software will alert the owner to service their vehicle immediately. The owner or lessee should then contact their dealer to schedule a free battery pack or module replacement. If no anomalies are detected after the initial 6,214-mile (10,000-kilometer) period, the battery will automatically return to a 100% state of charge, indicating diagnostic processes are complete. The software, however, will continue monitoring the battery for the life of the vehicle, even after the vehicle returns to a 100% state of charge. If the Software Final Remedy (i) was applied before March 31, 2024 and (ii) indicates that a battery replacement is necessary

during the initial 6,214-mile (10,000-kilometer) period and (iii) so indicates before March 31, 2025, the resulting battery replacement will include an extended 8-year/100,000-mile limited battery warranty, running from the date of replacement. (GM has reserved the right, for those owners who have been notified that a battery replacement is available but fail to accept a battery replacement within 60 days of receiving that notice, to provide that the 8-year period for the extended warranty will begin to run starting 60 days after receipt of the notice, regardless of whether the battery has been replaced.) Otherwise, and unless these three conditions are satisfied, any battery pack or module replacement or repair (including those indicated by the Software Final Remedy) shall occur under the existing warranty, to the extent it has not expired.  Defendants are providing this remedy and the warranty as part of the recall and not as part of the Settlement. For the avoidance of doubt, Vehicles which have battery replacements performed under the Software Final Remedy do not fall into the Battery Replacement Final Remedy group of Vehicles.

2.50. "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority.

2.51. "Uncashed Distribution Amount" means any Distribution Amounts paid by check or other means to a Class Member that are returned to the Settlement

Administrator as undeliverable or that are uncashed, meaning not endorsed and presented to the financial institution or trust company in which the Escrow Account is established by the "Void Date" shown on the Distribution Amount check.

## III.    PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS

3.1.    Pursuant to Fed. R. Civ. P. 23(e), the Parties hereto agree to the entry of an order, certifying for settlement purposes <u>only</u>, the following Settlement Class:

> All persons within the United States who purchased (whether new or used) or leased, other than for resale, a Model Year 2017, 2018, 2019, 2020, 2021 or 2022 Chevrolet Bolt built and shipped to a dealer on or before August 19, 2021 and who have not received a buyback of their vehicle from General Motors or a General Motors authorized dealer.

3.2.    Specifically excluded from the Settlement Class are the following Persons: (i) Class Counsel; (ii) Defendants and Defendants' officers, directors, employees, agents and representatives, and their family members; (iii) the judges who have presided over this Action; and (iv) any persons who have otherwise released their claims against Defendants set forth in the Action, except that persons who executed a release in connection with the E-Card Program remain part of the Settlement Class and may receive payments under the Settlement as expressly provided in this Settlement Agreement.

3.3.    <u>Solely</u> for the purpose of implementing this Settlement Agreement and effectuating the Settlement, Defendants stipulate to the Court entering an order preliminarily certifying the Settlement Class, appointing Plaintiffs as representatives

of the Settlement Class and appointing Class Counsel as counsel for the Settlement Class pursuant to Fed. R. Civ. P. 23(g) and finding that the Plaintiffs and Class Counsel are appropriate representatives of the Settlement Class.  Such stipulation by Defendants is without prejudice to the right and ability of Defendants or any of them to contest class certification of any class outside the settlement context, and as noted, nothing contained herein shall be construed as an admission by Defendants of the suitability of Plaintiffs' claims or any of them for class treatment.

3.4.   Moreover, Defendants' stipulation shall not constitute in this or any other proceeding an admission by Defendants or any of them of any kind or any determination that certification of a class for trial purposes is appropriate.  If the Settlement is not granted final approval or this Settlement Agreement is otherwise terminated or rendered null and void, the certification of the above-described Settlement Class shall be automatically vacated and shall not constitute evidence or any sort of binding determination that that requirements for certification of a class for trial purposes in this or any other action are satisfied in any manner whatsoever. Moreover, in such event, Defendants reserve <u>all</u> rights to challenge certification of any class or subclass for trial purposes in the Action or in any other action on all available grounds as if no Settlement Class had been certified in this Action for purposes of Settlement.

## IV.   SETTLEMENT APPROVAL – PRELIMINARY APPROVAL ORDER AND FINAL ORDER AND JUDGMENT

### A.   Preliminary Approval Order

4.1.   Promptly after execution of this Agreement by all Parties, Class Counsel shall take all reasonable and necessary steps to obtain entry of the Preliminary Approval Order, which is without material alteration from Exhibit 5 hereto, and which provides as follows:

      a.      Preliminarily approves this Settlement Agreement;

      b.      Schedules a Fairness Hearing to consider the fairness, reasonableness and adequacy of the proposed Settlement under Fed. R. Civ. P. 23(e)(2) and whether it should be finally approved by the Court, such Fairness Hearing to be no earlier than one hundred eighty (180) days after the entry of the Preliminary Approval Order, subject to Court approval;

      c.      Finds that the proposed Settlement is sufficiently fair, reasonable and adequate to warrant providing the Class Notice to the Settlement Class;

      d.      Appoints the Settlement Administrator in accordance with the provisions of Section VI;

      e.      Appoints Class Counsel;

      f.      Approves the Class Notice, the content of which is without material alteration from Exhibits 1-3 hereto, and directs notice to be provided in accordance with Section VI.E of this Settlement Agreement;

g.      Approves the Claim Form, the content of which is without material alteration from Exhibit 4 hereto, and sets a Claim Deadline;

h.      Approves the creation of the Settlement Website as described in Paragraph 6.18;

i.      Finds that the Class Notice as provided for in Section VI.E of this Settlement Agreement is: (i) reasonable and constitutes due, adequate and sufficient notice to all Persons entitled to receive notice; (ii) reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of this litigation and of their right to object to or exclude themselves from (as applicable) the proposed Settlement; and (iii) meets all applicable requirements of applicable law;

j.      Requires any Person who wishes to exclude himself/herself/itself from the Settlement Class to submit an appropriate, timely request for exclusion, postmarked no later than one hundred fifty (150) days after the entry of the Preliminary Approval Order, or as the Court may otherwise direct, to the Settlement Administrator at the address on the Notice;

k.      Preliminarily enjoins all Settlement Class Members unless they timely exclude themselves from the settlement, from (i) filing, commencing, prosecuting, intervening in or participating as a plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other

proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to this Action or the Released Claims, (ii) filing, commencing or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any Settlement Class Members who have not timely excluded themselves (including by seeking to amend a pending Complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims and causes of action of the facts and circumstances giving rise to this Action or the Released Claims and (iii) attempting to effect Opt Outs of individuals or a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to this Action or the Released Claims. This Settlement Agreement is not, however, intended to prevent Settlement Class Members from participating in any action or investigation initiated by a state or federal agency;

l.       Orders that any Settlement Class Member who does not submit an Opt Out will be bound by all proceedings, orders and judgments in this Action;

m.      Requires each Settlement Class Member who does not submit an Opt Out and who wishes to object to the fairness, reasonableness or adequacy of this Settlement Agreement or the proposed Settlement or to the Attorneys' Fees and Expenses to file with the Court and serve on Class Counsel and Defendants' Counsel, no later than one hundred twenty (120) days after the entry of the Preliminary Approval Order, or as the Court may otherwise direct, a statement of the objection signed by the Settlement Class Member containing all of the following information:

i.      The case name and number, *In re Chevrolet Bolt EV Battery Litigation*, Case No. 2:20-cv-13256 (E.D. Mich.);

ii.      The objector's full name, address and telephone number;

iii.      The model year and VIN of his/her/its Class Vehicle(s);

iv.      A statement of the objection(s), including all factual and legal grounds for the position;

v.      Copies of any documents the objector wishes to submit in support;

vi.      The name and address of the attorney(s), if any, who is representing the objector in making the objection or who may be seeking compensation in connection with the objection;

vii.       A statement of whether the Class Member objecting intends to appear at the Final Approval Hearing, either with or without counsel;

viii.       The identity of all counsel (if any) who will appear on behalf of the Class Member objecting at the Final Approval Hearing and all persons (if any) who will be called to testify in support of the objection;

ix.       The signature of the Class Member objecting, in addition to the signature of any attorney representing the Class Member objecting in connection with the objection;

x.       Date of the objection; and

xi.       A list of any other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court in the United States in the previous five years.

n.       Requires any response to an objection to be filed with the Court no later than fifteen (15) days prior to the Fairness Hearing;

o.       Specifies that any Settlement Class Member who does not file a timely written objection to the Settlement or who fails to otherwise comply with the requirements of Section X shall be foreclosed from seeking any adjudication or review of this Settlement by appeal or otherwise;

27

p.      Requires that any attorney hired by a Settlement Class Member will be hired and compensated at the Settlement Class Member's expense for the purpose of objecting to this Settlement Agreement or to the proposed Settlement or to the Attorney's Fees and Expenses;

q.      Requires that any attorney hired by a Settlement Class Member for the purpose of objecting to the proposed Settlement or to the Attorneys' Fees and Expenses and who intends to make an appearance at the Fairness Hearing to provide to Class Counsel and Defense Counsel and to file with the Clerk of the Court a notice of intention to appear no later than 120 days after the entry of the Preliminary Approval Order or as the Court may otherwise direct;

r.      Requires any Settlement Class Member who files and serves a written objection and who intends to make an appearance at the Fairness Hearing to provide to Class Counsel and Defense Counsel and to file with the Clerk of the Court a notice of intention to appear no later 120 days after the entry of the Preliminary Approval Order or as the Court may otherwise direct;

s.      Directs the Settlement Administrator to establish a post office box in its name to be used for receiving requests for exclusion and any other communications and provides that only the Settlement Administrator, Defense Counsel, the Court, the Clerk of the Court and their designated agents

28

shall have access to this post office box, except as otherwise provided in this Agreement;

t. Directs the Settlement Administrator to report to the Parties on a weekly basis the names of all Settlement Class Members who have submitted a request for exclusion and provide copies of any and all written requests for exclusion, beginning thirty (30) days after the Notice Date;

u. Directs that Class Counsel shall file their Attorneys' Fee and Expense Application in accordance with the terms set forth in Section VII.A.

v. Orders the Settlement Administrator to provide a list of all Settlement Class Members who have submitted a request for exclusion to Class Counsel no later than ten (10) days prior to the Fairness Hearing, and then file with the Court the list of all Settlement Class Members who have submitted a request for exclusion along with an affidavit attesting to the completeness and accuracy therefore no later than ten (10) days prior to the Fairness Hearing or on such other date as the Parties may determine; and

w. Contains any additional provisions mutually agreeable to the Parties that might be necessary or advisable in order to implement the terms of this Settlement Agreement and the proposed Settlement.

**B.     Final Order And Judgment**

4.2.    If this Settlement Agreement (including any modification thereto made with the consent of the Parties as provided for herein) is approved by the Court following the Fairness Hearing scheduled by the Court in its Preliminary Approval Order, the Parties shall request the Court to enter a Final Order and Judgment pursuant to the Federal Rules of Civil Procedure and all applicable laws that, among other things:

a.     Finds that the Court has personal jurisdiction over Plaintiffs and all Settlement Class Members and that the Court has subject matter jurisdiction to approve this Settlement and Settlement Agreement and all Exhibits thereto;

b.     Certifies the Settlement Class solely for purposes of this Settlement;

c.     Grants final approval to this Settlement Agreement as being fair, reasonable and adequate as to all Parties, consistent and in compliance with all requirements of due process and applicable law and in the best interests of all Parties and directs the Parties and their counsel to implement and consummate this Settlement Agreement in accordance with its terms and provisions;

d.     Declares this Settlement Agreement and the Final Order and Judgment to be binding on and to have <u>res judicata</u> and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release maintained by or on behalf of Plaintiffs and all other Settlement Class Members, as well as their agents, heirs, executors or administrators, successors and assigns;

e.     Finds that the Class Notice as provided for in Section VI.E of this Settlement Agreement: (i) constituted reasonable notice; (ii) constituted notice that was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of this Action, of their right to object to or exclude themselves from the proposed Settlement as applicable, of their right to appear at the Fairness Hearing and of their right to seek relief; (iii) constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and (iv) met all applicable requirements of due process and any other applicable law;

f.     Approves the Claim Form that was distributed to members of the Settlement Class, the content of which was without material alteration from Exhibit 4 hereto;

g.　　　Finds that Class Counsel and Plaintiffs adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement;

h.　　　Dismisses the Action now pending before the Court on the merits and with prejudice and without fees or costs except as provided herein, in accordance with the terms of the Final Order and Judgment as set forth herein;

i.　　　Adjudges that Plaintiffs and the Settlement Class Members have conclusively compromised, settled, dismissed and released any and all Released Claims against Defendants and the Released Parties;

j.　　　Approves payment of the Attorneys' Fee and Expenses to Class Counsel in a manner consistent with Section VII.A;

k.　　　Without affecting the finality of the Final Order and Judgment for purposes of appeal, reserves jurisdiction over the Settlement Administrator, Plaintiffs, Class Counsel and each member of the Settlement Class as to all matters relating to the administration, consummation, enforcement and interpretation of the terms of the Settlement Agreement and Final Order and Judgment and for any other necessary purposes;

l.　　　Provides that upon the Effective Date, Plaintiffs and all Settlement Class Members shall be barred from asserting any Released Claims against Defendants or any Released Parties, and any such Settlement

Class Members shall have released any and all Released Claims as against Defendants and all Released Persons;

m.    Determines that the Settlement Agreement and the Settlement provided for herein and any proceedings taken pursuant thereto are not and should not in any event be offered or received as evidence of, a presumption, concession, acknowledgement or an admission of liability or of any misrepresentation or omission in any statement or written document approved or made by Defendants or any Released Parties or of the suitability of these or similar claims to class treatment in active litigation and trial; provided, however, that reference may be made to this Settlement Agreement and the Settlement provided for herein in such proceedings as may be necessary to effectuate the Agreement;

n.    Bars and permanently enjoins all Settlement Class Members from (i) filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration or other proceedings in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to this Action or the Released Claims and (ii) organizing Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other

proceeding (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to this Action or the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency;

    o.    Approves the Opt-Out List and determines that the Opt-Out List is a complete list of all Persons who have timely requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Final Order and Judgment except for members of the Settlement Class who Opt Out but subsequently elect to submit Claim Forms during the Claim Period; and

    p.    Authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of this Settlement Agreement and all Exhibits hereto as (i) shall be consistent in all material respects with the Final Order and Judgment and (ii) do not limit the rights of the Parties or Settlement Class Members.

4.3.    The Parties shall cooperate with each other in good faith to carry out the purposes of and to effectuate this Agreement, and they shall take any and all actions and execute and deliver any and all additional documents reasonably

necessary or appropriate to carry out the terms of this Agreement and the transactions contemplated hereby.

## V.    SETTLEMENT CONSIDERATION

5.1.    In consideration of the release provided for herein and the dismissal of the Action with prejudice, under the terms of the Settlement Agreement, Defendants agree to provide the following benefits to the Settlement Class Members:

**A.    Payment To Settlement Class Members Who Receive The Software Final Remedy**

5.2.    Settlement Class Members who have the Software Final Remedy performed on their Class Vehicles shall be entitled to a Distribution Amount of $1,400.

5.3.    Settlement Class Members who registered for the E-Card Program, had the Software Final Remedy performed on their Class Vehicles, and otherwise met the requirements of the E-Card Program, may have elected to receive their Distribution Amount through the E-Card Program, rather than submit a claim to the Settlement Administrator.

5.4.    Settlement Class Members who have the Software Final Remedy performed on their Class Vehicles and who did not register for the E-Card Program, or who have the Software Final Remedy performed after the expiration of the E-Card Program, will be entitled to a Distribution Amount of $1,400, and must submit a claim to the Settlement Administrator in order to receive this Distribution.

5.5.    Settlement Class Members who were owners or lessees of Vehicles that are eligible for the Software Final Remedy, but sold their Vehicle or terminated their lease before the Software Final Remedy became available (i.e., before June 13, 2023), will be entitled to a Distribution Amount of $700.

5.6.    Subsequent purchasers or lessees of vehicles that had the Software Final Remedy performed under prior ownership are not entitled to any Distribution Amount.

**B.      Payment To Settlement Class Members Whose Vehicles Are Eligible For The Battery Replacement Final Remedy**

5.7.    A Settlement Class Member who owns, owned, leases, or leased a Vehicle at any time before preliminary approval of the Settlement Agreement is granted and that has received or is eligible to receive the Battery Replacement Final Remedy will be entitled to a Distribution Amount of $700, except as set forth in paragraph 5.8 below, and must submit a claim to the Settlement Administrator in order to receive this Distribution.

5.8.    If there are multiple valid claims for compensation submitted by Settlement Class Members for a single Vehicle that has received or is eligible to receive the Battery Replacement Final Remedy—i.e., if such a Vehicle changed hands before preliminary approval of this Settlement Agreement is granted, and more than one of the owners or lessees of that Vehicle submits a valid claim—the Settlement Administrator shall divide the $700 Distribution Amount between the

claimants in proportion to their respective periods of ownership or lease of the Vehicle.

**C.    Remaining Settlement Fund**

5.9.    For any Uncashed Distribution Amounts, the Settlement Administrator shall mail a second check to the Settlement Class Member. In the event a second check is returned as undeliverable or remains uncashed ninety (90) days after the issuance of the second check, such Uncashed Distribution Amount shall be deemed part of the Remaining Settlement Fund.

5.10.    If it is administratively and economically feasible, the Remaining Settlement Fund, if any, will be distributed as a Second Distribution, divided equally among, and distributed to, timely claimants who were at the time of the submission of their claim the current owner or lessee of the Vehicle for which they submitted a claim, except that if a Settlement Class Member failed to cash a first and second check for their Distribution Amount, that Settlement Class Member will not receive a Second Distribution.

5.11.    In the event that no Second Distribution is administratively or economically feasible, or if as a result of uncashed Second Distribution checks funds still remain in the Settlement Fund ninety (90) days after the issuance of a Second Distribution, the Parties shall confer and present to the Court a proposal for treatment

of the remaining funds. Such proposal shall be effected if the Court approves it (or approves it in a modified form).

## VI.   NOTICE AND ADMINISTRATION OF THE SETTLEMENT

6.1.   The Parties shall jointly designate a Settlement Administrator to be submitted for approval by the Court for purposes of directing notice to the Class.

### A.   Establishment And Administration Of The Cash Fund As A Qualified Settlement Fund

6.2.   Within forty-five (45) calendar days of the Court's order granting Preliminary Approval of the Settlement and after Defendants receive from Plaintiffs and any other party as needed, all documents required for Defendants to process payment, the Defendants will deposit $5 million (the Escrow Amount) into an interest-bearing escrow account at Citibank.

6.3.   The remainder of the Settlement Amount, less the total value of payments made in connection with the E-Card Program, as detailed above, will be deposited no later than forty-five (45) days after the Settlement becomes Final and Non-Appealable.

6.4.   With the exception of payments made in connection with the E-Card Program to customers eligible for the Software Final Remedy, as described in Section V.A, no distributions shall be made to Class Members who file claims until the Settlement becomes Final and Non-Appealable.

6.5.    Interim disbursements from the Escrow Amount before the Settlement becomes Final and Non-Appealable for Class Notice and settlement administration costs shall be limited to $140,000.

6.6.    If the Court denies preliminary or final approval or if approval is not upheld on appeal or if the Settlement is terminated by mutual consent of the Parties or if the Defendants terminate the Settlement pursuant to Paragraph 14.4 because a sufficient number of Settlement Class Members have submitted valid requests for exclusion, any funds in Escrow (with interest) shall return to Defendants, less any funds already expended on Class Notice, settlement administration costs, escrow costs and/or taxes due from the Escrow Amount.

6.7.    The Settlement Fund shall be established as a Qualified Settlement Fund ("QSF") within the meaning of Treasury Regulation Section 1.468B-1, pursuant to the subject matter jurisdiction of the Court under Treasury Regulation 1.468B-1(c)(1) and an order to be entered by the Court establishing a QSF within the meaning of Treasury Regulation 1.468B-1.  After the Settlement Fund has been deposited into the interest-bearing account at Citibank, the Parties and the Settlement Administrator agree to treat the Settlement Fund as a QSF within the meaning of Treasury Regulation 1.468B-1.  All provisions of this Settlement Agreement shall be interpreted in a manner that is consistent with the Settlement Fund being a QSF within the meaning of Treasury Regulation 1.468B-1.

6.8.   The Settlement Fund shall be held in escrow at Citibank in an interest-bearing deposit account.  The Settlement Administrator shall be responsible for the issuance of any checks and/or wire transfers from the Settlement Fund once authorized.  Citibank shall charge no fees so long as the Settlement Fund remains in an interest-bearing deposit account.  If the Settlement Fund is invested, Citibank shall charge an annual fee of $25,000 per year, without proration.

6.9.   No portion of the Settlement Fund shall be made available to the Settlement Class except as specifically set forth in this Settlement Agreement.  Until such time as the Settlement Fund is distributed, the Settlement Class shall not possess any rights to demand or receive any portion of the monies or the escrowed monies or to mortgage, pledge, or encumber the same in any manner.  To the extent possible, the terms of the Settlement Agreement shall be construed so as to prevent Plaintiffs from being in constructive receipt, as determined under federal income tax principles of the Settlement Fund.  All expenses incurred in administering the Settlement Fund, including without limitation, the fees and expenses of Citibank and Settlement Administrator, shall be paid from the Settlement Fund.

6.10.  The Settlement Administrator shall timely and properly file, or cause to be filed, all federal, state, or local tax returns and information returns (together, "Tax Returns") necessary or advisable with respect to the earnings on the funds deposited in the Settlement Fund (including without limitation the returns described in

Treasury Regulation 1.468B-2(k)). Such Tax Returns shall be consistent with this Section and in all events shall reflect that all taxes (including any estimated taxes, earnings, or penalties) on the income earned on the funds deposited in the Settlement Fund shall be paid out of such funds as provided herein.

6.11. In all events, Defendants and Defendants' Counsel shall have no liability or responsibility for the taxes of the Settlement Fund with respect to the Settlement Amount nor the filing of any Tax Returns or other documents with the Internal Revenue Service or any other taxing authority, nor any expenses associated therewith (beyond those expenses being paid from the Settlement Fund as provided herein). In the event any taxes are owed by any of the Defendants or Defendants' Counsel on any earnings on the funds on deposit in the Settlement Fund, such amounts shall also be paid out of the Settlement Fund.

6.12. Taxes with respect to the Settlement Fund shall be treated as and considered to be a cost of administration of the Settlement and shall be timely paid, or caused to be paid, by the Settlement Administrator out of the Settlement Fund without prior order from the Court or approval by Defendants. The Settlement Administrator shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to the Settlement Class any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treasury Regulation 1.468B-2(1)(2)). The Parties agree to cooperate with each

other, and their tax attorneys and accountants to the extent reasonably necessary, to carry out these provisions.

6.13. The Settlement Administrator shall obtain a Federal Taxpayer Identification Number for the Settlement Fund upon the execution of an order by the Court establishing the Settlement Fund.  The Settlement Administrator is authorized, upon final distributions of all monies paid in the Settlement Fund, to take appropriate steps to wind down the Settlement Fund and thereafter the Settlement Administrator is discharged from any further responsibility with respect to the Settlement Fund.

**B.   Duties Of The Settlement Administrator**

6.14.  Promptly after the entry of the Preliminary Approval Order, the Parties will direct the Settlement Administrator to issue Class Notice, receive and appropriately respond to all claims submitted by Settlement Class Members, establish a "Vehicle Claims Center" to receive and appropriately respond to all claims submitted by Settlement Class Members and to otherwise administer the Settlement Agreement. The Vehicle Claims Center will include: (1) personnel assigned to manage the settlement implementation process, including Class Notice; (2) a toll-free telephone number that Settlement Class Members may call to obtain information; (3) a mailing address to which Settlement Class Members shall send all claims; and (4) a website containing information about the Settlement, including claim forms that can be submitted online or downloaded and submitted by mail.  All

42

such costs and expenses related to the administration of this Settlement, whenever paid by Defendants, will be deducted from the Settlement Fund.

## C. CAFA Notice

6.15. In compliance with the attorney general notification provision of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, within ten (10) days after the motion for Preliminary Approval is filed, the Settlement Administrator shall provide notice of this Settlement to the Attorney General of the United States and the attorneys general of each state or territory in which a Settlement Class Member resides ("CAFA Notice"). The Settlement Administrator will provide copies of such notifications to Class Counsel and Defendants' Counsel at the time of their submission to the attorneys general.

## D. Notice Deadline

6.16. No later than the 60 days from the entry of the Preliminary Order, the Settlement Administrator shall cause Notice to the Settlement Class to be disseminated by U.S. mail and the dedicated Settlement Website.

## E. Individual Class Notice Methods

6.17. Following the Court granting preliminary approval of this Settlement, the Settlement Administrator shall provide by direct U.S. mail to all reasonably identifiable Settlement Class Members a notice substantially in the form attached hereto as Exhibit 2 ("Short-Form Notice") and make available a Claim Form providing the Class Member with information regarding their entitlement to a

Distribution Amount in connection with the Software Final Remedy or Battery Replacement Final Remedy and an explanation of whether the payment has already been received and if so, why, in the event that payment in connection with the Software Final Remedy was already made pursuant to the E-Card Program. Ex. 4.

6.18.  The Settlement Administrator shall further set up and maintain a Settlement Website where Class Members can access a "Long-Form Notice" (substantially in the form attached hereto as Exhibit 1), a Claim Form, a copy of this Settlement Agreement, the operative complaint, and additional information about the Action and Settlement. The Short-Form Notice will include the address of the Settlement Website, as well as a toll-free number for an interactive voice recording service that allows Class Members to leave a request for a paper copy of the Long-Form Notice. The Notice shall provide Class Members an opportunity to object to or opt out of the Settlement Agreement.

6.19.  The Settlement Administrator shall also send Email Notices substantially in the form attached hereto as Exhibit 3 by email to Settlement Class Members for whom an email address was located.

6.20.  For purposes of mailing Notice, GM agrees to provide to the Settlement Administrator within fourteen (14) days of entry of the Preliminary Approval Order all available Settlement Class Vehicles' VINs, subject to a protective order. The Settlement Administrator shall provide all available contact information, including

all Settlement Class Vehicles' VINs, to R.L. Polk & Company, or a similar third-party entity, which shall be authorized to use that information to obtain the names and most current addresses of Class Vehicle owners through state agencies. Prior to mailing the individual Short-Form Notice, the Settlement Administrator shall conduct an address search through the United States Postal Service's National Change of Address database to update the address information for Class Members.

6.21. The Parties agree that the names and addresses provided to the Settlement Administrator shall not be used for any purpose other than for providing the written notice identified herein and that such names and addresses shall be treated as private and confidential information and not disseminated, in any manner, to anyone other than the Settlement Administrator.

6.22.  For all Settlement Class Members for whom the Notice is returned with forwarding address information, the Settlement Administrator shall re-mail the Notice to the new address indicated. For all Settlement Class Members for whom the Notice is returned without forwarding address information, the Settlement Administrator shall perform an advanced address search and re-mail the Notice to the best known address resulting from that search.

6.23. For a period ending ninety (90) days after the Notice Date, the Settlement Administrator shall provide Class Counsel and Defendants with reasonable periodic reports of the total number of Notices sent to Class Members by

email and U.S. mail, along with the numbers of Notices returned as undeliverable. The Settlement Administrator shall communicate with Class Counsel and Defendants regarding delivery of Notice and the number of Settlement Class Members who have responded to the Notice.

**F.     Submission Of Claims**

6.24.   All claims for compensation must include Proof of Membership in the Settlement Class.   Accordingly, in order to obtain a Distribution Amount in connection with the Software Final Remedy or Battery Replacement Final Remedy, a Settlement Class Member must submit a claim to the Settlement Administrator, unless they participated in the E-Card Program. "Proof of Membership in the Settlement Class" means information sufficient to establish that the claimant is a Settlement Class Member, including:

a.     The VIN of the Class Vehicle with respect to which a claim is being made.

b.     Proof of ownership or lease of the vehicle during any time prior to the date of the Preliminary Approval Order.

Claims for payment in connection with the Software Final Remedy or Battery Replacement Final Remedy must include this information.

6.25.   Proof of ownership or lease means documentation establishing the time period during which a Settlement Class Member owned or leased a Class Vehicle

and shall be established through submission of vehicle title, vehicle purchase agreement, vehicle lease agreement, dealer invoice, insurance documentation, financing documentation, or vehicle registration documentation sufficient to identify the time period during which the Settlement Class Member has been or was the owner or lessee of the Class Vehicle.

6.26. The Settlement Administrator may reject any claim that does not include the required information, documentation, or certification specified in this Section.  The Settlement Administrator may investigate any claim, including by requesting from the Settlement Class Member additional documentation to determine whether the claim is valid.  If the Settlement Administrator rejects a claim, it will advise the Settlement Class Member who submitted the claim of the reason(s) for the rejection (e.g., missing information, documentation or certification, ineligibility to submit a claim, claim does not involve a Class Vehicle, etc.).  If a claim is rejected due to missing information or documentation, the Settlement Administrator will give the Settlement Class Member thirty (30) days from the date of rejection to resubmit that claim along with additional information, so long as the claim was originally submitted by the deadline to submit the claim.  The Settlement Administrator will copy Class Counsel and Defendants' Counsel on all rejected claims.

6.27. Appeals Process for Settlement Class Members. If a Settlement Class Member disputes either the Settlement Administrator's rejection of a claim or the amount to be paid pursuant to a claim, the Settlement Class Member may appeal the Settlement Administrator's decision by submitting the claim, the Settlement Administrator's decision on the claim, and an explanation of the Settlement Administrator's alleged error to the Settlement Administrator within thirty (30) days of the postmark date on the envelope or the date of the email in which the Settlement Administrator sent its decision to the Settlement Class Member. The Settlement Administrator will share all appeals received with Class Counsel and Defendants' Counsel, and shall make a determination of the appeal following its receipt of the Parties' responses to the appeal, but in all cases the Court shall have the final authority to resolve the validity of any claims if the Parties cannot agree.

6.28. Defendants' Right to Challenge Claims. Defendants will have the right to challenge the validity of any claim. The Parties shall meet and confer and work with the Settlement Administrator to resolve the validity of any claims, but the Court shall have the final authority to resolve the validity of any claims if the Parties cannot agree.

6.29. The Settlement Administrator will not review or pay any claims for monetary compensation submitted by a Settlement Class Member more than six (6)

months after the Fairness Hearing.  The Parties reserve the right to jointly move the Court to permit late-filed claims.

## VII.   ATTORNEYS' FEES AND EXPENSES, AND SERVICE AWARDS

### A.   Attorneys' Fees And Expenses

7.1.   The Attorneys' Fees and Expenses awarded to Class Counsel will be determined by the Court based on a petition filed by Class Counsel. The Parties agree that Class Counsel may apply to the Court for an award of reasonable attorneys' fees and expenses, inclusive of costs, up to, but not to exceed, the total combined sum of $52.5 million (35% of the Settlement Amount). Defendants expressly reserve the right to object in whole or in part to any aspect of any filing regarding fees submitted by Plaintiffs' counsel.

7.2.   If Class Counsel request payment of any fees or costs before the Effective Date and the Court directs such payment, Class Counsel agree that in the event that the Settlement Agreement does not become final or is overturned or the order awarding fees and expenses is reversed or the total amount of fees and expenses is lowered, then Class Counsel shall within five (5) business days of receiving notice from Defendants' Counsel or from a court of appropriate jurisdiction, refund the fees and expenses, or any portion thereof previously paid, plus interest thereon at the same rate as earned by the account into which the balance of the Settlement Fund is deposited. Class Counsel will provide Defendants' Counsel

with a satisfactory letter of credit and guarantee to that effect before any fees or costs are prepaid.

**B.    Service Award For Named Plaintiffs**

7.3.    The Parties agree that the Court has authority under this Settlement Agreement to make discretionary Service Awards to each of the Plaintiffs. Defendants agree to not oppose Plaintiffs' application for Service Awards in the amount of $2,000 for each Plaintiff. Any Service Award awarded by the Court shall be paid solely from the Settlement Fund, within five (5) business days of the Effective Date. Any request for Service Awards will be based on Plaintiffs' time, effort and commitment to this Action, and will not be based or conditioned upon Plaintiffs' support for the Settlement. Any Service Award awarded by the Court will be in addition to the settlement benefits Plaintiffs will receive pursuant to Section IV of this Settlement Agreement.

7.4.    The Parties agree that the effectiveness of this Settlement Agreement is not contingent upon the Court's approval of any attorneys' fees and expenses application or Service Award application. If the Court declines to approve, in part or in whole, the application for attorneys' fees and expenses or Service Awards, all remaining provisions of this Settlement Agreement shall remain in full force and effect. No decision made by the Court with respect to fees, expenses or Service Awards, or modification, reversal, or appeal of any decision by the Court concerning

the payment of any attorneys' fees or expenses or Service Awards shall be grounds for termination or cancellation of this Settlement Agreement.

## VIII. RELEASES

8.1.    Upon the Effective Date, Plaintiffs and each Settlement Class Member, on behalf of themselves and any other legal entity or natural persons who may claim by, through, or under them, shall fully, finally and forever release, relieve, and discharge the Released Parties from and against any and all claims, demands, actions, suits, causes of action, allegations, rights, obligations, costs, losses, interests, debts, penalties, costs, fees, expenses, liabilities, injunctive or declaratory relief, attorneys' fees, and damages of any sort, known and unknown, suspected or unsuspected, fixed or contingent, now existing or hereafter, arising in whole or in part from or in connection with acts or omissions of any of the Defendants and their attorneys that were brought or could have been brought in this Action whether in law or in equity, in tort or contract, or arising under any statute or regulation. The Release shall be given by Plaintiffs and each Class Member on behalf of themselves and their respective legal representatives, heirs, executors, administrators, predecessors, agents, attorneys, successors in interest, insurers, subrogees, transferees, and assignees, in their capacities as such.

8.2.    In connection with this Settlement Agreement, Plaintiffs and Settlement Class Members acknowledge that they may hereafter discover claims

presently unknown or unsuspected or facts in addition to or different from those that they now know or believe to be true concerning the subject matter of the Action and/or the Release provided herein. Nevertheless, it is the intention of Class Counsel, Plaintiffs and Settlement Class Members in executing this Settlement Agreement to fully, finally and forever settle, release, discharge and hold harmless all such matters and all claims relating thereto which exist, hereafter may exist or might have existed (whether or not previously or currently asserted in any action or proceeding) with respect to the Action, except as otherwise stated in the Settlement Agreement.

8.3. The Plaintiffs expressly understand and acknowledge and all Plaintiffs and Settlement Class Members will be deemed by the Final Order and Judgment to acknowledge and waive and relinquish with respect to such claims, any and all provisions, rights, and benefits of Section 1542 of the Civil Code of the State of California and any and all similar provisions, rights and benefits conferred by any law or any state or territory of the United States or principles of common law that is similar, comparable or equivalent to Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

52

8.4.   Upon the Effective Date, Defendants release, relieve, and forever discharge Plaintiffs and their attorneys and all other Class Members from and against any and all claims, demands, actions, suits, causes of action, allegations, rights, obligations, costs, losses, interests, debts, penalties, costs, fees, expenses, liabilities, injunctive or declaratory relief, attorneys' fees, and damages of any sort, known and unknown, suspected or unsuspected, fixed or contingent, now existing or hereafter, arising in whole or in part from or in connection with acts or omissions of any of the Released Parties of any and every kind or nature, whether in law or in equity, in tort or contract, or arising under any statute or regulation, based solely upon the institution, prosecution, or settlement of the claims asserted in this Action, except for claims relating to the enforcement of this Settlement Agreement.

8.5.   The foregoing releases do not affect or extend to Class Members who opt out or anyone encompassed within the class definition set forth in the complaints in this Action who are not a member of the Settlement Class defined in this Settlement Agreement.

8.6.   The Plaintiffs and Settlement Class Members expressly agree that the Final Order and Judgment is, will be and may be raised as a complete defense to and will preclude any action or proceeding encompassed by this Release.

8.7.   The Plaintiffs and Settlement Class Members shall not now or hereafter institute,   maintain,   prosecute,   assert   and/or   cooperate   in   the   institution,

commencement, filing or prosecution of any suit, action and/or proceeding against the Released Parties, either directly or indirectly, on their own behalf, on behalf of a class or on behalf of any other person or entity with respect to the claims, causes of action and/or any other matters release through this Settlement Agreement.

8.8.    With respect to the Settlement Class Members who executed individual releases in connection with the E-Card Program, this Release is cumulative to the individual releases already executed.

8.9.    Nothing in this Release shall preclude any action to enforce the terms of the Settlement Agreement including participation in any of the processes detailed herein.

## IX.    REQUEST FOR EXCLUSION BY CLASS MEMBERS

9.1.    The Notice shall provide that the Opt-Out Deadline will be 150 days following the entry of the Preliminary Approval Order. In order to opt out, the Settlement Class Member must complete and send to the Settlement Administrator a request for exclusion that is post-marked no later than the Opt-Out Deadline. The request for exclusion shall: (i) state the Settlement Class Member's full name, telephone number, and current address; (ii) provide the model year and vehicle Identification Number ("VIN") of his/her/its Class Vehicle(s) and the approximate date(s) of purchase or lease, and (iii) specifically and clearly state his/her/its desire to be excluded from the Settlement and from the Settlement Class. All requests for

exclusion shall be in writing and shall be personally signed by the member of the Settlement Class who is opting out. No other person or entity may opt out for a Settlement Class Member or sign a request for exclusion. Failure to strictly comply with these requirements and to timely submit the request for exclusion will result in the Settlement Class Member being bound by the terms of this Settlement Agreement.

9.2.     Opt Outs may be done on an individual basis only; so-called "mass" or "class" opt outs shall not be allowed.

9.3.     Any Settlement Class Member who submits a timely request for exclusion shall not: (i) be bound by any orders or judgments entered in this Litigation after the date of exclusion; (ii) be entitled to any relief under, or be affected by, the Settlement Agreement; (iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement Agreement.  For the avoidance of doubt, in the event a Settlement Class Member who has had the Software Final Remedy performed on their Class Vehicles prior to March 31, 2024, received payment under the E-Card Program, and executed individual releases submits a timely request for exclusion, such exclusion shall not affect the individual release already executed or the payment under the E-Card Program.

9.4.     The Settlement Administrator shall report the names of all Settlement Class Members who have submitted a request for exclusion and provide copies of

any and all written requests for exclusion to the Parties on a weekly basis, beginning thirty (30) days after the Notice Date. Class Counsel shall provide a complete list of the names and addresses of excluded Class Members to the Parties and the Court ten (10) days prior to the final fairness hearing.

9.5.   Except for those who timely and properly file a request for exclusion, all other members of the Settlement Class will be deemed to be Settlement Class Members for all purposes under the Settlement Agreement and upon the Effective Date, will be bound by its terms, regardless of whether they file a Claim Form or receive relief.

## X.   OBJECTIONS BY CLASS MEMBERS

10.1.  The Class Notice and the Preliminary Approval Order shall state that any objection to the Settlement or any part of this Settlement Agreement, including any objection to Class Counsel's Attorneys' Fee and Expense Application and/or Service Awards, must be in writing and comply with all the requirements set forth herein and set by the Court in the Preliminary Approval Order and Class Notice.

10.2.  The Class Notice shall require that any member of the Class who elects to object to this Settlement Agreement (or any part thereof) or to the motion for Attorneys' Fees and Expenses shall object in a writing signed by the member of the Class who is objecting, which objection shall be filed with the Court and served on

counsel for the Parties, a prescribed number of days before the Fairness Hearing as provided for in the Preliminary Approval Order and/or the Class Notice.

10.3.   To state a valid objection to the Settlement, an objecting Settlement Class Member must provide the following information in his, her or its written objection: (i) the case name and number, *In re Chevrolet Bolt EV Battery Litigation*, Case No. 2:20-cv-13256 (E.D. Mich.); (ii) his/her/its full name, current address, and current telephone number; (iii) the model year and VIN of his/her/its Class Vehicle(s); (iv) a statement of the objection(s), including all factual and legal grounds for the position; (v) copies of any documents the objector wishes to submit in support; (vi) the name and address of the attorney(s), if any, who is representing the objecting Class Member in making the objection or who may be entitled to compensation in connection with the objection; (vii) a statement of whether the Class Member objecting intends to appear at the Final Approval Hearing, either with or without counsel; (viii) the identity of all counsel (if any) who will appear on behalf of the Class Member objecting at the Final Approval Hearing and all persons (if any) who will be called to testify in support of the objection; (ix) the signature of the Class Member objecting, in addition to the signature of any attorney representing the Class Member objecting in connection with the objection, and (x) the date the objection is signed. In addition, any Class Member objecting to the Settlement shall provide a list of any other objections submitted by the objector, or the objector's counsel, to

any class action settlements submitted in any court in the United States in the previous five years. If the Class Member or his or her counsel have not made any such prior objection, the Class Member shall affirmatively so state in the written materials provided with the objection.

10.4.  Any Class Member who fails to timely file and serve such written statement and provide the required information will not be permitted to present any objections at the Fairness Hearing and such failure will render any such attempted objection untimely and of no effect, unless otherwise ordered by the Court. All presentations of objections will be further limited by the information listed. A Class Member's mere compliance with the foregoing requirements does not in any way guarantee a Class Member the ability to present evidence or testimony at the Fairness Hearing. The decision whether to allow any testimony, argument, or evidence, as well as the scope and duration of any and all presentations of objections at the Fairness Hearing, will be in the sole discretion of the Court.

10.5.  The Parties will request that the Court enter an order providing that the filing of an objection allows Class Counsel or Defendant's Counsel to notice such objecting person for, and take his, her or its deposition consistent with the Federal Rules of Civil Procedure at an agreed-upon location and to seek any documentary evidence or other tangible things that are relevant to the objection. Failure by an objector to make himself/herself/itself available for a deposition or comply with

expedited discovery requests may result in the Court striking the objection and otherwise denying that person the opportunity to be heard. The Court may tax the costs of any such discovery to the objector or the objector's counsel should the Court determine that the objection is frivolous or made for improper purpose.

10.6.   Any objector who seeks a fee for their objection shall do so as prescribed under Federal Rule of Civil Procedure 23(e)(5)(B).

10.7.   Any objecting Settlement Class Member who appeals a grant of Final Approval may be required to post an appeal bond.

10.8.   The Parties shall promptly inform the Court of any consideration sought by an objector and the circumstances of such a request.

10.9.   For the avoidance of doubt, in the event a Settlement Class Member who executed an individual release in connection with the E-Card Program objects to the Settlement pursuant to this Section, such objection shall not affect the individual release already executed or the payment under the E-Card Program.

## XI.   NOTICES

11.1.   All Notices to Class Counsel and Defendants' Counsel required by this Agreement shall be made in writing and communicated by email and United States mail to the following address:

All Notices to Class Counsel shall be sent to:

Gretchen Freeman Cappio
Ryan McDevitt
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington  98101
Telephone: (206) 623-1900
Fax: (206) 623-3384
gcappio@kellerrohrback.com
rmcdevitt@kellerrohrback.com

E. Powell Miller
Dennis A. Lienhardt
THE MILLER LAW FIRM
950 West University Dr., Suite 300
Rochester, Michigan  48307
Telephone: (248) 841-2200
Fax: (248) 652-2852
epm@millerlawpc.com
dal@millerlawpc.com

All Notices to Defendants' Counsel provided herein shall be sent to:

**GM Counsel**

John Nadolenco
MAYER BROWN LLP
333 S. Grand Ave., 47th Floor
Los Angeles, California 90071
Telephone: (213) 229-5173
Fax: (213) 625 0248
jnadolenco@mayerbrown.com

Archis Parasharami
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
Telephone: (202) 263-3328
Fax: (202) 263 5328
aparasharami@mayerbrown.com

**LGE Counsel**

Phoebe A. Wilkinson
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, New York 10017
Telephone: (212) 918-3000
Fax: (212)-918-3100
phoebe.wilkinson@hoganlovells.com

**LG Energy Counsel**

Mark S. Mester
LATHAM & WATKINS LLP
330 North Wabash Ave., Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Fax: (213) 993-9767
mark.mester@lw.com

Jason R. Burt
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Fax: (202) 637-2201
jason.burt@lw.com

11.2.  The notice recipients and addresses designated in this Section may be changed by written request.

11.3.  Upon the request of any Party, the Parties agree to promptly provide each other with copies of comments, objections, requests for exclusion or other documents or filings received as a result of the Notice.

## XII.  NO ADMISSION OF LIABILITY AND PRESERVATION OF ALL DEFENSES

12.1.  This Settlement Agreement does not constitute an admission as to the merits, validity or accuracy or lack thereof of any of the allegations or claims asserted in the Action.

12.2.  The Parties understand and agree that this Settlement Agreement embodies a compromise of disputed claims, and nothing in this Agreement, including the furnishing of consideration hereunder, shall be deemed to constitute an admission, finding or wrongdoing by Defendants, or to give rise to any inference of wrongdoing or admission of wrongdoing or liability, whether factual or legal, in this or any other proceeding.

12.3.  Defendants specifically deny any liability or wrongdoing as well as the validity and accuracy of the allegations or the claims asserted in the Action.

12.4.  Neither the fact nor the terms of this Settlement Agreement shall be offered or received in evidence in any action or proceeding for any purpose, except

in an action or proceeding to enforce this Agreement or arising out of or relating to any Court order enforcing this Agreement.

12.5.   By their agreement thereto, Defendants do not waive any defense or affirmative defenses that they may be entitled to assert in any future litigation.

## XIII.  REPRESENTATIONS, WARRANTIES, AND COVENANTS

13.1.   Counsel for the Parties represent and warrant that they have the authority, on behalf of their clients, to execute, deliver and perform this Settlement Agreement and to consummate all of the transactions contemplated hereby. This Settlement Agreement has been duly and validly executed and delivered by all Parties and constitutes their legal, valid and binding obligation.

## XIV.  WITHDRAWAL AND TERMINATION

14.1.   If the Court fails to (1) issue the Preliminary Approval Order, (2) certify the Settlement Class or (3) enter the Final Order and Judgment, the Parties agree that this Settlement Agreement is voidable by any Party by providing written notice to the other Parties within fifteen (15) days of the Court's action. In such event, subject to the payment of Notice and Administrative Costs to date and as described in Section XI below, each Party shall return to its respective pre-settlement posture without prejudice or waiver to any Party's pre-settlement position on any legal or factual issue.

14.2.   Any Party shall also have the option to withdraw from this Settlement Agreement, and to render it null and void, if any of the following occurs:

a.     Any objections to the proposed Settlement are sustained and such objection results in Court-ordered changes to the Settlement Agreement that the withdrawing Party deems to be material (e.g., because it increases the cost of the settlement, delays approval and/or implementation of the Settlement, or deprives the withdrawing Party of a benefit of the Settlement);

b.     Any attorney general is allowed to intervene in the action and such intervention results in Court-ordered changes to the Settlement Agreement that the withdrawing party deems to be material (e.g., because it increases the cost of the settlement, delays approval and/or implementation of the Settlement, or deprives the withdrawing Party of a benefit of the Settlement);

c.     The preliminary or final approval of the Settlement Agreement is not obtained without substantive modification to the proposed preliminary approval order attached as Exhibit 5 to this Settlement Agreement or the proposed final order to be filed in support of final approval, and any modification to such orders requested or stated by the Court as a condition for approval is deemed to be material and is not agreed to by the withdrawing Party (e.g., because it increases the cost of the settlement, delays approval

and/or implementation of the Settlement, narrows the definition of or refuses to certify the Settlement Class or deprives the withdrawing Party of a benefit of the Settlement);

        d.    Entry of the Final Order and Judgment described in this Settlement Agreement is reversed or modified by an appellate court in a manner that the withdrawing party deems to be material.

For purposes of this Section, any reduction in the amount of Attorneys' Fees and Costs or Service Award requested shall <u>not</u> be deemed a material change to the Settlement Agreement.

14.3.  To withdraw from the Settlement Agreement under any provision of this Section, the withdrawing Party must provide written notice of withdrawal to the other Parties' lead counsel and to the Court.

14.4.  In the event that the number of Settlement Class Members who submit valid requests for exclusion from the Settlement exceeds a confidential threshold to which the Parties have separately agreed (and which they shall provide under seal to the Court), Defendants will have the exclusive right, at their option, to terminate the Settlement Agreement.

        a.    To elect to terminate the Settlement Agreement under this provision, Defendants must notify Class Counsel in writing of their election to do so within ten (10) days after the Opt-Out List has been served on the

Parties.  If the first Opt-Out List circulated by the Settlement Administrator does not contain sufficient Opt Outs to trigger Defendants' right to terminate, but the Settlement Administrator subsequently provides an updated Opt-Out List containing sufficient Opt Outs to trigger Defendants right to terminate, then Defendants shall have ten (10) days from the circulation of the updated Opt-Out List to exercise that right, and the Parties shall have the right, at their discretion, to request that the Court postpone the Fairness Hearing by the number of days between the provision of the initial and updated Opt-Out Lists.

      b.    In the event Defendants exercise their right to terminate the Settlement Agreement under this provision, Class Counsel shall have, at their discretion, thirty (30) days or such longer period as agreed to by the Parties to address the concerns of the Opt Outs.  If through such efforts the total number on the Opt-Out List subsequently becomes and remains fewer than the confidential threshold the Parties have separately agreed to, Defendants shall withdraw their election to terminate the Settlement Agreement.  In no event, however, shall Defendants have any further obligation under this Agreement to any Opt Out unless he/she/it withdraws his/her/its request for exclusion.

14.5.  In the event of withdrawal or termination, the Settlement Agreement shall be null and void, shall have no further force and effect with respect to any Party in the Action and shall not be offered in evidence or used in any litigation for any

purpose, including the existence, certification or maintenance of any purported class. Each Party shall return to its pre-settlement posture without prejudice or waiver to any Party's pre-settlement position on any legal or factual issue. This Settlement Agreement and all negotiations, proceedings, documents prepared, and statements made in connection herewith shall be without prejudice to the Parties, and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter or proposition of law, and shall not be admitted into evidence or otherwise used in any manner for any purpose. Upon withdrawal, any Party may elect to move the Court to vacate any and all orders entered pursuant to the provisions of the Settlement Agreement. Any notice or administrative costs incurred in connection with the Settlement shall be payable by the Parties even if the Court does not grant Final Approval or the Effective Date does not occur.

## XV. MISCELLANEOUS PROVISIONS

15.1.    This Settlement Agreement shall not be modified, altered, or amended except in writing signed by all Parties. To the extent there is a conflict between the provisions of this Settlement Agreement, the Preliminary Approval Order, and the Final Approval Order, each such document shall have controlling effect in the following rank order: (1) the Final Approval Order; (2) the Preliminary Approval Order; and (3) this Settlement Agreement.

15.2.   This Settlement Agreement may be executed in one or more counterparts and may be exchanged by facsimile, pdf, and/or other imaged signatures, which shall be as effective as original signatures. All executed counterparts taken together shall constitute one and the same instrument. Counsel for the Parties shall exchange among themselves signed counterparts and a complete, assembled counterpart shall be filed with the Court.

15.3.   The captions and headings of sections and paragraphs herein are included for convenience only and in no way define, limit, construe or otherwise describe the scope or intent of the provisions of this Settlement Agreement.

15.4.   The administration and consummation of the settlement embodied in this Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve and implement the Agreement, including but not limited to the Release. The Court expressly retains jurisdiction to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of this Settlement Agreement. By this provision, the Parties do not, however, intend to give the Court authority to change any term or condition of this Agreement over the objection of any Party.

15.5.   Under no circumstances shall the Settlement Amount defined in Paragraph 2.45 exceed $150,000,000.00.  The Settlement Amount shall be "ALL-IN" and in full satisfaction of all Settlement costs including, without limitation,

Distribution Amounts, E-Card Program payments, costs of administration of the E-Card Program, Escrow Amount, Notice and Administrative Costs, Remaining Settlement Fund, Service Awards and Attorneys' Fees and Expenses.  In no event shall Defendants be obligated to contribute any amount in excess of the Settlement Amount to satisfy their Settlement payment obligations under this Settlement Agreement.

15.6.    Except as otherwise provided in this Settlement Agreement, the Parties shall bear their own attorneys' fees and costs and other expenses of the Action and in connection with this Agreement.

15.7.    The Parties, their successors and assigns and their counsel agree to cooperate with one another in seeking Court approval of this Settlement Agreement and to use their best efforts to effect the prompt consummation of this Settlement Agreement and the proposed Settlement.

15.8.    The drafting of this Agreement and the determination of the terms thereof has been by mutual agreement after arm's-length negotiation, with consideration by and participation of all Parties and their counsel. No provision of this Agreement shall be construed against any Party on the ground that one of the Parties or its counsel drafted the provision. The Parties were represented by competent and effective counsel throughout the course of the settlement negotiations

and in the drafting and execution of this Agreement. There was no disparity in the bargaining power among the Parties.

15.9.    This Agreement constitutes the entire, fully integrated agreement among the Parties. This Agreement cancels and supersedes all prior written and unwritten agreements and understandings pertaining to the settlement of the Action. The Parties acknowledge, stipulate and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation or understanding concerning any part of all of the subject matter of this Settlement Agreement has been made or relied on except as expressly set forth in this Settlement Agreement.

15.10.   The Agreement shall be governed by and interpreted according to the laws of the State of Michigan and any applicable federal law.

15.11.   If any dispute arises regarding the implementation or interpretation of this Agreement, the Parties agree to use reasonable efforts to resolve the dispute. If no agreement can be reached, the dispute will be submitted to the Court, which will retain continuing jurisdiction to resolve disputes. The Parties do not intend by this provision to give the Court authority to change any term or condition of this Agreement over the objection of a Party.

15.12.   In the event any one or more of the provisions contained in the Settlement Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not

affect other provisions only if Class Counsel and Defendants mutually elect to proceed as if such invalid, illegal or unenforceable provision had never been included in this Settlement Agreement.

15.13.   All time periods set forth in this Agreement shall be computed in calendar days unless otherwise expressly provided. If the date for performance of any act required by or under this Agreement falls on a Saturday, Sunday, or court holiday, that act may be performed on the next business day with the same effect as if it had been performed on the day or within the time specified by or under this Agreement.

15.14.   The Parties reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extensions of time that might be necessary to carry out any of the provisions of this Settlement Agreement, as well as to correct any inadvertent, non-substantive mistakes or typographical errors contained in this Settlement Agreement, without notice to Class Members except that the Settlement Administrator shall ensure that any such changes to dates are posted on the Settlement Website.

15.15.   No delay or failure by any Party in exercising any right under this Agreement will operate as a waiver of that or any other right. A waiver a Party gives on any one occasion is effective only in that instance and will not be construed as a waiver of any right on any other occasion unless otherwise agreed in writing.

********

IN WITNESS HEREOF, the Parties have caused this Settlement Agreement

to be executed by their duly authorized attorneys below.

DATED this __8th__ day of _____May_____, 2024.


By: _____

Gretchen Freeman Cappio
Ryan McDevitt
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington  98101
Telephone:  (206) 623-1900
Fax: (206) 623-3384
gcappio@kellerrohrback.com
rmcdevitt@kellerrohrback.com

By: _____

E. Powell Miller
Sharon S. Almonrode
Peter Muhic
Dennis A. Lienhardt
THE MILLER LAW FIRM
950 West University Dr. Suite 300
Rochester, MI 48307
Telephone:  (248) 841-2200
Fax: (248) 652-2852
epm@millerlawpc.com
ssa@millerlawpc.com
pm@millerlawpc.com
dal@millerlawpc.com

*Interim Co-Lead Counsel*

By: _____

John Nadolenco
MAYER BROWN LLP
333 S. Grand Ave., 47th Floor
Los Angeles, California 90071
Telephone: (213) 229-5173
Fax: (213) 625 0248
jnadolenco@mayerbrown.com

By: _____

Mark S. Mester
LATHAM & WATKINS LLP
330 North Wabash Ave., Suite
2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Fax: (213) 993-9767
mark.mester@lw.com

Archis Parasharami
MAYER BROWN LLP
1999 K. Street NW
Washington, DC 20006
Telephone: (202) 263-3328
Fax: (202) 263 5328
aparasharami@mayerbrown.com

**Counsel for General Motors LLC**

Jason R. Burt
LATHAM & WATKINS LLP
555 Eleventh St., NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Fax: (202) 637-2201
jason.burt@lw.com

**Counsel for LG Chem, Ltd.,**
**LG Energy Solution, LTD. and**
**LG Energy Solution Michigan Inc.**

By: _____

Phoebe A. Wilkinson
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, New York 10017
Telephone: (212) 918-3000
Fax: (212)-918-3100
phoebe.wilkinson@hoganlovells.com

**Counsel for LG Electronics, Inc.**
**and LG Electronics USA, Inc.**

73

# Exhibit 1

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

# NOTICE OF PROPOSED CLASS SETTLEMENT

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

**If you bought or leased a Model Year 2017–2022 Chevrolet Bolt EV Vehicle, you might benefit from this class action settlement.**

*Your rights are affected whether you act or not. Read this Notice carefully.*

General Motors LLC ("General Motors" or "GM") and LG Chem, Ltd., LG Energy Solution, Ltd., LG Energy Solution Michigan, Ltd., LG Electronics, Inc., and LG Electronics U.S.A., Inc. (together, "LG") (collectively "Defendants") have reached a class action settlement related to allegations that they manufactured and sold Chevrolet Bolt electric vehicles with allegedly defective battery packs ("Settlement"). The Settlement is with the following class of persons and entities ("Settlement Class" or "Class"), subject to certain exclusions explained more fully below:

> all persons and entities within the United States who purchased (whether new or used) or leased, other than for resale, a model year 2017, 2018, 2019, 2020, 2021 or 2022 Chevrolet Bolt built and shipped to a dealer on or before August 19, 2021 and who have not received a buyback of their vehicle from General Motors or a General Motors authorized dealer ("Class Members").

The purpose of this Notice is to inform you of a proposed Settlement of a class action lawsuit in the United States District Court for the Eastern District of Michigan ("Court") called *In re Chevy Bolt EV Battery Litigation*, No. 2:20-13256-TGB-CI (E.D. Mich.). You are receiving this Notice because GM's records and /or vehicle registration records indicate that you might be entitled to claim certain financial benefits offered by this Settlement.

The lawsuit alleges that certain Chevy Bolt EV vehicles (called the Class Vehicles and listed below) have a battery defect that, in rare cases, can cause fires, and were the subject of recalls limiting owners' and lessees' use of the Class Vehicles. GM and LG have not been found liable for any claims alleged in the lawsuit and continue to deny the allegations. The Parties, nonetheless, have reached a voluntary settlement to avoid lengthy litigation and provide benefits to Class Members. Class Members may be entitled to compensation if they submit valid and timely claims.

Under the proposed Settlement, and subject to proof of eligibility, GM and LG will provide financial benefits to Class Members.

To qualify for benefits under the Settlement, you must have bought or leased a "Class Vehicle," which are Model Year 2017–22 Chevrolet Bolt EV Vehicles built and shipped to a dealer on or before August 19, 2021.

The benefits under the Settlement are:

- Defendants have agreed to create a settlement fund of **$150,000,000** ("Settlement Fund") from which Class Members may receive monetary compensation under the Settlement.
- Owners and lessees of a Class Vehicle that has received or is eligible for the "Battery Replacement Final Remedy"—under which the Class Vehicle has or is eligible to be provided with a replacement battery—will receive a cash payment of **$700, subject to certain provisions that apply to vehicles with multiple owners or lessees prior to the preliminary approval of the Settlement**.
- Owners and lessees of a Class Vehicle that has the "Software Final Remedy" performed on their vehicle—under which the Class Vehicle is equipped with advanced diagnostic software designed to detect anomalies that might indicate a potentially defective battery—will receive a cash payment of **$1,400**. Certain former owners and lessees of these Class Vehicles may also receive

-1-

compensation. Subsequent purchasers or lessees of vehicles that have already had the Software Final Remedy performed under prior ownership, however, are not entitled to any compensation under the settlement.

- Once all timely claims are processed, if sufficient funds remain in the Settlement Fund, Settlement Class Members may receive additional compensation.

For more information, visit WEBSITE, or call the Settlement Administrator at 1-xxx-xxx-xxxx.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | | |
|---|---|---|
| **SUBMIT A CLAIM FORM** | The <u>only</u> way to get compensation. The deadline to submit a claim form is DEADLINE. Any extension of this date will be posted on the Settlement website. | Read more on Page 10. |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever file or be part of any other lawsuit against GM or LG about the legal claims in this case, now or in the future. The deadline to submit a request for exclusion is DEADLINE. | Read more on Page 11. |
| **OBJECT** | To object to the terms of the Settlement, you must remain a member of the Settlement Class—you cannot ask to be excluded. You may object to the Settlement by writing to the Court and Counsel (identified on Pages 13 and 14) and indicating why you do not like the Settlement. The deadline to object is DEADLINE. | Read more on Page 12. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement. The deadline to challenge the fairness of the Settlement is DEADLINE. | Read more on Page 15. |
| **DO NOTHING** | If you do nothing, you will still be bound by the terms of the Settlement. Although you will still be entitled to receive the Software Final Remedy and Battery Replacement Final Remedy even if you do nothing, you will not receive any monetary benefits you may be entitled to under the Settlement. | Read more on Page 11. |

-3-

For more information, visit WEBSITE, or call the Settlement Administrator at 1-xxx-xxx-xxxx.

| Table of Contents |
|---|

BASIC INFORMATION ................................................................ 7

    1.    What is this lawsuit about?.................................................... 7

    2.    Why is the lawsuit a class action? ....................................... 7

    3.    Why is there a Settlement?.................................................. 7

    4.    What is the Effective Date of this Settlement?................... 7

WHO IS IN THE SETTLEMENT........................................................ 8

    5.    How do I know if I am part of the Settlement? ................... 8

    6.    Can I receive benefits if I sold my vehicle, or my lease of a Class
Vehicle has already terminated?........................................... 8

    7.    Can I receive benefits if I bought my vehicle secondhand?.............................. 8

    8.    Can I receive benefits if I leased and then purchased my car?.......................... 8

    9.    Can I still participate in the Settlement if I participated in GM's
goodwill reimbursement program?....................................... 9

    10.    Can I receive benefits if I received a buyback from GM or a GM
authorized dealership?......................................................... 9

    11.    What if I am not sure whether I am included in the Settlement? ....................... 9

THE SETTLEMENT BENEFITS – WHAT YOU WILL GET................................. 9

    12.    What are the benefits of this Settlement?............................ 9

    13.    Am I giving anything up in return for my benefits? ......................... 10

    14.    What if I have a claim for property damage or personal injury
related to a battery fire?.................................................... 10

HOW TO GET A BENEFIT ........................................................... 10

    15.    What do I need to do to get the benefits of this Settlement?............................ 10

    16.    What is the deadline to make a claim?................................ 11

-4-

18.  When will I receive my payment? ..................................................... 11

19.  What are the tax implications of receiving a payment? .................................... 11

20.  What if I do not do anything? ........................................................... 11

YOUR RIGHTS – GETTING OUT OF THE SETTLEMENT ..................................................... 11

21.  Can I get out of the Settlement? ........................................................ 11

22.  How can I exclude myself from the Settlement? ............................................ 11

23.  If I do not exclude myself, can I sue Defendants for the same thing later? ............................................................................... 12

24.  If I exclude myself, can I still get full benefits from the Settlement? ............... 12

25.  If I exclude myself and pursue my case, could I get a larger recovery? .................................................................... 12

YOUR RIGHTS – OBJECTING TO THE SETTLEMENT ..................................................... 12

26.  Can I tell the court I do not like the Settlement? ..................................... 12

27.  How can I object to the Settlement? .................................................... 12

28.  What is the difference between excluding and objecting? Can I do both? ................................................................................ 14

YOUR RIGHTS – APPEARING AT THE HEARING ........................................................ 15

29.  Can I appear at the Fairness Hearing? .................................................. 15

UNDERSTANDING THE CLASS ACTION PROCESS ....................................................... 15

30.  Why am I getting this Notice? .......................................................... 15

31.  What is a class action? ................................................................ 15

32.  How was this Settlement reached? ...................................................... 15

THE LAWYERS REPRESENTING YOU ................................................................. 15

34.  I've seen solicitation websites from attorneys. Do I need to hire my own attorney to get money from the Settlement? ............................................. 16

35.  How much will the lawyers be paid? .................................................... 16

-5-

FINAL APPROVAL OF THE SETTLEMENT ....................................................... 16

    36.    When will the Settlement become final?........................................... 16

    37.    What happens if the Settlement is not approved?............................ 16

MORE INFORMATION ...................................................................................... 17

    38.    Where can I get more information? ................................................. 17

For more information, visit <mark>WEBSITE</mark>, or call the Settlement Administrator
at 1-xxx-xxx-xxxx.

| Basic Information |
|---|

*1.  What is this lawsuit about?*

This lawsuit, *In re Chevy Bolt EV Battery Litigation*, Case No. 2:20-13256-TGB-CI, is pending in the United States District Court for the Eastern District of Michigan.  Judge Terrence G. Berg of the United States District Court for the Eastern District of Michigan is in charge of this case.

A number of plaintiffs ("Plaintiffs"), on behalf of themselves and all current and former owners and lessees of Class Vehicles, allege that the Class Vehicles were manufactured and sold with defective batteries that can lead to fires, and that owners and lessees of the Class Vehicles were further harmed by partial recalls that imposed limitations on how they could use their vehicles. Plaintiffs allege claims for fraudulent omission, violation of several states' consumer protection statutes, breach of warranty, and unjust enrichment and seek various injunctive relief and money damages.

The Defendants in the lawsuit are automaker General Motors and suppliers LG Chem, Ltd., LG Energy Solution, Ltd., LG Energy Solution Michigan, Ltd., LG Electronics, Inc., and LG Electronics U.S.A., Inc. Defendants deny all of Plaintiffs' allegations of wrongdoing, fault, liability, or damage to Plaintiffs or the Settlement Class, and deny that they acted improperly or wrongfully in any way.

*2.  Why is the lawsuit a class action?*

In a class action lawsuit, one or more people called class representatives sue on behalf of people who allegedly have similar claims. The people together form a class and each person who allegedly has similar claims is a class member. The Court preliminarily has decided that this lawsuit can be a class action for settlement purposes.  However, final certification of the Settlement Class will depend on the Court granting final approval of the Settlement. This means that if the Settlement does not receive final approval by the Court, then Class Members will not get benefits under this Settlement, and some or all Plaintiffs will need to go back to court to pursue their claims, seek to certify a class, and prove their case at trial.

*3.  Why is there a Settlement?*

Plaintiffs believe that their case is meritorious, but they have agreed to this Settlement because, if it is approved, it will provide benefits to the Class soon while avoiding risks and delay associated with further litigation and trial.

Defendants believe the lawsuit has no merit, but nevertheless are willing to enter into this Settlement to provide extra peace of mind to their customers and to end further litigation, which could be protracted, burdensome, and expensive.

The Court has not decided who is right or wrong in this lawsuit. This proposed Settlement is not, and should not be considered as, evidence of Defendants' admission of any fault, wrongdoing, or liability whatsoever, nor a concession by Plaintiffs that their suit was without merit.

*4.  What is the Effective Date of this Settlement?*

The "Effective Date" of this Settlement is forty-five (45) days after the date when the Final Order and Judgment in this Lawsuit is entered by the Court, unless there is an appeal. If there is an appeal, the Effective Date will be 45 days from the date on which any such appeal is terminated in a manner that permits implementation of the Settlement.

For more information regarding final approval of the Settlement, see Questions 36 and 37.

-7-

| Who is in the Settlement |
|---|

### 5.  *How do I know if I am part of the Settlement?*

You are a Class Member and part of the Settlement if you purchased or leased in the United States or its territories, a Class Vehicle, that is, a 2017-22 model year Chevrolet Bolt EV vehicle, that was built and shipped to a dealer on or before August 19, 2021, unless you have already received a buyback of your Class Vehicle from GM or a GM authorized dealership.

Excluded from the Settlement Class are: (1) Class Counsel; (2) Defendants and Defendants' officers, directors, employees, agents and representatives, and their family members; (3) the judges who have presided over this lawsuit; and (4) anyone who has already released the claims asserted in this lawsuit against Defendants, except that people who signed a release in connection with the E-Card Program described in Question 12 below remain part of the Settlement Class and may receive payments under the Settlement.

### 6.  *Can I receive benefits if I sold my vehicle, or my lease of a Class Vehicle has already terminated?*

If you sold your vehicle, or if your lease has already ended, you can still receive benefits under this Settlement. When you submit a claim form, you will be prompted to indicate whether you still own or lease your vehicle and, if not, the date you sold the vehicle or the lease ended. If your vehicle received or is eligible for the Battery Replacement Final Remedy, based on the time you owned or leased the vehicle, and depending on whether a subsequent owner submits a claim, you will receive a portion of the relevant payment for your vehicle, while the new owner or lessee may receive the other portion. If you obtained the Software Final Remedy for your vehicle before selling it or terminating the lease, you are eligible to receive the applicable payment under the Settlement. If your vehicle became eligible for the Software Final Remedy after you sold it or your lease ended, you are also eligible to receive a payment as described in Question 12 below.

This is intended to ensure that all owners or lessees who believe they experienced risks and inconvenience associated with the vehicle's alleged defect and the subsequent recalls are all compensated fairly.

### 7.  *Can I receive benefits if I bought my vehicle secondhand?*

If you bought your vehicle secondhand, you can still receive benefits under this Settlement. When you submit a claim form, you will be prompted to indicate whether you purchased your vehicle secondhand and, if so, the date on which you purchased the vehicle. If your vehicle received or is eligible for the Battery Replacement Final Remedy, based on the time you owned the vehicle, and depending on whether the previous owner or lessee also submits a claim, you are eligible to receive a portion of the relevant payment for your vehicle, while the previous owner or lessee will receive the other portion. If your vehicle is eligible for the Software Final Remedy and you had or will have it performed on the vehicle, you are eligible for the applicable payment under the Settlement, either through the E-Card Program or by submitting a claim in the Settlement.  If your vehicle already had the Software Final Remedy performed on it before you obtained it, you are not entitled to any compensation under the Settlement, since your vehicle has already been upgraded with the advanced software.

This is intended to ensure that owners and lessees who believe they experienced risks and inconvenience associated with the vehicle's alleged defect and the subsequent recalls are all compensated fairly.

### 8.  *Can I receive benefits if I leased and then purchased my car?*

Yes, you may still receive benefits under the Settlement as applicable to the period of your ownership or lease and the remedy for which your vehicle is eligible.

-8-

*9. Can I still participate in the Settlement if I participated in GM's goodwill reimbursement program?*

No. GM's goodwill payment program was offered to 2,490 Chevrolet customers who purchased certain new Chevrolet Bolts in the 2022 calendar year. Those vehicles contained updated battery packs at the time that they were purchased and were never subject to any recall restriction. Thus, these vehicles are either outside the Class, or their owners were not subject to any risk alleged in this lawsuit or recall restrictions.

*10. Can I receive benefits if I received a buyback from GM or a GM authorized dealership?*

No. In some rare cases, GM has bought back Chevrolet Bolt EV vehicles; those owners have already been compensated as part of the buyback transaction and have released their claims, including waiving their rights under this class action.

*11. What if I am not sure whether I am included in the Settlement?*

If you are not sure whether you are included in the Settlement, you may visit ==WEBSITE==. You may also write with questions to the Settlement Administrator at ==ADDRESS==, or call ==NUMBER==.

| The Settlement Benefits – What You Will Get |
| :---: |

*12. What are the benefits of this Settlement?*

If you are a Class Member, you will be eligible to receive one of the following benefits if the Settlement is approved:

(1) **Battery Replacement Final Remedy Payment.** General Motors is offering a battery replacement remedy for approximately 80,000 of the Class Vehicles, under which the vehicle has received or is eligible to receive a replacement battery. Class Members whose vehicles have received or are eligible to receive a replacement battery under this Battery Replacement Final Remedy will be entitled to a payment of **$700**. If such a vehicle had multiple owners or lessees prior to preliminary approval of the Settlement, and each submits a timely claim, the payment will be divided between Class Members in proportion to the period of their ownership or lease of the vehicle.

(2) **Software Final Remedy.** General Motors has provided or will provide approximately 22,560 Class Vehicles with advanced diagnostic software designed to detect anomalies that might indicate a potentially defective battery by monitoring the battery over 10,000 km (6,214 miles) of use, with state-of-charge capped during that period at 80%. The software will continue to monitor the battery for the life of the Class Vehicle after return to a 100% state of charge.

**If an anomaly is identified,** the software will alert the Class Member to service their vehicle immediately, and the Class Vehicle will be provided with a free battery pack or module replacement. If (i) this software remedy was applied to the Class Vehicle before March 31, 2024; (ii) the software remedy indicates that a battery replacement is necessary during the initial 10,000 km (6,214 mile) period; and (iii) so indicated before March 31, 2025, the resulting battery replacement will also include an extended 8-year/100,000-mile limited battery warranty, running from the date of replacement. General Motors has reserved the right, for those owners who have been notified that a battery replacement is available but fail to accept a battery replacement within 60 days of receiving that notice, to provide that the 8-year period for the extended warranty will begin to run starting 60 days after receipt of the notice, regardless of whether the battery has been replaced.

**If no anomalies are detected** after the 10,000 km (6,214 miles), the battery will automatically return to a 100% state of charge, indicating diagnostic processes are complete.

For more information, visit ==WEBSITE==, or call the Settlement Administrator at 1-xxx-xxx-xxxx.

(3) **Software Final Remedy Payment.** In connection with the Software Final Remedy detailed above, Class Members whose vehicles receive the Software Final Remedy will be entitled to a payment of **$1,400**. Former owners and lessees of vehicles that became eligible for the Software Final Remedy after they sold the vehicle or terminated their lease will be entitled to a payment of **$700**.

In order to incentivize Class Members to receive the Software Final Remedy as quickly as possible, General Motors has paid some Class Members who receive the Software Final Remedy in full or in part prior to preliminary or final approval of the Settlement through its "E-Card Program." These Class Members must have executed individual releases in order to receive this E-Card Program payment, and the total amount of payments in connection with the E-Card Program will be deducted from the amount due to be paid into the Settlement Fund (but will be treated as part of the Settlement Fund for all other purposes).

Class Members who received a payment in connection with the Software Final Remedy through the E-Card Program will not be entitled to additional payments through the claims process detailed here, except that they remain eligible to receive any additional benefits approved by the Court, such as a supplemental payment if sufficient funds remain in the Settlement Fund after all timely claims are paid.

### 13. Am I giving anything up in return for my benefits?

Unless you exclude yourself from the Settlement (also called "opting out"), you are part of the Settlement Class. By staying part of the Settlement Class, Court orders will apply to you and you will release your legal claims related to this case. This release means you cannot sue or be part of any other lawsuit against the Defendants, their related companies, or the selling or leasing dealer based upon or in any way related to the alleged defect in Chevrolet Bolt EV batteries. The specific claims and parties you will be releasing are described in full detail in Paragraphs 8.1–8.9 of the Settlement Agreement, available at ==WEBSITE==.

Nothing in this Settlement or the final remedies described above supersedes the existing warranties associated with Class Vehicles or their batteries.

### 14. What if I have a claim for property damage or personal injury related to a battery fire?

Claims for property damage or personal injury are not released as part of this Settlement.

| How to Get a Benefit |
|:---:|

### 15. What do I need to do to get the benefits of this Settlement?

In order to obtain either the Software Final Remedy Payment or the Battery Replacement Final Remedy Payment, unless you received payment under the E-Card Program, you must fill out and send to the Settlement Administrator a claim form. The claim form may be obtained at ==WEBSITE== or by calling the Settlement Administrator at ==NUMBER==. The completed claim form must be sent to the Settlement Administrator by mail at the address below or via the Settlement website postmarked by ==DATE==.

*In re Chevy Bolt Battery Litigation* Settlement Administrator

==ADDRESS==

Upon receiving a claim form from a claimant, the Settlement Administrator will review the documentation and confirm or deny the claimant's eligibility to receive payment.

To remain a Class Member, you do not have to do anything.

*16. What is the deadline to make a claim?*

You must have submitted a complete and valid claim by **DATE, TIME, TIMEZONE**.

You may begin submitting information on **DATE**, although no claims can be finalized or payments made until the Court grants final approval of the Settlement, except for payments under the E-Card Program. For more information about that process, see Question 36.

*17. What supporting documents are needed to make a claim?*

To start your claim, go to **WEBSITE** after **DATE**, and submit your VIN (Vehicle Identification Number). As early as **DATE**, you will be able to submit supporting documentation including (depending on your particular circumstance):

- Vehicle registration,
- Vehicle title,
- Lease contract,
- Driver's license or other government-issued photo identification.

*18. When will I receive my payment?*

The earliest possible time for payments to begin is **MONTH YEAR**. If the Court grants final approval of the Settlement, eligible claims will be paid on a rolling basis as they are received and approved.

You may elect to receive payment by check or electronic funds transfer ("EFT").

*19. What are the tax implications of receiving a payment?*

You should consult a tax professional to assess the specific tax implications of any payment you may receive. For example, if you have used your vehicle for business purposes, previously claimed a depreciation deduction on your vehicle, or receive an amount that exceeds the cost of your vehicle, some or all of your payment may be subject to taxation.

*20. What if I do not do anything?*

If you do nothing, you will remain a Class Member. You will still be entitled to receive the Software Final Remedy or the Battery Replacement Final Remedy, but any monetary benefits for which you may qualify can be obtained only by timely submitting a claim form or having participated in the E-Card Program. In return for these benefits, you will be bound by the terms of the Settlement, which means you cannot bring a lawsuit against Defendants for the same claims at issue in this lawsuit.

## Your Rights – Getting Out of the Settlement

*21. Can I get out of the Settlement?*

You can exclude yourself from the Settlement and the Class. This is also called "opting out." If you opt out of the Settlement, you will not be entitled to receive the Settlement benefits. However, you will not be bound by any judgment or settlement of this class action lawsuit and will keep your right to sue Defendants independently over any claims you may have.

*22. How can I exclude myself from the Settlement?*

To exclude yourself from the Settlement, you must mail the Settlement Administrator a Request for Exclusion that contains the following information:

(1) The name of the lawsuit: *In re Chevy Bolt EV Battery Litigation*, No. 2:20-13256-TGB-CI (E.D. Mich.);

-11-

(2)  Your full name, current address, and telephone number;

(3)  Your vehicle year and model;

(4)  Your vehicle's Vehicle Identification Number (VIN);

(5)  A clear statement of your intent to exclude yourself from the Settlement (for example, "Please exclude me from the Settlement"); and

(6)  Your signature and the date you signed it.

You must send your Request for Exclusion postmarked no later than ==DATE== to the address below:

<em>In re Chevy Bolt Battery Litigation</em> Settlement Administrator

==ADDRESS==

If you do not follow these procedures by the deadline to exclude yourself from the Settlement, you will remain a Class Member and lose any opportunity to exclude yourself from the Settlement. This means that your rights will be determined in this lawsuit by the Settlement Agreement if it receives final approval from the Court.

### 23. If I do not exclude myself, can I sue Defendants for the same thing later?

No. Unless you exclude yourself, you give up the rights to sue GM or LG for all of the claims that this Settlement resolves.

### 24. If I exclude myself, can I still get full benefits from the Settlement?

No. If you exclude yourself, you will not get any benefits from the Settlement. Under General Motors's recalls related to the Class Vehicles, you will still be able to receive (as applicable) a Battery Replacement Final Remedy or Software Final Remedy, but you will not receive any financial payment in connection with those remedies.

### 25. If I exclude myself and pursue my case, could I get a larger recovery?

The law of most states provides for various remedies, including actual damages, punitive or multiple damages, and rescission, if a claim is proved at trial and upheld on appeal. None of these can be predicted with certainty, and all take additional time and may be subject to offsets or deductions for attorneys' fees and costs. Under Lemon Law-type remedies, offsets for mileage and use are generally deducted. The Settlement is designed to provide benefits that are certain, not subject to the delay and risk of trial and appeal, and not reduced by fees or costs.

## Your Rights – Objecting to the Settlement

### 26. Can I tell the court I do not like the Settlement?

If you do not exclude yourself from the Settlement Class, you can tell the Court you do not like the Settlement or some part of it by filing an objection to the Settlement. If you object to the Settlement, you remain a Class Member and cannot exclude yourself.

### 27. How can I object to the Settlement?

In order to object, you must mail a written objection and any supporting papers to: (1) the Court, (2) Class Counsel, and (3) each of Defendants' counsel, at the addresses listed below. Your objection must contain the following:

(1)  The name of the lawsuit:

(2)  Your full name, current address, and telephone number;

-12-

(3) Whether, as of the date of the written objection, you currently own or lease or whether you previously owned or leased a 2017-22 model year Chevrolet Bolt EV vehicle; the specific model year(s) and the approximate date(s) or purchase or lease (for example, "I currently own a 2020 Chevy Bolt that I purchased in January 2021.");

(4) The Vehicle Identification Number (VIN) of your vehicle(s);

(5) Specific reasons for your objection, including the factual and legal grounds for your position;

(6) The name and address of any attorney who is representing you in making the objection or who may be entitled to compensation in connection with the objection;

(7) A list of any other objections to any class action settlements you or your counsel have submitted to any court, whether State, Federal, or otherwise, in the United States in the previous five (5) years (if none, so state);

(8) Evidence and supporting papers, if any, that you want the Court to consider in support of your objection;

(9) Whether you intend to appear at the Fairness Hearing (as described in Question 36), whether you will be represented by separate counsel, and the identity of any such counsel and anyone who will be called to testify in support of the objection; and

(10) Your signature, the signature of any attorney representing you in connection with the objection, and the date of your signature.

You must file your objection with the Court and mail separate copies to Class Counsel and Defendants' counsel, by first-class United States Mail, no later than ==DATE==.

Your objection must be sent to the Court at the following address:

**United States District Court for the Eastern District of Michigan**
*In re Chevy Bolt EV Battery Litigation*
**Case No. 2:20-13256-TGB-CI**
**Theodore Levin U.S. Courthouse**
**231 W. Lafayette Blvd., Room 253**
**Detroit, MI 48226**

The copies to be served on Class Counsel and Defendants' counsel must be mailed to the following addresses:

**<u>Class Counsel:</u>**

Gretchen Freeman Cappio
Ryan McDevitt
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington  98101
Telephone: (206) 623-1900
Fax: (206) 623-3384
gcappio@kellerrohrback.com
rmcdevitt@kellerrohrback.com

E. Powell Miller
Dennis A. Lienhardt
THE MILLER LAW FIRM
950 West University Dr., Suite 300
Rochester, Michigan  48307
Telephone: (248) 841-2200
Fax: (248) 652-2852
epm@millerlawpc.com
dal@millerlawpc.com

-13-

For more information, visit ==WEBSITE==, or call the Settlement Administrator at 1-xxx-xxx-xxxx.

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

**Defendants' Counsel (send to all):**

**GM Counsel**

John Nadolenco
MAYER BROWN LLP
333 S. Grand Ave., 47th Floor
Los Angeles, California 90071
Telephone: (213) 229-5173
Fax: (213) 625 0248
jnadolenco@mayerbrown.com

Archis Parasharami
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
Telephone: (202) 263-3328
Fax: (202) 263 5328
aparasharami@mayerbrown.com

**LGE Counsel**

Phoebe A. Wilkinson
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, New York 10017
Telephone: (212) 918-3000
Fax: (212)-918-3100
phoebe.wilkinson@hoganlovells.com

**LG Energy Counsel**

Mark S. Mester
LATHAM & WATKINS LLP
330 North Wabash Ave., Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Fax: (213) 993-9767
mark.mester@lw.com

Jason R. Burt
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Fax: (202) 637-2201
jason.burt@lw.com

If you timely file an objection, it will be considered by the Court at the Fairness Hearing. You do not need to attend the Fairness Hearing in order for the Court to consider your objection. If you do not comply with these procedures and deadline for objection, you will lose your opportunity to have your objection considered at the Fairness Hearing or otherwise contest the approval of the Settlement or to appeal from any order or judgment entered by the Court in connection with the Settlement.

**28. What is the difference between excluding and objecting? Can I do both?**

Excluding yourself means removing yourself from the Settlement altogether—you would not be entitled to receive any benefits pursuant to the Settlement, but you will not be bound by the terms of the Settlement. Objecting means remaining in the Settlement, but complaining about some part of it you do not like. You cannot do both.

-14-

| Your Rights – Appearing at the Hearing |
|---|

**29. Can I appear at the Fairness Hearing?**

As long as you do not exclude yourself, you can (but do not have to) participate and speak for yourself in this lawsuit and Settlement. This is called making an appearance. You can also have your own lawyer speak for you, but you will have to pay for the lawyer yourself.

If you want to appear, or if you want your own lawyer instead of Class Counsel to speak for you in this lawsuit, you must file a written notice with the Court and serve your notice of intent to appear on the attorneys listed above in Question 27. You must state in that paper, "I intend to appear at the hearing." The notice of intent to appear must be filed and served no later than DATE.

| Understanding the Class Action Process |
|---|

**30. Why am I getting this Notice?**

You are receiving this Notice because you may be a member of the Settlement Class. The Court in charge of this case authorized this Notice because Class Members have a right to know about the proposed Settlement of this lawsuit, and to understand all of their options before the Court decides whether or not to approve the Settlement. This Notice summarizes the Settlement and explains Class Members' legal rights and options under the Settlement, as well as benefits achieved under the Settlement.

**31. What is a class action?**

A class action is a representative lawsuit. One or more plaintiffs (who are also called "class representatives") sue on behalf of themselves and all other people with similar claims, who are not named, but are described in the class definition and are called "class members." When a class action is settled, the court resolves the issues in the lawsuit for all class members, except for those who exclude themselves from (opt out of) the class. Opting out means that the class member will not receive benefits under the settlement. The opt-out process is described in Question 22 of this Notice.

**32. How was this Settlement reached?**

After extensive negotiations, supervised by Judge Jay C. Gandhi (Ret.) (the parties' mediator), the parties agreed to this Settlement with the proposed class of vehicle owners/lessees. The Settlement, if approved, will resolve the lawsuit brought by owners or lessees of affected Chevrolet Bolt EV vehicles.

A settlement is an agreement between a plaintiff (or multiple plaintiffs) and a defendant (or multiple defendants) to resolve a lawsuit. Settlements end all or part of a lawsuit without a trial, and without the court or a jury ruling in favor of the plaintiff(s) or the defendant(s). A settlement allows the parties to avoid the costs and risks of a trial, and the very significant time delays of litigation.

| The Lawyers Representing You |
|---|

**33. Do I have a lawyer in this case?**

Yes. The Court has appointed lawyers to represent all Class Members as "Class Counsel" without charge to you. They are:

> **Gretchen Freeman Cappio**
> **Ryan McDevitt**
> KELLER ROHRBACK LLP
> 1201 Third Avenue, Suite 3200
> Seattle, WA 98101

For more information, visit WEBSITE, or call the Settlement Administrator at 1-xxx-xxx-xxxx.

**E. Powell Miller**
**Dennis A. Lienhardt**
THE MILLER LAW FIRM, P.C.
950 West University Dr., Suite 300
Rochester, MI 48307

You will not be charged for contacting these lawyers.

*34. I've seen solicitation websites from attorneys. Do I need to hire my own attorney to get money from the Settlement?*

No. Class Counsel will represent you at no charge to you, and any fees they are paid will not affect your compensation under this Settlement. If you want to be represented by your own lawyer, you may hire one at your own expense. It is possible that you will receive less money overall if you choose to hire your own lawyer to litigate against Defendants rather than receive compensation from this Settlement.

*35. How much will the lawyers be paid?*

Class Counsel will apply to the Court for reasonable attorneys' fees and expenses in an amount that will be no more than 35% of the Settlement amount. Any award of attorneys' fees and expenses will be paid out of the total Settlement Fund. Additionally, Class Counsel will apply to the Court for payments of $2,000 to each of the class representatives for their service to the Class. Any award of payments to the class representatives will be paid out of the total Settlement Fund.

| Final Approval of the Settlement |
|---|

*36. When will the Settlement become final?*

The Court has preliminarily approved the Settlement provided for in the Settlement Agreement. The Settlement will not take effect unless and until: (1) the Court approves the Settlement after the Fairness Hearing and a Final Order and Judgment has been entered by the Court and either (2)(a) the applicable period for the appeal of the Final Order and Judgment has expired without any appeals having been filed, or (b) any such appeals have been resolved in a manner that allows implementation of the Settlement.

The Court has scheduled a Fairness Hearing, to be held on DATE at TIME, TIMEZONE, to decide whether certification of the Settlement Class is proper; whether the Settlement is fair, adequate, and reasonable; and whether the Settlement should be finally approved. In addition, the Court will consider Class Counsels' application for an award of attorneys' fees and reimbursement of expenses. The Court is located at the United States District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse 231 W. Lafayette Blvd., Room 253 Detroit, MI 48226. The Fairness Hearing may be rescheduled to a later time without further notice (in such event, the new hearing date and time will be posted on the Settlement website). You may, but do not have to, attend the Fairness Hearing. If the Court grants final approval of the Settlement and the time to appeal has expired, the Settlement will become final and benefits will be paid or made available to the Class, as applicable.

*37. What happens if the Settlement is not approved?*

If the Court does not approve the Settlement, Class Members will not be entitled to receive the Settlement benefits described in this Notice. It will be as if no settlement had been reached and no class had been established.

| More Information |
|---|

**38. *Where can I get more information?***

If you have additional questions regarding this Notice or the Settlement, or if you did not receive Notice in the mail and believe that you may be a member of the Settlement Class, you should contact the Settlement Administrator through the dedicated website for this case by visiting WEBSITE or by calling NUMBER for more information, or you may communicate directly with Class Counsel by contacting the attorneys listed in Question 33.  You should check the website frequently because court dates can and often do change.

This Notice, which has been approved by the Court, is only a summary of the Settlement. If you wish to obtain more detailed information, you may review the Settlement Agreement, which contains the complete terms of the Settlement. The Settlement Agreement, along with the pleadings, records and other papers regarding the lawsuit, are available on the Settlement Administrator's dedicated website for this case (WEBSITE) and are on file with the Court and available to be inspected at any time during regular business hours at the Clerk's office.

The Clerk of the Court is located at:

> United States District Court
> Eastern District of Michigan
> Clerk's Office
> Theodore Levin U.S. Courthouse
> 231 W. Lafayette Blvd., Room 599
> Detroit, MI 48226

**Please do not contact the Court.**

**Date of Notice: DATE**

-17-

For more information, visit WEBSITE, or call the Settlement Administrator
at 1-xxx-xxx-xxxx.

# Exhibit 2

LEGAL NOTICE

**If you bought or leased a Model Year 2017-2022 Chevrolet Bolt EV Vehicle, you might benefit from this class action settlement.**

*A federal court authorized this Notice.*

**1-____-____-_____**
**www.[website].com**

*In re Chevy Bolt Battery Litig.* Settlement Administrator
P.O. Box _____
City, ST _____-____

First-Class
Mail
US Postage
Paid
Permit #__

«Barcode»

Postal Service: Please do not mark barcode

Claim #: XXX- «ClaimID» - «MailRec»
«First1» «Last1»
«co»
«Addr1» «Addr2»
«City», «St» «Zip»
«Country»



XXX

A settlement has been proposed in a class action lawsuit against General Motors LLC and LG Chem, Ltd., LG Energy Solution, Ltd., LG Energy Solution Michigan, Ltd., LG Electronics, Inc., and LG Electronics U.S.A., Inc. related to allegations that they manufactured and sold Chevy Bolt EV vehicles with defective battery modules.

**Who is included?** The Settlement includes all persons and entities within the United States who purchased (whether new or used) or leased, other than for resale, a model year 2017, 2018, 2019, 2020, 2021 or 2022 Chevrolet Bolt built and shipped to a dealer on or before August 19, 2021 and who have not received a buyback of their vehicle from General Motors or a General Motors authorized dealer ("Class Members").

**What does the Settlement provide?** Class Members are eligible to receive: (a) up to $700 for 2017-2022 vehicles that are eligible for a battery replacement remedy; OR (b) $700-$1,400 for 2020-2022 vehicles that receive advanced diagnostic software.

**How do I get benefits?** You must complete and submit a Claim Form by **Month __, 2024**. Claim Forms are available and may be filed online at www.[website].com.

**What are my other options?** If you do not want to be legally bound by the Settlement, you must exclude yourself from it by **Month __, 2024**. Unless you exclude yourself, you will not be able to sue any of the Defendants or related parties for any claim released by the Settlement Agreement. If you do not exclude yourself from the Settlement, you may object and notify the Court that you or your lawyer intend to appear at the Court's fairness hearing. Objections are due **Month __, 2024**.

**The Court's Fairness Hearing.** The Court will hold a final fairness hearing in this case (*In re Chevy Bolt EV Battery Litigation*, No. 2:20-cv-13256) on **Month __**, 2024, at **__:_0 _**.m. At this hearing, the Court will decide whether to approve: (1) the Settlement; (2) Class Counsel's request for attorneys' fees and expenses; and (3) service awards to each Class Representative.

**Additional details of the Fairness Hearing and the Settlement, an explanation of your rights, and the court filings are available at www.[website].com.**

# Exhibit 3

TO:
FROM:
SUBJECT: Chevy Bolt EV Battery Settlement

## If you bought or leased a Model Year 2017-2022 Chevrolet Bolt EV Vehicle, you might benefit from this class action settlement.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

A settlement has been proposed in a class action lawsuit against General Motors LLC and LG Chem, Ltd., LG Energy Solution, Ltd., LG Energy Solution Michigan, Ltd., LG Electronics, Inc., and LG Electronics U.S.A., Inc. (together, "Defendants") related to allegations that they manufactured and sold Chevy Bolt EV vehicles with defective battery modules.

**Who is included?** The Settlement includes all persons and entities within the United States who purchased (whether new or used) or leased, other than for resale, a model year 2017, 2018, 2019, 2020, 2021 or 2022 Chevrolet Bolt built and shipped to a dealer on or before August 19, 2021 and who have not received a buyback of their vehicle from General Motors or a General Motors authorized dealer ("Class Members").

**What does the Settlement provide?** Class Members are eligible to receive: (a) up to $700 for 2017-2022 vehicles that are eligible for a battery replacement remedy; OR (b) $700-$1,400 for 2020-2022 vehicles that receive advanced diagnostic software, depending on whether the Class Member currently owns or leases the affected vehicle.

**How do I get benefits?** You must complete and submit a Claim Form by **Month __, 2024**. Claim Forms are available and may be filed online at www.[website].com.

**What are my other options?** If you do not want to be legally bound by the Settlement, you must exclude yourself from it by **Month __, 2024**. Unless you exclude yourself, you will not be able to sue any of the Defendants or related parties for any claim released by the Settlement Agreement. If you do not exclude yourself from the Settlement, you may object and notify the Court that you or your lawyer intend to appear at the Court's fairness hearing. Objections are due **Month __, 2024**.

**The Court's Fairness Hearing.** The Court will hold a final fairness hearing in this case (*In re Chevy Bolt EV Battery Litigation*, No. 2:20-cv-13256) on Month __, 2024, at __:_0 _.m. At this hearing, the Court will decide whether to approve: (1) the Settlement; (2) Class Counsel's request for attorneys' fees and expenses; and (3) service awards to each Class Representative.

**Additional details of the Fairness Hearing and the Settlement, an explanation of your rights, and the court filings are available at www.[website].com.**

**1-___-___-____**
**www.[website].com**

# Exhibit 4

Claims can be submitted electronically at [INSERT WEBSITE]

## CLAIM FORM

*In re Chevy Bolt EV Battery Litigation*, No. 2:20-13256-TDB (E.D. Mich.)

**All claims must be postmarked or submitted electronically by _____.**

Five Steps to Make a Claim for Reimbursement(s)

**[1] Please provide the information in the spaces below:**

First Name:                                                    MI:        Last Name:

Address 1:

Address 2:

City:                                                                                                                State:

ZIP Code:

Email: (The Settlement Administrator may contact you about the Settlement by email.)

Phone:

**Please provide your Vehicle Identification Number ("VIN") and model year.**

VIN:                                                                                          Model Year:

**[2] Status of Ownership or Lease: Please select one of the following:**

_____   I currently own the vehicle and did not purchase it from a lease.

_____   I currently own the vehicle and purchased it from a lease.

_____   I currently lease the vehicle.

_____   I previously owned the vehicle and no longer possess it.

_____   I previously leased the vehicle and no longer possess it.

**Please enter the date you purchased the vehicle or began leasing the vehicle (MM/DD/YYYY). If you purchased the vehicle from a lease, please enter the date of purchase:**

_____

**If you no longer own or lease the vehicle, please enter the date you sold / traded in the vehicle or the date you surrendered the vehicle due to your lease ending (MM/DD/YYYY):**

_____

*For more information or questions about submitting a claim, please view the Class Notice at [INSERT WEBSITE] or call the Settlement Administrator at _____*

Claims can be submitted electronically at [INSERT WEBSITE]

**For 2020-2022 model year vehicles, please enter the date on which the Software Final Remedy was performed (MM/DD/YYYY):**
_____

**[3]  Documentation: To support your claim, you must provide identification (driver's license or other government-issued photo identification) AND proof of ownership or lease of the vehicle during any time prior to [DATE OF PRELIM. APPROVAL ORDER]. Such documentation of ownership or lease may be:**

- Vehicle title;
- Vehicle purchase agreement;
- Vehicle lease agreement;
- Dealer invoice;
- Insurance documentation;
- Financing documentation; or
- Vehicle registration documents

*Note:  You may request documentation from the GM dealership where the Software Final Remedy or Battery Replacement Final Remedy was performed.*

**[4] Sign and date.**

I swear that all information supplied in and with this Claim Form, including any separate statement being provided, is true and correct to the best of my knowledge and belief. I agree to participate in the Settlement. I authorize any Authorized Chevrolet or General Motors dealership that serviced my vehicle to release records to the Settlement Administrator and the Defendants in this litigation.

**Signature:** _____      **Date:** ☐☐☐☐☐☐☐☐

**[5] Submit:** Submit the completed and signed form with your documentation at [INSERT WEBSITE] or mail it to the Settlement Administrator at the following address:

**[INSERT]**

*For more information or questions about submitting a claim, please view the Class Notice at [INSERT WEBSITE] or call the Settlement Administrator at _____*

3

# Exhibit 5

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

*In re Chevrolet Bolt EV Battery Litigation*

Case No. 2:20-13256-TGB-CI

Honorable Terrence G. Berg

## [PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND APPOINTMENT OF CO-LEAD CLASS COUNSEL

Plaintiffs Robin Altobelli, F. Dayle Andersen, Bruce James Cannon, Mary Carr and Jan G. Wyers, Yohanes Chitra, Christine Chung, Daniel Corry, John DeRosa, William Dornetto and Russell Ives, Kevin Harris and Pamela Duprez, Michael Hickey, Michael and Denise Holbrook, Fred Kass, James Kotchmar, Robert Kuchar, Joseph Poletti, Edward and Janet Rock, Evi Schulz, Michael Smith, Ashley Strong, Alucard Taylor, Jason Vaaler, Tony Verzura, Shawn Walker, and Thomas and Carol Whittaker (collectively, "Plaintiffs"), on behalf of themselves and the proposed Class, and Defendants General Motors LLC ("General Motors" or "GM"), LG Chem, Ltd., LG Energy Solution Ltd., LG Energy Solution Michigan Inc. (collectively, "LG Chem"), LG Electronics, Inc., and LG Electronics USA, Inc. (collectively, "LGE") (GM, LG Chem, and LGE, collectively, "Defendants"), by

and through their undersigned attorneys, hereby submit this proposed Stipulated Order for Preliminary Approval of Class Action Settlement:

WHEREAS, the Court having reviewed and considered the Motion for Preliminary Approval and supporting materials filed by Settlement Class Counsel;

WHEREAS, the Court held a hearing on the Motion for Preliminary Approval on _____; and

WHEREAS, this Court has fully considered the record and requirements of law; and good cause appearing;

IT IS THIS _____ day of _____, 2024 ORDERED that the Settlement is hereby PRELIMINARILY APPROVED. The Court further finds and orders as follows:

1.      The Court has subject matter jurisdiction under 28 U.S.C. § 1332(d), and venue is proper in this District.

2.      The Court has personal jurisdiction over the Plaintiffs, Settlement Class Members, and Defendants.

3.      To the extent not otherwise defined herein, all defined terms in this Order shall have the meaning assigned in the Settlement Agreement.

4.      The Settlement was the result of the Parties' good-faith negotiations. The Settlement was entered into by experienced counsel and only after extensive arm's-length negotiations. The Settlement is not the result of collusion.

2

5.      The proceedings and discovery that occurred before the Parties reached the Settlement gave counsel the opportunity to adequately assess this case's strengths and weaknesses and thus to structure the Settlement in a way that adequately accounts for those strengths and weaknesses.

6.      The Court has carefully reviewed the Settlement Agreement and finds that the Settlement is fair, reasonable, adequate and meets the standards for preliminary approval under Fed. R. Civ. P. 23(a) and (b). Accordingly, the Court preliminarily approves all terms of the Settlement and all its Exhibits.

7.      The Court conditionally certifies, for settlement purposes only, the following Settlement Class:

> Any person in the United States who purchased or leased, other than for resale, a 2017, 2018, 2019, 2020, 2021, or 2022 Model Year Chevrolet Bolt built and shipped to a dealer on or before August 19, 2021 and who have not received a buyback of their vehicle from General Motors or a General Motors authorized dealer.

Excluded from the Settlement Class are: (i) Class Counsel; (ii) Defendants and Defendants' officers, directors, employees, agents and representatives, and their family members; (iii) the judges who have presided over this Action; and (iv) any persons who have otherwise released their claims against Defendants set forth in the Action, except that persons who executed a release in connection with the E-Card Program remain part of the Settlement Class and may receive payments under the Settlement as expressly provided in the Settlement Agreement.

8.   The Court directs that pursuant to Fed. R. Civ. P. 23(e)(2), a Fairness Hearing will be held on _____ [at least 180 days after entry of Preliminary Approval Order], to consider final approval of the Settlement (the "Fairness Hearing" or "Final Approval Hearing") including, but not limited to, the following issues: (1) to determine whether to grant final approval to (a) the certification of the Settlement Class, (b) the designation of Plaintiffs as representatives of the Settlement Class, (c) the designation of Class Counsel as counsel for the Settlement Class, and (d) the settlement; (2) to rule on Class Counsel's request for an award of attorneys' fees and reimbursement of costs and for Service Awards to Class Representatives; and (3) to consider whether to enter the Final Approval Order. The Fairness Hearing may be adjourned by the Court and the Court may address matters set out above, including final approval of the Settlement, without further notice to the Settlement Class other than notice that may be posted at the Court and on the Court's and Settlement Administrator's websites.

9.   The Court hereby appoints the following Plaintiffs as Class Representatives for the Settlement Class: Robin Altobelli, F. Dayle Andersen, Bruce James Cannon, Mary Carr and Jan G. Wyers, Yohanes Chitra, Christine Chung, Daniel Corry, John DeRosa, William Dornetto and Russell Ives, Kevin Harris and Pamela Duprez, Michael Hickey, Michael and Denise Holbrook, Fred Kass, James Kotchmar, Robert Kuchar, Joseph Poletti, Edward and Janet Rock, Evi Schulz,

Michael Smith, Ashley Strong, Alucard Taylor, Jason Vaaler, Tony Verzura, Shawn Walker, and Thomas and Carol Whittaker.

10.    The Court finds that the Class Representatives will fairly and adequately protect and represent the interests of all members of the Settlement Class and the interests of the Class Representatives are not antagonistic to those of the Settlement Class. The Class Representatives are represented by counsel who are experienced and competent in the prosecution of complex class action litigation.

11.    The Court preliminary finds that the following counsel fairly and adequately represent the interests of the Settlement Class and hereby conditionally appoints The Miller Law Firm, PC and Keller Rohrback, LLP as Co-Lead Class Counsel and McCune Wright Arevalo, LLP, Fine, Kaplan and Black, RPC, Migliaccio & Rathod LLP, Law Offices of Todd M. Friedman, PC, and Chimicles Schwartz Kriner & Donaldson-Smith LLP as Plaintiffs' Steering Committee.

12.    Having found that it will likely approve the Settlement and certify the Settlement Class for purposes of settlement with Defendants, the Court hereby directs Class Counsel to give notice of the Settlement to the Settlement Class.

13.    The Court appoints KCC, LLC ("KCC") as the Settlement Administrator. The Parties are hereby authorized to retain the Settlement Administrator to supervise and administer the Notice procedure as well as the processing of Claims. The Settlement Administrator shall be responsible to, without

limitation, (a) issue Class Notice; (b) receive and appropriately respond to all claims submitted by Settlement Class Members; and (c) establish a "Vehicle Claims Center" to receive and appropriately respond to all claims submitted by Settlement Class Members and to otherwise administer the Settlement Agreement. The Vehicle Claims Center will include: (a) personnel assigned to manage the settlement implementation process, including Class Notice; (b) a toll-free telephone number that Settlement Class Members may call to obtain information; (c) a post office box in the Settlement Administrator's name to which Settlement Class Members shall send all claims and which shall be used for receiving requests for exclusion and any other communications; and (d) a website containing information about the Settlement, including claim forms that can be submitted online or downloaded and submitted by mail. The Settlement Administrator shall also otherwise implement and/or assist with the dissemination of the Settlement Fund.

14.     The Settlement Administrator shall report to the Parties on a weekly basis the names of all Settlement Class Members who have submitted a request for exclusion and provide copies of any and all written requests for exclusion, beginning thirty (30) days after the Notice Date.

15.     The Settlement Administrator shall provide a list of all Settlement Class Members who have submitted a request for exclusion to Class Counsel no later than ten (10) days prior to the Fairness Hearing, and then file with the Court the list of all

Settlement Class Members who have submitted a request for exclusion along with an affidavit attesting to the completeness and accuracy thereof no later than ten (10) days prior to the Fairness Hearing.

16.     The Court has reviewed and finds that the content of the proposed forms of Notice attached as Exhibits 2 and 3 to the Settlement Agreement, which are to be displayed, along with the Settlement Agreement and its Exhibits, on the Settlement Website, satisfy the requirements of Fed. R. Civ. P. 23(c)(2), Fed. R. Civ. P. 23(e)(1), and Due Process and accordingly approves the Notice and Claim Form.

17.     The Court further approves the proposed methods for giving notice of the Settlement to members of the Settlement Class, as reflected in the Settlement Agreement. The Court has reviewed the plan for distributing Notice to the Settlement Class and finds that the notice plan is the best notice practicable under the circumstances and that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice.  The Court further finds that the notice plan is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of this litigation and of their right to object to or exclude themselves from (as applicable) the proposed Settlement.  The Court specifically approves the Parties' proposal that on an agreed upon date with the Settlement Administrator, but in no event more than sixty (60) days after entry of the Preliminary Approval Order, the Settlement Administrator shall cause individual Short Form Class Notice,

substantially in the form attached to the Settlement Agreement as Exhibit 2, to be mailed, by first class mail, to the current or last known addresses of all reasonably identifiable Settlement Class Members. The Court specifically approves the procedures set forth in the Settlement Agreement for identifying Settlement Class Members and notifying Settlement Class Members whose initial mailings are returned undeliverable. The Court finds that these procedures, carried out with reasonable diligence, will constitute the best notice practicable under the circumstances and will satisfy the requirements of Fed. R. Civ. P. 23(c)(2) and Fed. R. Civ. P. 23(e)(1) and Due Process. The Settlement Administrator shall complete the mailing of Short Form Notices no later than ninety (90) days after entry of this Order (the "Notice Date").

18.    In conjunction with the above, within ten (10) days after the motion for preliminary approval is filed, the Settlement Administrator shall provide notice of this Settlement to the Attorney General of the United States and the attorneys general of each state or territory in which a Settlement Class Member resides pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715. ("CAFA Notice"). The Settlement Administrator shall provide copies of such notifications to Class Counsel and Defendants' Counsel at the time of their submission to the attorneys general.

19.    Class Counsel is authorized to and shall establish and create a Qualified Settlement Fund within the meaning of Treasury Regulation Section 1.468B-1. The

8

Settlement Fund shall be held in escrow at Citibank in an interest-bearing deposit account. Defendants shall deposit or cause their insurance carriers to deposit the total sum of $5,000,000 on behalf of the Defendants within forty-five (45) calendar days of this Order. The remainder of the Settlement Amount, less the total value of payments made in connection with the E-Card Prepayment Program, as detailed in the Settlement Agreement, will be deposited no later than forty-five (45) days after the Settlement becomes final and non-appealable.

20.    Defendants' initial payment of $5,000,000 into the Settlement Fund may be used by Class Counsel to pay the reasonable costs of providing notice to the Settlement Class in accordance with this Order in an amount not to exceed $385,000 (110% of the Settlement Administrator's estimate for notice costs) without need for further approval from this Court. Distributions in excess of this amount shall require prior application to and approval by the Court.

21.    Class Counsel shall file their motion for attorneys' fees, costs, and service awards for the class representatives, and all supporting documentation and papers, by ninety (90) days from the entry of this Preliminary Approval Order.

22.    All papers in support of Final Approval of the Settlement shall be filed and served no later than 150 days from the entry of this Preliminary Approval Order, except that, if necessary, any responses by Class Counsel regarding objections may be filed no later than fifteen (15) days prior to the Final Fairness Hearing.

23.     Claim Forms must be submitted to the Settlement Administrator no later than 150 days after this Preliminary Approval Order.

24.     Persons wishing to object to the proposed Settlement and/or be heard at the Fairness hearing shall follow the following procedure:

(a)     To object, a member of the Settlement Class, individually or through counsel, must file a written objection with the Court, and must also serve a copy thereof upon each of the following, postmarked no later than 120 days after this Preliminary Approval Order:

**Class Counsel:**
E. Powell Miller
Dennis A. Lienhardt
**THE MILLER LAW FIRM**
950 West University Dr., Suite 300
Rochester, Michigan 48307

Gretchen Freeman Cappio
Ryan McDevitt
**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101

**Counsel for GM:**
John Nadolenco
**MAYER BROWN LLP**
333 South Grand Avenue, 47th Floor
Los Angeles, CA 90071

Archis Parasharami
**MAYER BROWN LLP**
1999 K Street NW
Washington, DC 20006

<u>**Counsel for LG Chem**</u>:
Mark S. Mester
**LATHAM & WATKINS LLP**
330 North Wabash Ave., Suite 2800
Chicago, Illinois 60611

Jason R. Burt
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304

<u>**Counsel for LGE**</u>:
Phoebe A. Wilkinson
**HOGAN LOVELLS US LLP**
390 Madison Avenue
New York, New York 10017

(b)     Any objecting Settlement Class Member must include

with his or her objection:

i.     The case name and number, *In re Chevrolet Bolt EV*

*Battery Litigation*, No. 20-cv-13256 (E.D. Mich.);

ii.     The objecting Settlement Class Member's full name,

current address, and current telephone number;

iii.     The model year and VIN of his/her/its Class Vehicle(s);

iv.     A statement of the objection(s), including all factual and

legal grounds for the position;

v.     Copies of any documents the objector wishes to submit in

support;

11

vi.   The name and address of the attorney(s), if any, who is representing the objecting Settlement Class Member in making the objection or who may be entitled to compensation in connection with the objection;

vii.   A statement of whether the Class Member objecting intends to appear at the Final Approval Hearing, either with or without counsel;

viii.   The identity of all counsel (if any) who will appear on behalf of the objecting Class Member and all persons (if any) who will be called to testify in support of the objection;

ix.   The signature of the Class Member objecting, in addition to the signature of any attorney representing the objecting Class Member in connection with the objection; and

x.   The date the objection is signed.

In addition, any Class Member objecting to the Settlement shall provide a list of any other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court in the United States in the previous five years. If the Class Member or his or her counsel has not made any such prior objection, the Class Member

12

shall affirmatively so state in the written materials provided with the objection.

(c)      Any attorney hired by a Settlement Class Member for the purpose of objecting to the proposed Settlement or to the Attorneys' Fees and Expenses and who intends to make an appearance at the Fairness Hearing must provide Class Counsel and Defense Counsel and file with the Clerk of the Court a notice of intention to appear no later than 120 days from the entry of this Order, or as the Court may otherwise direct.

(d)      Any Settlement Class Member who files and serves a written objection and who intends to make an appearance at the Fairness Hearing must provide Class Counsel and Defense and file with the Clerk of the Court a notice of intention to appear no later than 120 days after the entry of this Order, or as the Court may otherwise direct.

(e)      A Settlement Member's compliance with the foregoing requirements does not in any way guarantee them the ability to present evidence or testimony at the Fairness Hearing. The decision whether to allow any testimony, argument, or evidence, as well as the scope and duration of any and all presentations of objections in the Fairness Hearing, will be in the sole discretion of the Court. Subject to this

discretion, an objecting Settlement Class Member may appear, personally or by counsel, at the Fairness Hearing to explain why the proposed settlement should not be approved as fair, reasonable, and adequate, or to object to any motion for Class Counsel Fees and Expenses or incentive awards. Any Settlement Class Member who does not provide a notice of intention to appear at the hearing in accordance with the deadlines and other specifications set forth in the Settlement Agreement and Notice, or who has not filed an objection in accordance with the deadlines and other specifications set forth in the Settlement Agreement and the Notice, may be deemed to have waived any objections to the Settlement and any adjudication or review of the Settlement, by appeal or otherwise.

(f)     The filing of an objection by a Settlement Class Member allows Class Counsel or Defendant's Counsel to notice such objector for, and take his, her, or its deposition consistent with the Federal Rules of Civil Procedure at an agreed-upon location and to seek any documentary evidence or other tangible things that are relevant to the objection. Failure by an objector to make himself/herself/itself available for a deposition or comply with expedited discovery requests may result in the Court striking the objection and otherwise denying

that person the opportunity to be heard. The Court may tax the costs of any such discovery to the objector or the objector's counsel should the Court determine that the objection is frivolous or made for improper purpose.

(g)     Any objector who seeks a fee for their objection shall do so as prescribed under Federal Rule of Civil Procedure 23(e)(5)(B).

(h)     Any objecting Settlement Class Member who appeals a grant of Final Approval may be required to post an appeal bond.

(i)     The Parties shall promptly inform the Court of any consideration sought by an objector and the circumstances of such a request.

(j)     Any response to an objection must be filed with the Court no later than fifteen (15) days prior to the Fairness Hearing.

(k)     Any Class Member who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement and/or Class Counsel's motion for attorneys' fees and reimbursement of litigation expenses. Such Class Member shall forever be barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, or the requested attorneys' fees and

litigation expenses, and otherwise from being heard concerning the Settlement, or the attorneys' fees and expenses request in this or any other proceeding, including by appeal or otherwise.

(l)     Any attorney hired by a Settlement Class Member for the purpose of objecting to the Settlement Agreement, the proposed Settlement or to the Attorneys' Fees and Expenses shall be compensated at the Settlement Class Member's expense.

25.     All Settlement Class Members shall have the right to opt out of the Settlement Class at any time during the opt-out period. The opt-out deadline shall run until 150 days after issuance of this Preliminary Approval Order. Any Settlement Class Member who elects to opt out of the Settlement Class shall not: (i) be bound by any orders or judgments entered in this Action after the date of exclusion; (ii) be entitled to any relief under, or be affected by, the Settlement Agreement; (iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement Agreement. Any Settlement Class Member who wishes to opt out of the Settlement Class may do so by submitting a request for exclusion ("Request for Exclusion") to the Settlement Claims Administrator as provided in the Notice. To be effective, the Request for Exclusion must be sent via first-class U.S. mail and post-marked no later than 150 days after the date of this Preliminary Approval Order to the specified address and shall state:

16

       i.       The Settlement Class Member's full name, telephone number, and current address;

      ii.      The model year and Vehicle Identification ("VIN") of his/her/its Class Vehicle(s) and the approximate date(s) of purchase or lease; and

     iii.      His/her/its desire to be excluded from the Settlement and from the Settlement Class.

All Requests for Exclusion shall be in writing and shall be personally signed by the member of the Settlement Class who is opting out. No other person or entity may opt out for a Settlement Class Member or sign a request for exclusion. Opt Outs may be done on an individual basis only; so-called "mass" or "class" opt outs shall not be allowed.

Any Class Member who submits a timely Request for Exclusion may not file an objection to the Settlement and shall be deemed to have waived any rights or benefits under the Settlement Agreement. The Settlement Administrator shall report the names of all Class Members who have submitted a Request for Exclusion to the Parties on a weekly basis, beginning thirty (30) days after the Notice Date. The Settlement Administrator shall also report a final tabulation of the names and addresses of such entities and natural persons to the Court and to Class Counsel

along with an affidavit attesting to the completeness and accuracy therefore no less than ten (10) days before the Fairness Hearing.

Any member of the Settlement Class failing to properly and timely mail such a written Request for Exclusion shall be automatically included in the Settlement Class and shall be bound by all of the terms and provisions of the Settlement Agreement and by all proceedings, orders and judgments in this Action, including but not limited to the release, and the Final Order and Judgment.  Settlement Class Members are preliminarily enjoined from: (i) filing, commencing, intervening in or participating as a plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to this Action or the Released Claims; (ii) filing, commencing or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any Settlement Class Members who have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, related to or arising out of the claims and causes of action of the facts and circumstances giving rise to this Action or the Released Claims; and (iii) attempting to affect Opt Outs of individuals or a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or

arising out of the claims and causes of action or the facts and circumstances giving rise to this Action or the Released Claims.

26.     Upon Final Approval of the Settlement, all Settlement Class Members who do not timely and properly opt out of the Settlement shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully and completely released, acquitted and discharged the Released Parties from all Released Claims as set forth in the Settlement Agreement, and the Action will be deemed dismissed with prejudice.

27.     In the event that the Settlement Agreement is not finally approved, this Preliminary Approval Order shall be rendered null and shall be vacated, and all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement. If the Settlement Agreement is not finally approved, the Defendants and any other Releasees shall have retained any and all of their current defenses and arguments thereto (including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are not satisfied for purposes of continued litigation). This Action shall thereupon revert immediately to their respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

28. The Court shall retain continuing jurisdiction over the Action, the Parties and the Settlement Class, and the administration, enforcement, and interpretation of the Settlement. Any unresolved disputes or controversies arising with respect to the Settlement shall be presented by motion to the Court, provided however, that nothing in this paragraph shall restrict the ability of the Parties to exercise their rights as described above.

29. Pending final determination of the Settlement Agreement, all proceedings in this Litigation other than settlement approval proceedings shall be stayed.

30. For ease of reference, the following schedule sets forth the deadlines related to the Notice required by this Order, Class Counsel's application for costs, fees, and incentive awards, Class Members' rights to object to or opt out of the Settlement, and the Fairness Hearing in which the Court will determine whether the Settlement should be granted Final Approval:

| **Event** | **Date** |
| --- | --- |
| Class Notice Program Begins | 60 days after Preliminary Approval Order |
| Class Notice Program Completed | 90 days after Preliminary Approval Order |
| Deadline for Motion for Attorneys' Fees, Costs, and Incentive Awards | 90 days after Preliminary Approval Order |
| Claim Form Deadline | 150 days after Preliminary Approval Order |

20

| Objection Deadline | 120 days after Preliminary Approval Order |
|---|---|
| Opt-Out Deadline | 150 days after Preliminary Approval Order |
| Deadline for Report from Settlement Administrator re: Notice Program and Motion for Final Approval | 150 days after Preliminary Approval Order |
| Deadline for Motion for Final Approval of Settlement | 150 days after Preliminary Approval Order |
| Fairness Hearing | 180 days after Preliminary Approval Order |

**IT IS SO ORDERED.**

Dated: _____     By: _____
                                 Judge Terrence G. Berg
                                 United States District Judge