UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | |
|---|---|
| **IN RE CHEVROLET BOLT EV BATTERY LITIGATION** | 2:20-CV-13256-TGB-CI<br><br>HON. TERRENCE G. BERG<br><br>**ORDER DENYING MOVANTS' MOTION TO ALLOW ELECTRONIC OPT-OUTS**<br>**(ECF NO. 167)** |

Now before the Court is a Motion to Allow Electronic Opt-Outs by Individual Class Members ("Movants") in the Chevy Bolt EV Battery Litigation. ECF No. 167. This motion is fully briefed. The Court has carefully considered the parties' submissions and does not believe that oral argument will aid in its disposition of this matter; therefore it is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

For the reasons set forth below, the Movants' Motion to Allow Electronic Opt-Outs will be **DENIED**.

### I. BACKGROUND

This case is a putative class action alleging a defect in the battery system of model-year 2017-2022 Chevrolet Bolt electric vehicles brought against Defendants General Motors LLC, LG Chem, LTD, LG Energy

1

Solution, LTD, LG Energy Solution Michigan Inc., LG Electronics, Inc., and LG Electronics USA, Inc. Plaintiffs allege that the Class Vehicles at issue in this litigation were manufactured, marketed, sold, and leased nationwide with a battery defect that allegedly can cause the batteries in those vehicles to overheat when the battery is charged to full or near full capacity, posing a risk of fire. *See* Am. Consol. Compl., ECF No. 27.

After more than a year of extensive arms-length negotiations involving multiple parties, counsel, and two experienced mediators, the Parties reached a class-wide settlement. On May 16, 2024, Plaintiffs filed an Unopposed Motion for Preliminary Approval of Class Action Settlement and Appointment of Co-Lead Class Counsel. ECF No. 157. As Exhibit A to that motion, Plaintiffs attached the Parties' Stipulation and Agreement of Settlement. ECF No. 157-2. The Settlement Agreement establishes a $150 million common fund, minus attorneys' fees, expenses, and Plaintiffs' service awards, and generally provides that Bolt owners whose vehicles were or are subject to the Battery Replacement Remedy will receive $700 each, and Bolt owners whose vehicles were or are subject to the Software Remedy will receive $1,400 each from the common fund. *Id.* PageID.9788–89.

The Settlement Agreement further provides that, if the Court grants preliminary approval and certifies a class for settlement purposes, putative class members may opt out of the class, but they must do so by completing and mailing to the Settlement Administrator a request for

exclusion that: (i) states the Class Member's full name, telephone number and current address; (ii) provides the Model Year and Vehicle Identification Number of the Class Vehicle(s) and approximate date(s) of purchase or lease; and (iii) specifically and clearly states their desire to be excluded from the Settlement and from the Settlement Class. The request must be in writing and personally signed by the member of the Settlement Class. *Id.* PageID.9807–08. The Settlement Agreement also provides that if too many putative class members opt out of the class, the Agreement is voidable. *Id.* PageID.9817.

No response or objection was filed to the Plaintiffs' motion for preliminary approval of the proposed settlement.

The Court held a hearing on Plaintiffs' Motion for Preliminary Approval on Monday, July 15, 2024. At the hearing, the Court found that the Settlement Agreement was fair, reasonable, and adequate and that it meets the standards for preliminary approval under Fed. R. Civ. P. 23(a).

On September 26, 2024, the Court entered an Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Appointment of Co-Lead Class Counsel. ECF No. 174. The Order conditionally certified the following class for settlement purposes:

> Any persons in the United States who purchased or leased, other than for resale, a 2017, 2018, 2019, 2020, 2021, or 2022 Model Year Chevrolet Bolt built and shipped to a dealer on or before August 19, 2021 and who have not received a buyback

3

of their vehicle from General Motors or a General Motors authorized dealer.

*Id.* PageID.10296. The Court approved the proposed forms of Notice to class members and methods of giving notice, as reflected in the Settlement Agreement. *Id.* PageID.10299–300. The Court also approved the provision for opting out of the Settlement Class, as provided in the Settlement Agreement. *Id.* PageID.10309–11. As stated above, this opt-out provision requires that "[a]ll Requests for Exclusion shall be in writing and personally signed by the member of the Settlement Class who is opting out" and that "the Request for Exclusion must be sent via first-class U.S. mail and postmarked no later than 150 days after the date of the Preliminary Approval Order[.]" *Id.* PageID.10309–10.

On August 16, 2024, three months after Plaintiffs filed their Motion for Preliminary Approval of the Settlement, and just over a month after the Court's preliminary approval hearing, the law firm of Heygood, Orr & Pearson ("HOP"), filed the instant Motion to Allow Electronic Opt Outs on behalf of unidentified "individual class members represented by" HOP who "intend to opt out of the class and pursue their individual claims against General Motors ("GM")." ECF No. 167. This motion seeks to alter the opt-out provision in the Settlement Agreement described above to instead allow class members to electronically sign and submit request for exclusion from the settlement using email and an electronic signature. *Id.*

4

The GM and LG Defendants filed responses opposing the Movants' motion. ECF Nos. 168, 169, 170. The Movants filed reply briefs in support of their motion. ECF Nos. 172, 173, 174.

## II. ANALYSIS

The Movants seek to alter the opt-out procedure set forth in the Parties' Settlement Agreement to allow for (1) electronic opt-outs and electronic signatures instead of hand-signed opt-out requests and (2) submission by email instead of by U.S. Mail. The Movants argue that the suggested procedures are less onerous, less expensive, and more secure than the procedures set forth in the Settlement Agreement.

After carefully considering the basis for this request, the Court concludes that Movants' motion should be denied. The Court finds that the Movants' request, which is essentially a belated objection to the Motion for Preliminary Approval of the Settlement Agreement, is untimely and procedurally improper. Plaintiffs' Motion for Preliminary Approval was filed on May 16, 2024, and thus any response in opposition to that motion was due by June 6, 2024. E.D. Mich. L.R. 7.1(e)(2). If the Movants wanted to object to the proposed terms of the Settlement Agreement, they should have done so by June 6, 2024, or, at a minimum, before or at the Court's preliminary approval hearing on July 15, 2024.[1]

---

[1] The GM Defendant states that the HOP firm would have been aware of the motion for preliminary approval of the settlement agreement and the

5

They did not. The Movants' motion therefore could be denied as an untimely objection to the motion for preliminary approval of the settlement agreement.

Even if the Movants' request to modify the terms of the proposed Settlement Agreement were timely, the Court finds that the Movants' requested relief should be denied. The Movants' motion would significantly alter the opt-out provision in the Parties' carefully negotiated Settlement Agreement. However, "[a]ccording to the Supreme Court, Rule 23(e) of the Federal Rules of Civil Procedure does not permit a court to materially modify a proposed settlement and order its acceptance over either party's objection," *Freeman v. B&B Assocs.*, 790 F.2d 145, 151 (D.C. Cir. 1986) (citing *Evans v. Jeff D.*, 475 U.S. 717, 726 (1986)), and the Defendants object to the Movants' proposed modification. As the United States Supreme Court explains:

> Rule 23(e) wisely requires court approval of the terms of any settlement of a class action, but the power to approve or reject a settlement negotiated by the parties before trial does not

---

hearing set for that motion because counsel for the HOP firm previously participated in a hearing in this case regarding the settlement status in December 2023. ECF No. 168, PageID.10196 & fn.3 (citing ECF No. 152 in this case (setting telephonic status conference in which the HOP firm participated) and *Arbini v. Gen. Motors*, No. 2:23-cv-12832-TGB-CI (E.D. Mich. Dec. 6, 2023), ECF No. 6 (ordering joint status conference)). The Movants do not dispute this or otherwise offer any explanation for their late filing.

6

>authorize the court to require the parties to accept a settlement to which they have not agreed.

*Evans*, 475 U.S. at 726. *See also In re Southern Ohio Corr. Facility*, 24 F. App'x 520, 528 (6th Cir. 2001) (recognizing that the district court lacked authority to alter the terms of a settlement agreement); *Olden v. LaFarge Corp.*, 472 F. Supp. 2d 922, 936 (E.D. Mich. 2007) (Lawson, J.) ("The Court does not have the authority to choose the provisions it finds acceptable and sever the rest, or otherwise rewrite the parties' agreement.") (citing *Evans*).

Consistent with this principal, the Settlement Agreement in this case explicitly contemplates that "[a]ny Party shall also have the option to withdraw from this Settlement Agreement, and to render it null and void" if an "objection results in Court-ordered changes to the Settlement Agreement that the withdrawing Party deems to be material." ECF No. 157-2, PageID.9816–17. This Court found that the Parties' Settlement Agreement, which necessarily includes the opt-out provision, is reasonable and not unduly burdensome at the preliminary approval hearing and when it granted Plaintiffs' Unopposed Motion for Preliminary Approval of the Settlement Agreement. The Court declines to now alter or rewrite the terms of the carefully negotiated Settlement Agreement reached by the Parties.

The Movants principally complain about the "costs and inconvenience" of each class member having "to prepare their notice,

7

physically sign it, address an envelope, purchase a stamp and mail the notice." ECF No. 167, PageID.10164. The Movants contend that their proposed opt-out procedure would be more convenient and less expensive, and they cite to cases where other courts have permitted electronic opt-outs as well as electronic signatures. *Id.* PageID.106467. However, that other courts have allowed such opt-out procedures under the facts of those cases by no means require that this Court must or should allow that procedure in this case, particularly in view of the posture of this case where the Movants did not timely object to the proposed negotiated Settlement Agreement and its opt-out procedure either after the motion for preliminary approval was filed or at the preliminary approval hearing.

As the GM and LG Defendants assert, requiring class members to mail in personally signed requests for exclusion is a well-established practice. *See, e.g., In re TikTok, Inc., Consumer Privacy Litig.*, 565 F. Supp. 3d 1076, 1093 (N.D. Ill. 2021) ("[C]ourts have routinely enforced the requirement that class members individually sign and return a paper opt-out form as 'vital' to ensuring 'that the class member is individually consenting to opt out.'") (quoting *In re Centurylink Sales Practices & Secs. Litig.*, MDL No. 17-2795, 2020 WL 3512807, at \*34 (D. Minn. June 29, 2020) (collecting cases and stating it is a "common and practical requirement" that an opt-out be signed by the class member)); *Hallie v. Wells Fargo Bank, N.A.*, No. 2:12-CV-00235, 2015 WL 1914864, at \*4

(N.D. Ind. Apr. 27, 2015) ("The personal signature requirement also seems to be a standard requirement in class actions, and it's not onerous.") (collecting cases); *Hillson v. Kelly Servs. Inc.*, No. 2:15-cv-10803, 2017 WL 279814, at *13 (E.D. Mich. Jan. 23, 2017) (Michelson, J.) (approving opt-out procedure which required class members to submit a written notice to opt out consisting of a signed statement that they wished to opt out along with their address); *accord Smith v. SEECO, Inc.*, No. 4:14-cv-00435, 2017 WL 4570804, at *7 (D. Ark. Jan. 18, 2017) (approving opt-out procedure that required notarization of opt-out requests due to competition among attorneys for class members in parallel actions). As one court explained:

> [T]he personal signature requirement is not burdensome, and is of particular importance in this case, to ensure that the objection is made in the objector's personal capacity, and not at the behest of others. And, the personal signature requirement decreases the likelihood that services encouraging mass objections or opt-outs file unauthorized or fictitious objections.

*In re Equifax Inc. Customer Data Sec. Breach Litig.*, Case No. 1:17-md-2800, 2020 WL 256132, at *26 (N.D. Ga. Mar. 17, 2020), *aff'd in part, rev'd in part on other grounds*, 999 F.3d 1247 (11th Cir. 2021); *see also Hallie*, 2015 WL 1914864, at *4 (The requirement of a personally signed, individual opt-out notice is rational given the court's interest in avoiding mass or large sub-class opt-outs.").

9

The Court finds that the opt-out procedure set forth in the Parties' Settlement Agreement in this case is fair and reasonable and imposes no undue burden on class members. The opt-out period runs for 150 days from the date of preliminary approval, which is more than sufficient time to accomplish the required tasks of signing and mailing in a request to opt out. As the Defendants point out, the requirement of a physical signature is the best way to guarantee that any opt-out requests reflect individualized and considered decisions before actually doing so and trading a certain right to meaningful recovery for the uncertainty of individual litigation or arbitration. In addition, this procedure promotes individualized opt-outs and guards against "mass opt-outs," which the Settlement Agreement expressly prohibits. *See* ECF No. 157-2, PageID.9808 ("Opt Outs may be done on an individual basis only; so-called 'mass' or 'class' opt outs shall not be allowed.").

Accordingly, the Court rejects the Movants' request to alter the Settlement Agreement's opt-out provision and **DENIES** the Movants' Motion.

## III. CONCLUSION

For all the reasons stated above, the Movants' Motion to Allow Electronic Opt-Outs, ECF No. 167, is **DENIED.**

**IT IS SO ORDERED.**

Dated: October 28, 2024          /s/Terrence G. Berg
                                 HON. TERRENCE G. BERG
                                 UNITED STATES DISTRICT JUDGE