```
FILED
CLERK'S OFFICE
JAN 2 4 2025
U.S DISTRICT COURT
EASTERN MICHIGAN
```

Edith M. Sachs
324 Clark Street
South Orange, NJ 07079
(917) 376-6573
December 4, 2024



United States District Court for the Eastern District of Michigan
In re Chevrolet Bolt EV Battery Litigation
Case No. 2:20-13256-TGB-CI
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd., Room 253
Detroit, MI 48226

20-13256

Objection to proposed settlement: *In re Chevrolet Bolt EV Battery Litigation, Case No. 2:20-cv-13256 (E.D. Mich.)*

Honorable Terrence G. Berg and Magistrate Judge Curtis Ivy:

I am the original owner of a 2020 Chevrolet Bolt EV (VIN #1G1FY6S01L41134962), which I purchased in September 2020 at Rossi Chevrolet in Washington, NJ, and I still own it today. I would like to file an objection to the proposed settlement to the above referenced case (*In re Chevrolet Bolt EV Battery Litigation, Case No. 2:20-cv-13256 (E.D. Mich.)*). I have already filed on the web site to be a member of the "class" for this case, and I did NOT opt out, but I still have an objection to the proposed settlement.

My objection to the proposed settlement is that the different members of the class are not being treated equitably based on the damages caused by the issues identified by the National Highway Traffic Safety Administration (NHTSA) that the Chevrolet Bolt's High Voltage Battery may melt or burn. There are two sub-classes under this case: "Sub-class A" comprising 22,560 vehicles where the final remedy provided by GM was an advanced diagnostic software and "Sub-class B" comprising 80,000 vehicles where the final remedy provided by GM was a replacement battery. My vehicle falls into "Sub-class A".

However, the members of "Sub-class B" who received a replacement battery <u>also</u> received other compensation from GM: an extended warranty for their vehicle battery. The members of "Sub-class A" did not receive any extended warranty for their vehicle battery. Since the entire case stems from issues identified with the batteries sold by General Motors and LG Energy (i.e. "may melt or burn"), both sub-classes should be treated equitably and all claimants under this case should receive a similar extension of the battery warranty, whether it was previously replaced or not.

General Motors and LG Energy may argue that the warranty extension was only granted because of the replacement of the previous battery under warranty – but this is not the case, since the action was taken as a result of a correction to an NHTSA recall order. If I had purchased a gasoline powered vehicle and the alternator had been replaced under warranty, I would not typically receive an extension of the alternator warranty – the extended warranty was intended by General Motors to be compensation for the defect identified by NHTSA. Therefore, all parties to the settlement should receive similar treatment and receive an extended warranty for the Chevrolet Bolt vehicle battery.

As documentation I have enclosed two items with green highlighting:
- A document from the Chevrolet website (See: https://www.chevrolet.com/ownercenter/content/gmownercenter/gmna/learnabout/how_to_and_support/recall/boltevrecall.html) stating that in response to the recall the company is providing an extended warranty for the vehicle batteries.
- A copy of page 2 of Product Safety Recall N212343881 and N212345941 for the court's reference because it is referred to on the Chevrolet website document.

To be clear, I am not asking the court to require General Motors to replace my vehicle battery; since the Final Remedy applied to my vehicle was acceptable to NHTSA it is also acceptable to me. I am only asking that the final settlement of this case be revised to require General Motors to provide the same warranty extension provided to other parties within the class so that all members of the class are treated equitably. This is particularly important because I was unable to choose myself whether to be a member of "Sub-class A" or "Sub-class B". General Motors selected a final remedy for me based on what was least expensive for the company at the time of implementation.

I am not represented by any attorney in this case, and I do not intend to appear at the Final Approval Hearing due to the expense of such an appearance in comparison to the value of the proposed settlement. Even so, I think that the grounds for my objection are self-evident, so no appearance in person is necessary anyway. I can affirm that I have not previously provided any other objections to any class action settlements submitted in any court in the United States in the previous five years (or actually in my lifetime).

Other than this one objection listed above, the proposed settlement is satisfactory to me.

I hope that the court will seriously consider my objection,

_Edith M Sachs_                                           12/04/2024
Edith M. Sachs                                            Date

how_To- and -support/recall/boltev recall.html

# Bolt EV Recall

As part of GM's commitment to safety, experts from GM and LG have identified the simultaneous presence of two rare manufacturing defects in the same battery cell as the root cause of battery fires in certain Chevrolet Bolt EVs. As a result, GM will be conducting a recall of Bolt EVs (2017-2022) and Bolt EUVs (2022) to address the risk of battery fires in these vehicles.

Out of an abundance of caution, GM will replace defective lithium ion battery modules in Chevrolet Bolt EVs and EUVs with new lithium ion modules. We will notify customers when replacement parts are ready. We are asking customers to take the following steps until the new remedy has been performed:

> 1. Set your vehicle to a 90 percent state of charge limitation using Hilltop Reserve mode (for 2017-2018 model years) or Target Charge Level (for 2019-2022 model year) mode. Instructions on how to do this are available in the video below. If you are unable to successfully make these changes, or do not feel comfortable making these changes, GM is asking you to visit your dealer to have these adjustments completed.
>
> 2. Charge your vehicle more frequently and avoid depleting your battery below approximately 70 miles (113 kilometers) of remaining range, where possible.
>
> 3. Park your vehicle outside immediately after charging and do not leave your vehicle charging indoors overnight.

**FOR MORE INFORMATION:**

Contact our dedicated customer support team, Chevrolet EV Concierge 1-833-EVCHEVY available Monday through Friday from 8:00am – 12:00am ET; Saturday and Sunday from 12:00pm – 9:00 pm ET

Contact your preferred Chevrolet EV dealer

Charge Level Instructions

**RECALL VIN LOOK-UP**

View

**BOLT EV OWNERS MANUAL**

View

**SCHEDULE SERVICE**

View

Product Safety Recall
N212343881 High Voltage Battery May Melt or Burn 

| Make | Model | Model Year From | Model Year To | RPO | Description |
|---|---|---|---|---|---|
| Chevrolet | Bolt EV | 2017 | 2019 | | |

Involved vehicles are marked "Open" on the Investigate Vehicle History screen in GM Global Warranty Management system. This site should always be checked to confirm vehicle involvement prior to beginning any required inspections and/or repairs.

| Condition | General Motors has decided that a defect which relates to motor vehicle safety exists in certain 2017-2019 model year Chevrolet Bolt EV vehicles. The high voltage batteries in these vehicles may pose a risk of fire when charged to full, or very close to full, capacity. |
|---|---|
| Correction | Dealers will replace the lithium-ion battery pack in the vehicle. |

### Vehicle Preparation Before Entering the Repair Garage

The vehicle must have a minimum of 24 hours between the last high voltage battery charge (plug in charging) and the beginning of the high voltage battery removal. In addition, the high voltage battery must be at a state of charge (SOC) less than 90%. **Perform the following steps BEFORE the high voltage battery removal.**

- Do not plug-in charge the vehicle prior to performing the GDS2 parameter inspection procedure.
- Do not clear DTC Information before GDS2 parameter inspection procedure.
- Do not program any control module until instructed to do so.

1. Once the vehicle is received for service it should not be plug-in charged until the replacement high voltage battery has been installed. Place masking tape over the charge receptacle door to prevent unintended charging. The tape should not be removed until after the replacement high voltage battery has been installed.
2. Perform a vehicle diagnostic system check prior to using this diagnostic procedure. Refer to *Diagnostic System Check – Vehicle* in SI.
    - If any Powertrain DTCs (Pxxxx) are set, store any Freeze Frame/Failure Records for possible later retrieval and proceed to Step 3.
    - If no DTCs are set, go to Step 3.
3. Vehicle ON, use GDS2 to view the following data screens while connected to the vehicle:
    - From Module Diagnostics, select Hybrid Powertrain Control Module 2.
    - Data Display Folder.
    - Data Display Icon.
    - Voltage Data.
        – Observe and record the parameter *Hybrid/EV Battery Pack State of Charge.*

        *Hybrid/EV Battery Pack State of Charge* (Value A):_____

- Vehicle ON, use GDS2 to view the following data screen while connected to the vehicle to confirm the high voltage battery has not been charged for at least the past 24 hours.

Edith Sachs
324 Clark St
South Orange, NJ 07079

United States District Court for
Eastern District of Michigan
In re Chevrolet Bolt EV Battery Litigation
Case No. 2:20-13256-TGB-CI
Theodore Levin US Courthouse
231 West Lafayette Blvd, Room 253
Detroit, MI 48226

U.S. POSTAGE PAID
FCM LETTER
SOUTH ORANGE, NJ 07079
JAN 04, 2025
$5.58
S2324D503087-25

48226

CERTIFIED MAIL

9589 0710 5270 2151 6800 08