# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| *In re Chevrolet Bolt EV Battery Litigation* | Case No. 2:20-13256-TGB-CI<br><br>Honorable Terrence G. Berg |

## PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Pursuant to the terms of the Settlement Agreement ("Settlement," ECF No. 157-2) and the Court's Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (ECF No. 174), Plaintiffs Robin Altobelli, F. Dayle Andersen, Bruce James Cannon, Mary Carr and Jan G. Wyers, Yohanes Chitra, Christine Chung, Daniel Corry, John DeRosa, William Dornetto and Russell Ives, Kevin Harris and Pamela Duprez, Michael Hickey, Michael and Denise Holbrook, Fred Kass, James Kotchmar, Robert Kuchar, Joseph Poletti, Edward and Janet Rock, Evi Schulz, Michael Smith, Ashley Strong, Alucard Taylor, Jason Vaaler, Tony Verzura, Shawn Walker, and Thomas and Carol Whittaker (collectively, "Plaintiffs" or "Class Representatives"), by and through their attorneys, respectfully move the Court for an Order:

1.     Granting final approval of the class action Settlement;

2.      Certifying the Settlement Class for purposes of effectuating the Settlement, defined as:

> Any person in the United States who purchased or leased, other than for resale, a 2017, 2018, 2019, 2020, 2021, or 2022 Model Year Chevrolet Bolt built and shipped to dealers on or before August 19, 2021 and who have not received a buyback of their vehicle from General Motors or a General Motors authorized dealer;[1] and

3.      Appointing The Miller Law Firm, P.C. and Keller Rohrback L.L.P. as Co-Lead Class Counsel and McCune Wright Arevalo, LLP, Fine, Kaplan and Black, RPC, Migliaccio & Rathod LLP, Law Offices of Todd M. Friedman, PC, and Chimicles Schwartz Kriner & Donaldson-Smith LLP as Plaintiffs' Steering Committee.

The Parties have conferred, and Defendants have confirmed that this motion is unopposed. A proposed Order Granting Final Approval of Settlement is submitted herewith. *See* Exhibit 1. The proposed Final Approval Order grants final approval of the Settlement, finds that the Notice Plan and Class Notice satisfied due process, finds that the Class Representatives and Proposed Class Counsel adequately represent the Class Members, approves the Class Releases, approves the Opt-Out

---

[1] Excluded from the Settlement Class are: (i) Class Counsel; (ii) Defendants and Defendants' officers, directors, employees, agents and representatives, and their family members; (iii) the judges who have presided over this Action; (iv) any persons who have otherwise released their claims against Defendants set forth in the Action, except that persons who executed a release in connection with the E-Card Program remain part of the Settlement Class and may receive payments under the Settlement as expressly provided in the Settlement Agreement. ¶ 3.2.

List for timely and proper requests for exclusion, reserves exclusive and continuing jurisdiction over the Settlement, and directs that the Released Claims be dismissed with prejudice.

The grounds for this Motion are set forth in the accompanying Memorandum of Law in Support of Final Approval of Class Action Settlement.

DATED: February 24, 2025                          Respectfully submitted,

                                                 By: *E. Powell Miller*
                                                 E. Powell Miller (P39487)
                                                 Sharon S. Almonrode (P33938)
                                                 Dennis A. Lienhardt (P81118)
                                                 Mitchell J. Kendrick (P83705)
                                                 **THE MILLER LAW FIRM, P.C.**
                                                 950 West University Dr., Suite 300
                                                 Rochester, MI 48307
                                                 (248) 841-2200
                                                 Fax (248) 652-2852
                                                 epm@millerlawpc.com
                                                 ssa@millerlawpc.com
                                                 dal@millerlawpc.com
                                                 mjk@millerlawpc.com

                                                 Gretchen Freeman Cappio (P84390)
                                                 Ryan McDevitt (P84389)
                                                 **KELLER ROHRBACK L.L.P.**
                                                 1201 Third Avenue, Suite 3400
                                                 Seattle, WA 98101
                                                 (206) 623-1900
                                                 Fax (206) 623-3384
                                                 gcappio@kellerrohrback.com
                                                 rmcdevitt@kellerrohrback.com

                                                 *Interim Co-Lead Counsel*

David C. Wright
Richard D. McCune
Steven A. Haskins
**MCCUNE WRIGHT ARAVELO,
LLP**
3281 East Guasti Road, Suite 100
Ontario, CA 91761
(909) 557-1250
Fax (909) 557-1275
dcw@mccunewright.com
rdm@mccunewright.com
sah@mccunewright.com

Roberta Liebenberg
Gerard A. Dever
Mary L. Russell
**FINE, KAPLAN AND BLACK,
RPC**
1 South Broad St., Suite 2300
Philadelphia, PA 19107
(215) 567-6565
rliebenberg@finekaplan.com
gdever@finekaplan.com
mrussell@finekaplan.com

Nicholas A. Migliaccio (P29077)
Jason S. Rathod (P18424)
**MIGLIACCIO & RATHOD LLP**
412 H St. NE, Suite 302
Washington D.C. 20002
(202) 470-3520
nmigliaccio@classlawdc.com
jrathod@classlawdc.com

Todd Friedman
David B. Levin
**LAW OFFICES OF TODD M.
FRIEDMAN, PC**
21550 Oxnard Street Suite 780
Woodland Hills, CA 91367

(224) 218-0882
Fax (866) 633-0228
dlevin@toddflaw.com
tfriedman@toddflaw.com

Timothy N. Mathews
Beena M. McDonald
Alex M. Kashurba
**CHIMICLES SCHWARTZ
KRINER & DONALDSON-SMITH
LLP**
361 West Lancaster Ave
One Haverford Centre
Haverford, PA 19041
(610) 642-8500
tnm@chimicles.com
bmm@chimicles.com
bfj@chimicles.com

*Interim Plaintiffs' Steering Committee*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

*In re Chevrolet Bolt EV Battery Litigation*

Case No. 2:20-13256-TGB-CI

Honorable Terrence G. Berg

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

# TABLE OF CONTENTS

I.     INTRODUCTION ...................................................................................1

II.    BACKGROUND AND SUMMARY OF THE PROPOSED
       SETTLEMENT.......................................................................................3
       A.    Litigation and Procedural History ..........................................3
       B.    The Terms of the Proposed Settlement ...................................6

III.   ARGUMENT...........................................................................................9
       A.    Legal Standard.........................................................................9
       B.    Both the Rule 23(e)(2) Factors and the Sixth Circuit Final
             Approval Factors Support Final Approval .........................11
             1.    The Relief Provided to the Settlement Class and a
                   Fair Appraisal of the Likelihood of Success on the
                   Merits Support Final Approval ...................................11
             2.    Plaintiffs and Class Counsel Adequately
                   Represented the Settlement Class ..............................12
             3.    The Proposed Settlement was Negotiated at Arm's
                   Length and There is No Fraud or Collusion ..............13
             4.    The Complexity, Expense, and Likely Duration of
                   Continued Litigation ..................................................15
             5.    The Amount of Discovery Engaged in by the
                   Parties.........................................................................16
             6.    The Opinions of Class Counsel and Class
                   Representatives ...........................................................17
             7.    The Reaction of Absent Class Members Strongly
                   Favors Approval..........................................................18
             8.    Public Interest Favors Final Approval .......................22
             9.    Federal Policy Favors Settlement of Class Actions.................23
             10.   The Proposed Settlement Treats Class Members
                   Equitably ....................................................................23
       C.    The Proposed Settlement Class Satisfies the
             Requirements of Rule 23..................................................23
       D.    The Class Notice Satisfies the Requirements of Rule 23....................24
       E.    Proposed Class Counsel Satisfy the Requirements of
             Rule 23(g)..........................................................................25
       F.    There Are No Undisclosed Agreements in Connection
             with the Proposed Settlement............................................25

IV.    CONCLUSION.....................................................................................26

# TABLE OF AUTHORITIES

## Cases

*Daoust v. Maru Rest., LLC*,
  2019 WL 2866490 (E.D. Mich. July 3, 2019) ....................................................14

*Davis v. Magna Int'l of Am., Inc.*,
  2025 WL 66052 (E.D. Mich. Jan. 10, 2025) .....................................................10

*Does 1-2 v. Deja Vu Servs., Inc.*,
  925 F.3d 886 (6th Cir. 2019) ........................................................................ 11, 22

*Dover v. Yanfeng US Auto. Interior Sys. I LLC*,
  2023 WL 2309762 (E.D. Mich. Mar. 1, 2023) ............................................. 13, 16

*Gascho v. Global Fitness Holdings, LLC*,
  2014 WL 1350509 (S.D. Ohio Apr. 4, 2014) ............................................... 18, 22

*Griffin v. Flagstar Bancorp, Inc.*,
  2013 WL 6511860 (E.D. Mich. Dec. 12, 2013) .................................................16

*In re Auto. Parts Antitrust Litig.*,
  2017 WL 3499291 (E.D. Mich. July 10, 2017) ............................................ 11, 12

*In re Cardizem CD Antitrust Litig.*,
  218 F.R.D. 508 (E.D. Mich. 2003) ....................................................................18

*In re Flint Water Cases*,
  571 F. Supp. 3d 746 (E.D. Mich. 2021).......................................................11, 23

*In re Home Point Cap. Inc. Sec. Litig.*,
  2024 WL 3273275 (E.D. Mich. June 28, 2024) .................................................14

*Int'l Union, UAW v. Gen. Motors Corp.*,
  497 F.3d 615 (6th Cir. 2007) ......................................................... 10, 11, 13, 23

*IUE-CWA v. Gen. Motors Corp.*,
  238 F.R.D. 583 (E.D. Mich. Nov. 1, 2006) ................................................. 13, 17

*Leonhardt v. ArvinMeritor, Inc.*,
  581 F. Supp. 2d 818 (E.D. Mich. 2008)............................................................11

*Martin v. Trott L., P.C.*,
  2018 WL 4679626 (E.D. Mich. Sept. 28, 2018)................................................22

*Moulton v. U.S. Steel Corp.*,
  581 F.3d 344 (6th Cir. 2009) ...........................................................................13

*New York State Teachers' Ret. Sys. v. Gen. Motors Co.*,
  315 F.R.D. 226 (E.D. Mich. 2016), *aff'd sub nom. Marro v. New York State
  Teachers' Ret. Sys.*, 2017 WL 6398014 (6th Cir. Nov. 27, 2017)................ 15, 23

*Nolan v. Detroit Edison Co.*,
  2022 WL 16743866 (E.D. Mich. Nov. 7, 2022)........................................... 16, 22

*Olden v. Gardner*,
    294 Fed. Appx. 210 (6th Cir. 2008) ....................................................18
*Phillips Petroleum Co. v. Shutts*,
    472 U.S. 797 (1985) ...........................................................................24
*Raymo v. FCA US LLC*,
    2025 WL 521834 (E.D. Mich. Feb. 18, 2025) ................................ 10, 25
*Sheick v. Auto. Component Carrier LLC*,
    2010 WL 4136958 (E.D. Mich. Oct. 18, 2010) ..................................15
*Steiner v. Fruehauf Corp.*,
    121 F.R.D. 304 (E.D. Mich. 1988),
    *aff'd sub nom. Priddy v. Edelman*, 883 F.2d 438 (6th Cir. 1989) ......................17
*Strano v. Kiplinger Washington Eds., Inc.*,
    649 F. Supp. 3d 546 (E.D. Mich. 2023)........................................ 14, 17
*Thomsen v. Morley Cos., Inc.*,
    2023 WL 3437802 (E.D. Mich. May 12, 2023) ...................................20
*Toler v. Glob. Coll. of Nat. Med., Inc.*,
    2015 WL 13037116 (E.D. Mich. May 19, 2015) .................................24
*Whitlock v. FSL Mgmt. LLC*,
    843 F.3d 1084 (6th Cir. 2016) ...........................................................22

## Other Authorities

7B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1797.4 (3d
    ed.).....................................................................................................19

## Rules

Fed. R. Civ. P. 23(a)–(e) ..........................................................................3
Fed. R. Civ. P. 23(e)(1) .............................................................................5
Fed. R. Civ. P. 23(e)(2)..........................................................................9, 10
Fed. R. Civ. P. 23(e)(2)(A) .....................................................................12
Fed. R. Civ. P. 23(e)(2)(C)(iv)..................................................................25
Fed. R. Civ. P. 23(e)(5)(A) .......................................................................19

## STATEMENT OF ISSUES PRESENTED

1. Whether the Court should finally approve the proposed Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e) and the Sixth Circuit factors?

   Plaintiffs' Answer: Yes.

2. Whether the Settlement Class should be finally certified under Federal Rule of Civil Procedure 23(a) and 23(b)(3) where this Court has conditionally certified the Class for settlement purposes only and nothing has changed to alter the propriety of this Court's conditional certification in its Preliminary Approval Order?

   Plaintiffs' Answer: Yes

3. Whether Class Notice satisfied Rule 23?

   Plaintiffs' Answer: Yes

4. Whether the Court should appoint The Miller Law Firm, P.C. and Keller Rohrback L.L.P. as Co-Lead Class Counsel and McCune Wright Arevalo, LLP, Fine, Kaplan and Black, RPC, Migliaccio & Rathod LLP, Law Offices of Todd M. Friedman, PC, and Chimicles Schwartz Kriner & Donaldson-Smith LLP as Plaintiffs' Steering Committee.

   Plaintiffs' Answer: Yes

**TABLE OF MOST CONTROLLING OR PERSUASIVE AUTHORITY**

- *Does 1-2 v. Deja Vu Servs., Inc.*, 925 F.3d 886 (6th Cir. 2019)

- *Dover v. Yanfeng US Auto. Interior Sys. I LLC*, 2023 WL 2309762 (E.D. Mich. Mar. 1, 2023)

- *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508 (E.D. Mich. 2003)

- *IUE-CWA v. Gen. Motors Corp.*, 238 F.R.D. 583 (E.D. Mich. Nov. 1, 2006)

- *Leonhardt v. ArvinMeritor, Inc.*, 581 F. Supp. 2d 818 (E.D. Mich. 2008)

- *Raymo v. FCA US LLC*, 2025 WL 521834 (E.D. Mich. Feb. 18, 2025)

- *Strano v. Kiplinger Washington Eds., Inc.*, 649 F. Supp. 3d 546 (E.D. Mich. 2023)

- *UAW v. Gen. Motors Corp.*, 497 F.3d 615 (6th Cir. 2007)

- Fed. R. Civ. P. 23

## I.   INTRODUCTION

Plaintiff Class Representatives, on behalf of themselves and the Proposed Settlement Class ("Plaintiffs"), respectfully submit this Memorandum of Law in Support of their Unopposed Motion for Final Approval of Class Action Settlement and move the Court for final approval of the Class Action Settlement ("Settlement" or "Settlement Agreement") (ECF No. 157-2), with Defendants General Motors LLC ("GM"); LG Chem, Ltd., LG Energy Solution Ltd., and LG Energy Solution Michigan Inc. (together, "LG Energy"); and LG Electronics, Inc., and LG Electronics USA, Inc. (together, "LGE").

The Settlement creates a $150 million Settlement Fund and provides extraordinary value tailored to the circumstances of each Class Member. The fund is non-reversionary: none of it will be returned to the Defendants. The Settlement was reached after more than a year of hard-fought negotiation and informed, arm's-length bargaining by experienced counsel. Plaintiffs allege that more than 100,000 2017-2022 Model Year Chevrolet Bolt EV Vehicles (the "Class Vehicles") were manufactured with a defect that can cause the batteries in Class Vehicles to overheat when charged to full or nearly full capacity, putting the battery at risk of catching fire (the "Battery Defect"). Compl., ECF No. 27, PageID.1166. To reduce the risk, until a complete recall remedy was available, GM imposed restrictions on how much the Class Vehicles could be charged (and thus how far they could be driven) and

- 1 -

where they could be parked (*i.e.*, outdoors and away from homes and other vehicles). These restrictions limited Plaintiffs' and Class Members' ability to use their Class Vehicles for several months. Ultimately, GM and the other Defendants developed two permanent remedies, for two groups of Class Vehicles: a battery replacement for approximately 80,000 of the Class Vehicles, and a diagnostic software update for approximately 22,000 newer Class Vehicles that were equipped with a newer generation of battery. These voluntary recall remedies are not part of the Settlement, but the Settlement takes them into account in its allocation.

The Parties' negotiations spanned multiple in-person mediation sessions as well as several informal telephone and videoconference meetings with two experienced mediators. Plaintiffs and their counsel engaged in extensive investigation, including consultation with multiple experts who provided independent analyses of the Plaintiffs' damages, the technical aspects of the alleged Battery Defect and the efficacy of the remedies, and the allocation among Class Members of the proposed Settlement. The negotiations also benefited from Defendants' provision of both formal and confirmatory discovery.

This Court granted preliminary approval of the Settlement on September 26, 2024. ECF No. 174. The notice program approved and directed by the Court commenced soon thereafter and is proceeding on schedule. Class Members' reaction to the settlement has been overwhelmingly positive. There are only three objections

to the Settlement, and two of those contend that the Settlement is, if anything, *too generous* to Class Members.[1] ECF Nos. 179, 182. The third, addressed more fully below, addresses the voluntary recall remedies (and appears to misapprehend their nature), not the Settlement. As of the date of this filing, the Settlement Administrator has received approximately 2,100 requests for exclusion, approximately 1.3% of the Settlement Class (which consists of up to 157,000 class members). Exhibit 2, Declaration of Angelique Dizon (hereinafter "Dizon Decl.") at ¶ 17.

Because the requirements of Federal Rule of Civil Procedure 23(a) – (e) are satisfied and the Settlement is fair, adequate, and reasonable, Plaintiffs respectfully request that the Court grant final approval and enter a final judgment.

## II.     BACKGROUND AND SUMMARY OF THE PROPOSED SETTLEMENT

### A.     Litigation and Procedural History

The *Altobelli* action was originally filed on December 11, 2020. ECF No. 1. On June 1, 2021, this Court consolidated eight cases that had either been filed in or transferred to the Eastern District of Michigan. ECF No. 18. Plaintiffs filed the 322-page operative Complaint on September 17, 2021. ECF No. 27. Plaintiffs alleged that, because of the alleged Battery Defect, more than 100,000 Class Vehicles were at risk of overheating and catching fire when the vehicles' batteries were charged to

---

[1] Proposed Class Counsel have never before seen one objector, let alone two, complain that the settlement is *too generous* to Class Members.

full or nearly full capacity. On December 17, 2021, Defendants GM, LG Energy

Solution Michigan Inc., and LG Electronics USA, Inc. filed three motions to dismiss,

two motions to compel arbitration (and a motion to join a motion to compel

arbitration), and two motions to strike. *See* ECF Nos. 35–37, 44, and 46–49.

Plaintiffs responded to these motions on February 15, 2022, *see* ECF Nos. 55–59,

and Defendants filed their replies on March 24, 2022. ECF Nos. 60–67. LG

Electronics, Inc. filed its motion to dismiss (ECF No. 87) and motion to join the

motions to strike and motion to compel arbitration (ECF Nos. 88–89) on July 8,

2022. LG Energy Solution, Ltd. filed its motion to dismiss (ECF No. 92) and motion

to take judicial notice (ECF No. 93) on July 8, 2022. LG Chem, Inc. filed its motion

to dismiss (ECF No. 94) on July 8, 2022. Plaintiffs responded to these motions in

August and September 2022. *See* ECF Nos. 105–06, 111–17. This extensive briefing

totaled over 3,300 pages.

The Court held a lengthy hearing on July 20, 2022, on the motions. On

September 30, 2022, the Court issued its 110-page Order Resolving Defendants'

Multiple Pretrial Motions (1) to Strike Class Allegations; (2) to Compel Arbitration;

and (3) to Dismiss Multiple Claims. ECF No. 118. While the Court dismissed some

claims and compelled others to arbitration, at least one claim survived for each

Plaintiff and each of the fourteen (14) states pled in the Complaint.

The Parties subsequently participated in multiple in-person mediation

sessions before Judge Jay Gandhi (Ret.) and Lexi Myer-Wolfe of JAMS. Additionally, the Parties engaged substantially with the mediators in telephonic and videoconference discussions and in spirited, arm's-length discussions among themselves. The Parties' extensive negotiations were also informed by discovery produced by Defendants concerning the alleged Battery Defect, the Class Vehicles, the recall remedies, and Plaintiffs' consultation with several experts.

After more than a year of negotiation, the Parties agreed upon and papered the Settlement and, on May 15, 2024, Plaintiffs filed their motion for preliminary approval. ECF No. 157. On September 26, 2024, this Court granted preliminary approval. ECF No. 174. After reviewing the Settlement Agreement, Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Appointment of Co-Lead Class Counsel and related exhibits, and the proposed forms of class notice and proposed notice plan, the Court concluded that the Settlement is the product of the extensive, arm's-length, good-faith negotiations, adequately accounts for the strengths and weaknesses of the litigation, and that the Settlement is fair, reasonable, and adequate under Fed. R. Civ. P. 23(e)(1). ECF No. 174 at 2-3.

The Court's order granting preliminary approval of the Settlement also set deadlines for notice to the Class; for Class Members to object, request exclusion from the Settlement, or submit a claim; and for Plaintiffs to request approval of attorneys' fees, costs and services awards and to file a motion for final approval of

the Settlement.[2] The Notice program has proceeded on schedule and with success, and Plaintiffs timely submitted their unopposed motion for attorneys' fees, costs, and service awards on December 20, 2024. ECF. No. 180. The Fairness Hearing is scheduled for March 25, 2025.

**B.      The Terms of the Proposed Settlement**

Under the Settlement Agreement, ECF No. 157-2, PageID.9771, and the order granting preliminary approval, ECF No. 174, the "Settlement Class" consists of:

> Any persons in the United States who purchased or leased, other than for resale, a 2017, 2018, 2019, 2020, 2021, or 2022 Model Year Chevrolet Bolt built and shipped to a dealer on or before August 19, 2021 and who have not received a buyback of their vehicle from General Motors or a General Motors authorized dealer.

Excluded from the Settlement Class are: (i) Class Counsel; (ii) Defendants and Defendants' officers, directors, employees, agents and representatives, and their family members; (iii) the judges who have presided over this Action; and (iv) any persons who have otherwise released their claims against Defendants set forth in the Action, except that persons who executed a release in connection with the E-Card Program remain part of the Settlement Class and may receive payments under the Settlement as expressly provided in the Settlement Agreement.

The Settlement provides for the creation of a $150 million non-reversionary

---

[2] *See also* ECF No. 177, Order Denying Movants' Motion to Allow Electronic Opt-Outs.

common fund. The allocation of that fund among Class Members is structured to account for the two voluntary recall remedies provided by Defendants. One is the **Battery Replacement Final Remedy**, under which owners and lessees of approximately 80,000 Class Vehicles are eligible for a replacement battery and an extended 8-year/100,000-mile limited battery warranty, running from the date of replacement. The other is the **Software Final Remedy**, under which owners and lessees of the remaining 22,560 model year 2020–2022 Chevy Bolts that were manufactured with a newer generation of batteries are eligible for the installation of advanced software that can diagnose potentially defective batteries. For the first 6,214 miles of driving after the software is installed, the Class Vehicle's charging capacity is capped at 80%. If an anomaly is detected, the software alerts the owner to schedule a free battery replacement. If no anomalies are detected during the diagnostic period, the battery automatically returns to a 100% charge capacity. The software continues monitoring the battery for the life of the vehicle. If the Software Final Remedy (i) is applied before March 31, 2024, (ii) indicates that a battery replacement is necessary during the diagnostic period, and (iii) so indicates before March 31, 2025, the resulting battery replacement will also include an extended 8-year/100,000-mile limited battery warranty, running from the date of replacement.

Under the Settlement, Class Members who owned or leased a Class Vehicle during the class period that received or is eligible to receive the Battery Replacement

Final Remedy may submit a claim and receive an initial payment of $700. Class Members whose vehicle is eligible for and has the Software Final Remedy installed may submit a claim and receive an initial payment of $1,400. These amounts are subject to proration for vehicles that changed hands during the class period, but they are also minimum amounts per vehicle: there will be a second distribution to all Class Members who submit valid and timely claims if any funds remain in the Settlement Fund after the initial claims are paid.

The Settlement also includes an innovative provision to incentivize the prompt remediation of all vehicles. Class Members with eligible vehicles who obtained the Software Final Remedy before the Settlement is approved were given the option to accept their minimum $1,400 payment early (called the "E-Card Program" because the primary means of payment consists of electronic Visa cards), while remaining entitled to a Second Distribution, like other Class Members. *See* ECF No. 157-2, PageID.9790. Under this provision, nearly 6,000 Class Members obtained both their $1,400 payment and their remedy on an expedited basis, without risk of delay or diminishment.

The Settlement further proposes to allocate payments to and between Class Members who obtained affected vehicles during the period in which restrictions on their use of the vehicle could have been imposed, even if they subsequently sold the vehicle or terminated their lease before a remedy became available. In the event that

more than one Class Member makes a valid claim on the same Vehicle—*i.e.*, the vehicle changed hands during the class period and there is more than one eligible owner or lessee—the payment will be allocated among those Class Members by the Settlement Administrator in accordance with their respective lengths of ownership and as provided by the Settlement Agreement.

In exchange for the monetary benefits provided by the Settlement, Plaintiffs and the Settlement Class will release Defendants from liability for all claims alleged in this litigation or which could have been alleged in the litigation. The proposed release of liability does not include claims for personal injury and/or property damage resulting from the alleged Battery Defect.

The class notice plan consists of direct notice via U.S. mail and e-mail to all reasonably identifiable Class Members. The Settlement Administrator maintains a settlement website (https://boltevbatterysettlement.com/) where Class Members can access updated, detailed information about the Settlement, the Long-Form Notice, and other important case documents, and where they can submit a claim.

## III.   ARGUMENT

### A.   Legal Standard

A court may approve a proposed settlement of a class action "only after a hearing and only on finding that [the proposed settlement] is fair, reasonable and adequate." Fed. R. Civ. P. 23(e)(2). Rule 23(e)(2) directs courts to consider the

following factors in assessing whether a settlement is fair, reasonable, and adequate:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
>> (i) the costs, risks, and delay of trial and appeal;
>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>> (iv) any agreement required to be identified under Rule 23(e)(3); and
> (D) the proposal treats class members equitably relative to each other.

Courts within the Sixth Circuit consider seven factors to evaluate whether a proposed settlement is fair, reasonable, and adequate under Rule 23(e)(2). Such factors are (1) the likelihood of success on the merits; (2) the risk of fraud or collusion; (3) the complexity, expense and likely duration of the litigation; (4) the amount of discovery engaged in by the parties; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. *Int'l Union, UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007); *see also Raymo v. FCA US LLC*, 2025 WL 521834, at *2 (E.D. Mich. Feb. 18, 2025) (Berg, J.) (Order Granting Final Approval). District court judges are entitled to "wide discretion in assessing the weight and applicability of these factors." *Davis v. Magna Int'l of Am., Inc.*, 2025 WL 66052, at *3 (E.D. Mich. Jan. 10, 2025) (quoting *UAW*, 497 F.3d at 631). Additionally, courts "must bear in mind 'the federal policy favoring settlement

- 10 -

of class actions.'" *In re Flint Water Cases*, 571 F. Supp. 3d 746, 771 (E.D. Mich. 2021) (quoting *UAW*, 497 F.3d at 632).

## B. Both the Rule 23(e)(2) Factors and the Sixth Circuit Final Approval Factors Support Final Approval

The Settlement warrants final approval under Federal Rule of Civil Procedure 23(e)(2) and the Sixth Circuit final approval factors.

### 1. The Relief Provided to the Settlement Class and a Fair Appraisal of the Likelihood of Success on the Merits Support Final Approval

The likelihood of success is the "most important" of the seven *UAW* factors used by courts in this Circuit. *Does 1-2 v. Deja Vu Servs., Inc.*, 925 F.3d 886, 895 (6th Cir. 2019). A district court must weigh the likelihood that the class ultimately will prevail "against the amount and form of the relief offered in the settlement." *Carson v Am. Brands, Inc.*, 450 U.S. 79, 88 n.14 (1981); *see also UAW*, 497 F.3d at 631. "Because a settlement represents an exercise of judgment by the negotiating parties, a judge reviewing a settlement will not substitute his or her judgment for that of the litigants and their counsel, or decide the merits of the case or resolve unsettled legal questions." *In re Auto. Parts Antitrust Litig.*, 2017 WL 3499291, at *4 (E.D. Mich. July 10, 2017) (cleaned up). Instead, "[i]t is sufficient to warrant approval of the settlement to determine that the Settlement Agreement is a rational and salutary resolution of contested, uncertain, protracted, and risky litigation." *Leonhardt v. ArvinMeritor, Inc.*, 581 F. Supp. 2d 818, 834 (E.D. Mich. 2008). "When the interests

- 11 -

of the class as a whole are better served by settlement, the standard is met." *In re Auto. Parts*, 2017 WL 3499291, at *4.

Here, Plaintiffs prevailed on many of the claims subject to Defendants' pretrial motions to dismiss and are confident that they would ultimately prevail on the merits of those remaining claims. Still, risks are inherent in litigation, especially in class actions. Those risks were compounded here by the order compelling arbitration of some of the Plaintiffs' claims. Thus, considering the risks associated with proving liability and damages, and recognizing that ultimate success in this litigation was not assured, the relief the Settlement provides to Class members—a $150 million, non-reversionary common fund—is fair, adequate, and reasonable. This factor weighs in favor of final approval.

### 2. Plaintiffs and Class Counsel Adequately Represented the Settlement Class

Final approval of the Settlement is also warranted under Rule 23(e)(2)(A) because Plaintiffs and Proposed Class Counsel "have adequately represented the class." Here, Plaintiffs have actively monitored and engaged in the prosecution and resolution of this case on behalf of the Settlement Class. To this end, Plaintiffs regularly communicated with Proposed Class Counsel on case developments, reviewed Court filings, and conferred with Proposed Class Counsel throughout the Parties' settlement negotiations. Plaintiffs also collected documents and information about their vehicles and provided them to Proposed Class Counsel in anticipation of

- 12 -

discovery. Their efforts were instrumental in obtaining the Settlement. In addition, Plaintiffs—whose vehicles are alleged to suffer from the same defect as all other Class Vehicles, and whose claims arise from the same course of conduct by Defendants—have claims that are typical of other Settlement Class Members and their interests are aligned. *See UAW*, 497 F.3d at 626 (representation adequate where class members' "legal interests parallel the named representatives' interests").

Proposed Class Counsel have also adequately represented the Settlement Class. As detailed herein, in Plaintiffs' Unopposed Motion for Preliminary Approval, and Plaintiffs' Motion for Attorney Fees, Expenses, and Service Awards, Proposed Class Counsel actively litigated this case for more than four years, dedicating more than 16,000 hours and significant expenses in pursuit of a recovery for the Settlement Class.

### 3. The Proposed Settlement was Negotiated at Arm's Length and There is No Fraud or Collusion

Absent evidence to the contrary, courts will presume there is an absence of fraud or collusion. *Dover v. Yanfeng US Auto. Interior Sys. I LLC*, 2023 WL 2309762, at *3 (E.D. Mich. Mar. 1, 2023); *IUE-CWA v. Gen. Motors Corp.*, 238 F.R.D. 583, 598 (E.D. Mich. Nov. 1, 2006) (same). The risk of fraud or collusion is especially low where parties have extensively litigated the merits and engaged in mediation with an experienced mediator. *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 351 (6th Cir. 2009) (noting that a settlement agreement was the "product of months

of supervised negotiations, two facilitated mediations and a settlement conference with the court"). "Courts consistently approve class action settlements achieved through arms-length negotiations, particularly if an independent mediator participated in those negotiations." *In re Home Point Cap. Inc. Sec. Litig.*, 2024 WL 3273275, at *3 (E.D. Mich. June 28, 2024).

Here, the Parties have at all relevant times been represented by experienced counsel. Proposed Co-Lead Class Counsel have significant experience litigating numerous consumer class actions, including automotive defect cases. *See* ECF Nos. 157-6 & 157-7. The Settlement Agreement was achieved only after multiple formal mediations and numerous conversations between the Parties and mediators Judge Jay Gandhi (Ret.) and Lexi Myer-Wolfe of JAMS. The involvement of "independent mediator[s] in settlement negotiations virtually ensures that the negotiations were conducted at arm's length and without collusion between the parties." *Strano v. Kiplinger Washington Eds., Inc.*, 649 F. Supp. 3d 546, 558 (E.D. Mich. 2023) (cleaned up); *see also Daoust v. Maru Rest., LLC*, 2019 WL 2866490, at *2 (E.D. Mich. July 3, 2019) (Berg, J.) (noting that the parties had "enlisted the services of a retired Federal Judge . . . in facilitating the Parties' mediation, thereby reinforcing that the Settlement Agreement is non-collusive"). Because the Settlement is neither fraudulent nor collusive, this factor weighs in favor of final approval.

### 4.     The Complexity, Expense, and Likely Duration of Continued Litigation

Compared to the uncertain outcome and high cost of protracted litigation, settlement "provides an immediate, significant, and certain recovery for Class members[.]" *New York State Teachers' Ret. Sys. v. Gen. Motors Co.*, 315 F.R.D. 226, 236 (E.D. Mich. 2016), *aff'd sub nom. Marro v. New York State Teachers' Ret. Sys.*, 2017 WL 6398014 (6th Cir. Nov. 27, 2017). Absent settlement, Plaintiffs and Class Members "would be subject to the uncertainty, risk, hardship and delay attendant to continued litigation, which ultimately might leave them with absolutely nothing." *Sheick v. Auto. Component Carrier LLC*, 2010 WL 4136958, at *18 (E.D. Mich. Oct. 18, 2010).

Here, the Settlement comes at an opportune time and provides substantial, prompt, and efficient relief to Plaintiffs and the Class Members. Absent the Settlement, there would be substantial additional expense to the Parties associated with further discovery, expert work, dispositive motion practice, and trial preparation. Discovery would have entailed extensive and time-consuming fact and expert discovery, including depositions and the review (and, possibly, translation) of thousands of documents. Future briefing on class certification and summary judgment would involve complex legal issues and likely require substantial attorney time and judicial resources. Similarly, any trial would be complex given the factual and legal issues involved. Arbitration of a significant number of Plaintiffs' and Class

Members' claims if litigation continued would add further expense and risk.

Accordingly, Class Representatives and Proposed Class Counsel have carefully balanced the risks of engaging in protracted and contentious litigation against the benefits to the Class and believe the monetary relief—a record high non-reversionary monetary settlement in the Eastern District of Michigan for an automotive defect class action—obtained now outweighs the risk, duration, and expense of proceeding with litigation.

### 5. The Amount of Discovery Engaged in by the Parties

Courts evaluate whether parties to a proposed settlement "are armed with considerable information for evaluating their claims and settling [the] dispute." *Nolan v. Detroit Edison Co.*, 2022 WL 16743866, at *3 (E.D. Mich. Nov. 7, 2022). The "absence of formal discovery is not an obstacle to approving a settlement, so long as the parties have adequate information to evaluate their positions." *Dover*, 2023 WL 2309762, at *3 (Berg, J.) (citing *Griffin v. Flagstar Bancorp, Inc.*, 2013 WL 6511860, at *4 (E.D. Mich. Dec. 12, 2013).

Here, sufficient discovery occurred prior to the Settlement to permit Plaintiffs and Proposed Class Counsel to make an informed judgment regarding the fairness and adequacy of the proposed Settlement. By the time the Settlement was reached, discovery had already begun. Defendants had responded to requests for production and interrogatories, and GM and the Plaintiffs were beginning to negotiate Rule

30(b)(6) topics. Plaintiffs consulted extensively with experts to review information obtained through discovery and analyze the batteries, the alleged Battery Defect, the recall remedies, and Plaintiffs' economic damages. Defendants developed and deployed voluntary recalls to remedy the alleged Battery Defect. Plaintiffs analyzed and investigated these remedies with their experts and conducted confirmatory discovery in order to assure themselves of the remedies' efficacy. Thus, this factor also favors final approval.

**6. The Opinions of Class Counsel and Class Representatives**

"The judgment of the parties' counsel that [a] settlement is in the best interest of the settling parties is entitled to significant weight, and supports the fairness of the class settlement." *IUE-CWA*, 238 F.R.D. at 597; *Strano*, 649 F. Supp. 3d at 559. In assessing a proposed settlement, a court "should not substitute its judgment for that of the parties." *Steiner v. Fruehauf Corp.*, 121 F.R.D. 304, 306 (E.D. Mich. 1988), *aff'd sub nom. Priddy v. Edelman*, 883 F.2d 438 (6th Cir. 1989). Instead, courts "must respect the parties' compromise" and "may not substitute his or her judgment for that of the litigants and their counsel." *IUE-CWA*, 238 F.R.D. at 594.

Proposed Class Counsel are highly experienced in complicated class action litigation and believe that the Settlement provides extraordinary relief to the Class and is fair, reasonable, and adequate. The support for approval by the Class Representatives also favors final approval of the Settlement. *See Gascho v. Global*

*Fitness Holdings, LLC*, 2014 WL 1350509, at *18 (S.D. Ohio Apr. 4, 2014) ("Not insignificantly, the Class Representatives have also approved the Settlement Agreement."). Therefore, this factor favors final approval.

### 7.     The Reaction of Absent Class Members Strongly Favors Approval

While a certain number of objections and opt-outs are to be expected, a small number of them weighs in favor of approval and "permit[s] the inference that most of the class members had no qualms with [the settlement]." *Olden v. Gardner*, 294 Fed. Appx. 210, 217 (6th Cir. 2008); *see also, e.g.*, *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 527 (E.D. Mich. 2003) (noting that an "overwhelming majority" of the class neither opted out nor objected to the settlement, demonstrating that the settlement was fair, reasonable, and adequate).

The reaction to the Settlement by Class Members has been overwhelmingly favorable. The Settlement Administrator reports receiving only about 2,100 requests for exclusion from the Settlement, representing approximately 1.3% of all potential Settlement Class Members.[3] Additionally, only three Class members objected to the settlement.[4] None of the objections weigh in favor of denying final approval.

---

[3] The Settlement Administrator is reviewing those requests to confirm whether they comply with this Court's orders governing the process for opting out of the Settlement.

[4] Edith Sachs' objection appears on the Court's docket twice because she sent her letter two times. *See* ECF Nos. 178, 185. Her second letter did not include the same printouts related to recall information, but the letter is the same.

Remarkably, the Yule and Savage objections essentially contend that the Settlement is too generous. Both Yule and Savage received replacement batteries and contend that there is "[n]o need for additional compensation," ECF No. 179 at 1 (Savage), and that "the proposed [S]ettlement of $700 . . . seems excessive to me." ECF No. 182 at 1 (Yule). But neither Savage nor Yule specify clearly whether their objections "appl[y] only to the objector, to a specific subset of the class, or to the entire class," as is required by Rule 23(e)(5)(A). Objections contending merely that there is no need for additional compensation or that a proposed settlement "seems excessive" do not provide the Parties enough details to respond and for the Court to meaningfully assess the merit of such objections. 7B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1797.4 (3d ed.). Surely, Yule or Savage may refuse the cash compensation for themselves, but they offer no reason why the other 99.9% of Class Members should not receive compensation for their alleged injuries. That is especially true in this case, where Class Members were required to submit a claim form, implicitly attesting that they believe they are entitled to receive compensation for the claims alleged on their behalf in this case. If anything, objections from two consumers (out of a class of approximately 150,000) that the Settlement provides more compensation than they want demonstrates that the Settlement is an excellent result for consumers overall.

The Sachs objection appears to concern the voluntary recall remedies, not the

Settlement itself. The Sachs objection contends that all Class Members, regardless of which recall remedy applies to their vehicle, should receive "the same warranty extension . . . so that all members of the class are treated equitably." ECF No. 185 at 2. Defendants' recall remedies, and the accompanying extended warranty provisions, are beyond the scope of the Settlement, and the Sachs objection does not address the terms of the Settlement. That alone is grounds to overrule it. *Thomsen v. Morley Cos., Inc.*, 2023 WL 3437802, at *2 (E.D. Mich. May 12, 2023) (holding that the objector's "general dissatisfaction" with defendant's handling of the issue "does not relate to the fairness or adequacy of the Settlement Agreement").

Moreover, the Sachs objection fundamentally misapprehends the recall remedies and the attendant warranty. The Sachs objection complains that Class Members cannot choose which remedy they are eligible for. There is nothing inequitable about that: the applicable remedy depends on specific factors—*i.e.*, which generation of battery the Class Vehicle was equipped with from the factory, build window, and charge/drive usage combinations—and the battery warranty runs with the battery, *i.e.*, new batteries get new battery warranties. For the 80,000 Class Vehicles equipped with the earlier generation of batteries or fall within certain build windows and/or charge/drive usage combinations, the remedy is to replace the batteries. The replacement batteries come with a warranty, like the originally installed battery did when the vehicle was new, but there is no extension of the

- 20 -

warranty on the original batteries. For the remaining 22,560 Class Vehicles that were equipped with a newer generation battery and met other criteria, Defendants (subject to NHTSA's oversight) determined that it was unnecessary to replace all batteries, and instead that advanced software could diagnose whether a battery could be defective. Any potentially defective batteries are then replaced, and, subject to a reasonable time limit, the replacements come with a new warranty, the same as the 80,000+ Class Vehicles receiving a replacement in the first instance.

While Sachs does not complain about the Settlement's terms, it is worth noting that the plan of allocation takes into account the two different remedies. This was an important consideration for Plaintiffs and their counsel in negotiating the Settlement allocation, and they obtained the wise counsel of a prominent national expert in the field, Professor Lynn Baker, to aid the parties in structuring the settlement to ensure that it fairly compensates all Class Members. As Professor Baker's declaration in support of preliminary approval explains, Class Members like Sachs—who likely will not need a new battery and, assuming that is the case, will also not need a new battery warranty—will receive a higher minimum payment than Class Members eligible for a battery replacement (and accompanying new battery warranty) in the first instance. *See* ECF No. 157-5 at PageID.9896-9897.

The extremely low number of objections to the Settlement is a strong indication of approval by the absent Class Members. *See, e.g.*, *Morley*, 2023 WL

3437802, at *2 (holding that the existence of "only three objections…indicates that the settlement is fair, reasonable, and adequate."). This is particularly true where two of the three objections are, essentially, that the settlement is *too generous*. Therefore, this factor favors final approval, and the objections should be overruled.

### 8.    Public Interest Favors Final Approval

There is a "strong public interest in encouraging settlement of complex litigation and class action suits because they are notoriously difficult and unpredictable and settlement conserves judicial resources." *Deja Vu*, 925 F.3d at 899 (cleaned up); *Gascho*, 822 F.3d at 277; *Whitlock v. FSL Mgmt. LLC*, 843 F.3d 1084, 1094 (6th Cir. 2016) (noting the "particularly muscular presumption in favor of settlement in class-action litigation") (internal quotation marks and citation omitted). The public interest factor weighs in favor of approval when the settlement secures "substantial recovery" for class members and avoids wasting "considerable time and expense by the parties and the Court, possibly only to reach the same end." *Nolan*, 2022 WL 16743866, at *4; *Martin v. Trott L., P.C.*, 2018 WL 4679626, at *5 (E.D. Mich. Sept. 28, 2018). Here, the resources, including judicial resources, that would be expended in lieu of settlement would be substantial. Further, given the Court's prior ruling on arbitrability, the resources expended would not be limited to this forum. The public interest, therefore, favors final approval.

**9.    Federal Policy Favors Settlement of Class Actions**

The Sixth Circuit has also noted "the federal policy favoring settlement of class actions" *UAW*, 497 F.3d at 632; *In re Flint Water Cases*, 571 F. Supp. 3d at 771. Here, policy considerations weigh in favor of final approval of the Settlement.

**10.    The Proposed Settlement Treats Class Members Equitably**

Finally, the Proposed Settlement treats all Settlement Class Members fairly relative to one another. *See* ECF No. 157-5, Baker Declaration at ¶ 21 ("In brief, the Plan of Allocation provides different financial compensation to these two groups of claimants based on the different remedies they will receive from Defendants. In my opinion, this allocation of the settlement funds is fair, reasonable, and appropriate.").

**C.    The Proposed Settlement Class Satisfies the Requirements of Rule 23**

In its Preliminary Approval Order, the Court provisionally certified the Settlement Class for settlement purposes. *See* ECF No. 174, PageID.10295, ¶ 7. Nothing has changed since then that would alter the propriety of the Court's provisional certification and, for all the reasons stated in Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (ECF No. 157), Plaintiffs respectfully request that the Court finally certify the Settlement Class for purposes of settlement. *See N.Y. State Tchrs.' Ret. Sys.*, 315 F.R.D. at 235 (approving certification of settlement class where "[n]othing ha[d] changed to alter the Court's" provisional certification in the preliminary approval order).

**D.      The Class Notice Satisfies the Requirements of Rule 23**

In class actions certified under Rule 23(b)(3), including for settlement purposes, the notice provided to the class must be the "best notice that is practicable under the circumstances." Fed. R. Civ. P. 23(c)(2). The Settlement Administrator timely commenced sending direct Class notice via first-class mail and email where available. Dizon Decl. at ¶ 2. On November 25, 2024, the Settlement Administrator caused the Short-Form Notice to be printed and mailed to the 157,465 names and mailing addresses in the Class List. *Id.* at ¶ 9. Such direct notice is presumptively reasonable and is the gold standard. *See, e.g.*, *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985); *Toler v. Glob. Coll. of Nat. Med., Inc.*, 2015 WL 13037116, at *2 (E.D. Mich. May 19, 2015) (noting that "class notice sent by first-class mail is generally considered the most efficient and effective means of reaching individual class members"). As of the date of this filing, 150,792 of the 157,555 (95.7%) Short-Form Notices and Fleet Notices were successfully mailed to Class Members in accordance with the Court's Preliminary Approval Order. Dizon Decl. at ¶ 13. The Settlement Administrator also timely e-mailed the Settlement Notice to the 84,417 potential class members for which an e-mail address was available. *Id.* at ¶ 10.

A Settlement Website was timely established on November 25, 2024. Dizon Decl. at ¶ 14. The website address appeared in the Short-Form Notice, Email Notice, Fleet Notice, Long-Form Notice, and Claim Form. The website provides detailed

information about the Settlement, including important documents like the Settlement Agreement, Long Form Notice, Claim Form, Preliminary Approval Order, and Proposed Class Counsel's motion for attorneys' fees, costs and service awards.

The direct Class notice approved by this Court was clear and concise and summarized the main aspects of the proposed Settlement. Class Members were afforded a reasonable amount of time to exercise their right to either object to the Settlement or opt out. The deadline to object was January 24, 2025, and the deadline to opt out is February 24, 2025. Dizon Decl. at ¶¶ 17-18. Also, the Settlement Administrator issued CAFA notices on June 28, 2024, pursuant to 28 U.S.C. § 1715 and Settlement Agreement § 6.15. Dizon Decl. at ¶¶ 2-3. Accordingly, the notice constitutes the best notice practicable under the circumstances and was designed to be easily understood and reasonably informative of Class Members' rights under the proposed Settlement. *See Raymo*, 2025 WL521834, at *10.

**E.    Proposed Class Counsel Satisfy the Requirements of Rule 23(g)**

In its Preliminary Approval Order, the Court conditionally appointed Class Counsel. *See* ECF No. 174, PageID.10297, ¶ 11. For the reasons outlined in Plaintiffs' Motion for Preliminary Approval (ECF No. 157), Plaintiffs respectfully request that the Court finally appoint Class Counsel.

**F.    There Are No Undisclosed Agreements in Connection with the Proposed Settlement**

Proposed Class Counsel confirm there is no undisclosed agreement made in

connection with the proposed Settlement. *See* Rule 23(e)(2)(C)(iv).

### IV.   CONCLUSION

Each of the requirements of Federal Rule of Civil Procedure 23 and the factors used by the Sixth Circuit in evaluating whether to grant final approval are satisfied, and weigh in favor of final approval. Therefore, the Court should grant final approval of the Settlement and enter the proposed Final Approval Order submitted herewith.

DATED: February 24, 2025

Respectfully submitted,

By: *E. Powell Miller*
E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)
Dennis A. Lienhardt (P81118)
Mitchell J. Kendrick (P83705)
**THE MILLER LAW FIRM, P.C.**
950 West University Dr., Suite 300
Rochester, MI 48307
(248) 841-2200
Fax (248) 652-2852
epm@millerlawpc.com
ssa@millerlawpc.com
dal@millerlawpc.com
mjk@millerlawpc.com

Gretchen Freeman Cappio (P84390)
Ryan McDevitt (P84389)
**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101
(206) 623-1900
Fax (206) 623-3384
gcappio@kellerrohrback.com
rmcdevitt@kellerrohrback.com

*Interim Co-Lead Counsel*

David C. Wright
Richard D. McCune
Steven A. Haskins
**MCCUNE WRIGHT ARAVELO, LLP**
3281 East Guasti Road, Suite 100
Ontario, CA 91761
(909) 557-1250
Fax (909) 557-1275
dcw@mccunewright.com
rdm@mccunewright.com
sah@mccunewright.com

Roberta Liebenberg
Gerard A. Dever
Mary L. Russell
**FINE, KAPLAN AND BLACK, RPC**
1 South Broad St., Suite 2300
Philadelphia, PA 19107
(215) 567-6565
rliebenberg@finekaplan.com
gdever@finekaplan.com
mrussell@finekaplan.com

Nicholas A. Migliaccio (P29077)
Jason S. Rathod (P18424)
**MIGLIACCIO & RATHOD LLP**
412 H St. NE, Suite 302
Washington D.C. 20002
(202) 470-3520
nmigliaccio@classlawdc.com
jrathod@classlawdc.com

Todd Friedman
David B. Levin
**LAW OFFICES OF TODD M. FRIEDMAN, PC**
21550 Oxnard Street Suite 780

Woodland Hills, CA 91367
(224) 218-0882
Fax (866) 633-0228
dlevin@toddflaw.com
tfriedman@toddflaw.com

Timothy N. Mathews
Beena M. McDonald
Alex M. Kashurba
**CHIMICLES SCHWARTZ
KRINER & DONALDSON-SMITH
LLP**
361 West Lancaster Ave
One Haverford Centre
Haverford, PA 19041
(610) 642-8500
tnm@chimicles.com
bmm@chimicles.com
bfj@chimicles.com

*Interim Plaintiffs' Steering Committee*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 24, 2025, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record.

By: */s/ E. Powell Miller*
E. Powell Miller