# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| *In re Chevrolet Bolt EV Battery Litigation* | Case No. 2:20-cv-13256-TGB-CI |
| | Hon. Terrence G. Berg |

## JOINT NOTICE AND STIPULATION REGARDING FINAL APPROVAL OF SETTLEMENT

In the last several days, Defendant General Motors LLC learned that the list of vehicles its personnel prepared for purposes of notice to the settlement class inadvertently omitted some vehicles whose owners or lessors likely fall within the class definition. GM estimates that approximately 3,800 vehicles (about 2 percent of the class) were inadvertently omitted from the list. Counsel for GM has conferred with counsel for the other parties—Plaintiffs and LG Electronics, USA, Inc., LG Electronics, Inc., LG Chem, Ltd., LG Energy Solution Ltd., LG Energy Solution Michigan, Inc. All parties agree that the persons associated with those omitted vehicles may be class members who would be entitled to class notice and an opportunity to file claims, opt out of the class, or object to the settlement. The final approval hearing scheduled for Monday, May 19, 2025, proceeded as scheduled, so that the Court could address the developments raised in this filing and hear argument

1

on other issues related to final approval. The parties made themselves available to address any questions the Court had. In addition, the parties have submitted a stipulated proposed Order that, if approved, would set a schedule for a supplemental class notice program directed at the group of persons omitted from the original list and class notice period, and permit the parties to propose a date for a supplemental final approval hearing to take place in September 2025, if necessary, at which the Court could address any remaining issues regarding objections or opt-outs received from the group of inadvertently omitted VINs that were not addressed at the scheduled May 19, 2025 hearing.

The parties further state as follows:

1.      On May 16, 2024, Plaintiffs moved for preliminary approval of a class settlement in this action. ECF No. 157. On September 26, 2024, the Court granted preliminary approval, appointed Verita Global, LLC f/k/a KCC, LLC ("Verita") as the Settlement Administrator, and directed that notice be given to class members. ECF No. 174.

2.      On February 24, 2025, Plaintiffs filed a motion for final approval of the class settlement. ECF No. 189. On February 25, 2025, the Court set the final fairness hearing, along with the hearing on Plaintiffs' motion for attorneys' fees, for April 28, 2025. ECF No. 192. On April 3, 2025, the Court re-set those hearings for May 19, 2025. ECF No. 196.

3.    In the course of reviewing the list of opt outs for purposes of the upcoming final approval hearing, counsel for GM learned that the list of vehicles prepared by GM personnel for purposes of direct notice to the settlement class was incomplete. As described in the attached Declaration of Daniel Queen, those personnel inadvertently excluded certain Vehicle Identification Numbers (VINs) in the list that GM provided to Verita.

4.    GM is in the process of reviewing that error and making necessary corrections to the list, but estimates that the list of VINs provided to Verita inadvertently excluded approximately 3,800 VINs. As a result, Verita likely did not provide direct notice to individuals associated with those VINs.

5.    At least some of the individuals who owned or leased one of the approximately 3,800 vehicles did receive actual notice of the Settlement because they submitted requests for exclusion. These individuals likely either owned or leased more than one class vehicle and received direct notice or were notified through Verita's online campaign. However, since there is no readily available way to determine which of these individuals received direct notice, the parties agree on this supplemental class notice campaign to ensure all class members receive the best and most direct notice practicable.

6.    The parties agree that the Court should authorize supplemental direct notice to any identifiable persons whose vehicles were inadvertently excluded from

3

the original class list. As detailed in the proposed order, the parties, with input and support from Verita, propose a supplemental notice program pursuant to the following schedule:

 a. May 28, 2025: GM provides all omitted VINs to Verita;

 b. July 23, 2025: Verita completes the supplemental notice program;[1]

 c. August 22, 2025: Objection Deadline;

 d. September 22, 2025: Claim Form and Opt-Out Deadlines;

 e. September 25, 2025: Joint Status Report Due

 f. September 29, 2025: Supplemental Hearing, if necessary

This schedule is consistent with the timing of the initial notice program ordered by this Court in ECF No. 174 and, if the Court grants final approval at the conclusion of this supplemental notice period, facilitates payment to all Class Members as soon as possible pursuant to the terms of the Settlement Agreement.

7. In the meantime, the currently scheduled final approval hearing set for May 19, 2025, proceeded as scheduled. The opt-out and objection period for the 163,843 potential class members who did receive notice closed on February 24, 2025. A total of three objections—two that objected that the settlement is *too generous*—were submitted. Owners and lessees of 1,820 VINs submitted timely and

---

[1] Verita has estimated that once it received the VINs, it will take them approximately 4-8 weeks to issue the notice.

valid requests for exclusion. ECF No. 198, PageID.10748. Verita rejected other purported requests for exclusion as invalid. *Id.* The parties respectfully submitted that it would be most efficient for the May 19 hearing to proceed as scheduled. In addition to addressing the class notice issue and proposal, the Court addressed these objections and requests for exclusion, considered a proposed procedure regarding the invalid requests for exclusion, and heard arguments related to final approval of the settlement based on the pending motion for final approval and the facts and evidence of record to date. The Court can grant final approval of the Settlement promptly after the supplemental notice program concludes so that disbursements can proceed under the terms of the Settlement Agreement.

8.     Any objections that arise from the affected group of inadvertently omitted class members (to the extent they are not duplicative of objections that are addressed at the May 19, 2025 hearing) can be addressed at a supplemental hearing, if one becomes necessary.

9.     Courts have approved supplemental notices and setting a supplemental final approval hearing in similar situations. *See, e.g.*, *Glover v. Connecticut General*, Case No. 3:16-cv-00827-MPS, ECF Nos. 322 & 349 (D. Conn. Dec. 4, 2024) (leaving final approval hearing on calendar while approving supplemental notice and supplemental hearing date, and cancelling supplemental hearing when no further objections were received); *McDonough v. Horizon Healthcare Servs., Inc.*, No.

CIV.A. 09-571 SRC, 2014 WL 3396097, at *3 (D.N.J. July 9, 2014), *aff'd sub nom.*

*McDonough v. Horizon Blue Cross Blue Shield of New Jersey*, 641 F. App'x 146

(3d Cir. 2015) (at final approval hearing, addressing class notice issue "brought to

its attention shortly before the hearing," including by approving supplemental notice

to subset of class members and setting supplemental final approval hearing).

**STIPULATED AND AGREED TO:**

DATED: May 15, 2025

By: */s/ E. Powell Miller*
E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)
Dennis A. Lienhardt (P81118)
**THE MILLER LAW FIRM, P.C.**
950 West University Drive., Suite 300
Rochester, MI 48307
Tel: (248) 841-2200
Fax: (248) 652-2852
epm@millerlawpc.com
ssa@millerlawpc.com
dal@millerlawpc.com

Gretchen Freeman Cappio (P84390)
Ryan McDevitt (P84389)
**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3052
Tel: (206) 623-1900
Fax: (206) 623-3384
gcappio@kellerrohrback.com
rmcdevitt@kellerrohrback.com

*Interim Co-Lead Counsel*

By: */s/ John Nadolenco*
John Nadolenco
Daniel D. Queen
Elisabeth M. Anderson
**MAYER BROWN LLP**
333 South Grand Avenue
47th Floor
Los Angeles, CA 90071
Tel: (213) 229-5173
Fax: (213) 625-0248
jnadolenco@mayerbrown.com
dqueen@mayerbrown.com
eanderson@mayerbrown.com

Archis Parasharami
**MAYER BROWN LLP**
1999 K Street, NW
Washington, DC 20006-1101
Tel: (202) 263-3328
Fax: (202) 263-3300
aparasharami@mayerbrown.com

Andrew S. Roseman (P54869)
**MAYER BROWN LLP**
71 South Wacker Drive
Chicago, IL 60606

Tel: (312) 782-0600
Fax: (312) 701-7711
aroseman@mayerbrown.com

*Attorneys for Defendant General Motors LLC*

By: */s/ Phoebe A. Wilkinson*
Phoebe A. Wilkinson
Samuel L. Zimmerman
**HOGAN LOVELLS US LLP**
390 Madison Avenue
New York, NY 10017
Tel: (212) 918-3000
Fax: (212) 918-3100
Phoebe.wilkinson@hoganlovells.com
Samuel.zimmerman@hoganlovells.com

A. Michael Palizzi (P47262)
**MILLER CANFIELD**
150 West Jefferson Avenue, Suite 2500
Detroit, Michigan 48226
Tel: (313) 496-7645
Fax: (313) 496-7500
palizzi@miller.canfield.com

*Attorneys for Defendant LG Electronics USA, Inc.*

By: */s/ Mark S. Mester*
Mark S. Mester
Robert Collins
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700
Fax: (312) 993-9767
Mark.mester@lw.com
Robert.collins@lw.com

7

Jason R. Burt
**LATHAM & WATKINS LLP**
555 Eleventh St., NW, Suite 1000
Washington, DC 20004
Tel: (202) 637-2201
Fax: (202) 637-2201
Jason.burt@lw.com

*Attorneys for Defendant LG Energy Solutions Michigan, Inc.*

8

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| *In re Chevrolet Bolt EV Battery Litigation* | Case No. 2:20-cv-13256-TGB-CI |
| | Hon. Terrence G. Berg |

## <u>DECLARATION OF DANIEL D. QUEEN IN SUPPORT OF JOINT NOTICE AND STIPULATION FOR [PROPOSED] ORDER REGARDING FINAL APPROVAL HEARING</u>

I, Daniel D. Queen, hereby declare as follows:

1.      I am a partner at Mayer Brown LLP, counsel of record for Defendant General Motors LLC ("GM") in the above-captioned matter. I submit this declaration in support of the parties' Joint Stipulation re Final Approval Hearing. I have personal knowledge of the facts set forth in this declaration and, if called upon to do so, could and would testify competently thereto.

2.      In October 2024, pursuant to Paragraph 6.20 of the parties' Stipulation and Agreement of Settlement (*see* ECF No. 157-2 at 44), GM personnel prepared a list of Vehicle Identification Numbers (VINs) for Class Vehicles.[2] GM's counsel

---

[2]      The Stipulation and Agreement of Settlement defines "Class Vehicles" as model year 2017, 2018, 2019, 2020, 2021 and 2022 Chevrolet Bolt vehicles built and shipped to dealers on or before August 19, 2021 (tracking NHTSA Recall Nos. 21V-560 and 21V-650, which are limited to "vehicles built and shipped to dealers as of August 19, 2021").

provided that list (the "October 2024 Class Vehicles List") to Verita Global, LLC ("Verita"), the settlement administrator in this action, so that Verita could prepare a list of potential class members and provide notice to those individuals.

3.      On May 8, 2025, in preparation for its planned filing of a list of class members who have submitted a proper request for exclusion (*see* ECF No. 174 at 7), Verita notified the parties' counsel that it had received approximately eighty requests for exclusion for VINs that did not appear on the October 2024 Class Vehicles List. On May 9, 2025, Verita provided the parties with a list of those VINs.

4.      After reviewing this list, GM determined that certain of the VINs that Verita had identified were inadvertently excluded when GM prepared the October 2024 Class Vehicles List. Although it is still investigating the issue, GM believes that the database query that GM personnel used to prepare the October 2024 Class Vehicles List inadvertently excluded a particular "event code" that led to the omission of certain VINs associated with Settlement Class Vehicles. Pending the completion of its investigation, GM currently estimates that the October 2024 Class Vehicles List inadvertently excluded approximately 3,800 VINs.

5.      GM expects that it will be able to prepare a supplemental list of VINs, capturing those VINs that were inadvertently excluded from the October 2024 Class Vehicles List, by June 4, 2025.

I declare under the penalty of perjury under the laws of the State of California

and the United States that the foregoing is true and correct.

Executed this 15th day of May, 2025, in Glendale, California.

Daniel D. Queen

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| *In re Chevrolet Bolt EV Battery Litigation* | Case No. 2:20-cv-13256-TGB-CI <br><br> Hon. Terrence G. Berg |

## STIPULATED ORDER

For the reasons explained in the Parties' Joint Notice and Stipulation Regarding Final Approval Of Settlement ("Stipulation"), the Court enters an Order as follows:

1. The hearing on final approval of the Settlement and Plaintiffs' attorneys fees was held on May 19, 2025 at 1:30 p.m.;

2. On or before May 28, 2025, GM shall provide all omitted VINs to the Settlement Administrator;

3. On or before July 23, 2025, the Settlement Administrator will complete the supplemental notice program;

4. Consistent with the timelines set forth in the Preliminary Approval Order, Class Members subject to the supplemental notice program shall have until August 22, 2025 to object to the Settlement, and until September 22, 2025 to file claims or requests for exclusion;

5. On or before September 25, 2025, the Parties shall submit a Joint Status Report concerning the supplemental notice program and the claims, requests for exclusion, and any objections received from the Class Members subject to supplemental notice; and

6. The Court will hold a supplemental hearing concerning final approval, if it deems one necessary, on September 29, 2025.

**IT IS SO ORDERED.**

Dated: May 19, 2025                                    /s/Terrence G. Berg
                                                                        HON. TERRENCE G. BERG
                                                                        United States District Judge