## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

*In re Chevrolet Bolt EV Battery Litigation*

Case No. 2:20-cv-13256-TGB-CI

Hon. Terrence G. Berg

## STIPULATION REGARDING PROCEDURE FOR CHALLENGING DETERMINATION OF VALIDITY OF REQUESTS FOR EXCLUSION

The parties stipulate as follows:

1.     On May 16, 2024, Plaintiffs moved for preliminary approval of a class settlement in this action. ECF No. 157.

2.     On September 26, 2024, the Court entered an order granting preliminary approval. ECF No. 174 ("Preliminary Approval Order").

3.     Among other things, the Preliminary Approval Order set a February 24, 2025 deadline for Settlement Class Members to opt out of the Settlement Class, and provided specific, detailed instructions regarding what a Settlement Class Member must do for a request for exclusion (or opt out) "to be effective." ECF No. 174, PageID.10309-10310. In addition, the Preliminary Approval Order explained that "[a]ny member of the Settlement Class failing to properly and timely mail such a written Request for Exclusion shall be automatically included in the Settlement

1

Class." *Id.*, PageID.10310-10311. In addition, the order provided that "Settlement Class Members are preliminarily enjoined from: (i) filing, commencing, intervening in or participating as a plaintiff, claimant, or class member in any other lawsuit . . . based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to this Action or the Released Claims…." *Id.*

4.     Counsel for one group of Settlement Class Members filed a motion seeking permission to allow electronic opt outs. ECF No. 167. On October 28, 2024, the Court denied that motion, concluding the motion improperly sought to alter the opt-out procedure set forth in the Parties' Settlement Agreement and enforcing "the requirement of a physical signature." ECF No. 177, PageId.10323, 10328.

5.     On February 24, 2025, Plaintiffs filed a motion for final approval of the class settlement. ECF No. 189.

6.     On May 13, 2025, the Settlement Administrator filed a declaration with a Report on Exclusion Requests Received To Date ("Exclusion Report"). ECF No. 198. The Settlement Administrator filed a declaration with an Amended Exclusion Report on May 23, 2025. ECF No. 201. As stated in the Amended Exclusion Report, the Settlement Administrator deemed valid 1,827 of the 2,930 requests for exclusion it received. *Id.* The Settlement Administrator deemed the remaining 1,103 requests for exclusion invalid, and accordingly did not include them in the Amended Exclusion Report, because they did not comply with this Court's orders, including

the Preliminary Approval Order and the order rejecting the request to file electronic opt outs. *Id.*[1]

7.    The Court held a hearing relating to final approval of the Settlement on May 19, 2025. For the reasons discussed at the hearing, on May 19, 2025, the Court also issued a Stipulated Order directing the Settlement Administrator to provide notice of the settlement to Settlement Class Members associated with an estimated 3,800 Vehicle Identification Numbers ("VINs") inadvertently omitted from the class list provided to the Settlement Administrator in October 2024. ECF No. 199. The deadline for these "supplemental-notice Settlement Class Members" to object is August 22, 2025 and the deadline for them to opt out or file a claim is September 22, 2025. *Id.*, PageID.10792-10793.

8.    The Parties have met and conferred about a procedure by which any person who believes that he or she validly opted out, but who does not appear on the Amended Exclusion Report, may challenge the Settlement Administrator's decision to deem their opt out invalid. The Parties discussed this proposal with the Court during the May 19, 2025 hearing.

---

[1] At the May 19, 2025 hearing related to final approval, counsel for GM represented that there were approximately 700 invalid opt outs, based on the administrator's reported number of requests for exclusion received and the reported number of requests for exclusion deemed valid. The number of invalid opt outs is actually higher because, as reported in the administrator's May 22 declaration, the administrator had originally not counted the number of individual VINs listed on two mass opt-out letters in its summation of the requests for exclusion received.

9.     In light of those discussions, the Parties agree that, pursuant to its authority under Federal Rule of Civil Procedure 23(d) and consistent with the Court's Preliminary Approval Order, the Court should enter an Order as follows:

a.  Within seven days of this Order, the Settlement Administrator shall provide notice of this Order by any practicable means, including mail or e-mail, to any person who submitted a request for exclusion that was deemed invalid and left off the Amended Exclusion Report. If the only mailing or email address provided for a person in an invalid request for exclusion is for the person's counsel, and the Settlement Administrator is otherwise unable to identify accurate contact information based on the name and VIN provided, notice to the person's counsel is sufficient.

b.  To the extent counsel for GM is aware that any of those persons is represented by counsel, counsel for GM in this matter will endeavor to notify counsel for those persons of this Order.

c.  Within forty-two days of this Order, any person who believes that he or she validly opted out, but who does not appear on the Amended Exclusion Report, must file a motion with this Court showing good cause why their attempt to opt out should be treated as valid.

d.  Within fifty-six days of this Order, any of the Parties to this case (Plaintiffs and Defendants) may file an omnibus response to any such motions.

e.  The Court will thereafter issue an Order resolving any disputes regarding the validity of any opt outs that were not included on the Amended Exclusion Report.

**STIPULATED AND AGREED TO:**

DATED: May 28, 2025

By: */s/ Ryan McDevitt*

E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)
Dennis A. Lienhardt (P81118)
**THE MILLER LAW FIRM, P.C.**
950 West University Drive., Suite 300
Rochester, MI 48307
Tel: (248) 841-2200
Fax: (248) 652-2852
epm@millerlawpc.com
ssa@millerlawpc.com
dal@millerlawpc.com

Gretchen Freeman Cappio (P84390)
Ryan McDevitt (P84389)
**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3052
Tel: (206) 623-1900

By: */s/ Archis A. Parasharami*

John Nadolenco
Daniel D. Queen
Elisabeth M. Anderson
**MAYER BROWN LLP**
333 South Grand Avenue
47th Floor
Los Angeles, CA 90071
Tel: (213) 229-5173
Fax: (213) 625-0248
jnadolenco@mayerbrown.com
dqueen@mayerbrown.com
eanderson@mayerbrown.com

Archis A. Parasharami
**MAYER BROWN LLP**
1999 K Street, NW
Washington, DC 20006-1101
Tel: (202) 263-3328

Fax: (206) 623-3384
gcappio@kellerrohrback.com
rmcdevitt@kellerrohrback.com

**Interim Co-Lead Counsel**

Fax: (202) 263-3300
aparasharami@mayerbrown.com

Andrew S. Roseman (P54869)
**MAYER BROWN LLP**
71 South Wacker Drive
Chicago, IL 60606
Tel: (312) 782-0600
Fax: (312) 701-7711
aroseman@mayerbrown.com

*Attorneys for Defendant General Motors LLC*

By: */s/ Samuel L. Zimmerman*

Phoebe A. Wilkinson
Samuel L. Zimmerman
**HOGAN LOVELLS US LLP**
390 Madison Avenue
New York, NY 10017
Tel: (212) 918-3000
Fax: (212) 918-3100
Phoebe.wilkinson@hoganlovells.com
Samuel.zimmerman@hoganlovells.com

A. Michael Palizzi (P47262)
**MILLER CANFIELD**
150 West Jefferson Avenue, Suite 2500
Detroit, Michigan 48226
Tel: (313) 496-7645
Fax: (313) 496-7500
palizzi@miller.canfield.com

*Attorneys for Defendant LG Electronics USA, Inc.*

By: */s/ Jason R. Burt*

Mark S. Mester
Robert Collins
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700
Fax: (312) 993-9767
Mark.mester@lw.com
Robert.collins@lw.com

Jason R. Burt
**LATHAM & WATKINS LLP**
555 Eleventh St., NW, Suite 1000
Washington, DC 20004
Tel: (202) 637-2201
Fax: (202) 637-2201
Jason.burt@lw.com

*Attorneys for Defendant LG Energy Solutions Michigan, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

*In re Chevrolet Bolt EV Battery Litigation*

Case No. 2:20-cv-13256-TGB-CI

Hon. Terrence G. Berg

## STIPULATED ORDER

For the reasons explained in the Parties' Stipulation Regarding Procedure for Challenging Determination of Validity of Requests for Exclusion, the Court enters an Order as follows:

1. Within seven days of this Order, the Settlement Administrator shall provide notice of this Order by any practicable means, including mail or e-mail, to any person who submitted a request for exclusion that was deemed invalid and left off the Amended Exclusion Report. If the only mailing or email address provided for a person in an invalid request for exclusion is for the person's counsel, and the Settlement Administrator is otherwise unable to identify accurate contact information based on the name and VIN provided, notice to the person's counsel is sufficient.

2. To the extent counsel for GM is aware that any of those persons is represented by counsel, counsel for GM in this matter will endeavor to notify counsel for those persons of this Order.

3. Within forty-two days of this Order, any person who believes that he or she validly opted out, but who does not appear on the Amended Exclusion Report, must file a motion with this Court showing good cause why their attempt to opt out should be treated as valid.

4. Within fifty-six days of this Order, any of the Parties to this case (Plaintiffs and Defendants) may file an omnibus response to any such motions.

5. The Court will thereafter issue an Order resolving any disputes regarding the validity of any opt outs that were not included on the Amended Exclusion Report.

**IT IS SO ORDERED.**

Dated: May 29, 2025                    s/Terrence G. Berg
                                       HON. TERRENCE G. BERG
                                       U.S. District Judge