Joseph A. Kaufman, No. 228319
Scott A. Sanchez, No. 351467
**JOSEPH KAUFMAN & ASSOCIATES, INC.**
54 E. Holly St.,
Pasadena, CA 91103
Telephone: (626) 250-0405
Facsimile: (626) 768-7066
joe@lemonlawaid.com
scott@lemonlawaid.com

Attorneys for Class Member SALVADOR TORRES

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| *In re Chevrolet Bolt EV Battery Litigation* | Case No. 2:20-cv-13256-TGB-CI |
| | *Assigned to the Hon. Terrence G. Berg in Courtroom 701* |
| | **CLASS MEMBER SALVADOR TORRES'S MOTION SHOWING GOOD CAUSE RE VALID REQUEST FOR EXCLUSION** |
| | **[FILED CONCURRENTLY WITH DECLARATION OF SALVADOR TORRES; AND PROPOSED ORDER]** |
| | Date:  To Be Determined<br>Time:  To Be Determined |

**TO THE COURT, DEFENDANT AND ITS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on a date and time to be determined in Courtroom 701 of United States Courthouse located on 231 W. Lafayette Blvd., Detroit, MI 48226, Class Member Salvador Torres will and hereby moves this Court for an Order excluding Mr. Torres from the Settlement Class, finding his December 23, 2024, Request for Exclusion valid. In the alternative, Mr. Torres will and hereby

-2-

moves this Court for an Order accepting Mr. Torres's second Request for Exclusion valid and exclude him from the Class Settlement.

 This Application is based on the accompanying declaration, pleadings herein, attached exhibits, this Court's May 29, 2025, Order, and upon such evidence, oral and documentary, that may be presented at the hearing.

Date: July 9, 2025      JOSEPH KAUFMAN & ASSOCIATES, INC.

            By:  */s/Scott A. Sanchez*
               Joseph A. Kaufman. Esq.
               Scott A. Sanchez, Esq.
               Attorneys for Class Member
               SALVADOR TORRES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On September 18, 2024, Mr. Salvador Torres filed a lawsuit against General Motors, LLC ("GM"). Mr. Torres's complaint included a cause of action for GM's violation of the Song-Bevely Consumer Warranty Act, commonly known as California's lemon law. Mr. Torres's claims against GM relate to his 2021 Chevrolet Bolt, which suffers from defects relating to the vehicle's battery, reduced range, and other issues. The 2021 Chevrolet Bolt falls within the class of vehicles subject to this action. On December 23, 2024, Mr. Torres submitted his Request for Exclusion of the Settlement Class. However, Mr. Torres received notification that his opt-out request was deemed invalid, prompting him to re-submit the Request for Exclusion on June 9, 2025. Through this Motion, Mr. Torres respectfully requests that the Court find his December 23, 2024, Request for Exclusion valid, or, in the alternative, accepts Mr. Torres's second Request for Exclusion under Fed. Rules Civ. Proc., Rule 60 and exclude him from the Class Settlement.

## II. FACTS

On July 2, 2024, Mr. Torres purchased a 2021 Chevrolet Bolt (the "vehicle") manufactured by GM. See the Declaration of Salvador Torres ("Torres Decl."), ¶ 1. Unbeknownst to Mr. Torres, the vehicle's charging and range capacity was reduced by at least twenty percent due to a software update performed shortly before purchase. *Id*. Less than one month after purchasing the vehicle, Mr. Torres was forced to take his vehicle to a GM-authorized repair facility as he experienced worsening issues with the vehicle's battery and reduced range. *Id*., at ¶ 2. Despite GM's repair attempts, the vehicle's issues were unresolved. *Id*., at ¶ 3. Mr. Torres contacted GM, prior to filing suit and requested a lemon law repurchase which was ultimately ignored by GM. *Id*., at ¶ 4.

///

Left with no choice, on September 18, 2024, Mr. Torres filed a lawsuit against GM. *Id.*, at ¶ 5, Ex. 1. Mr. Torres's complaint includes a cause of action for GM's violation of the Song-Bevely Consumer Warranty Act, commonly known as California's lemon law, along with other causes of action related to the vehicle's warranty and defects.

On September 26, 2024, this Court issued a preliminary approval of settlement order in this class action, approving the plan for distributing notice to the Settlement Class and the procedures to opt out from the Settlement Class. Accordingly, the Court prescribed an opt-out deadline of February 23, 2025, or one hundred and fifty (150) days following the September 26, 2024, Order. To opt-out, the Order required that a Class Member send a Request for Exclusion stating 1) the Class Member's full name, telephone number, and current address; 2) the vehicle's year, model, and Vehicle Identification Number ("VIN"), and 3) a statement indicating the Class Member's intent to be excluded from the Settlement and Settlement Class.

On December 23, 2024, Mr. Torres sent via first class U.S. mail, to the address specified in the Notice of Proposed Class Settlement, his Request for Exclusion. Torres Decl., ¶ 6, Ex. 2. Mr. Torres's opt-out request included the required information listed above and was personally signed by Mr. Torres using an electronic signature. *Id.*, at ¶ 7. At that time, Mr. Torres was unaware that electronic signatures on Requests for Exclusion were not permitted. *Id.*

On June 5, 2025, Mr. Torres received notification that his Request for Exclusion was deemed invalid, due to his use of electronic signature. Said notification advised that the Court issued an Order setting out a procedure to challenge any determination that a request for exclusion is invalid. On June 9, 2025, Mr. Torres re-submitted his Request for Exclusion with a wet signature. *Id.*, at ¶ 8, Ex. 3. Thus, Mr. Torres respectfully requests that the Court find his December 23, 2024, Request for

Exclusion valid, or accepts his June 9, 2025, Request for Exclusion under Fed. Rules Civ. Proc., Rule 60 and exclude him from the Settlement Class.

### III. ARGUMENT

**A. Good Cause Exists For the Court to Treat Mr. Torres's Request for Exclusion as Valid**

The Federal Rules of Civil Procedure provide Courts discretion to permit late filings due to mistake, inadvertence, surprise, or excusable neglect. "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect … (6) any other reason that justifies relief." Fed. Rules Civ. Proc., Rule 60. Thus, "[t]o determine whether a class member may belatedly opt out of a class settlement, courts consider whether there was 'excusable neglect,' by considering the Pioneer factors: (1) "the danger of prejudice to [Porsche]"; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control of [Christiansen]"; and (4) "whether [Christiansen] acted in good faith." <u>In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation</u> (N.D. Cal., Mar. 22, 2023, No. 15-MD-02672-CRB) 2023 WL 2600450, at *4.

Mr. Torres has consistently and unambiguously requested to be excluded from this Class Settlement and any failure to comply with the opt-out requirements is due to mistake, inadvertence, surprise, or excusable neglect. Here, the Court has delineated a timeframe during which "any person who believes that he or she validly opted out, but who does not appear on the Amended Exclusion Report, must file a motion with this Court showing good cause why their attempt to opt out should be treated as valid." See Dkt No. 203. Said deadline elapses on July 10, 2025, or, within

forty-two days of the May 29, 2025, Order. Mr. Torres is requesting relief during the prescribed timeframe, limiting the potential impact on the judicial proceedings.

Additionally, Mr. Torres submitted his Request for Exclusion within the February 23, 2025, opt-out deadline. Torres Decl., ¶ 6, Ex. 2. His Request for Exclusion complied with all the requirements of the September 26, 2024, Order, as it included all the required information: 1) the Class Member's full name, telephone number, and current address; 2) the vehicle's year, model, and Vehicle Identification Number ("VIN"), and 3) a statement indicating the Class Member's intent to be excluded from the Settlement and Settlement Class. *Id*. The sole error in his Request for Exclusion refers to his use of an electronic signature. Upon receiving notice that his Request for Exclusion was deemed invalid due to his use of an electronic signature, Mr. Torres promptly submitted a second Request for Exclusion bearing his wet signature to correct his mistake. *Id*., at ¶ 8, Ex. 3. Of note, Mr. Torres's counsel's office submitted other Requests for Exclusion on behalf of other Class Members, identical to Mr. Torres's Request. Those Requests were deemed valid, effectively excluding two former Class Members.

Electronic signatures are commonly used in various day-to-day transactions and are typically the legal equivalent of wet signatures. "[A] signature, contract, or other record relating to such transaction may not be denied legal effect, validity, or enforceability solely because it is in electronic form." 15 U.S.C.A. § 7001 (a)(1). Further, the Notice of Proposed Class Settlement listing the opt out procedure did not specify a requirement for "wet" signatures, it only advised that the Request for Exclusion must contain "your signature and the date you signed it." Mr. Torres's use of electronic signature was in good faith while complying with the opt-out procedure, and he promptly sought to correct the mistake by re-submitting his Request for Exclusion with his wet signature once he became aware that his December 23, 2024, signature was deemed invalid.

Mr. Torres's action against General Motors, LLC, has been pending in the Superior Court of the State of California, County of Solano, since September 18, 2024. Torres Decl., ¶ 5, Ex. 1. Excluding Mr. Torres would not prejudice the settlement or the judicial proceedings in this action. Instead, it would limit Mr. Torres's ability to pursue enforcement of his rights under the California Song-Beverly Consumer Warranty Act and his other causes of action. Thus, Mr. Torres respectfully requests this Court to exclude him from the Settlement Class.

### IV. CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court find his December 23, 2024, Request for Exclusion valid, or, alternatively, accepts Mr. Torres's second Request for Exclusion under Fed. Rules Civ. Proc., Rule 60 and exclude him from the Class Settlement.

Date:  July 9, 2025            **JOSEPH KAUFMAN & ASSOCIATES, INC.**

                               By:   */s/Scott A. Sanchez*
                                     Joseph A. Kaufman, Esq.
                                     Scott A. Sanchez, Esq.
                                     Attorneys for
                                     SALVADOR TORRES

# CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2025, I filed the foregoing document entitled **CLASS MEMBER SALVADOR TORRES'S MOTION SHOWING GOOD CAUSE RE VALID REQUEST FOR EXCLUSION** with the clerk of court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

                                  /s/ *Norma Lara*
                                  Norma Lara