Joseph A. Kaufman, No. 228319
Scott A. Sanchez, No. 351467
**JOSEPH KAUFMAN & ASSOCIATES, INC.**
54 E. Holly Street
Pasadena, CA 91103
Telephone: 626-250-0405
Facsimile: 626-768-7066
joe@lemonlawaid.com
scott@lemonlawaid.com

Attorneys for Class Member SALVADOR TORRES

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| *In re Chevrolet Bolt EV Battery Litigation* | Case No. 2:20-cv-13256-TGB-CI |
| | *Assigned to the Hon. Terrence G. Berg in Courtroom 701* |
| | **DECLARATION OF SALVADOR TORRES IN SUPPORT OF MOTION SHOWING GOOD CAUSE RE VALID REQUEST FOR EXCLUSION** |
| | *Filed concurrently with Motion and [Proposed] Order* |

1

## DECLARATION OF SALVADOR TORRES

I, Salvador Torres, declare as follows:

1. On July 2, 2024, I purchased a 2021 Chevrolet Bolt ("vehicle"). Unbeknownst to me, the vehicle's charging and range capacity was reduced by at least twenty percent due to a software update performed shortly before purchase. The vehicle suffers from defects related to the battery, reduced range, and other issues.

2. Less than one month after purchasing the vehicle, I was forced to take the vehicle to a GM-authorized repair facility as the vehicle's battery and reduced range issues worsened.

3. Despite GM's repair attempts, the vehicle's issues were never resolved.

4. I contacted GM in July of 2024, and requested a lemon law repurchase of my vehicle. GM ignored my request despite requesting and receiving documents.

5. On September 10, 2024, I filed a lawsuit against GM in the Superior Court of California, County of Solano, which was thereafter amended in December 2024. Attached hereto as **Exhibit 1** is a true and correct copy of the first amended complaint.

6. On December 23, 2024, I sent via first class U.S. mail a Request for Exclusion listing 1) my full name, telephone number, and current address; 2) the vehicle's year, model, and Vehicle Identification Number ("VIN"), and 3) a statement indicating my intent to be excluded from the Settlement and Settlement Class. Attached hereto as **Exhibit 2** is a true and correct copy of the Request for Exclusion dated December 23, 2024.

7. I personally signed my December 23, 2024, Request for Exclusion using an electronic signature. See Exhibit 2. At that time, I was not aware that the use of electronic signatures was not permitted for this type of Request.

8. On June 9, 2025, I re-submitted my Request for Exclusion, this time bearing my "wet" signature. Attached hereto as **Exhibit 3** is a true and correct copy of the Request for Exclusion submitted on June 9, 2025.

///

///

1               I declare under penalty of perjury under the laws of the State of California that the foregoing

2 is true and correct.

3               Executed on  07/08/2025  in San Ramon, California.

4

5                                      Salvador Torres (Jul 8, 2025 13:32 PDT)

6                                     Salvador Torres

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF SALVADOR TORRES ISO PLAINTIFFS' MOTION REGARDING GOOD CAUSE

# EXHIBIT 1

Joseph A. Kaufman, No. 228319
Scott A. Sanchez, No. 351467
**JOSEPH KAUFMAN & ASSOCIATES, INC.**
54 E. Holly Street
Pasadena, CA 91103
Telephone: 626-250-0405
Facsimile: 626-768-7066
joe@lemonlawaid.com
scott@lemonlawaid.com

Attorneys for Plaintiff SALVADOR TORRES

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SOLANO

| | |
|---|---|
| SALVADOR TORRES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MOTORS, LLC, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CU24-07120<br><br>*Assigned for all purposes to the Hon. Christine A. Carringer in Dept. 12*<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1. **VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT § 1796.5**<br>2. **VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT § 1793.2(d)(1)**<br>3. **VIOLATION OF CALIFORNIA COMMERCIAL CODE § 2313**<br>4. **VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT § 1750, et seq.**<br>5. **VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT** |

Plaintiff SALVADOR TORRES, alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff is informed and believes, and thereon alleges, that at all times herein defendant GENERAL MOTORS, LLC is and was a limited liability company registered to do business in the State of California and doing business in the County of Solano.

2. The true names and capacities of Does 1 through 10, inclusive, are not known

1   to plaintiff at this time and therefore plaintiff sues those defendants by such fictitious names.

2   Plaintiff will amend this Complaint to allege the true names and capacities of such defendants

3   when they are ascertained.

4       3.     Each of the defendants in this case acted as the principal, agent, employee or

5   other authorized representative in relation to the other; all defendants acted at all times mentioned

6   in this Complaint within the course and scope of their respective authority and with the full

7   knowledge and consent of the other defendants.  Furthermore, plaintiff is informed and believes,

8   and thereon alleges, that all acts of corporate employees as hereinafter alleged were authorized or

9   ratified by an officer, director or managing agent of the corporate employer.

10       4.     On or about July 2, 2024, plaintiff purchased a 2021 Chevrolet Bolt EV, VIN

11   1G1FY6S09M4112001 (hereinafter referred to as the "consumer good").

12       5.     Pursuant to the Song-Beverly Consumer Warranty Act (hereinafter the "Act")

13   Civil Code sections 1790 et seq., the aforementioned 2021 Chevrolet Bolt EV, VIN

14   1G1FY6S09M4112001 constitutes a "consumer good."

15       6.     Plaintiff is a "buyer" of consumer goods under the Act.

16       7.     Defendant GENERAL MOTORS, LLC is a "manufacturer".

17       8.     Defendant GENERAL MOTORS, LLC offered an "express warranty" to

18   plaintiff pursuant to the Act.

19       9.     GENERAL MOTORS, LLC's express warranty applies to all new and

20   subsequent owners of the aforementioned consumer good.

21       10.    The consumer good has suffered from nonconformity(s) to warranty to,

22   including, but not limited to, battery, reduced range, and other defects.  The foregoing defect(s)

23   and nonconformity(s) to warranty manifested itself within the applicable express warranty period.

24       11.    Plaintiff delivered the aforementioned consumer good to an authorized

25   GENERAL MOTORS, LLC service and repair facility for repair of the aforementioned

26   nonconformities on numerous occasions.

27       12.    Defendant has been unable and/or has refused to conform the consumer good to

28   the applicable express warranty under the Act after a reasonable number of attempts.  Therefore,

1    the aforementioned nonconformities substantially impair the use, value and/or safety of the

2    consumer good to plaintiff.

3                            **FIRST CAUSE OF ACTION**

4         **Violation of the Song-Beverly Consumer Warranty Act § 1796.5**

5         13.    Plaintiff hereby incorporates by reference all of the allegations set forth above.

6         14.    Defendants GENERAL MOTORS, LLC has a duty to Plaintiff to service or

7    repair the consumer good in a good and workmanlike manner per Song-Beverly Act § 1796.5.

8         15.    Defendants GENERAL MOTORS, LLC breached its duty to Plaintiff to service

9    or repair the consumer good in a good and workmanlike manner per Song-Beverly Act § 1796.5

10   as the consumer good's defects persist despite multiple service and repair attempts.

11                          **SECOND CAUSE OF ACTION**

12      **Violation of the Song-Beverly Consumer Warranty Act § 1793.2(d)(1)**

13        16.    Plaintiff hereby incorporates by reference all of the allegations set forth above.

14        17.    Per Song-Beverly Act § 1793(d)(1), Defendants GENERAL MOTORS, LLC

15   has an obligation to replace the goods or reimburse Plaintiff in an amount equal to the purchase

16   price paid as GENERAL MOTORS, LLC has failed to service or repair the consumer good to

17   conform to the applicable express warranties after a reasonable number of attempts.

18        18.    Notwithstanding plaintiff's entitlement to a repurchase under Song-Beverly Act

19   § 1793(d)(1) and defendant GENERAL MOTORS, LLC's knowledge of that entitlement through

20   GENERAL MOTORS, LLC's internal repair, communication, and warranty records, defendant

21   intentionally refused to comply with its obligations under Song-Beverly Act § 1793(d)(1) to

22   replace the consumer good or reimburse Plaintiff for the amount paid.

23        19.    By failure of the defendant to comply with its obligations under the Act to

24   repurchase the consumer good and make restitution, defendant is in breach of its obligations

25   under the Act.

26        20.    Plaintiff is entitled to justifiably revoke acceptance of the aforementioned

27   consumer good under the Act.

28        21.    Under the Act, plaintiff is entitled to replacement of the consumer good or

-3-

1  reimbursement of the purchase price paid for the consumer good less that amount directly

2  attributable to use by the plaintiff prior to the discovery of the nonconformities.

3      22.    Plaintiff is entitled to all incidental, consequential and general damages

4  resulting from defendant's failure to comply with its obligations under the Act.

5      23.    Plaintiff is entitled under the Act to recover as part of the judgment a sum equal

6  to the aggregate amount of costs and expenses, including attorneys' fees, reasonably incurred in

7  connection with the commencement and prosecution of this action.

8      24.    Plaintiff is entitled in addition to the amounts recovered, a civil penalty of up to

9  two times the amount of actual damages in that defendant has willfully failed to comply with its

10 responsibilities under the Act.

## THIRD CAUSE OF ACTION

## Violation of the California Commercial Code § 2313

13     25.    Plaintiff incorporates by reference the allegations set forth above.

14     26.    According to California Commercial Code ("CCC") § 2313, Defendant

15 GENERAL MOTORS, LLC provided an express warranty to Plaintiff which formed part of the

16 basis of the bargain between Plaintiff and Defendant for sale of the good.

17     27.    Defendants GENERAL MOTORS, LLC breached the express warranty in that

18 (a) Defendant made an affirmation of fact or promise related to the good; (b) the affirmation or

19 promise was part of the basis of the bargain; (c) the good did not perform as stated or promised;

20 (d) Plaintiff took reasonable steps to inform Defendant within a reasonable amount of time that

21 the good was not as represented, whether Defendant received such notice or not; (e) Defendant

22 failed to repair the good; (f) Plaintiff was injured; and (g) the good's failure to conform as

23 represented was a substantial factor in causing Plaintiff's injury.

## FOURTH CAUSE OF ACTION

## Violation of the Cousumer Legal Remedies Act § 1750, et seq.

26     28.    Plaintiff hereby incorporates by reference all of the allegations set forth above.

27     29.    The 2021 Chevrolet Bolt EV, VIN 1G1FY6S09M4112001 constitutes "goods"

28 bought for use primarily for personal, family or household purposes pursuant to California Civil

1   Code §1761(a).

2       30.      GENERAL MOTORS, LLC is a "person" pursuant to California Civil Code

3   §1761(c).

4       31.      Plaintiff is a "consumer" pursuant to California Civil Code §1761(d).

5       32.      The advertisement and sale of the consumer good to plaintiff is a "transaction"

6   pursuant to California Civil Code §1761(e).

7       33.      Pursuant to the Consumers Legal Remedies Act ("CLRA"), the following

8   unfair methods of competition and unfair or deceptive acts or practices are prohibited: (2)

9   Misrepresenting the source, sponsorship, approval, or certification of goods or services; (7)

10  Representing that goods or services are of a particular standard, quality or grade, or that goods are

11  of a particular style or model, if they are of another; (9) Advertising goods or services with intent

12  not to sell them as advertised; and (14) Representing that a transaction confers or involves rights,

13  remedies, or obligations which it does not have or involve, or which are prohibited by law.

14      34.      GENERAL MOTORS, LLC, violated the CLRA in multiple respects,

15  including: (1) failing to comply with its written warranty representations in properly repairing the

16  good; (2) failing to comply with its written warranty representations to cover the cost of all parts

17  and labor including, but not limited to, the battery and reduced range; (3) inducing consumers into

18  believing that they are purchasing a high quality consumer good based on GENERAL MOTORS,

19  LLC's written warranties; and (4) failing to ensure that the consumer good was advertised and

20  sold in accordance with GENERAL MOTORS, LLC's written warranties.

21      35.      GENERAL MOTORS, LLC, further violated the CLRA by failing to inform

22  Plaintiff that the consumer good suffers from reduced charging capacity in that the battery could

23  only charge up to 80%, which reduces the consumer good's range. Plaintiff would not have

24  purchased the consumer good had he known about the battery defect.

25      36.    GENERAL MOTORS, LLC, knew of the battery defect affecting the consumer good

26  due to recalls, customer complaints, and a class action lawsuit for which Plaintiff has opted out.

27  GENERAL MOTORS, LLC, purposefully withheld information regarding the consumer good's

28  defects which induced Plaintiff into purchasing the consumer good.

37.    With the sale of the consumer good, GENERAL MOTORS, LLC provided Plaintiff with the balance of the original New Vehicle Limited Warranty.

38.    With the sale of the consumer good, GENERAL MOTORS, LLC, provided Plaintiff with the balance of the battery warranty.

39.    The consumer good was delivered with nonconformities to these warranties, which manifested within the applicable warranty periods.

40.    Despite several repair opportunities given to GENERAL MOTORS, LLC, its repair attempts failed, and the nonconformities continue to manifest.

41.    By and through the warranty, customer service, and repair records, defendants were aware, or should have been aware, of the concerns with the consumer good. However, GENERAL MOTORS, LLC, failed to repurchase or replace the consumer good.

42.    On July 23, 2024, Plaintiff sent GENERAL MOTORS, LLC, via certified mail, a CLRA notification and demand letter.

43.    On July 26, 2024, GENERAL MOTORS, LLC, received the CLRA notification and demand letter. At the time of this complaint, GENERAL MOTORS, LLC has not complied with its obligations under the CLRA.

44.    Pursuant to Civil Code § 1782(b)(2), Plaintiff now seeks punitive damages due to GENERAL MOTORS, LLC's failure to comply with the CLRA within 30 days of receipt of Plaintiff's CLRA notification and demand letter.

45.    Pursuant to Civil Code § 1780(a)(2), Plaintiff seeks an injunction prohibiting GENERAL MOTORS, LLC from engaging in the acts or practices described in this complaint that violate the CLRA.

## **FIFTH CAUSE OF ACTION**

### **Breach of the Magnuson-Moss Warranty Act**

46.    Plaintiff hereby incorporates by reference all of the allegations set forth above.

47.    Plaintiff is a "Consumer" as defined in the Magnuson-Moss Warranty Act (hereinafter referred to as the "Mag-Moss Act") 15 USC 2301(3).

48.    GENERAL MOTORS, LLC is a "Supplier" and "Warrantor" as defined by the Mag-

-6-

1  Moss Act, 15 USC 2301(4), (5).

2     49.  The consumer good is a "Consumer Product" as defined in the Mag-Moss Act, 15

3  USC 2301(1).

4     50.  The consumer good was manufactured, sold, and purchased after July 4, 1975.

5     51.  The express warranties given by GENERAL MOTORS, LLC pertaining to the

6  consumer good are "Written Warranties" as defined in the Mag-Moss Act, 15 USC 2301(6).

7     52.  The above-described failure to repair and/or properly repair the above-mentioned

8  nonconformities, including failure to honor the written warranty, constitutes a breach of the

9  written warranty by GENERAL MOTORS, LLC, actionable under the Mag-Moss Act, 15 USC

10  2310(d)(1), (2).

11     53.  Plaintiff has met all obligations and preconditions in the bringing of this claim.

12     54.  Plaintiff has suffered general, special, and actual damages as a direct and proximate

13  result of the actions of defendants GENERAL MOTORS, LLC. The amount of said damages are

14  within the jurisdiction of this Court and are to be determined according to proof at trial.

15     55.  Under the Mag-Moss Act, Plaintiff is entitled to reimbursement of the entire amount

16  paid or payable.

17     56.  Plaintiff is entitled to all incidental, consequential, penalties, and general damages

18  resulting from defendant GENERAL MOTORS, LLC's failure to comply with its obligations

19  under the Mag-Moss Act.

20     57.  Plaintiff has been damaged by defendant GENERAL MOTORS, LLC's failure to

21  comply with its express warranties and any other violations alleged herein. Thus, Plaintiff brings

22  this claim pursuant to the Mag-Moss Act and seeks all remedies made available to said Act,

23  including, but not limited to, California's Song-Beverly Act and the Commercial Code.

24     58.  Plaintiff is entitled to recover as part of the judgment a sum equal to the aggregate

25  amount of costs and expenses, including attorneys' fees, reasonably incurred in connection with

26  the commencement and prosecution of this action.

27  ///

28  ///

-7-

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment against defendant as follows:

A.  For rescission of the contract and restitution of all consideration;

B.  For diminution in value;

C.  For actual, compensatory, and general damages according to proof at time of trial;

D.  That such actual, compensatory, and general damages be doubled and awarded to Plaintiff as a civil penalty;

E.  For reasonable expenses reasonably incurred in the custody, preservation, use, or operation of the consumer good;

F.  For pre-judgment interest from the date of rescission;

G.  For punitive damages;

H.  For attorneys' fees incurred herein according to proof;

I.  For equitable and injunctive relief under Civil Code §1780 prohibiting defendant GENERAL MOTORS, LLC from engaging in the acts or practices described in this complaint that violate the Consumers Legal Remedies Act;

J.  For costs of suit and expenses, according to proof; and,

K.  Such other relief the Court deems appropriate.

Date:  December 30, 2024

JOSEPH KAUFMAN & ASSOCIATES, INC.

By: _____

JOSEPH A. KAUFMAN
SCOTT A. SANCHEZ
Attorneys for Plaintiff
SALVADOR TORRES

-8-

**AFFIDAVIT OF VENUE**

I, Salvador Torres, state as follows:

1.      I hereby submit this affidavit in compliance with the Consumer Legal Remedies Act, Civil Code section 1780(d). If called to testify, I am willing and able to testify competently to the facts set forth herein.

2.      I am informed and believe that Defendant GENERAL MOTORS, LLC is and was a Delaware limited liability company registered to do business in the State of California and that at all times relevant hereto, GENERAL MOTORS, LLC was conducting business in the County of Solano.

3.      The acts, practices, policies, and procedures which form the basis of this action, or a substantial portion thereof, occurred in Solano County, where Defendant GENERAL MOTORS, LLC does business, and where the transaction(s) giving rise to the Consumer Legal Remedies Act occurred.

4.      I commence this action in the Superior Court of California, County of Solano, which is located in the same county in which Defendant GENERAL MOTORS, LLC does business and has availed itself to.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed in San Ramon, California.

Date: <u>December 30, 2024</u>

Salvador Torres (Dec 30, 2024 13:56 PST)

Salvador Torres

-9-

**FIRST AMENDED COMPLAINT**

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 54 E. Holly St., Pasadena, CA 91103.

On December 31, 2024, I served the foregoing document described as:

**FIRST AMENDED COMPLAINT FOR: 1. VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT §1796.5 2. VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT § 1793.2(d)(1) 3. VIOLATION OF CALIFORNIA COMMERCIAL CODE § 2323 4. VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT § 1750, ET SEQ. 5. VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT**

_____ a true copy thereof enclosed in a sealed envelope addressed as follows:

Matthew Dobson, Esq.
THE ERSKINE LAW GROUP, PC.
1592 N. Batavia St., Ste 1A
Orange, CA 92867

_____ (BY MAIL) I deposited such envelope with postage thereon fully prepaid in the United States mail at Los Angeles, California.

___X___ **(BY ELECTRONIC SERVICE)** I caused such documents to be emailed to mdobson@erskinelaw.com; eservice-ca@erskinelaw.com

___X___ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 31, 2024, at Los Angeles, California.

_____
Norma Lara

EXHIBIT 2

Salvador Torres
110 Shoreline Cir Apt 431
San Ramon, CA 94582

**VIA USPS PRIORITY MAIL**

December 23, 2024

Chevrolet Bolt Litigation Settlement Administration
P.O. 301134
Los Angeles, CA 90030-1134

**Re: Clear Statement of Intent to Exclude Myself From Class Action Settlement**

To Whom It May Concern:

I write now to provide you with my clear statement of intent to exclude myself from the Chevy Bolt Battery Litigation Settlement resulting from the lawsuit *In re Chevrolet Bolt EV Battery Litigation*, No. 2:20-13256-TGB-CI (E.D. Mich.). My name is Salvador Torres. The vehicle is a 2021 Chevrolet Bolt EV, VIN 1G1FY6S09M4112001. My address is above. My phone number is (805) 540-1840.

Sincerely,

Salvador Torres (Dec 23, 2024 18:38 EST)

Salvador Torres



US POSTAGE & FEES PAID IMI
PRIORITY MAIL
ZONE 1 FLAT-RATE ENVELOPE
Commercial

063S0001443327
16984142
FROM 91103

Stamps

12/23/2024

# USPS PRIORITY MAIL ®

Norma Lara
Joseph Kaufman & Associates, Inc.
54 E Holly St
Pasadena CA 91103-3905

SHIP TO:

Chevrolet Bolt Litigation
Settlement Administration
Po Box 301134
Los Angeles CA 90030-1134

## USPS TRACKING #



9405 5112 0620 6866 6797 33



EXHIBIT 3

Salvador Torres
110 Shoreline Cir Apt 43
San Ramon, CA 94582

<u>VIA USPS PRIORITY MAIL</u>

June 6, 2025

Chevrolet Bolt Litigation Settlement Administration
P.O. 301134
Los Angeles, CA 90030-1134

Re: Clear Statement of Intent to Exclude Myself From Class Action Settlement

To Whom It May Concern:

I write now to provide you with my clear statement of intent to exclude myself from the Chevy Bolt Battery Litigation Settlement resulting from the lawsuit *In re Chevrolet Bolt EV Battery Litigation*, No. 2:20-13256-TGB-CI (E.D. Mich.). My name is Salvador Torres. The vehicle is a 2021 Chevrolet Bolt EV, VIN 1G1FY6S09M4112001. My address is above. My phone number is (805) 540-1840.

Sincerely,

Salvador Torres




PRIORITY MAIL
ZONE 1 FLAT-RATE ENVELOPE
Commercial

063S0001443324
16984142
FROM 91103

06/09/2025

# USPS PRIORITY MAIL ®

Norma Lara
Joseph Kaufman & Associates, Inc.
54 E Holly St
Pasadena CA 91103-3905

**SHIP TO:**



Chevrolet Bolt Litigation
Settlement Administration
P.O. 301134
Los Angeles CA 90030

## USPS TRACKING #



9405 5111 0549 5827 9588 84



# **CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2025, I filed the foregoing document entitled **DECLARATION OF SALVADOR TORRES IN SUPPORT OF MOTION SHOWING GOOD CAUSE RE VALID REQUEST FOR EXCLUSION** with the clerk of court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

/s/ ***Norma Lara***

Norma Lara