**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| *In re Chevrolet Bolt EV Battery Litigation* | Case No. 2:20-cv-13256-TGB-CI |
| | Hon. Terrence G. Berg |
| | Magistrate Judge Curtis Ivy |

---

**MOTION TO FIND REQUESTS FOR EXCLUSION VALID FOR GOOD CAUSE UNDER ECF NO. 203, OR IN THE ALTERNATIVE, TO ACCEPT BELATED REQUESTS FOR EXCLUSION WITH WET SIGNATURES**

COME NOW Individual Class Members in the Chevrolet Bolt EV Battery Litigation ("Movants"), by and through the undersigned attorneys, and file this Motion for Good Cause as to Why their Requests to Exclude Themselves Signed with Electronic Signatures Should be Treated as Valid, or in the Alternative, to Accept the Belated Requests for Exclusion with Wet Signatures. In support of this Motion, Movants rely on the facts and law set forth in the attached Brief in Support.

Respectfully submitted,

By: _/s/ Erik H. Johnson_
Patrick C. Lannen (P73031)
Erik H. Johnson (P85017)
Brooke A. Nosanchuk (P86293)
**Stinar, Gould, Grieco & Hensley, PLLC**
550 W. Merrill St., Suite 240
Birmingham, MI, 48009
patrick@sgghlaw.com
erik@sgghlaw.com
brooke@sgghlaw.com

Dated: July 9, 2025                    *Counsel for Movants*

## BRIEF IN SUPPORT OF MOTION TO FIND REQUESTS FOR EXCLUSION VALID FOR GOOD CAUSE UNDER ECF NO. 203, OR IN THE ALTERNATIVE, TO ACCEPT BELATED REQUESTS FOR EXCLUSION WITH WET SIGNATURES

60281111.1

## CONCISE STATEMENT OF THE ISSUE PRESENTED

Whether the Court should find the Movants' requests for exclusion from the class settlement valid for good cause shown where Movants submitted electronically signed, and timely requests for exclusion containing every piece of information to put General Motors on notice of each individual movant's desire to opt out of the class settlement, or, alternatively, find that Movants' be allowed to submit belated requests to opt out with wet signatures?

Movants say:                          "Yes"

Settlement Administrator says:        "No"

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

**Cases:**

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950)

*In re Deepwater Horizon*, 819 F.3d 190 (5th Cir. 2016)

*McCubbrey v. Boise Cascade Home & Land Corp.*, 71 F.R.D. 62 (N.D. Cal. 1976)

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993)

*Silber v. Mahon*, 18 F.3d 1449 (9th Cir. 1994)

**Statutes:**

MCL § 450.833, *et seq*.

**Rules:**

Federal Rule of Civil Procedures 23

**Other Sources:**

Wright and Miller, § 1787 Notice in Class Actions—Contents of Notice in Rule 23(b)(3) Actions, 7AA Fed. Prac. & Proc. Civ. § 1787 (3d ed.).

## I.     INTRODUCTION

This is the quintessential case of form over substance. Movants are 584 individual class members represented by the law firms of Stinar Gould Grieco & Hensley as well as Manookian Law. Having been informed of the terms of the proposed class settlement, Movants each individually requested exclusion from the class and desires to pursue their individual claims against General Motors ("GM"). Movants' California counsel, Manookian Law, submitted individual requests for exclusion, also known as opt-out requests, containing every piece of information requested by the Settlement Administrator and electronically signed by its clients. Each individual opt-out request was sent separately to the Settlement Administrator as Manookian Law received the client-signed documents with their clients' return addresses.

The Settlement Administrator excluded most but not all those requests for exclusion because they lacked wet signatures. As discussed more fully below, the Settlement Administrator did not provide any information suggesting wet signatures were required, and now it wants to exclude Movants for what at best can be considered a foot fault.

Additionally, each of the 584 Movants have a corresponding state lawsuit and case number in California, most of which have been pending for over a year. Attached as **Exhibit A** is a spreadsheet showing the name of each Movant, the

1

make/model of their vehicle, the year of their vehicle, the VIN number, as well as the case number and county where each Movant has a pending California lawsuit. For the reasons discussed more fully below, Movants request that the Court find good cause to find each request for exclusion valid. In the alternative, Movants ask the Court to allow belated requests for exclusion with wet signatures.

## II.   FACTUAL BACKGROUND

On February 24, 2025, Plaintiffs filed a motion for final approval of the class settlement.[1] ECF No. 189. On May 13, 2025, the Settlement Administrator filed a declaration with a Report on Exclusion Requests Received To Date ("Exclusion Report"). ECF No. 198. The Settlement Administrator filed a declaration with an Amended Exclusion Report on May 23, 2025. ECF No. 201. As stated in the Amended Exclusion Report, the Settlement Administrator deemed valid 1,827 of the 2,930 requests for exclusion it received. *Id.* The Settlement Administrator deemed the remaining 1,103 requests for exclusion invalid and accordingly did not include them in the Amended Exclusion Report, because they did not allegedly comply with this Court's orders, including the Preliminary Approval Order and the order rejecting the request to file electronic opt-outs. *Id.*

---

[1] "Plaintiffs" or "Class Representatives" collectively refer to the following individuals: Robin Altobelli, F. Dayle Andersen, Bruce James Cannon, Mary Carr and Jan G. Wyers, Yohanes Chitra, Christine Chung, Daniel Corry, John DeRosa, William Dornetto and Russell Ives, Kevin Harris and Pamela Duprez, Michael Hickey, Michael and Denise Holbrook, Fred Kass, James Kotchmar, Robert Kuchar, Joseph Poletti, Edward and Janet Rock, Evi Schulz, Michael Smith, Ashley Strong, Alucard Taylor, Jason Vaaler, Tony Verzura, Shawn Walker, and Thomas and Carol Whittaker.

2

Movants each individually submitted timely requests for exclusion with all the required information to the Settlement Administrator. However, because Movants' requests for exclusion did not include their "wet" signatures, and instead included electronic signatures, the Settlement Administrator deemed most but not all of these opt outs invalid.

For example, Plaintiffs Ronald Yu and Alan Hall submitted identical requests for exclusion, listing the lawsuit, their respective names, addresses, phone numbers, vehicles, VIN numbers, and each was electronically signed. *See* **Exhibit B** & **Exhibit C**. Yu and Hall signed their respective requests via Dropbox Sign, which can be seen by the audit trail on the second pages of their opt-out forms. The Settlement Administrator *accepted* Yu's and Hall's submissions. By contrast, Plaintiffs Beth Fulton and Jeffrey Wasson submitted the exact same forms as Yu and Hall, using their individual information, including the Dropbox Sign audit trail sheet, see **Exhibit D** & **Exhibit E**, but the Settlement Administrator *rejected* Fulton's and Wasson's submissions. The arbitrary way the Settlement Administrator excluded Movants' opt-out letters from Manookian Law, while including others, is at best questionable. Both the included and excluded opt-out requests contain all the information GM required and all with electronic signatures.

Movants submit this Motion, pursuant to ECF No. 203, to challenge the Settlement Administrator's decision and to deem their requests for exclusion valid

for at least two reasons. First, Movants' requests for exclusion were timely submitted, providing adequate notice to GM of their intention to opt out of the settlement. Second, the consumer-facing website for litigation does not state the requirement to include a wet signature. For these two reasons, Movants respectfully request that the Court deem their requests for exclusion submissions valid. Alternatively, Movants request that the Court permit belated submission of the requests for exclusion with wet signatures, which Counsel has been working feverously to accomplish for their 584 clients. To date, counsel has received 478 opt-out requests with wet signatures, with the remaining 106 signatures underway. *See* **Exhibit F**. For the reasons set forth herein, Movants request the Court to enter an Order that the Movants' attempts to opt out are valid, or in the alternative, to accept belated requests for exclusion with wet signatures.

## III. LEGAL STANDARD

In *Mullane v. Central Hanover Bank & Trust Co*., 339 U.S. 306 (1950), the United States Supreme Court held:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance. But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met, the constitutional requirements are satisfied.

*Id*. at 314–15.

Rule 23 satisfies *Mullane* by requiring that the class-action notice must "concisely and clearly state in plain, easily understood language: the nature of the action, the definition of the class certified, the class claims, issues, or defenses, that a class member may enter an appearance through counsel if the member so desires, *that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded*, and the binding effect of a class judgment on class members under Rule 23(c)(3)." FRCP 23(c)(2)(v) (emphasis added).

"[A]n opt out request need not perfectly conform to the format chosen by the district court or the proposed settlement agreement to effectively express a desire to opt out of a class action settlement." *In re Deepwater Horizon*, 819 F.3d 190, 196 (5th Cir. 2016) (citing cases). "[A] class member's right to exclusion under the rule is without qualification." § 1787 Notice in Class Actions—Contents of Notice in Rule 23(b)(3) Actions, 7AA Fed. Prac. & Proc. Civ. § 1787 (3d ed.). "[C]onsiderable flexibility is desirable in determining what constitutes an effective expression of a class member's desire to be excluded and any written evidence of that desire should suffice." *Id*. The liberal view of rule 23 counsels "that any reasonable expression of a request for exclusion should serve to relieve a class member from a class suit."

*McCubbrey v. Boise Cascade Home & Land Corp.*, 71 F.R.D. 62, 70 (N.D. Cal. 1976) (citing cases).

## IV. ARGUMENT

Each Movant opted out properly in accordance with Rule 23, as each request for exclusion showed Movants' desire to opt out of the class action settlement. The fact that Movants each included an electronic signature instead of a wet signature does not change the fact that GM was put on notice of Movants' desire to opt out of the settlement. For the reasons below, the Court should deem Movants' opt-out attempts valid. In the alternative, Movants request that the Court permit belated submission of their requests for exclusion with wet signatures, which Counsel is working feverously to accomplish.

### A. Each Movant Opted Out Pursuant to the Website.

Each Movant timely opted out of the class settlement under the conditions set forth on the litigation website and consistent with Rule 23. Each Movant put GM on notice of Movants' clear intention to opt out of the class action settlement with an electronically signed op-out request. Therefore, Movants have opted out properly and shown good cause why the Court should treat each Movant's attempt to opt out as valid.

Electronic signatures are legally binding in the United States and around the world. Electronic signatures are generally allowed and considered legally valid in

federal courts. The Electronic Signatures in Global and National Commerce Act ("ESIGN"), passed in 2000, specifically allows for the use of electronic signatures in interstate commerce, which includes legal proceedings in federal courts. Moreover, the Uniform Electronic Transactions Act ("UETA") establishes that electronic signatures are legally binding and enforceable, just like traditional signatures. MCL § 450.833, *et seq*.; *see also* California Rules of Court Rule 2.257 and 8.75 (Each of the 584 Movants are California residents and have a corresponding state lawsuit and case number in California. **Exhibit A**.).

The consumer website designed for class members did not state that wet signatures were required. *See* https://www.boltevbatterysettlement.com/. Had such a requirement been identified in the instructions, each Movant would have submitted their respective wet signature. The Movants had no reason to turn to the 73-page settlement agreement to clarify that their opt-out request arguably had to have a "wet" signature or that electronic signatures would be deemed invalid when there was no indication that there was anything other than an ordinary signature requirement on the website.

The Settlement Administrator's position that wet signatures were required is untenable. Joining the class is predominantly present the moment the consumer visits the website. However, to opt-out, the consumer must navigate to the FAQ section and scroll down to item 22 to see the following:



https://www.boltevbatterysettlement.com/frequently-asked-questions.aspx.      This

section does not state the requirement that a Class member include their wet

signature. Nor does it direct class members to the Settlement Agreement for more

details as to how to submit the opt-out request. Instead, the website simply states,

"To exclude yourself from the Settlement, you must mail the Settlement

Administrator a Request for Exclusion that contains the following information: …

(6) Your signature and the date you signed it." *Id*. Without specification that a "wet"

signature is required, a reasonable person would understand this instruction to mean

that an electronic signature is acceptable.

Movants opted out under Rule 23 and the Court's orders. "[A] class member's

right to exclusion under the rule is without qualification." § 1787 Notice in Class

Actions—Contents of Notice in Rule 23(b)(3) Actions, 7AA Fed. Prac. & Proc. Civ.

§ 1787 (3d ed.). The "court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded, and the binding effect of a class judgment on class members under Rule 23(c)(3)." FRCP 23(c)(2)(v).

Here, the Court appointed KCC, LLC as the Settlement Administrator and directed KCC to, among other things, set up a post office box to receive requests for exclusion, and to set up "a website containing information about the Settlement, including claim forms that can be submitted online or downloaded and submitted by mail." ECF No. 174 at PageID.10298. The litigation website required specific information to exclude oneself, including vehicle information and a clear indication seeking to be excluded from the settlement. Finally, it required a signature. The Court did not specify a wet signature requirement. The litigation website did not specify a wet signature requirement. Movants met every condition required by the Court, the litigation website, and Rule 23 to opt out of the settlement. *See* **Exhibits B-E**.

The only disputed issue identified by the Settlement Administrator is the use of electronic signatures. Michigan, however, recognizes and governs the use of electronic signatures through the UETA, which grants electronic signatures the same legal force as traditional wet signatures for most purposes. MCL § 450.835. Under Michigan's UETA, the Act "applies only to transactions between parties each of which has agreed to conduct transactions by electronic means. Whether the parties

agree to conduct a transaction by electronic means is determined from the context and surrounding circumstances, including the parties' conduct." MCL § 450.835. Here, the context and surrounding circumstances show agreement to use electronic signatures. The litigation website required signatures with no further clarification. Movants submitted exclusion forms with the required information and signatures. Nothing more is required.

Movants are not parties to the Settlement Agreement. They did not negotiate the Settlement Agreement. They did not draft the Settlement Agreement. In fact, they are trying very hard to be excluded from the Settlement Agreement. But even if they are somehow bound by the Settlement Agreement, which they are not, the 73-page Settlement Agreement does not say handwritten, wet signatures are required to exclude oneself from the Settlement Agreement.

The only place where the signature requirement is mentioned in the Settlement Agreement is in a single sentence starting on page 54. *See* ECF 157-2 at PageID.9807-08. It says, "All requests for exclusion shall be in writing and shall be *personally signed* by the member of the Settlement Class who is opting out." *Id*. (emphasis added). "Personally signed" is not necessarily synonymous with "wet" signature. For example, the Private Securities Litigation Reform Act of 1995 ("PSLRA") requires that each putative class action complaint be "personally signed" by a plaintiff. *See* 15 U.S.C. § 78u-4(2)(A). Courts have recognized, however, that

"[t]his phrase *arguably* could mean that the statute requires wet signatures rather than electronic signatures." *Gumm v. Molinaroli*, 2016 WL 6680462, at *3 (E.D. Wis. Nov. 14, 2016) (emphasis added). In other words, the phrase is ambiguous.

Ambiguity exists "if the language is susceptible to two or more reasonable interpretations." *City of Wyandotte v. Consol. Rail Corp*., 262 F.3d 581, 585 (6th Cir. 2001) (quoting *D'Avanzo v. Wise & Marsac, P.C*., 223 Mich. App. 314, 319 (1997)).[2] The question of whether the language of an agreement is ambiguous is a question of law. *Parrett v. Am. Ship Bldg. Co*., 990 F.2d 854, 858 (6th Cir. 1993). "If the language is subject to more than one interpretation, ambiguities are construed against the drafter of the language. *Perez v. Aetna Life Ins. Co*., 150 F.3d 550, 557 n.7 (6th Cir. 1998); *Schachner v. Blue Cross & Blue Shield*, 77 F.3d 889, 895 n.6 (6th Cir. 1996), *cert. denied*, 519 U.S. 865 (1996).

Here, "personally signed" does not instruct a person that wet signatures are required to opt out of the class settlement. The phrase can reasonably be read to include electronic signatures. Therefore, to the extent the Settlement Agreement somehow binds Movants, it should be construed against the drafters. Movants are

---

[2] The Settlement Agreement is governed and interpreted under Michigan law. ECF No. 157-2 at PageID.9822.

not the drafters. Movants' opt-out requests, which were valid in every other regard, should be found valid.[3]

Movants put GM on notice that they did not want to participate in the class settlement and expressed a clear desire to opt out. Recall, "an opt out request need not perfectly conform to the format chosen by the district court or the proposed settlement agreement to effectively express a desire to opt out of a class action settlement." *In re Deepwater Horizon*, 819 F.3d at 196. The liberal view of Rule 23 counsels "that any reasonable expression of a request for exclusion should serve to relieve a class member from a class suit." *McCubbrey v. Boise Cascade Home & Land Corp.*, 71 F.R.D. 62, 70 (N.D. Cal. 1976) (citing cases). Movants expressed a clear desire to opt out of the class settlement and either followed or substantially followed the opt out procedures. Indeed, the Settlement Administrator accepted many of the requests for exclusion with electronic signatures, but not the ones submitted by Movants. For these reasons, Movants have shown good cause why their original opt-out submissions should be considered valid.

**B.     The *Pioneer* Factors Weigh in Favor of Permitting Movants to Belatedly Opt Out of the Class Settlement.**

---

[3] The Court previously denied a motion to allow electronic signatures by different putative class members represented by different counsel. ECF No. 177. Movants were not aware of the Court's order, nor was the order on the litigation website. Moreover, the Court's order did not consider whether the phrase "personally signed" was ambiguous, given that the parties to that motion read the phrase to include wet signatures, nor did it consider whether Movants substantially complied with the opt-out procedure. Therefore, it is not relevant to the current motion to show good cause why the original opt-in forms should be deemed valid.

Even if the Court finds that Movants did not opt out properly with their original submissions, which they did, the Court should permit Movants to belatedly opt out. To determine whether a class member may belatedly opt out of a class settlement, courts consider whether there was "excusable neglect," by considering the *Pioneer* factors: (1) "the danger of prejudice to [GM]"; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control of [Movants]"; and (4) "whether [Movants] acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see also Silber v. Mahon*, 18 F.3d 1449, 1455 (9th Cir. 1994) (citing other possibly relevant factors such as "the degree of compliance with the best practicable notice procedures; when notice was actually received and if not timely received, why not; what caused the delay, and whose responsibility was it; how quickly the belated opt out request was made once notice was received; how many class members want to opt out; and whether allowing a belated opt out would affect either the settlement or finality of the judgment").

Here, application of the *Pioneer* factors weighs in favor of a finding that there was excusable neglect on the part of Movants. First, there is no danger of prejudice to GM because Movants provided adequate notice to GM of their intention to opt out of the settlement.

Second, there was no delay or impact on the judicial proceedings because Movants timely submitted requests for exclusion to the Settlement Administrator with electronic signatures. Even so, if the Court permits Movants to submit belated requests for exclusion with wet signatures, which counsel has been working feverously to accomplish with 515 of the 584 already obtained, there is little to no impact on the judicial proceedings.

Third, the reason for the delay was because the consumer-facing website did not say that it required wet signature requests. Not only does the consumer facing website only require "Your signature and the date you signed it," (*See* https://www.boltevbatterysettlement.com/frequently-asked-questions.aspx), there is no other instruction directing the lay class member to read the Settlement Agreement for further details on submission. Without specification that a wet signature is required, a reasonable person would understand this instruction to mean that an electronic is acceptable.

Fourth, Movants acted in good faith to timely submit requests for exclusion and are working in good faith to submit opt out forms with wet signatures. Accordingly, the Court should order that Movants' requests for exclusion were valid, or the Court should accept Movants' belated requests for exclusion with wet signatures.

Movants pursued exclusion from the Settlement Agreement and believed they had fully complied with all requirements. Under these circumstances, any failure to comply with the exclusion procedures was excusable neglect and the Court should allow their belated wet-signed exclusion requests.

## V.    CONCLUSION

For all the reasons set forth herein, Movants request that the Court either deem their attempts to opt-out valid for good cause shown, or in the alternative, order the Settlement Administrator to accept belated requests for exclusions containing Movants' wet signatures.

Respectfully submitted,

By:  /s/ *Erik Johnson* _____
Patrick C. Lannen (P73031)
Erik H. Johnson (P85017)
Brooke A. Nosanchuk (P86293)
**Stinar, Gould, Grieco & Hensley, PLLC**
550 W. Merrill St., Suite 240
Birmingham, MI, 48009
248-566-6215
patrick@sgghlaw.com
erik@sgghlaw.com
brooke@sgghlaw.com

*Counsel for Movants*

Dated: July 9, 2025

**PROOF OF SERVICE**

The undersigned certifies that on July 9, 2025, a copy of the foregoing document was served on each of the attorneys of record via:

☒E-FILE  ☐E-SERVE  ☐U.S. MAIL  ☐HAND DELIVERY
☐UPS  ☐FEDEX  ☐OTHER  ☐EMAIL

 /s/ Erik Johnson

60281111.1