UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **IN RE CHEVROLET BOLT EV BATTERY LITIGATION** | **2:20-CV-13256-TGB-CI**<br><br>HON. TERRENCE G. BERG<br><br>**ORDER REGARDING MOVANTS' MOTIONS CHALLENGING DETERMINATION OF INVALIDITY OF REQUESTS FOR EXCLUSION,<br>(1) GRANTING AS UNOPPOSED MOTIONS FOR GOOD CAUSE<br>(ECF NOS. 227, 236, 250, AND 257),<br>(2) GRANTING IN PART AND DENYING IN PART MOTIONS FOR GOOD CAUSE<br>(ECF NOS. 223 AND 225), AND<br>(3) DENYING MOTIONS FOR GOOD CAUSE<br>(ECF NOS. 212, 213, 221, 222, 231, 232, 233, 234, 235, 237, 238, 239, 240, 242, 243, 245, 246, 248, 251, 252, 253, 254, 255, 256, 258, 259, 260, 261, 262, 263, 264, 266, AND 279)** |

In September 2024, this Court granted preliminary approval of this putative class action alleging a defect in the battery system of Chevrolet Bolt electric vehicles for the model-years 2017 to 2022. The class action

1

was brought against the vehicle manufacturer and the supplier of the vehicles' electric batteries. Among other things, the Preliminary Approval Order established a clear deadline for any Settlement Class Members to opt out of the Settlement Class by February 24, 2025. The Order also provided instructions explaining how to make an "effective" request for exclusion (or opt out). Attempting to apply that procedure, the Settlement Administrator deemed a majority of the opt-out requests valid and concluded that the remaining requests failed to comply with the Court's orders governing the procedures for opting out—and therefore would not be recognized as being validly excluded from the Settlement Class.

Some individuals whose attempts to opt-out were not accepted have filed motions objecting to the Settlement Administrator's decision rejecting their requests to be excluded. Now before the Court are 38 motions and one letter, collectively by 856 persons ("Movants") filed between July 8 and 10, 2025 challenging the Settlement Administrator's determinations and arguing that good cause exists to deem their opt-out requests valid and to exclude them from the Settlement Class. ECF Nos. 212, 213, 221–23, 225, 227, 231–40, 242, 243, 245, 246, 248, 250–64, 266; ECF No. 271-3.[1] The Defendants have filed a Joint Omnibus Opposition

---

[1]    Three of those motions, ECF Nos. 258, 261, and 263, are duplicates of the motions filed at ECF Nos. 257, 260, and 262. Specifically, ECF No. 258 is purportedly filed by Larry and Beverly Peitzman, but is a duplicate

to the Movants' Motions. ECF No. 271. Also before the Court is an August 29, 2025 Motion for Relief Pursuant to Fed. R. Civ. P. 60(b) by Movant Kristel Haddad seeking to be excluded from the Settlement Class, ECF No. 279, to which Defendants have responded. ECF No. 281. The Court has carefully considered the parties' written submissions and concludes that oral argument will not aid in its disposition of the motions; therefore it is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

For the reasons set forth below, the Court will **GRANT** ECF Nos. 227, 236, 250, and 257, **GRANT IN PART AND DENY IN PART** ECF Nos. 223 and 225, and **DENY** the remaining motions.

## I. BACKGROUND
### A. Factual and Procedural Background

This case is a putative class action alleging a defect in the battery system of model-year 2017–2022 Chevrolet Bolt electric vehicles brought against Defendants General Motors LLC, LG Chem, LTD, LG Energy Solution, LTD, LG Energy Solution Michigan Inc., LG Electronics, Inc., and LG Electronics USA, Inc. Plaintiffs allege that the Class Vehicles at issue in this litigation were manufactured, marketed, sold, and leased

---

of Brian Meredith's motion filed at ECF No. 257, ECF No. 261 is purportedly filed by Nicole Thibeaus, but is a duplicate of Isaac Saenz's motion filed at ECF No. 260, and ECF No. 263 is purportedly filed by Juanita Vescos, but is a duplicate of Jesus Valencia's motion filed at ECF No. 262. In addition, Movant Nona Chiang filed a motion at ECF No. 236, and an amended motion at ECF No. 250.

nationwide with a battery defect that allegedly can cause the batteries in those vehicles to overheat when the battery is charged to full or near full capacity, posing a risk of fire. *See* Am. Consol. Compl., ECF No. 27.

After extensive arms-length negotiations involving multiple parties, counsel, and experienced mediators, the Parties reached a class-wide settlement. On May 16, 2024, Plaintiffs filed an Unopposed Motion for Preliminary Approval of Class Action Settlement and Appointment of Co-Lead Class Counsel. ECF No. 157. As Exhibit A to that motion, Plaintiffs attached the Parties' Stipulation and Agreement of Settlement. ECF No. 157-2. The Settlement Agreement establishes a $150 million common fund, minus attorneys' fees, expenses, and Plaintiffs' service awards, and generally provides that Bolt owners whose vehicles were or are subject to the Battery Replacement Remedy will receive $700 each, and Bolt owners whose vehicles were or are subject to the Software Remedy will receive $1,400 each from the common fund. *Id.* PageID.9788–89. In addition, claimants will be entitled to a "Second Distribution" if there are funds remaining in the common fund after all other payments and distributions have been made. *Id.* PageID.9790. Defendants believe that, based on the current number of known claims, each Settlement Class Member eligible for a Second Distribution could receive an additional payment amounting to thousands of dollars under the proposed Settlement. ECF No. 271, PageID.12970.

The Settlement Agreement further provides that putative class members may opt out of the class, but they must do so by timely completing and mailing to the Settlement Administrator a request for exclusion that: (i) states the Class Member's full name, telephone number and current address; (ii) provides the Model Year and Vehicle Identification Number of the Class Vehicle(s) and approximate date(s) of purchase or lease; and (iii) specifically and clearly states their desire to be excluded from the Settlement and from the Settlement Class. The request must be in writing and personally signed by the member of the Settlement Class. *Id.* PageID.9807–08. The Settlement Agreement provided class members 150 days from the date of the preliminary approval order (which was 60 days after notice was complete) to opt out and stated that "[f]ailure to **strictly comply with these requirements** and to **timely submit** the request for exclusion will result in the Settlement Class Member being bound by the terms of this Settlement Agreement." *Id.* PageID.9808 (emphases added). The Settlement Agreement also provides that if too many putative class members opt out of the class, the Agreement is voidable. *Id.* PageID.9817.

No response or objection was filed to the Plaintiffs' motion for preliminary approval of the proposed settlement.

The Court held a hearing on Plaintiffs' motion, and on September 26, 2024, the Court entered an Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Appointment of Co-

Lead Class Counsel. ECF No. 174. The Order conditionally certified a class for settlement purposes; set a February 24, 2025 deadline for Settlement Class Members to opt out of the Settlement Class; and provided specific, detailed instructions for what is needed for an opt out "to be effective." ECF No. 174, PageID.10309–10. Specifically. The Court's Preliminary Approval Order provides:

> To be effective, the Request for Exclusion must be sent via first-class U.S. mail and postmarked no later than 150 days after the date of this Preliminary Approval Order[, i.e., by February 24, 2025,] to the specified address and shall state:
>
>    i.   The Settlement Class Member's full name, telephone number, and current address;
>   ii.   The model year and Vehicle Identification Number ("VIN") of his/her/its Class Vehicle(s) and the approximate date(s) of his purchase or lease; and
>  iii.   His/her/its desire to be excluded from the Settlement and the Settlement Class.

ECF No. 174, PageID.10309. In addition, the Order states:

> All Requests for Exclusion shall be in writing and personally signed by the Member of the Settlement Class who is opting out. No other person or entity may opt out for a Settlement Class Member or sign a request for exclusion. Opt-outs may be done individually; so-called "mass" or "class" opt-outs are prohibited.

Id. PageID.10310. The Order also explains:

> Any member … failing to properly and timely mail such a written Request for Exclusion shall be automatically included in the Settlement Class and shall be bound by all the terms and provisions of the Settlement Agreement and by all

6

proceedings, orders, and judgments in this Action, including but not limited to the release, and the Final Order and Judgment. Settlement Class Members are preliminarily enjoined from: (i) filing, commencing, intervening in or participating as a plaintiff … in any other lawsuit or … other proceeding … based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to this Action or the Released Claims….

*Id.* PageID.10310–11.

Then, on October 28, 2024, one month after the Court issued its Preliminary Approval Order, but before the Class Notice Program had begun, the Court denied a motion brought by counsel for over a thousand class members seeking to submit "electronic signatures instead of hand-signed opt-out requests." ECF No. 177, PageID.10323 (denying motion at ECF No. 167). The Court explained that the movants' motion improperly sought to alter the opt-out procedure set forth in the Parties' Settlement Agreement, in contravention of precedent holding that Federal Rule of Civil Procedure 23(e) "does not permit a court to materially modify a proposed settlement and order its acceptance over either party's objection." *Id.* PageID.10324–25 (quoting *Freeman v. B&B Assocs.*, 790 F.2d 145, 151 (D.C. Cir. 1986)). The Court further recognized that "requiring class members to mail in personally signed requests for exclusion is a well-established practice," *id.* at PageID.10326, that "the requirement of a physical signature is the best way to guarantee that any opt-out requests reflect individualized and considered decisions before actually doing so and trading a certain right to meaningful recovery for

7

the uncertainty of individual litigation or arbitration," *id.* at PageID.10328, and that the physical signature requirement "guards against 'mass opt-outs,' which the Settlement Agreement expressly prohibits." *Id.*

The opt-out period closed on February 24, 2025. On May 23, 2025, the Settlement Administrator filed a declaration and Amended Exclusion Report identifying the names and the last four digits of the VINs for persons who submitted a timely and valid opt out request. ECF No. 201. The Settlement Administrator declared that 2,533 opt out requests were received, plus two letters from Marden Law and MFS Legal requested to exclude a combined 397 persons (for a total of 2,930 opt out requests), and that 1,827 of those requests were valid and 1,103 were invalid. *Id.* PageID.10849.

On May 29, 2025, the Court issued a Stipulation Regarding Procedure for Challenging Determination of Validity of Requests for Exclusion, which set forth the procedure by which persons who did not appear on the Amended Exclusion Report may attempt to show good cause why the Settlement Administrator's determination of invalidity should be overturned. ECF No. 203.[2]

---

[2] Defendants explain in their Omnibus Response that there is a supplemental opt-out period relating to a limited number of VINs that were not included on the list of vehicles originally prepared by GM personnel for purposes of direct notice. ECF No. 271, PageID.12974 fn.3

## B. Movant's Motions for Good Cause

Between July 8 and 10, 2025, 856 individual Movants filed 38 motions and one letter challenging the Settlement Administrator's decision that they had not validly opted out of the Class Settlement. While all Movants appear to be represented by counsel, two Movants submitted their motions through the Court's pro se portal. Jeffrey Soler Motion, ECF Nos. 264, 265, and Narine Gabuchian Motion, ECF No. 266.

(citing ECF No. 199). Defendants state that five Movants (all part of the motion filed at ECF No. 223), have VINs on the supplemental-notice list: Angela Reynolds, John Harvey, and Margaret Landy (who had previously submitted invalid opt-out requests), and Andrew Plejer and Francois Rodigari (from whom the Administrator never received a request, contrary to Movants' representations in their motion). Defendants stated in their Response that they are amenable to affording these five Movants another opportunity to opt out consistent with this Court's May 19, 2025 order (ECF No. 199). Accordingly, Movants Angela Reynolds, John Harvey, Margaret Landy, Andrew Plejer, and Francois Rodigari, all Movants in the motion filed at ECF No. 223, had until September 22, 2025 to mail compliant opt-out requests to the Settlement Administrator. *See* ECF No. 271, PageID.12974, fn.3.

On September 25, 2025, the Parties filed a Second Joint Status Report Regarding Supplemental Class Notice. ECF No. 283. The Parties reported that supplemental class notice was mailed to owners and lessees of approximately 5,308 vehicles, no objections were received, and five timely and valid requests for exclusion were received. *Id.* The Parties reported at the September 29, 2025 supplemental hearing that four of those five opt-out requests were submitted by the movants identified above in the motion filed at ECF No. 223—Angela Reynolds, John Harvey, Andrew Plejer, and Francois Rodigari. Accordingly, those four Movants' requests to have their opt out requests deemed valid will be **GRANTED**. Michelle Landy, however, did not submit a timely and valid opt out request in response to the supplemental notice, and her request to have her opt out request deemed valid will be **DENIED**.

However, these two movants were represented by counsel when they submitted their opt out requests. *See* ECF No. 264, PageID.12931–33, 12937 (Gabuchian represented by Margarian Law); ECF No. 265, PageID.12902 (Soler represented by Journey Law Group). In addition, on August 29, 2025, Movant Kristel Haddad filed a late motion to be excluded from the settlement class, asserting that she never received notice of the Class Settlement. ECF No. 279.

In response, Defendants filed a Joint Omnibus Opposition to the Motions Challenging Determination of Invalidity of Requests for Exclusion that were filed between July 8 and 10, 2025, ECF No. 271, and an Opposition to the late Motion for Relief Pursuant to Fed. R. Civ. P. 60(b) to Exclude Kristel Haddad, ECF No. 281. Defendants do not oppose motions filed by three Movants—Dyihorng Duffy Chu, ECF No. 227; Nona Chiang, ECF Nos. 236, 250; and Brian Meredith, ECF No. 257— and state that they do not oppose amending the Amended Exclusion Report to include these three individuals. ECF No. 271, PageID.13012– 13. Defendants also do not oppose the motions of 26 Movants who appear in ECF Nos. 223 and 225, and who submitted effective opt-out requests and who already appear on the Amended Exclusion Report. *Id.* PageID.13013. And, as stated above, four of the Movants who appear in ECF No. 223 have now submitted valid opt out requests following the supplemental notice period—Angela Reynolds, John Harvey, Andrew Plejer, and Francois Rodigari—and their names will be included on the

Amended Exclusion Report. Defendants oppose the remaining Movants' motions because the movants either never submitted an opt-out request, did not sign the opt-out request, were part of an improper "mass opt-out" signed by an attorney, or improperly mailed in an opt-out request that had an electronic signature or  was untimely.

## II.    DISCUSSION

### A. Motions Grants/Movants Added to Exclusion List

Defendants do not oppose the motions filed by Movants Dyihorng Duffy Chu, ECF No. 227, Nona Chiang, ECF Nos. 236, 250, and Brian Meredith, ECF No. 257. *See* ECF No. 271, PageID.13012–13, citing Cooper Decl. ¶ 14, ECF No. 271-6, PageID.13397. Accordingly, those motions, ECF Nos. 227, 236, 250, and 257, are **GRANTED** as unopposed and the Court orders that the Settlement Administrator shall amend the exclusion report to include these three movants' names.

Defendants also represent that Movants Angela Reynolds, John Harvey, Andrew Plejer, and Francois Rodigari, movants in ECF No. 223, have now submitted timely and valid opt-out requests after the supplemental notice period. ECF No. 283. Accordingly, their requests to be excluded from the Settlement Class will be **GRANTED** as unopposed, and their names will be added to the amended exclusion report.

In addition, 25 of the Movants included in ECF Nos. 223 and 225 submitted valid requests for exclusion and are already included in the

11

Amended Exclusion Report. Cooper Decl. ¶ 6, ECF No. 271-6, PageID.13394–95, citing Ex. B, ECF No. 271-8. Defendants therefore do not oppose the motions as to those 25 Movants. And Defendants do not oppose adding Movant Stacey Christine Hill, ECF No. 225, to the Amended Exclusion Report, "as it appears she signed the same opt-out letter as Thomas Lee and the administrator inadvertently did not list her as a co-owner on the Amended Exclusion Report." ECF No. 271, PageID.12979, fn. 9.

Accordingly, the Court further **GRANTS** as unopposed the motions as to Movants Anne Oneil, Barry Swerdlow, Brandon Au, Charles Seavy, Elliot Reinfeld, Jack Stephenson, Jr., James Moore, Joe Davenport, John Chiang, Jose Apolonio, Joseph Caleb Deschanel, Karen Coleen Steele, Keith Molkner, Leonard Nathan, Mark Zeleznick, Michael Atkins, Michael Hankin, Patrick Riley, Russell Rapoport, Terry Escobosa, Tiffany Cunter, Vinrod Pothuru, and Vivien Lok, in ECF No. 223, and Movants Dahlia Alammar, Thomas Daniel Lee, and Stacey Christine Hill in ECF No. 225, and their names will also be added to the Amended Exclusion Report.

### B. Mass Opt Outs in ECF No. 225 are Improper

The Court's Preliminary Approval Order expressly prohibits "mass" opt outs. ECF No. 174, PageID.10310 ("No other person or entity may opt out for a Settlement Class Member or sign a request for exclusion. Opt-outs may be done individually; **so-called 'mass' or 'class' opt-outs are**

**prohibited.**") (emphasis added). Nevertheless, two law firms—MFS Legal Inc. and Marden Law, Inc.—filed mass opt-outs on behalf of 222 individuals. *See* ECF No. 225, PageID.11644 (stating these movants "submitted their opt-out requests via letters from their California legal counsel"), 11650 (stating they believed "a mass opt-out letter signed by counsel on behalf of retained clients was sufficient"). These Movants now recognize that their requests for exclusion "fail[ed] to strictly comply with the Court's opt-out procedures," but argue that good cause nevertheless exists because they have already engaged in separate litigation against General Motors in California, the firms' opt-out letter "provided essential information" to identify the Movants, and the Movants expressly authorized the firms to opt out on their behalf. *Id.* PageID.11644. These arguments fail.

With the exception of the three individuals discussed above who properly submitted requests for exclusion— Movants Dahlia Alammar, Thomas Daniel Lee, and Stacey Christine Hill—the remaining Movants' opt out requests in ECF No. 225 failed to comply with the requirements of the Preliminary Approval Order, which expressly prohibits mass opt-outs, and therefore those opt-out requests are invalid.[3] *See Matter of*

---

[3]      In addition, Defendants states that 26 of the 222 Movants in ECF No. 225 do not appear in the mass opt-out letters from MFS Legal Inc. and Marden Law, Inc., ECF No. 225-3, and the Settlement Administrator confirmed that it has not received an attempted opt-out request from or

*Navistar MaxxForce Engines Mktg., Sales Pracs., & Prod. Liab. Litig.*, 990 F.3d 1048, 1052–54 (7th Cir. 2021) ("Following mechanical rules is the only sure way to handle suits with thousands of class members … The district judge, having approved a detailed process [ ], was entitled to require the class members to do what they had been told or bear the consequences of inaction."). When the court has specified a detailed process for potential class members to opt out of the settlement, as it has here, it may not accept an opt-out request that uses a prohibited means. *Id.* at 1053 ("Must a judge who has specified in excruciating detail how opting out is to be accomplished accept some different means? To that question the answer must be no."); *see also In re Diet Drugs*, 282 F.3d 220, 241 (3d Cir. 2002) (where "[t]he District Court had earlier determined that lawyers could not effect mass opt outs of all their clients with the filing of a single notice, … it was clearly within the court's

---

on behalf of those 26 individuals: Steven Allen Malsam, Dale Warren Berry, Michael Turner, Koreina Vanover, Viswanath Jakkam, Fahd Chemaly, Urs Reist, Preston Kirk Brown, Jonathan David Little, Terry Gibbon, Barbara Gibbon, Will E. Toperoff, Mohammed Alsanabani, Saleh Ahmed, Kacy Jun, Ruchi Agarwal, Tashur Agarwal, Bharat Patel, Bina Patel, Karsen Wang, Glenn De Caussin, Cathy Lynn Connor, Joy Flynn, Michael Flynn, Norma Newell, and Scott Newell. Cooper Decl. ¶ 7, ECF No. 271-6, PageID.13395, citing Ex. B, ECF No. 271-8. Accordingly, the Court further upholds the invalidity determination as to these individuals for the additional reason that they failed to submit an opt-out request.

discretion to turn away attempts by lawyers to opt out class members en masse[.]").

The Movants argue that their pursuit of separate litigation against General Motors in California courts evidences their intent to opt out. This argument fails. "[S]imply proceeding with a separate action against a defendant is not sufficient to meet the opt-out obligations where a court has delineated specific procedures and deadlines to opt-out." *In re Turkey Antitrust Litig.*, No. 19 C 8318, 2025 WL 1870729, at *1–2 (N.D. Ill. July 7, 2025) (citing *Matter of Navistar*, 990 F.3d at 1053; *Matter of Broiler Chicken Antitrust Litig.*, 133 F.4th 761, 764 (7th Cir. 2025) ("The Boston Market group submits that, by filing stand-alone suits, they constructively opted out of the class, which is absurd. Everyone is entitled to know with certainty who is in and who is out; the opt-out procedure does this with due formality.")). As the Third Circuit Court of Appeals recently explained, "the district court has to know who is in the class and, therefore, whose claims will be settled[, b]ut the 'reasonable indication' standard makes class membership an endlessly moving target given the breadth of potential actions that might satisfy it." *Perrigo Institutional Inv. Grp. v. Papa*, 150 F.4th 206, 216 (3d Cir. 2025). The Court here has delineated specific procedures and deadlines to opt-out, and proceeding in a separate action is not a reasonable indication of a desire to opt out. The Movants' mass opt out requests therefore are invalid.

The Movants' request in the motion filed at ECF No. 225 to extend the opt-out deadline "to a date 30 days after entry of an order on [their] motion" will also be denied. The opt-out period was carefully negotiated and agreed upon by the Parties in this case, memorialized in the parties' Settlement Agreement, and stated in the Court's Order Granting Preliminary Approval of the settlement which was issued after a public hearing on the matter. As this Court has previously recognized, Rule 23 "does not permit a court to materially modify a proposed settlement," including the opt-out provisions. *See* ECF No. 177, PageID.10324. *See Evans v. Jeff D.*, 475 U.S. 717, 726 (1986). Yet that is what the Movants invite the Court to do. Movants do not explain how their failure to comply with the opt-out requirements is excusable, given the express language in the Court's orders, the class notice, and on the class website. Movants' request is denied. That the parties have agreed to a separate opt-out period for a small subset of putative class members who did not receive direct notice due to a data issue does not warrant an extension of the opt-out period for Movants who did receive timely prior notice and failed to timely and properly request exclusion in the manner ordered by the Court. Accordingly, the motion filed at ECF No. 225 is **DENIED** as to all Movants except Dahlia Alammar, Thomas Lee, and Stacey Christine Hill. *See Glaspie v. Nat'l Ass'n of Bds. of Pharmacy*, No. 1:22-CV-06497, 2024 WL 770748, at *3 (N.D. Ill. Feb. 23, 2024) (denying request to extend

the opt out deadline because the movant failed to show excusable neglect for her delay).

## C. Movant's Failure to Submit Timely and/or Proper Requests for Exclusion

Opt-out requests were required to be submitted on or before February 24, 2025. ECF No. 174, PageID.10309. Defendants argue that, in addition to the 26 Movants discussed above in ECF No. 225 who did not submit any opt-out request, an additional 77 Movants submitted untimely opt-out requests. Defendants explain that 44 of the opt-out requests submitted by Strategic Legal Practices in its July 9, 2025 letter to the Court were postmarked on February 25, 2025, the day after the deadline. Cooper Decl. ¶ 12, ECF No. 271-6, PageID.13396, citing ECF No. 271-12. Requests for 32 of the Movants in ECF No. 233 and Movant Sawtell in ECF No. 240 were also untimely. *Id.* ¶¶ 11 (32 requests for exclusion were postmarked between February 25, 2025 and March 7, 2025), 13 (postmarked on February 25, 2025), citing ECF Nos. 271-11 and 271-13). Those untimely requests for exclusion will not be accepted. "Deadlines for opt-out prevent parties from upending the established class settlement process by coming in late and claiming they are not bound by the settlement. Whether it's one day, months, or years after— late is late." *See In re Turkey Antitrust Litig.*, 2025 WL 1870729, at * 6; *see also Matter of Broiler Chicken Antitrust Litig.*, 133 F.4th at 763 (movants "missed the deadline for excluding themselves from the class.

They are therefore stuck with the settlement" and their "separate suits … cannot proceed").

Defendants state that the Settlement Administrator did not receive *any* request for exclusion from 86 Movants in ECF No. 223 represented by Stinar, Gould, Grieco & Hensley and Manookian Law, excluding two Movants with VINs on the supplemental-notice list. Cooper Decl. ¶ 8, ECF No. 271-6, PageID.13395, citing Ex. B, ECF No. 271-8. The Manookian Movants concede that 19 of those 86 Movants did not submit opt-out forms and therefore withdraw those requests, ECF No. 276, PageID.13867, citing ECF No. 276-5 (listing Movants), and that an additional 38 Movants only submitted opt-out requests after the deadline, in June and July 2025. *Id.*, citing ECF No. 276-9 (listing Movants).[4] Thus, is it undisputed that 57 of the Manookian Movants' failed to submit opt-out requests, timely or untimely. Of the remaining 29 Movants, Verita confirmed that while one Movant, Robert Lobach, did submit a timely opt-out request, it was rejected for using an electronic signature, and the remaining 28 Movants did not submit a timely request. ECF No. 282, PageID.14280, citing ECF No. 278-1, PageID.14117–18. The Court finds that these 86 Movants failed to comply with the procedures set forth by the Court to properly opt-out of

---

[4]     Defendants point out that one of the Movants listed at ECF No. 276-9, Mehdi Ebad, was left off the exclusion report because his opt-out request was untimely and not because it was never received. ECF No. 282, PageID.14280, fn.2.

the class settlement, and the Motion to exclude these 86 Movants in ECF No. 223 will be **DENIED**.

More than six months after missing the deadline to opt out of the Class Settlement, Kristel Haddad filed a motion for leave to submit a late opt-out request or to extend the opt-out deadline. ECF No. 281. Haddad fails to establish excusable neglect justifying her failure to opt-out. While Haddad claims to never have received a notice of the settlement, Verita confirmed that notice was mailed to Haddad's address and emailed to her. ECF No. 281, PageID.14227, citing ECF Nos. 281-1, 281-2. *See Hayes v. Acts 2:38 Faith Deliverance, Inc.*, No. 1:23-cv-01116, 2024 WL 4988977, at *3 (W.D. Tenn. Dec. 5, 2024) ("There is a rebuttable presumption that an item properly mailed was received by the addressee."). Haddad does not dispute that the notice was sent to both her correct address and correct email address and has failed to rebut the presumption that the notice was received. *Id.* Further, while Haddad admits she and her counsel knew about this action at least by March 16, 2025, she fails to explain why she and her counsel never contacted the Settlement Administrator and instead unexplainably waited almost six months to file the instant motion. Further, Haddad's continued pursuit of her state court lawsuit does not excuse her untimely opt-out request. *See Perrigo Institutional*, 150 F.4th at 216 (rejecting the "reasonable indication" standard because it "makes class membership an endlessly moving target given the breadth of potential actions that might satisfy it."); *Matter of*

*Broiler Chicken Antitrust Litig.*, 133 F.4th at 764 (stating that movants' argument that "by filing standalone suits, they constructively opted out of the class" was "absurd" because "[e]veryone is entitled to know with certainty who it in and who is out; the opt-out procedure does this with due formality."). Accordingly, Haddad's motion will be **DENIED**.

Finally, Movant Jeffrey Soler submitted a request for exclusion in December 2024 for a 2020 Chevrolet Bolt that he "current[ly]" owns with VIN 1G1FY6904L4131893. ECF No. 265, PageID.12901. However, in his Motion, Soler states that he previously leased a Bolt with VIN 1G1FW6S0XL4130270 from February 2021 through about May 2024 that suffered from significant defects. ECF Nos. 264, 265. Soler contends his name does not appear on the Amended Exclusion Report only because his request for exclusion contains a "typographical error on the vehicle identification number," and he requests that his opt out request be deemed valid. *Id.* However, the Court agrees with Defendants that Soler's opt out request does not contain a mere "typographical error" or "mistake" in "writing and copying," as he contends in this motion. *See* ECF No. 264, PageID.12870. Rather, Soler submitted an opt out request for an entirely different vehicle and he therefore has failed to comply with the opt-out requirements. His motion, ECF No. 264, therefore will be **DENIED.**

### D. No Personal Signature/Electronic Opt-Out Requests

Opt-out requests that did not include the Movants' personal signatures, and instead included an electronic signature, were properly denied by the Settlement Administrator. The Settlement Agreement required that "[a]ll requests for exclusion shall be in writing and shall be personally signed by the member of the Settlement Class who is opting out." ECF No. 157-2, PageID.9807–08. The Court approved this procedure, stating "All Requests for Exclusion shall be in writing and personally signed by the Member of the Settlement Class who is opting out. No other person or entity may opt out for a Settlement Class Member or sign a request for exclusion." ECF No. 174, PageID.10310. Then, in response to a motion brought by counsel for over a thousand prospective opt-outs who recognized that "[t]he current opt out procedures require each class member seeking to opt out to … physically sign their opt out notice with a 'wet ink' signature and mail the notice to the Settlement Administrator," ECF No. 167, PageID.10164, the Court rejected the request to allow electronic opt-outs and reaffirmed the requirement for a personal signature on the opt-out requests, as agreed by the Parties and as ordered by the Court, stating that "the requirement of a physical signature is the best way to guarantee that any opt-out requests reflect individualized and considered decisions[.]" ECF No. 177, PageID.10328. This last order was issued before the class notice program began.

The Movants' request here that the Court disregard the Settlement Agreement and its prior Orders and instead accept electronically-signed opt-outs at this time is readily rejected. Indeed, this issue was expressly addressed and ruled upon by the Court—it will not be reconsidered. The Movants had more than sufficient notice regarding the requirements for submitting a valid request for exclusion. The Notice required movants to mail a request for exclusion, with their signature, to the settlement administrator. ECF No. 157-2, PageID.9838–39. The Notice further cautioned that it was "only a summary of the Settlement," referred the recipient to the Settlement Agreement for its "complete terms," provided contact information for the Settlement Administrator and class counsel, and further cited to documents "on file with the Court." *Id.* PageID.9844. This is sufficient as "[c]lass members are not expected to rely upon the notices as a complete source of settlement information." *UAW v. Gen. Motors Corp.*, No. 05-CV-73991, 2006 WL 891151, at *33 (E.D. Mich. Mar. 31, 2006) (Cleland, J.) (quoting *Grunin v. Int'l House of Pancakes, Inc.*, 513 F.2d 114, 122 (8th Cir. 1975) (noting that "[a]ny ambiguities regarding the substantive aspects of the settlement could be cleared up by obtaining a copy of the agreement as provided for in the first paragraph of the notice.")). The Settlement Agreement and Preliminary Order of Approval both stated that requests for exclusion must be "in writing" and "personally signed" and then mailed to the settlement administrator. ECF No. 157-2, PageID.9807; ECF No. 174

PageID.10309–10. The majority of requests submitted followed the requirement of a personal signature and were valid. The Settlement Agreement used the term "imaged signatures" where such signatures were permitted in lieu of "personal" signatures on an "individual basis," *see, e.g.,* ECF No 157-2 ¶ 15.2, PageID.9820, but did not use that term as to requests for exclusion from the class. The Movants therefore received sufficient notice that electronic signatures were not permitted on the requests for exclusion.[5]

And, as with the mass opt-outs discussed above, the Court, "having approved a detailed process" for opting out, "was entitled to require the class members to do what they had been told or bear the consequences of inaction." *See Navistar*, 990 F.3d at 1053–54. Further, as above, the maintenance of parallel litigation filed prior to the opt-out period does not excuse the requirement to comply with this Court's Orders requiring

---

[5]    Some Movants cite to the Electronic Signatures in Global and National Commerce Act, 15 U.S.C. § 7001, which provides that "a signature, contract, or other record relating to such Transaction may not be denied legal effect, validity, or enforceability solely because it is in electronic form," in support of their arguments that an electronic signature on the opt-out request is sufficient. *See* ECF Nos. 255, 258, 263. However, even if that statute applied in this case, it further provides that it does not "require a person to agree to use or accept … electronic signatures." *Id.* ¶ 7001(b)(2); *see Prudential Ins. Co. of Am. v. Prusky*, 413 F. Supp. 2d 489, 494 (E.D. Pa. 2005) ("As the statute makes clear, the use or acceptance of electronic signatures is not mandatory."). The Parties here agreed not to use or accept electronic signatures on the opt-out requests. Thus, this argument fails.

a personal signature on the opt-out request. *See id.* Some Movants argue that GM has "unclean hands" that should "prevent [it] from arguing" that they "failed to validly opt out" because counsel for GM in the various state court litigation requested extensions of time, prior to the February 24, 2025 opt-out deadline, to respond to those Movants' demand letters under California consumer protection laws in those state court cases. *See* ECF Nos. 231, 234, 235, 255, 256, 262, 263. However, these Movants, who claim they submitted timely electronically-signed opt-out requests, fail to explain how GM's requested extensions of time somehow caused them to ignore the personal signature requirement and instead submit invalid requests for exclusion with electronic "/s/" signatures. And Movant Gabuchian's argument that state-court counsel for GM in her state court lawsuit requested and received a copy of her opt-out request for settlement negotiation purposes, but failed to inform her that the request was invalid because it was not personally signed, fails. GM's state-court counsel received a copy of Gabuchian's opt-out request in April 2025, and this was months after the opt-out deadline had already passed.

And finally, the electronic-signature Movants have failed to show excusable neglect justifying submission of late opt-out requests. Under Federal Rules of Civil Procedure 6(b) and 60(b), a district court may grant an extension of a deadline "for good cause," where the failure to act was the result of "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B), 60(b)(1). As a general matter, determining whether excusable neglect exists depends

on the balancing of five *Pioneer* factors: (1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the party requesting an extension, and (5) whether the late-filing party acted in good faith. *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). But the most critical is the reason for the delay and whether it lay in the party's reasonable control. *United States v. Munoz*, 605 F.3d 359, 372 (6th Cir. 2010) (citations omitted). "[A]ttorney inadvertence generally does not constitute excusable neglect." *Jackson v. Chandler*, 463 F. App'x 511, 513 (6th Cir. 2012) (citations omitted); *see also Progme Corp. v. Google LLC*, No. 18-11728, 2024 WL 1335621, at *1 (E.D. Mich. Mar. 28, 2024) (Hood, J.) ("An attorney or *pro se* litigant's failure to timely meet a deadline because of '[i]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'") (quoting *Pioneer*, 507 U.S. at 392).

Here, reading and understanding the notice and settlement agreement and submission of the opt-out forms with a personal signature was completely within the Movants' "reasonable control." The opt-out forms were required to be physically printed and mailed to the settlement administrator and thus could have readily been physically signed, as shown by the fact that the majority of the opt-out requests were

submitted correctly to the Settlement Administrator. And the Parties to the Settlement were entitled to rely on the deadlines and instructions in the Settlement Agreement and the Court's Orders. The Parties would be prejudiced if the Court disrupted the finality of the Settlement and extended the opt-out deadline for these Movants. Such an action could cause the Parties potentially to be faced with "never-ending expansion of their liability, as more class members with equally worthy explanations appeared." *See In re Dvi, Inc. Secs. Litig.*, No. 03-5336, 2016 WL 1182062, at *8 (E.D. Pa. Mar. 28, 2016). The Court therefore does not find excusable neglect justifying a belated submission of valid opt-out forms by the Movants. *See In re Turkey Antitrust Litig.*, 2025 WL 1870729, at *6 ("Missing the opt-out deadline may well have been simply a mistake on the part of [the movants'] counsel, but that does not amount to excusable neglect."). As the Third Circuit recently stated:

> Like much of the law, the Federal Rules of Civil Procedure are the product of compromise, seeking to balance several laudatory—and sometimes conflicting—interests, including protection of parties' rights and the efficient administration of justice. In striking this balance, the Rules fault litigants who fail to follow their directives. So when parties deviate from them, even by mistake, they usually have to live with the consequences.

*Perrigo Institutional*, 150 F.4th at 210. That is the case here. Movants were obliged to follow with the Court-approved opt-out process that was clearly set out in the Court's Order. Those that failed to do so have not

shown good cause for why the Court should treat their non-compliant opt-out requests as valid, and thus their requests will be **DENIED**.

### III. CONCLUSION

Accordingly, for the reasons stated above, the Court **GRANTS** as unopposed the Movants' Motions at ECF Nos. 227 (Movant Dyihorng Duffy Chu), 236 and 250 (Movant Nona Chiang), and 257 (Movant Brian Meredith) and **ORDERS** the Settlement Administrator to amend the Exclusion Report to include those three Movants.

The Court **FURTHER GRANTS IN PART** Movants' Motion at ECF No. 223 as to Movants Anne Oneil, Barry Swerdlow, Brandon Au, Charles Seavy, Elliot Reinfeld, Jack Stephenson, Jr., James Moore, Joe Davenport, John Chiang, Jose Apolonio, Joseph Caleb Deschanel, Karen Coleen Steele, Keith Molkner, Leonard Nathan, Mark Zeleznick, Michael Atkins, Michael Hankin, Patrick Riley, Russell Rapoport, Terry Escobosa, Tiffany Cunter, Vinrod Pothuru, Vivien Lok, Angela Reynolds, John Harvey, Andrew Plejer, and Francois Rodigari, to include those Movants in the amended exclusion report. Movants' Motion at ECF No. 223 is otherwise **DENIED.**

The Court **FURTHER GRANTS IN PART** Movants' Motion at ECF No. 225 as to Movants Dahlia Alammar, Thomas Daniel Lee, and Stacey Christine Hill, whose names shall be included on the amended exclusion report. Movants' Motion at ECF No. 225 is otherwise **DENIED**.

Finally, the Court **DENIES** the Movants' Motions at ECF Nos. 212, 213, 221, 222, 231–40, 242, 243, 245, 246, 248. 251. 252–56, 258–64, 266, and 279.

**IT IS SO ORDERED.**

Dated: October 17, 2025 ⎯⎯ /s/Terrence G. Berg ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
HON. TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE