UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **IN RE CHEVY BOLT EV BATTERY LITIGATION** | **2:20-CV-13256-TGB-CI**<br><br>HON. TERRENCE G. BERG<br><br>**ORDER REGARDING MOVANTS' MOTIONS FOR RECONSIDERATION OF ORDER REGARDING VALIDITY OF OPT OUT REQUESTS,**<br>**(1) GRANTING IN PART AND DENYING IN PART MOTION TO RECONSIDER (ECF NO. 296), AND**<br>**(2) DENYING MOTIONS TO RECONSIDER (ECF NOS. 292, 294, 295, 302)** |

On October 17, 2025, the Court issued its Order Regarding Movants' Motions Challenging Determination of Invalidity Requests for Exclusion, granting in part and denying in part two motions, and denying the remaining motions. ECF No. 287. Now before the Court are certain Movants' five separate motions for reconsideration of that Order. ECF Nos. 292, 294, 295, 296, 302

For the reasons stated below, the motions at ECF Nos. 292, 294, 295, and 302 will be **DENIED** and the motion at ECF No. 296 will be **GRANTED IN PART** and **DENIED IN PART**.

1

## I. BACKGROUND

In September 2024, this Court granted preliminary approval of this putative class action alleging a defect in the battery system of Chevrolet Bolt electric vehicles for the model-years 2017 to 2022. The class action was brought against the vehicle manufacturer and the supplier of the vehicles' electric batteries. Among other things, the Preliminary Approval Order established a clear deadline for any Settlement Class Members to opt out of the Settlement Class by February 24, 2025. There was a supplemental opt-out period related to a limited number of Vehicle Identification Numbers ("VINs") that were not included on the list of vehicles originally prepared for purposes of direct notice which required opt-out requests to be submitted by September 22, 2025. The Preliminary Approval Order provided instructions explaining how to make an "effective" request for exclusion (or opt out). Attempting to apply that procedure, the Settlement Administrator deemed a majority of the opt-out requests valid and concluded that the remaining requests failed to comply with the Court's orders governing the procedures for opting out— and therefore would not be recognized as being validly excluded from the Settlement Class.

Some individuals whose attempts to opt-out were not accepted filed motions objecting to the Settlement Administrator's decision rejecting their requests to be excluded. The Court carefully considered those challenges to the Settlement Administrator's determinations and on

October 17, 2025, the Court entered an Order granting, granting in part and denying in part, or denying those motions. ECF No. 287.

Certain Movants have now filed motions for reconsideration of the Court's October 17, 2025 Order. Movants Noe Gomez and Hamid Tasharrofi filed motions for reconsideration of the Court's order as to them, asserting identical arguments. ECF Nos. 292 and 294. These Movants assert that they have substantially complied with the Settlement Agreement's opt-out procedures and that the Court "misapplied" the opt-out request's signature requirement and improperly required "strict compliance" with the opt-out procedures. These Movants also argue that they were denied due process because they were never notified that their opt-out requests were not valid and given an opportunity to cure any alleged deficiencies.

The Movants represented by MFS Legal Inc. also moved for reconsideration of the Court's order as to them. ECF No. 295. These Movants argue that the Court's decision effectively deprives them of any means of recovery against the Defendants because they are not opted out of the settlement class but also cannot submit claims to receive payment from the settlement. These Movants request either a short extension of the opt-out deadline or that the Court treat their prior opt-out requests as valid, as an equitable remedy.

In addition, on November 18, 2025, the Movants represented by Strategic Legal Practices, LLP filed an untimely motion for

3

reconsideration of the Court's October 17, 2025 order, asserting that they "join" the motion for reconsideration filed by MFS Legal Inc. at ECF No. 295. ECF No. 302.

And finally, the Movants represented by the Manookian law firm also seek reconsideration of the Court's order. ECF No. 296. The Monookian Movants argue that the Court erred in finding that Movant Margaret Landy failed to timely submit a valid opt-out request. These Movants further argue that the Court's order requiring a "personal signature is ambiguous and elevates form over substance, and that the Court erred in stating that a "majority" of the opt-out requests submitted met the personal signature requirement. The Manookian Movants also argue that the Court's order deprives the Movants of any recovery because by attempting to opt-out of the Settlement, they were deprived of the opportunity to object to the Settlement.

## II. LEGAL STANDARD

Eastern District of Michigan Local Rule 7.1(h) provides, in relevant part:

> (h) Motions for Rehearing or Reconsideration.
>
> * * * * *
>
> (2) Non-Final Orders. Motions for reconsideration of non-final orders are disfavored. They must be filed within 14 days after entry of the order and may be brought only upon the following grounds:

4

> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
>
> (B) An intervening change in controlling law warrants a different outcome; or
>
> (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.
>
> (3) No Response and No Hearing Allowed. No response to the motion and no oral argument are permitted unless the court orders otherwise.

E.D. Mich. LR 7.1(h)(2).

None of the Movants have presented new facts or an intervening change in controlling law in their motions. *See generally* ECF Nos. 292, 294, 295, 296, 302. Therefore, only Local Rule 7.1(h)(2)(A) is relevant here. To succeed under Local Rule 7.1(h)(2)(A), a movant must demonstrate "(1) that the court made a mistake, (2) that correcting the mistake changes the outcome of the prior decision, and (3) that the mistake was based on the record and law before the court at the time of its prior decision." *Hillman Power Co. v. OnSite Equip. Maint., Inc.*, 582 F. Supp. 3d 511, 514 (E.D. Mich. 2022) (Ludington, J.) (citing E.D. Mich. LR 7.1(h)(2)(A)). However, a motion for reconsideration is not a proper means "to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (Lawson, J.).

"Fundamentally, 'a motion for reconsideration is not a second bite at the apple[.]'" *Masjid Malcolm Shabazz House of Worship, Inc. v. City of Inkster*, No. 19-cv-11823, 2022 WL 866402, at *7 (E.D. Mich. Mar. 23, 2022) (Levy, J.) (quoting *Collins v. Nat'l Gen. Ins. Co.*, 834 F. Supp. 2d 632, 641 (E.D. Mich. 2011) (Cleland, J.)).

### III. DISCUSSION
#### A. Movants Gomez and Tasharrofi's Motions for Reconsideration (ECF Nos. 292, 294)

Movants Noe Gomez's and Hamid Tasharrofi's opt-out requests were denied by the Settlement Administrator because the requests contained electronic signatures. ECF No. 271-8, PageID.13448. Gomez and Tasharrofi filed separate motions for reconsideration of the Court's Order regarding the validity of opt-out requests. ECF Nos. 292, 294. Their motions assert identical arguments, however, so the Court will address these motions together.

Movants Gomez and Tasharrofi first argue that they have substantially complied with the requirements of the opt-out notice in this case by including "identifying information" and "clear[ly] stat[ing] their desire to be excluded" in a "timely mailed" request they "personally authorized," and the Court improperly required "strict compliance" with the opt-out requirements. ECF No. 292, PageID.14372, 14374–75; ECF No. 294, PageID.14379, 14381–82. However, the Court already addressed these arguments in its October 17, 2025 Order and ruled that "[o]pt-out

6

requests that did not include the Movants' personal signatures, and instead included an electronic signature, were properly denied by the Settlement Administrator." ECF No. 287, PageID.14319–21. The Court explained that the Movants received sufficient notice that electronic signatures were not permitted on requests for exclusion, and that "'having approved a detailed process' for opting out, [the Court] 'was entitled to require the class members to do what they had been told or bear the consequences of inaction.'" *Id.* PageID.14321 (quoting *In re Navistar Maxxforce Engines Mktg., Sales Practices, and Products Liab. Litig.*, 990 F.3d 1048, 1053–54 (7th Cir. 2021)). Movants here only assert that their signatures were "personally authorized" or "signed by [their] hand[s] electronically" and do not assert that the signatures are valid wet-ink, personal signatures.

Further, the Movants concede that "these arguments" were raised in their prior motions. ECF No. 292, PageID.14375; ECF No. 294, PageID.14382. "A motion for reconsideration is not intended as a means to allow a losing party simply to rehash rejected arguments or to introduce new arguments." *Southfield Educ. Ass'n v. Bd. of Educ. of Southfield Pub. Schs.*, 319 F. Supp. 3d 898, 901 (E.D. Mich. 2018) (Lawson, J.). The Court having considered and rejected these arguments by Movants, will not re-address those arguments a second time. *See Fischer v. United States*, 589 F. Supp. 3d 726, 728 (E.D. Mich. 2022) (Ludington, J.) ("A motion for reconsideration that merely reasserts the

7

same facts and legal arguments previously asserted is not proper unless there was some defect in the first hearing by which the court and the parties have been misled.") (collecting cases).

Further, the Movants' assertion in their motions that the Fifth Circuit Court of Appeals held in *In re Deepwater Horizon Seacor Holdings. Inc.*, 819 F.3d 190 (5th Cir. 2016), that "a class member's written communications that reasonably indicated an intent to be excluded was sufficient, even though it failed to satisfy certain formatting and procedural requirement" is simply wrong. *See* ECF No. 292, PageID.14372; ECF No. 294, PageID.14379. That court expressly reserved judgment on the "reasonable indication" standard and did not decide that issue because in that case "[r]ather than an informal but unequivocal expression of a desire to opt out or the submission of an imperfect opt out request, the conduct of Mason and his attorneys more closely resembles an after-the-fact attempt to depict completely distinct litigation conduct in another sphere as expressing a desire to opt out," and thus the district court properly refused to treat a motion to sever, which was not personally signed by the movant, as an opt out request. *In re Deepwater Horizon*, 819 F.3d at 196–97.

Movants Gomez and Tasharrofi next argue that the Court overlooked due process deficiencies in the Settlement Administrator's procedure because the Movants were not notified of any alleged defect in their opt-out requests or afforded an opportunity to cure any deficiencies.

8

ECF No. 292, PageID.14373; ECF No. 294, PageID.14380. However, the Movants fail to cite to any support for such a requirement. Rather, "a fully descriptive notice" to each class member, "with an explanation of the right to 'opt out,' satisfies due process." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985). Those due process requirements were clearly met here. *See In re Automotive Parts Antitrust Litig.*, No. 12-MD-02311, 2019 WL 11005451, at *3 (E.D. Mich. Dec. 29, 2019) (Battani, J.) (settlement satisfied due process where the "notices explained the actions, who is included in the Settlements, and the right to opt out, object, or appear through an attorney," and "also described the time and manner for opting out and declining to participate in or be bound by the Settlements[.]").[1]

Movants Gomez's and Tasharrofi's motions for reconsideration therefore will be **DENIED**.

### B. MFS Legal Inc. Movants' and Strategic Legal Practices, LLP Movants' Motions for Reconsideration (ECF Nos. 295, 302)

The Movants represented by MFS Legal Inc. whose opt-out requests were deemed invalid because the Preliminary Approval Order

---

[1] The Movants' contention that the Court's grant of motions filed by Nona Chiang and Brian Meredith is contradictory to its denial of their motions is readily rejected. ECF No. 292, PageID.14374; ECF No. 294, PageID.14381. As the Settlement Administrator asserted, Chiang and Meredith separately submitted timely requests for exclusion with their handwritten signature. Cooper Decl. ¶ 14, ECF No. 271-6, PageID.13397. These Movants have presented no evidence that they similarly separately submitted such valid requests.

9

expressly barred "mass" opt-outs, filed a motion for reconsideration of the Court's October 17, 2025 Order. ECF No. 295. These Movants argue that the Court's ruling left them without any means of recovery against Defendants, as they are not opted out of the Settlement Class but also cannot now submit claims to receive payment from the Settlement, as the claims deadline has passed. *Id.* The Movants request an extension of the opt-out deadline to permit them to submit individual opt-out forms, or for the Court to deem their previously submitted mass opt out requests as sufficient. *Id.*

The motion will be denied. The Court previously ruled that the Movants' "mass" opt-out requests filed by the law firm on behalf of individuals was expressly prohibited. ECF No. 287, PageID.14310–15. And the Court has also already considered the Movants' request to extend the opt-out deadline in its October 17, 2025 Order and denied the request because the opt-out period was carefully negotiated and agreed upon by the Parties in this case and Fed. R. Civ. P. 23 does not permit a court to materially modify a proposed settlement, including the opt-out provisions. *Id.* PageID.14314–15. The Court will not "rehash" this argument here, *Southfield Educ. Ass'n*, 319 F. Supp. 3d at 901, and this motion for reconsideration will be **DENIED.**

However, contrary to the MFS Legal Inc. Movants' motion, they will not be left without a remedy in this case. As the parties discussed at the September 29, 2025 Supplemental Fairness hearing, while all invalid

10

opt-outs, which includes the MFS Legal Inc. Movants in this case, are members of the Settlement Class and bound by the terms and conditions of the Settlement, those Movants will still be able to submit a claim pursuant to the Settlement Agreement within 90 days of the date of the Court's Order granting final approval of the settlement, and thus they will be eligible to receive payment from the Settlement Fund.

On November 18, 2025, the Movants represented by Strategic Legal Practices, LLC ("SLP") filed an untimely motion for reconsideration, seeking to "join" the MFS Legal Inc. motion. ECF No. 302. The Eastern District of Michigan Local Rules state that a motion for reconsideration "must be filed within 14 days after the entry of the order." E.D. Mich. LR 7.1(h)(2). Because SLP's motion was filed well in excess of 14 days after the Court's October 17, 2025 Order, it will be **DENIED** as untimely. In any event, even if the Court were to consider SLP's untimely motion, it would be denied for the same reasons that MFS Legal Inc.'s motion is denied, and SLP's clients would also still be able to submit claims under the extended time period permitted by the Settlement Agreement should they choose to do so.

### C. The Manookian Movants' Motion for Reconsideration (ECF No. 296).

The Manookian Movants also seek reconsideration of the Court's Order granting in part and denying in part their motion to deem their requests for exclusion valid. ECF No. 296. They argue that (1) the Court

11

erred in finding that Margaret Landy failed to submit a timely opt-out request, (2) the Settlement Agreement's "personal signature" requirement was ambiguous, (3) the Court erroneously found that the majority of opt-out requests followed the personal signature requirement, and (4) the Movants are now deprived of any recovery.

First, the Manookian Movants' motion is **GRANTED IN PART** as to their request to find that Margaret Landy submitted a timely opt-out request. In response to this motion, Defendants' counsel contacted the Settlement Administrator, who reported that it did receive Landy's personally-signed request for exclusion dated June 9, 2025, but inadvertently rejected the request as duplicative of a previous invalid request. ECF No. 298, PageID.15090. Based on information received from the Settlement Administrator, the parties stipulated and agreed that Margaret Landy should be added to the amended exclusion report, *id.*, and she was. *See* ECF No. 299, PageID.15112.

The Manookian Movants' motion is otherwise **DENIED**. The Court expressly addressed the "personal signature" requirement of the Settlement Agreement in two orders. First, in response to a motion brought by counsel for over a thousand prospective opt-outs who recognized that "[t]he current opt out procedures require each class member seeking to opt out to … physically sign their opt out notice *with a 'wet ink' signature* and mail the notice to the Settlement Administrator," ECF No. 167, PageID.10164 (emphasis added), the Court

12

rejected the request to allow electronic opt-outs and reaffirmed the requirement for a personal signature on the opt-out requests, as agreed by the Parties and as ordered by the Court in its preliminary approval order, stating that "the requirement of a physical signature is the best way to guarantee that any opt-out requests reflect individualized and considered decisions[.]" ECF No. 177, PageID.10328. That order was issued before the class notice program began. Then, in its October 17, 2025 Order regarding the validity of the opt-out requests, the Court held that opt out requests that did not include the Movants' personal signatures, and instead included an electronic signature, were properly denied by the Settlement Administrator. ECF No. 287, PageID.14319–25. The Manookian Movants now ask the Court to address, for the third time, the Settlement Agreement's requirement of a physical signature on an opt-out request, in repackaged arguments. However, as stated above, motions for reconsideration are not a vehicle "to rehash rejected arguments[.]" *See Southfield Educ. Ass'n*, 319 F. Supp. 3d at 901.

In addition, the Manookian Movants' argument that the Court palpably erred by stating that a majority of the opt out requests submitted followed the personal signature requirement is readily rejected. As the Movants concede, at least 63% of the opt-out requests were deemed valid. That is a majority. The Movants' unsupported assumptions that some unknown number of those valid opt outs used electronic signatures, ECF No. 296, PageID.14402, does not in any way

13

demonstrate that the Court made a mistake and that correcting the mistake changes the outcome of its prior decision.

Next, the Manookian Movants' argument that they are now deprived of any recovery fails. As explained above, at the September 29, 2025 Supplemental Fairness hearing, while all invalid opt-outs, which includes the Manookian Movants' in this case, are members of the Settlement Class and bound by the terms and conditions of the Settlement, those Movants will still be able to submit a claim pursuant to the Settlement Agreement within 90 days of the date of the Court's Final Order approving the settlement, and thus they will be eligible to receive payment from the Settlement Fund.

Finally, the Court denies the Manookian Movants' request for an opportunity to object to the Settlement Agreement as this is a new argument not made before. *See Saltmarshall v. VHS Children's Hosp. of Mich., Inc.*, 402 F. Supp. 3d 389, 393 (E.D. Mich. 2019) (Lawson, J.) ("New arguments raised for the first time in a motion for reconsideration at the district court generally are forfeited.") (citation modified), *aff'd*, 831 F. App'x 784 (6th Cir. 2020). Further, due process does not require a second objection period. In a class action, class members' rights are sufficiently protected where the "notices explained the actions, who is included in the Settlements, and the right to opt out, object, or appear through an attorney," and "also described the time and manner for opting out and declining to participate in or be bound by the Settlements[.]"*See In re*

14

*Automotive Parts Antitrust Litig.*, 2019 WL 11005451, at *3; *see also In re Nat'l Football League Players' Concussion Injury Litig.*, 307 F.R.D. 351, 423 (E.D. Pa. 2015) ("The choice between opting out and objecting is not coercive.").

Accordingly, the Court finds, except as to Movant Margaret Landy, there was no mistake in its October 17, 2025 Order Regarding Movants' Motions Challenging Determination of Invalidity of Requests for Exclusion, ECF No. 287, that, when corrected, changes the outcome of that decision. E.D. Mich. LR 7.1(h)(2). The Manookian Movants' motion for reconsideration is therefore **GRANTED IN PART** as to Movant Margaret Landy only, and otherwise **DENIED.**

## IV.  CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Manookian Movants' Motion for Reconsideration, ECF No. 296, is **GRANTED IN PART** only as to Movant Margaret Landy, who has submitted a valid opt-out request and whose name has been added to the Amended Exclusion List. The Manookian Movants' motion is otherwise **DENIED.**

The Court **FURTHER ORDERS** that the Movants' Motions for Reconsideration at ECF Nos. 292, 294, 295, and 302 are **DENIED**.

**IT IS SO ORDERED.**

Dated:  December 22, 2025    /s/Terrence G. Berg
　　　　　　　　　　　　　　HON. TERRENCE G. BERG
　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE