UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **IN RE CHEVROLET BOLT EV BATTERY LITIGATION** | **2:20-CV-13256-TGB-CI**<br>HON. TERRENCE G. BERG<br>**ORDER DENYING LG DEFENDANTS' JOINT MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES TO HOP COUNSEL (ECF NO. 306)** |

On December 22, 2025, at the culmination of nearly four years of hard fought litigation and extensive settlement efforts, the Court entered an Opinion and Order granting Plaintiffs' unopposed motion for final approval of the $150 million class action settlement and granting Plaintiffs' motion for attorneys' fees, expenses, and service awards, awarding Class Counsel attorneys' fees and expenses in the amount of $50 million. ECF No. 309. Attorneys with the law firm of Heygood, Orr & Pearson ("HOP") had brought separate litigation in various state and federal courts against the Defendants in this case—General Motors LLC and LG Chem, LTD, LG Energy Solution, LTD, LG Energy Solution Michigan Inc., LG Electronics, Inc., and LG Electronics USA, Inc. (the "LG Defendants")—and had urged their putative class member clients to opt out of the Settlement reached in this case. After the parties in this case agreed that individuals or entities that had previously opted out of

the settlement, either validly or invalidly, had 90 days after the Final Approval Order to submit a claim, HOP entered into a settlement agreement with Defendants this case (the "HOP Settlement"). Pursuant to that agreement, HOP advised its clients to opt into the Settlement in this case and to submit a claim under the Settlement Agreement, and HOP dismissed with prejudice all of the actions independently asserted against Defendants.

Now before the Court is LG Defendants' Joint Motion for Award of Attorneys' Fees and Expenses to HOP Counsel. ECF No. 306. GM did not join in this motion. The LG Defendants seek an award of $2.5 million in fees to HOP counsel, to be paid out of the Settlement Fund. Plaintiffs filed a Response in opposition to LG Defendants' motion, ECF No. 310, and LG Defendants filed a reply brief. ECF No. 311. Upon review of the parties' filings, the Court concludes oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve the present motion on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons stated below, LG Defendants' motion will be **DENIED.**

## I. BACKGROUND

The facts giving rise to this lawsuit are set forth in multiple prior orders of this Court. Briefly, Plaintiffs brought a class action against GM and LG Defendants alleging a defect in the battery system of model-year 2017–2022 Chevrolet Bolt electric vehicles that allegedly can cause the batteries in those vehicles to overheat when the battery is charged to full

or near full capacity, posing a risk of fire. ECF No. 27. After approximately three-and-a-half years of litigation, including more than a year of extensive arms-length negotiations involving multiple parties, counsel, and two experienced mediators, the parties reached a class-wide settlement and submitted the terms of that settlement to the Court for preliminary approval. ECF Nos. 157, 157-2. Under the terms of the Settlement Agreement, Defendants agreed to pay $150 million to a common settlement fund for payment of claims, attorneys' fees, and expenses. ECF No. 157-2. The Agreement contemplates two distributions to member of the class. In the first distribution, Class Members will receive a Distribution Amount that depends on which of two voluntary recall remedies they received from Defendants, with Settlement Class Members who received a Battery Replacement recovering $700, and those Members who received a Software Final Remedy receiving $1,400. Then, after the payment of attorneys' fees and expenses to Class Counsel and $2,000 Service Awards for each of the named Plaintiffs, there would be a second, pro rata distribution to all Class Members who submit valid and timely claims of any remaining Settlement Funds.

The Court held a hearing on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement on July 15, 2024 and found that the Settlement Agreement was fair, reasonable, and adequate. On September 26, 2024, the Court entered an order preliminarily

approving the Settlement and appointing Lead Class Counsel. ECF No. 174.

On August 16, 2024, just over a month after the Court's preliminary approval hearing, but before the Court entered its order granting preliminary approval of the settlement, HOP filed a Motion to Allow Electronic Opt Outs on behalf of unidentified "individual class members represented by" HOP who "intend to opt out of the class and pursue their individual claims against General Motors ("GM")." ECF No. 167. This motion sought to alter the opt-out provision in the Settlement Agreement to allow class members to electronically sign and submit requests for exclusion from the settlement using email and an electronic signature instead of the Settlement Agreement's requirement for all opt-out requests to be "in writing and personally signed by the member of the Settlement Class who is opting out." HOP's motion was denied on October 28, 2024. ECF No. 177.

HOP's clients (numbering approximately 1,408 according to LG Defendants' motion) thereafter opted out of the Settlement Class and filed eight lawsuits in federal and state courts against GM about the same alleged battery defect as in this case, with four of those lawsuits also brought against the LG Defendants. *See* ECF No. 306, PageID.15463 & fn.4.[1] However, starting in October 2025, HOP counsel participated in

---

[1] Those cases are: *Johnson, et al. v. GM, et al.*, Case No. 2:25-cv-12364-TGB-CI (E.D. Mich., July 31, 2025) (Berg, J.); *Manelski, et al. v.*

multiple days of mediation with the Defendants in this case before Magistrate Judge Curtis Ivy and eventually negotiated a resolution whereby the HOP Clients would be permitted to opt back into the Settlement Class and receive all the benefits of the Settlement Agreement, and in exchange the HOP Clients would dismiss their federal and state lawsuits against the Defendants. Class Counsel did not participate in these negotiations but did agree to grant Defendants and HOP counsel 90 days before a Final Approval Order was entered for the negotiations to take place, and thereafter agreed that individuals or entities that had previously invalidly opted-out of the Settlement ("Invalid Opt-Outs") and individuals or entities that had timely and properly excluded themselves and now want to revoke that request for exclusion ("Valid Opt-Outs"), would have 90 days after entry of the Final Approval Order to submit a claim pursuant to the Settlement Agreement.[2]

---

*GM, et al.*, Case No. N25C-07-289 CEB (Del. Super. Ct., July 29, 2025); *Savage, et al. v. GM, et al.*, Case No. 2:25-cv-12511-TGB-APP (E.D. Mich., Aug. 12, 2025) (Berg, J.); *Bratcher, et al. v. GM, et al.*, Case No. DC-23-18967 (116th Judicial Dist. of Dallas Cnty., Texas, July 30, 2025); *Berger, et al. v. GM*, Case No. 24-2-01146-3 (King Cnty., Wash. Super. Ct.); *Cardoso, et al. v. GM, et al.*, Case No. 23CV427950 (Cal. Super. Ct.); *Haynes, et al. v. GM, et al.*, Case No. 23TRCV03755 (Cal. Super. Ct.); *Beech, et al. v. GM*, Case No. 2023L012851 (Cook Cnty., Ill. Cir. Ct.). ECF No. 306, PageID.15463 fn. 4.

[2] On May 21, 2026, the Claims Administrator Verita Global, LLC ("Verita") notified the Court that, as of that date, it has received 1900

On December 22, 2025, the Court entered an Opinion and Order granting final approval of the Class Action Settlement and granting Plaintiffs' motion for attorneys' fees, expenses, and service awards. ECF No. 309. The Settlement Agreement provided for an award of attorneys' fees and expenses to Class Counsel of up to 35% of the Settlement Amount. ECF No. 157-2, PageID.9802. The Court awarded Class Counsel 33% of the Settlement Amount, or $50 million. ECF No. 309, PageID.15538.

LG Defendants now seek an award of attorney fees in the amount of $2.5 million for HOP attorneys who represented putative class members who had initially opted out of the Settlement, seemingly on HOP's advice, and then chose to opt back in, again on HOP's advice. ECF No. 306. LG Defendants contend that the HOP Settlement with the resulting "opt-outs" opting back into the Settlement will result in an approximately 5% increase in the Settlement Class, and that 5% of the $50 million attorneys' fees and costs awarded to Class Counsel is $2.5 million. LG Defendants seek an award of these fees out of the Settlement Fund, and specifically from the remaining funds left for the secondary distribution to Class Members, contending that HOP has "contributed

additional claim forms from those who previously submitted exclusion requests, and that 1,613 of those had previously submitted a valid request for exclusion. ECF No. 323, PageID.15599–15600. Verita stated that 211 valid requests for exclusion from the Settlement remain. *Id.*

substantial and independent benefits to the Settlement." *Id.* GM did not join or support in this motion.

Plaintiffs filed a response in opposition to LG Defendants' motion, arguing that approving the motion would "impermissibly alter the Settlement Agreement" and would "reward HOP for leveraging opt outs to extract fees from the Settlement Fund." ECF No. 310.

## II. LEGAL STANDARD

Rule 23 of the Federal Rules of Civil Procedure governs class actions and authorizes a court in a "certified class action" to "award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). The Advisory Committee Notes to Rule 23(h) recognize that in certain circumstances non-class counsel may recover attorney's fees in class actions, providing:

> [Rule 23(h)] provides a format for all awards of attorney fees and nontaxable costs in connection with a class action, not only the award to class counsel. In some situations, there may be a basis for making an award to other counsel whose work produced a beneficial result for the class, such as attorneys who acted for the class before certification but were not appointed class counsel, or attorneys who represented objectors to a proposed settlement under Rule 23(e) or to the fee motion of class counsel. Other situations in which fee awards are authorized by law or by agreement of the parties may exist.

Fed. R. Civ. P. 23(h) Advisory Committee Notes to the 2003 Amendments.

Courts have also recognized that attorneys' fees may be awarded to non-class counsel in certain circumstances under Rule 23(h). *See, e.g., Arkin v. Pressman, Inc.*, 38 F.4th 1001, 1008–09 (11th Cir. 2022) (collecting cases from other circuits). In these cases, the courts have held that non-class counsel may be entitled to a portion of a common fund recovered in a class action as attorney's fees under Rule 23(h) if the non-class counsel "confers a substantial and independent benefits to the class that aids in the recovery or improvement of the common fund." *See Arkin*, 38 F.4th at 1009. "A substantial benefit is one that creates, discovers, increases, or preserves the class's ultimate recovery of the common fund." *Id.* (citation modified) (quoting *In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 197 (3d Cir. 2005)). Examples of substantial benefits may include, but are not limited to, "significant factual investigations," "legal research on novel or innovative theories," actions that positively affect the "ultimate course of the litigation," or objections that aid in the class's recovery. *Id.* (quoting *Victor v. Argent Classic Convertible Arbitrage Fund L.P.*, 623 F.3d 82, 87 (2d Cir. 1010)). "An independent benefit, meanwhile, is a benefit class counsel did not provide the class during its representation that class counsel could not have easily duplicated." *Id.* (citing *In re Cendant*, 404 F.3d at 197 (holding that "attorneys who merely duplicated [class counsel's] work—however noble their intentions, however diligent their efforts, and however outstanding their product—will not be entitled to compensation. Only those who confer an

independent benefit upon the class will merit compensation")). In addition, "any substantial and independent benefit must also aid in the recovery or the improvement of the common fund for non-class counsel to have a claim on the fund." *Id.* (citing *In re Home Depot Inc., Customer Data Sec. Breach Litig.*, 931 F.3d 1065, 1078 (11th Cir. 2019)).

## III. DISCUSSION

LG Defendants contend that HOP Counsel should be awarded attorneys' fees and expenses from the Settlement Fund, and particularly from the amount set for the Second Distribution to Class Members, "because their good-faith representation of opt-outs that has resulted in the HOP Settlement [with the Defendants] will likely increase the number of submitted claims by 5% and confer substantial and independent benefits to the Settlement Class as a whole." ECF No. 306, PageID.15468. LG Defendants state that HOP has represented plaintiffs in separate lawsuits "related to the class case" who had opted out of the Class Settlement but who now will be "folded back into the Settlement Class, thereby materially increasing the size of the Settlement Class" and "providing stronger evidence that the Settlement Agreement is 'fair, reasonable, and adequate' under Rule 23(e)(2)." *Id.* PageID.15470–71.

Plaintiffs oppose LG Defendants' motion as not supported by Rule 23 or case law, and as both procedurally and legally improper. ECF No. 310. Plaintiffs contend that granting LG Defendants' motion would impermissibly alter the Settlement Agreement on the basis of an

undisclosed side agreement between HOP and Defendants, and would reward HOP for leveraging opt outs to extract fees from the Settlement Fund without in any way contributing to the Settlement, in contravention of the policy goals of Rule 23. *Id.*

The question is whether HOP has provided substantial and independent benefits to the Settlement here and should therefore be entitled to an award of fees from the Settlement Agreement's common fund. In this case, HOP was not in any way involved in the prosecution of this case by Class Counsel, was not involved in the Settlement negotiations between the parties here, did nothing to increase the size of the Settlement Fund, and did nothing to improve the Settlement's terms, and thus provided no independent value to the Settlement Class Members. *See Arkin*, 38 F.4th at 1009 (denying attorney fees to non-class counsel, even though they "devoted substantial time and effort" litigating the class action, because they did not "aid in the recovery or improvement of the common fund" obtained in the Settlement); *In re Samsung Top-Load Washing Mach. Mktg., Sales Pracs. & Prods. Liab. Litig.*, MDL Case No. 17-ml-2792-D, 2020 WL 9936694, at *2 (W.D. Okla. June 11, 2020) (denying fees to non-designated counsel who did not confer any substantial benefit on the class where class counsel did not rely on that non-designated counsel's work in any way and the non-designated counsel instead "largely created additional work for Class Counsel as it repeatedly opposed the MDL Settlement Agreement"); *In re Sandridge*

*Energy, Inc.*, No. CIV-13-102-W, 2015 WL 11921422, at *4 (W.D. Okla. Dec. 22, 2015), *aff'd*, 875 F.3d 1297 (10th Cir. 2017) (declining to award fees to a party that pursued earlier litigation and later claimed that "[w]ithout [his] … successful litigation in [state court], the Settlement would not have occurred—and certainly not on the same terms" because "no action taken by [the party] or his counsel aided or advanced the prosecution of the Plaintiffs' claims against the Settling Defendants or contributed to the negotiation of the Settlement between and among [the parties").

Instead, HOP encouraged their clients, putative Class Members, to opt out of the Settlement, and then encouraged them to opt back in after seeing the "substantial increase in anticipated Distributions to eligible Settlement Class Members." *See* ECF No. 306, PageID.15465. As Plaintiffs state in their Response brief, this is "if anything, evidence of the quality of the Settlement that such opt-out plaintiffs wish to opt back into it"—a Settlement reached without any contribution of assistance or work by HOP. Even giving HOP the benefit of the doubt that it brought separate purported class action lawsuits, encouraged those putative plaintiffs to opt out of the Settlement in this case and then to opt back in, with the goal of *somehow* benefiting the Settlement here, "[t]he mere fact that a non-designated counsel worked diligently and competently with the goal of benefiting the class is *not* sufficient to merit compensation. Instead, only attorneys 'whose efforts create, discover, increase, or

preserve' the class's ultimate recovery will merit compensation from that recovery." *See In re Cendant*, 404 F.3d at 197 (emphasis in original) (quoting *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 820 n.39 (3d Cir. 1995)). Thus, the fact that HOP separately litigated other actions does not entitle HOP to attorneys' fees in this case. *See id.* (finding that the mere filing of complaints is not enough to constitute a benefit to the class).

The cases LG Defendants rely on are distinguishable. In *Gottlieb v. Barry*, 43 F.3d 474 (10th Cir. 1994), non-designated counsel in a securities class action was awarded attorney fees because it "actively prosecute[d] the case prior to court designation of class counsel," contributed to the creation of a common fund for the class, and class counsel in that case had stated that the non-designated counsel had performed "work on [the] case that would be of benefit to the class." *Id.* at 488–89. In *Victor*, non-lead counsel was awarded attorney fees when the court found it "provided a substantial benefit to the class" based on its work in the class action prior to the appointment of lead counsel. *Victor*, 623 F.3d at 86–87. That court further noted that the settlement agreement "provided that lead counsel would have the discretion to allocate court-awarded attorneys' fees among other class counsel." *Id.* at 85. And in *Doe v. Cin-Lan Inc.*, No. 08-cv-12719, 2011 WL 13266312 (E.D. Mich. July 15, 2011) (Murphy, J.), the parties' settlement agreement provided that "any other attorney asserting an entitlement to Attorneys'

Fees" may petition the court for an award of fees and expenses. *Id.* at *2. The Settlement Agreement in this case contains no similar provision. In *Cin-Lan*, counsel for a class action pending in Nevada that was enjoined by the Michigan court during the administration of the settlement sought attorneys' fees from the settlement, and class counsel opposed the request. *Id.* at *1–2. The court awarded fees because "Defendants wanted to include the claims of the Nevada plaintiffs into the settlement, which undoubtedly increased the amount of the total settlement pool to cover the potential class members in the Nevada action" *Id.* at *2. The court found that denying the petition for Nevada-counsel's fees "would leave him and his firm uncompensated for the work they performed in the Nevada action before it was enjoined." *Id.* Nothing HOP did increased the amount of the Settlement Fund in this case and this Court did not enjoin HOP's other litigation.

Moreover, contrary to the LG Defendants contention in their motion, HOP's effort did not "increase the size of the Settlement Class by 5%" because HOP's clients were within the definition of the "Settlement Class" until they opted out, on HOP's advice, and then opted back in because of the favorable terms of the Settlement. HOP's work did not provide the Settlement Class with an independent benefit. *See Arkin*, 38 F.4th at 1010 (finding firm's work in "identifying 1,633 claimants did not provide the class with an independent benefit" because class counsel independently reviewed documents and found the same class members).

And LG Defendants' suggestion that "voluntary dismissal of the opt-out litigation" will "reduce[] the risk of an appeal challenging the Settlement[]" is baseless because opt-out persons have no standing to appeal the approval of the Settlement from which they have been excluded. *See* ECF No. 157-2, PageID.9808.

In addition, LG Defendants' request for an award of $2.5 million in attorneys' fees for HOP from the Second Distribution amount would impermissibly alter the Settlement Agreement that the Court has already approved. The Settlement Agreement contains no provision for any attorney fees to be recovered from the Second Distribution amount, and in fact no provision for an award of fees to non-class counsel at all. *See* ECF No. 157-2, PageID.9760–62 (defining "Attorneys' Fees and Expenses" as "those amount(s) awarded to Class Counsel" and defining "Class Counsel" as "Keller Rothback L.L.P. and The Miller Law Firm, P.C."), 9802–03.[3] The LG Defendants cite to *Cin-Lan* and *Victor* in support of their motion. However, as discussed above, unlike the

[3] LG Defendants' argument in their reply brief that the Settlement Agreement would not be altered by an award of fees to HOP in the amount of $2.5 million because the Settlement Agreement permitted an award of fees of up to 35% of the $150 million common fund, or up to $52.5 million, and Class Counsel was awarded "only $50 million" of this amount is rejected. As above, LG Defendants fail to demonstrate any substantial and independent benefit HOP provided to the Settlement, and the mere fact that Class Counsel did not seek and were not awarded all the fees possible under the Settlement Agreement in no way supports an award of fees to HOP.

Settlement Agreement here, the settlement agreements in both *Cin-Lan* and *Victor* expressly provided for fees to non-class counsel attorneys. *See Cin-Lan*, 2011 13266312, at *2 ("The settlement agreement provides that 'any other attorney asserting an entitlement to Attorneys' Fees may petition the Court for an award of fees and expenses."); *Victor*, 623 F.3d at 85 (noting that the settlement "provided that lead counsel would have the discretion to allocate court-awarded attorneys' fees among other class counsel"). And LG Defendants' suggestion that HOP is entitled to fees from this Second Distribution because they believe the Settlement Class members will be receiving a larger amount of money in this Second Distribution than LG Defendants feel they deserve, *see* ECF No. 311, PageID.15568–69, says nothing about any benefit HOP provided to the Settlement and thus fails to support any award of fees to HOP.

And, finally, dipping into the Second Distribution amount to pay the HOP attorneys $2.5 million necessarily reduces the funds available to be distributed to Class Plaintiffs, who are entitled to pro-rata distributions from the remaining funds. No justification is offered as to how this would be fair to the Class.

Therefore, LG Defendants fail to demonstrate that HOP provided a substantial and independent benefit to the Settlement Class to entitle it to fees and the Court finds that HOP is not entitled to recover attorney fees and expenses from the Settlement Fund.

## IV CONCLUSION

For the reasons stated above, LG Defendants' Joint Motion for Award of Attorneys' Fees and Expenses to HOP Counsel, ECF No. 306, is **DENIED.**

**IT IS SO ORDERED.**

Dated: September 22, 2026 /s/Terrence G. Berg
HON. TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE